UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD AL-FAWZAN<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Sami Muhyedin al Hajj,<br>    as Next Friend of<br>    Mr. Fahd Al-Fawzan<br><br>SANAD ALI YISLAM AL-KAZIMI<br>[on petition as "SANAD ALI ALKALIEMI"]<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Benyam Mohammad,<br>    as Next Friend of<br>    Mr. Sanad Ali Yislam Al-Kazimi<br><br>Petitioners,<br><br>    v.<br><br>GEORGE WALKER BUSH, et al.,<br><br>Respondents. | Civil Action No: 05-2386(RBW)<br><br>(Oral Argument Requested) |

**MOTION TO TEMPORARILY LIFT THIS COURT'S JANUARY 11, 2006 STAY TO ALLOW FOR ATTORNEY ACCESS TO CLIENTS AND FOR EXPEDITED CONSIDERATION**

The above named Petitioners respectfully move this Court to take the administrative step necessary to allow Petitioners' lawyers to meet, consult with and

counsel the above named Petitioners, who are indefinitely imprisoned at Guantánamo Bay Naval Station.

## FACTUAL BACKGROUND

1. Well over one year ago, Petitioners each tried to obtain a lawyer to help them challenge their indefinite imprisonment by the United States. *See* Exh.A, Rayner Decl. ¶5 and Exh. B, Kassem Decl. ¶5.

2. Petitioners now have lawyers exceedingly close to being able to consult with them; almost all of the extensive administrative and logistical prerequisites are in place.

3. Counsel for Petitioners have a visit to Guantánamo Bay Naval Station, approved by Respondents, scheduled for June 29, 2006. *See* Ex. A, Rayner Decl. ¶14. In addition, counsel is security cleared and has signed and entered a Memorandum of Understanding and Acknowledgment with this Court in *habeas* matters involving other clients indefinitely imprisoned at Guantanamo. *Id. ¶¶*11-12. Moreover, Petitioner Al-Kazimi's wife, has personally requested that counsel represent her husband and Petitioner Al-Fawzan's cousin, on behalf of Mr. Al-Fawzan's mother, has also personally requested that counsel represent Petitioner Al-Fawzan. *See* Exh. A, Rayner Decl. ¶¶6-7 and Exh. B, Kassem Decl. ¶6. These family members have signed written authorizations as well. *See* Exh. C, Al-Idan Authorization and Exh. D, Abdallah Authorization.

4. This Court need only enter the standard Protective Order that governs the handling of classified information and the procedures by which counsel may meet and communicate with clients, which will enable counsel to sign and enter a Memorandum of Understanding and Acknowledgment binding counsel to the terms and conditions of the

Protective Order, which will complete the logistical steps necessary for counsel to meet, consult with and counsel their clients.

## REQUEST FOR RELIEF

5. Thus, Petitioner Al-Fawzan by and through his next friend Mr. Sami Muhyedin al Hajj and Petitioner Al-Kazimi by and through his next friend Mr. Benyam Mohammed (collectively "Petitioners"), respectfully move for entry of 1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 [D.D.C. 2004]) (Exh. E, attached); 2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (Exh. F, attached); and 3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, by Judge Joyce Hens Green in *Abdah v. Bush*, 04-CV-1254 (HHK) and the other coordinated Guantánamo Bay detainee cases (Exh. G, attached) (collectively, "the Protective Order")[1] limited to Petitioners Al-Fawzan and Al-Kazimi.

6. In the alternative, Petitioners move for an order allowing counsel access to their clients without entry of the Protective Order based on an agreement by counsel, who is security cleared and has entered the Memorandum of Understanding and Acknowledgment in other *habeas* matters to abide by the Protective Order fully and in its entirety in connection with the representation of the above named Petitioners.

---

[1] This Motion is made without prejudice to Petitioners' right to seek modification of any particular terms in the Protective Order in the future.

7. Entry of the Protective Order will provide Petitioners' lawyers the same access to their clients as that provided counsel in other pending Guantánamo *habeas* matters, including the opportunity to send mail to Petitioner Al-Fawzan and Al-Kazimi by way of the legal mail procedures outlined in the Protective Order and most importantly, to meet with Petitioner Al-Fawzan and Petitioner Al-Kazimi, at Guantánamo Bay Naval Station.

### THIS MOTION MAY BE REFERRED TO MAGISTRATE KAY

8. This is a logistical issue relating to client visitation. As such, the instant motion is presented to Magistrate Judge Alan Kay pursuant to Judge Gladys Kessler's order of November 2, 2005, which requires:

> All disputes pertaining to logistical issues, such as communications with or visits to clients and counsel, shall be referred to Magistrate Judge Kay to facilitate discussion and resolution by the parties as promptly as possible.

*Shaaban v. Bush*, No. CV-05-00892 (CKK) (D.D.C. Nov. 2, 2005).

### RESPONDENTS WILL NOT PERMIT COUNSEL TO MEET WITH THEIR CLIENTS

9. Counsel traveled to Guantánamo Bay Naval Station on April 20, 2006, to meet with clients for whom the Protective Order has been entered, but was denied access to clients for whom the Protective Order was not entered. Counsel has Respondents' approval to travel to Guantánamo Bay at the end of this month, from June 29 to July 2, 2006. Yet, Respondents will not permit a visit with Petitioner Al-Fawzan nor Petitioner

Al-Kazimi absent entry of the Protective Order in this case.  *See* Exh. A, Rayner Decl. ¶16.

10.  Pursuant to Local Civil Rule 7(m), undersigned counsel for Petitioner conferred with Respondents' counsel regarding the relief sought in this motion.  Respondents' counsel does not consent to allowing Petitioners' counsel to meet with their clients, Mr. Al-Fawzan and Mr. Al Kazimi, during the approved June 29, 2006 trip in which counsel will be visiting two other clients, absent entry of the Protective Order.  *Id.*

## THIS COURT SHOULD EXERCISE ITS AUTHORITY TO GRANT PETITOINERS ACCESS TO THEIR LAWYERS

11.  The current stay should not inhibit this Court from performing an administrative function that goes to the logistics of counsel access to clients.  The January 11, 2006 stay is in place pending a ruling by the United States Court of Appeals for the District of Columbia Circuit on the applicability of the Detainee Treatment Act (hereinafter "DTA"),  Pub. L. No. 109-148, title X, 119 stat.2680 (2005), to Petitioners' pending cases.  *See* January 11, 2006 Order, dkt. no. 6.  The Circuit Court's ruling, however, will not alter the necessity for counsel access to clients imprisoned at Guantanamo Bay Naval Station.  This Court has made clear that "the need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court." *Adem v. Bush,* No. 05-723 (RWR) (AK), Mem. Op. at 22 n.25 (D.D.C. Mar. 21, 2006) (dkt no. 36); *Sadar*

*Doe v. Bush,* No. 05-1704 (JR)(LFO)(AK), Mem. Op. at 13 n. 14(D.D.C. May 11, 2006) (dkt no. 33).   Counsel for Petitioners will continue to represent Petitioners whether it is before the District Court of the District of Columbia or the Circuit Court of the District of Columbia.  Thus, the DTA is irrelevant to this particular motion, which seeks purely administrative relief connected to counsel access.

12.  There is ample precedent for entry of the standard Protective Order by judges of this Court since the enactment of the DTA.[2]  It would be troubling if there were inconsistency in this Court as to a purely routine administrative matter regarding access to clients.

### THERE IS NO PREJUDICE TO RESPONDENTS IN
### GRANTING PETITIONERS ACCESS TO THEIR LAWYERS

13.  There is no prejudice to Respondents in granting this motion.  The Protective Order governs the handling of classified information and procedures by which counsel may meet and communicate with clients; the Protective Order does not impact or in any way comment on the substantive legal issues raised by Guantánamo *habeas* petitions and the DTA.  *See Adem*, Mem. Op. at 22 (The entry of the Protective Order does not have any "bearing on the question of which court has jurisdiction to review the merits of petitioner's challenge to his detention.")  Granting attorney access through entry of the

---

[2] *See e.g.,* Al-Ghizzawi, et al v. Bush, 05-cv-02378 (D.D.C., June 2, 2006);  *Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush*, 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006).

Protective Order is simply a mechanical necessity that serves as no comment on the jurisdictional questions raised by the DTA. Respondents have not relied upon the DTA to suspend attorney access to clients in the dozens of Guantánamo detainee cases in which judges of this Court have already entered the Protective Order. In those cases, attorneys continue to communicate with and visit their clients at Guantánamo. Moreover, the logistical and administrative burdens on Respondents to arrange for counsel to meet with two additional clients during their June visit are minimal and of the every day variety.

### DELAYING PETITIONERS' ACCESS TO THEIR LAWYERS WILL CAUSE GREAT PREJUDICE TO PETITIONERS AND UNDERMINES THE ADMINISTRATION OF JUSTICE

14. On the contrary, however, denial of Petitioners' motion would result in great prejudice to Petitioners. Both Petitioners and their families are looking to American lawyers and the United States' system of justice to review their legal claims. The higher courts' determination of the applicability of the DTA will likely determine the legal grounds and forum for Petitioners' challenge to their indefinite detention, but will not alter the necessity for attorney client meetings and consultation.[3] The DTA does not prohibit Petitioners from retaining and consulting with a lawyer in order to file a proceeding in the District of Columbia Circuit Court.[4] "Forcing [Petitioner] to wait until

---

[3] Even if the higher courts' determination is that the DTA properly applies to the men imprisoned indefinitely at Guantánamo Bay, "[t]he United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of any final decision of the Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant." *See* Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680.

[4] Detainees may be provided by civilian counsel retained by the detainee, his friends or family, or retained by the court. *See* U.S. Department of Defense, GTMO Detainee Processes (November 14, 2005) *at* http://www.defenselink.mil/news/Jan2006/d20060215detaineeprocesseschart.pdf.

all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless." *Adem*, Mem. Op. at 22 n.25. Thus, delaying counsel's access to their clients needlessly undermines the resolution of Petitioners' legal claims, whatever shape those claims may eventually take.

15. Petitioners and their families have clearly invoked a request for legal representation. In response to this request, counsel has devoted considerable time and resources toward surmounting the many logistical prerequisites to meet with a client detained at Guantanamo. For counsel to be present at Guantanamo, within yards of Petitioners, Al-Fawzan and Mr. Al Kazimi, yet prohibited by Respondents from meeting with them needlessly undermines the administration of justice.

## CONCLUSION

16. Counsel respectfully requests this Court to avoid this result by lifting the stay for the very limited purpose of entering the Protective Order as an administrative necessity to facilitate a counsel visit. A proposed order is attached as Exhibit H. Accordingly, Petitioners respectfully request that the Protective Order be entered in the instant case forthwith limited to Petitioners, Mr. Al-Fawzan and Mr. Al-Kazimi.

17. Alternatively, counsel requests this court to permit visitation with Petitioner Al-Fawzan and Petitioner Al-Kazimi during counsel's scheduled trip on June 29, 2006 without entry of the Protective Order based on an agreement by counsel, who is security cleared and has entered in the Memorandum of Understanding and Acknowledgment in other *habeas* matters, to abide by the Protective Order fully and in its entirety in connection with the representation of Petitioners. A proposed order is attached as Exhibit I.

WHEREFORE, for the foregoing reasons and for any other reason that may become known to the Court, the motion should be granted.

Dated: June 5, 2006

        Respectfully submitted,

        Counsel for Petitioners


        _____/s/_____
        Martha Rayner (Pursuant to LCvR
        83.20(g)) (NY-MR-1423)

        Ramzi Kassem (NY-RK-3567)
        James A. Cohen (NY-JC-3836)
        Lincoln Square Legal Services
        Fordham University School of Law
        33 West 60th Street, 3d Floor
        New York, New York 10023
        Telephone: (212) 636-6934
        Fax: (212) 636-6923

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD AL-FAWZAN<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Sami Muhyedin al Hajj,<br>    as Next Friend of<br>    Mr. Fahd Al-Fawzan<br><br>SANAD ALI YISLAM AL-KAZIMI<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Benyam Mohammad,<br>    as Next Friend of<br>    Mr. Sanad Ali Yislam Al-Kazimi<br><br>Petitioners,<br><br>    v.<br>    (RBW)<br><br>GEORGE WALKER BUSH, et al.,<br><br>Respondents. | Civil Action No: 05-2386 |

**DECLARATION OF MARTHA RAYNER, ESQ.**

   I, Martha Rayner, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

1. I am an Associate Clinical Professor of Law at Fordham University School of Law and an attorney associated with Lincoln Square Legal Services, Inc., Fordham University School of Law's clinical law office.  I represent Petitioners, Mr. Fahd Al-Fawzan and Mr. Sanad Ali Yislan Al-Kazimi.  I am familiar with all the facts and proceedings in this case.

2. I make this declaration in support of Petitioners' motion seeking a temporary lift of this court's January 11, 2006 stay for the limited purpose of entry of the 1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 [D.D.C. 2004]); 2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and 3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, by Judge Joyce Hens Green in *Abdah v. Bush*, 04-CV-1254 (HHK) and the other coordinated Guantánamo Bay detainee cases (hereinafter, "the Protective Order"), or, in the alternative, for entry of an order allowing counsel access without entry of the Protective Order on condition counsel, who is security cleared and has signed and entered the Memorandum of Understanding and Acknowledgment, agrees to abide by the Protective Order fully and in its entirety with respect to Petitioners.

3. This declaration is made on personal knowledge and information made available to me in the performance of my professional duties as counsel to the above named Petitioners.

4. Petitioner Al-Fawzan is one of over 160 petitioners brought under *Mohammon, et al. v. Bush, et al.*, No. 05-cv-2386 (RBW), which was filed on December 12, 2005 in the United States District Court for the District of Columbia by the Center for Constitutional Rights, Barbara Olshansky and Gitanjali S. Gutierrez, of counsel.

5. A petition was brought on behalf of Petitioner Al-Fawzan pursuant to the request of Petitioner Mr. Al-Fawzan's next friend, Petitioner Mr. Sami Muhyedin al Hajj, a client of Clive Stafford Smith, Esq. and a detainee who has known Petitioner Al-Fawzan for a significant portion of their incarceration at Guantánamo. Petitioner Sami Muhyedin al Hajj represented to his lawyer, Clive Stafford Smith, that Petitioner Al-Fawzan wishes to challenge the legality of his detention. *See* Petition, Exhibit Z, Smith Declaration, Ex. 2.

6. Since that time, on January 19, 2006, I and co-counsel, Ramzi Kassem, met with Petitioner Al-Fawzan's cousin, Mr. Khaled Abdallah Al-Idan, in Bahrain. Mr. Al-Idan is a citizen of Saudi Arabia and met with us at the request of Petitioner Al-Fawzan's mother. Mr. Al-Idan, traveled to Bahrain seeking an American lawyer to represent his cousin, Petitioner Al-Fawzan.

7. Mr. Al-Idan acting on behalf of Petitioner's family has authorized me to represent Mr. Al-Fawzan. *See* Authorization dated January 19, 2006, Exhibit C. I represent Petitioner free of charge.

8. Petitioner Al-Fawzan has a close-knit family waiting at home in Saudi Arabia desperate for any and all information about his current status and future fate. Petitioner Al-Fawzan's wife, Oum Ithaar, takes care of their four year-old daughter, Ithaar, who has never met her father because he was taken into custody by

Respondents before her birth. Petitioner Al-Fawzan's father and mother, Mohammed Al-Fawzan and Lulwa Al-Dakheel are deeply concerned.

9. Pursuant to Petitioner Al-Fawzan's family's authorization and Petitioner Al-Fawzan's next friend authorization, I, and my colleague, Ramzi Kassem, filed a notice of appearance on behalf of Petitioner Al-Fawzan on March 24, 2006.

10. Petitioner's mother, through Petitioner's cousin, Mr. Al-Idan, has urgently requested me to meet with her son as soon as possible. Petitioner Al-Fawzan's family, by seeking assistance from an American lawyer, wish me to consult with, give advice to and carry out the lawful directives of Petitioner Al-Fawzan.

11. I have security clearance and thus am able to travel to Guantánamo Bay Naval Station to meet with clients.

12. I traveled to Guantánamo Bay on April 20, 2006 to meet with several clients for whom a Protective Order has been entered and thus I have signed the Memorandum of Understanding and Acknowledgement (Exhibits B and C of the Protective Order) making me bound by the terms of the Protective Order.

13. When I traveled to Guantánamo Bay Naval Station in April, 2006, Respondents denied me access to Petitioner Al-Fawzan because the Protective Order has not been entered in his case.

14. I have a visit to Guantanamo, approved by Respondents, scheduled for June 29, 2006, to meet with clients for whom Protective Orders have been entered in their pending *habeas* matters.

15. I contacted Respondents' counsel, Andrew Warden, by email on May 25, 2006 and requested that Petitioners', Mr. Al-Fawzan and Mr. Al-Kazimi, be added to my

June 29, 2006 approved visit schedule. I requested that Respondents consent to entry of the Protective Order or, in the alternative, agree to a formal agreement between the parties that binds me to the terms of the Protective Order without having it formally entered. By reply email on May 31, 2006, Mr. Warden denied all my requests. Respondents maintained their position in a follow-up phone call on June 1, 2006.

16. I am requesting that this Court temporarily lift the current stay for the limited purpose of entering the Protective Order to allow me to visit my clients on June 29, 2006, and fulfill the wishes of Petitioner Al-Fawzan and his family to provide legal representation.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 5, 2006

                                           ___/s/_____
                                           Martha Rayner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD AL-FAWZAN,<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Sami Muhyedin al Hajj,<br>    as Next Friend of<br>    Mr. Fahd Al-Fawzan<br><br>SANAD ALI YISLAM AL-KAZIMI<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba.<br><br>Benyam Mohammad,<br>    as Next Friend of<br>    Mr. Sanad Ali Yislam Al-Kazimi<br><br>Petitioners,<br><br>    v.<br>    (RBW)<br><br>GEORGE WALKER BUSH, et al.,<br><br>Respondents. | Civil Action No: 05-2386 |

**DECLARATION OF RAMZI KASSEM, ESQ.**

I, Ramzi Kassem, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746 that:

1. I am an Adjunct Professor of Law at Fordham University School of Law and an attorney associated with Lincoln Square Legal Services, Inc., Fordham University School

of Law's clinical law office. I represent Petitioners, Mr. Sanad Ali Yislam Al-Kazimi and Mr. Fahd Al-Fawzan. I am familiar with all the facts and proceedings in his case.

2. I make this declaration in support of Petitioners' motion seeking a temporary lift of this court's January 11, 2006 stay for the limited purpose of entry of the 1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 [D.D.C. 2004]); 2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and 3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, by Judge Joyce Hens Green in *Abdah v. Bush*, 04-CV-1254 (HHK) and the other coordinated Guantánamo Bay detainee cases (hereinafter, "the Protective Order").

3. This declaration is made on personal knowledge and information made available to me in the performance of my professional duties as counsel to the above named Petitioners.

4. Petitioner Al-Kazimi is one of over 160 petitioners brought under *Mohammon, et al. v. Bush, et al.*, No. 05-cv-2386 (RBW), which was filed on December 12, 2005 in the United States District Court for the District of Columbia by the Center for Constitutional Rights, Barbara Olshansky and Gitanjali S. Gutierrez, of counsel.

5. A petition was brought on behalf of Petitioner Al-Kazimi pursuant to the request of Petitioner Al-Kazimi's next friend, Mr. Benyam Mohammed, a client of Clive Stafford Smith, Esq. and a detainee who has known Petitioner Al-Kazimi for a significant portion of their incarceration at Guantánamo. Mr. Benyam Mohammed represented to his

lawyer, Clive Stafford Smith, that Petitioner Al-Kazimi wishes to challenge the legality of his detention. *See* Petition, Ex. Z, Smith Declaration, Ex. 3.

6. Since that time, on January 20, 2006, counsel from the Center for Constitutional Rights met with Petitioner Mr. Al-Kazimi's wife, Hammouda Abdallah, in Yemen. During that meeting, Hammouda Abdallah authorized the Center for Constitutional Rights and any person assigned by them to represent her husband. *See* Authorization dated January 28, 2006, Exhibit D.

7. The Center for Constitutional Rights assigned Lincoln Square Legal Services to represent Mr. Al-Kazimi. I represent Petitioner free of charge.

8. Since then, on May 19 and 21, 2006, I spoke with Petitioner Al-Kazimi's wife by telephone. Petitioner Al-Kazimi and his wife have been married for over 12 years. Together they have four children, two daughters and two sons, ranging in ages from 7 to 11. The family resides in Aden, Yemen.

9. Ms. Hammouda Abdallah's husband has been in detention since 2002. She has received very few letters from her husband and no indication from her husband that he has received any of the letters she has sent. Ms. Hammouda Abdallah has urgently requested that I meet with her husband to assess his legal situation and provide him with legal counsel.

10. Pursuant to Petitioner Al-Kazimi's wife's authorization, I, and my colleague, Martha Rayner, filed a notice of appearance on behalf of Petitioner Al-Kazimi on April 28, 2006

11. Respondents have approved my visit to Guantánamo Bay Naval Station scheduled for June 29, 2006 pending the Department of Justice granting me interim security

clearance. I expect to receive clearance in time to meet the current approved attorney client visit schedule.

12. I am requesting that this Court temporarily lift the current stay for the limited purpose of entering the Protective Order to allow counsel to visit Petitioner Al-Kazimi on June 29, 2006, and fulfill the wishes of Petitioner Al-Kazimi that I provide legal representation.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 5, 2006

                                             ___/s/_____
                                             Ramzi Kassem