# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| FAHD AL-FAWZAN | ) | |
|     Detainee, | ) | |
|     Guantánamo Bay Naval Station, | ) | |
|     Guantánamo Bay, Cuba. | ) | |
| | ) | |
| Sami Muhyedin al Hajj, | ) | |
|     as Next Friend of | ) | |
|     Mr. Fahd Al-Fawzan | ) | |
| | ) | |
| SANAD ALI YISLAM AL-KAZIMI | ) | |
|     Detainee, | ) | |
|     Guantánamo Bay Naval Station, | ) | |
|     Guantánamo Bay, Cuba. | ) | |
| | ) | |
| Benyam Mohammad, | ) | |
|     as Next Friend of | ) | |
|     Mr. Sanad Ali Yislam Al-Kazimi | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
|     v. | ) | Civil Action No: 05-2386 (RBW) |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____ )

## DECLARATION OF MARTHA RAYNER, ESQ.

I, Martha Rayner, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746

that:

1.  I am an Associate Clinical Professor of Law at Fordham University School of Law and an

    attorney associated with Lincoln Square Legal Services, Inc., Fordham University School

    of Law's clinical law office.  I represent Petitioner Mr. Fahd Al-Fawzan.  I am familiar

    with all the facts and proceedings in this case.

2.  I make this declaration in support of Petitioners' motion seeking a temporary lift of this court's January 11, 2006 stay for the limited purpose of entry of the 1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 [D.D.C. 2004]); 2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and 3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, by Judge Joyce Hens Green in *Abdah v. Bush*, 04-CV-1254 (HHK) and the other coordinated Guantánamo Bay detainee cases (hereinafter, "the Protective Order"), or, in the alternative, for entry of an order allowing counsel access without entry of the Protective Order on condition counsel, who is security cleared and has signed and entered the Memorandum of Understanding and Acknowledgment, agrees to abide by the Protective Order fully and in its entirety with respect to Petitioners.

3.  This declaration is made on personal knowledge and information made available to me in the performance of my professional duties as counsel to the above named Petitioners.

4.  Petitioner Al-Fawzan is one of over 160 petitioners brought under *Mohammon, et al. v. Bush, et al.*, No. 05-cv-2386 (RBW), which was filed on December 12, 2005 in the United States District Court for the District of Columbia by the Center for Constitutional Rights, Barbara Olshansky and Gita Guttierez, of counsel.

5.  A petition was brought on behalf of Petitioner Al-Fawzan pursuant to the request of Petitioner Mr. Al-Fawzan's next friend, Petitioner Mr. Sami Muhyedin al Hajj, a client of Clive Stafford Smith, Esq. and a detainee who has known Petitioner Al-Fawzan for a significant portion of their incarceration at Guantánamo.  Petitioner Sami Muhyedin al Hajj

represented to his lawyer, Clive Stafford Smith that Petitioner Al-Fawzan wishes to challenge the legality of his detention. *See* Petition, Exhibit Z, Smith Declaration, Ex. 2.

6. Since that time, on January 19, 2006, I and co-counsel, Ramzi Kassem, met with Petitioner Al-Fawzan's cousin, Mr. Khaled Abdallah Al-Idan, in Bahrain. Mr. Al-Idan is a citizen of Saudi Arabia and met with us at the request of Petitioner Al-Fawzan's mother. Mr. Al-Idan, traveled to Bahrain seeking an American lawyer to represent his cousin, Petitioner Al-Fawzan.

7. Mr. Al-Idan acting on behalf of Petitioner's family has authorized me to represent Mr. Al-Fawzan. *See* Authorization dated January 19, 2006, Exhibit C. I represent Petitioner free of charge.

8. Petitioner Al-Fawzan has a close-knit family waiting at home in Saudi Arabia desperate for any and all information about his current status and future fate. Petitioner Al-Fawzan's wife, Oum Ithaar, takes care of their four year-old daughter, Ithaar, who has never met her father because he was taken into custody by Respondents before her birth. Petitioner Al-Fawzan has two brothers, Mr. Fawwaz Al-Fawzan and Mr. Abdelaziz Al-Fawzan. In addition, Petitioner Al-Fawzan's father and mother, Mohammed Al-Fawzan and Lulwa Al-Dakheel are deeply concerned.

9. Pursuant to Petitioner Al-Fawzan's family's authorization and Petitioner Al-Fawzan's next friend authorization, I filed a notice of appearance on behalf of Petitioner Al-Fawzan on March 24, 2006

10. Petitioner's mother, through Petitioner's cousin, Mr. Al-Idan, has urgently requested me to meet with her son as soon as possible. Petitioner Al-Fawzan's family, by seeking

assistance from an American lawyer, wish me to consult with, give advice to and carry out the lawful directives of Petitioner Al-Fawzan.

11. I have security clearance and thus am able to travel to Guantánamo Bay Naval Station to meet with clients.

12. I traveled to Guantánamo Bay on April 20, 2006 to meet with several clients for whom a Protective Order has been entered and thus I have signed the Memorandum of Understanding and Acknowledgement (Exhibits B and C of the Protective Order) making me bound by the terms of the Protective Order.

13. When I traveled to Guantánamo Bay Naval Station in April, 2006, Respondents denied me access to Petitioner Al-Fawzan because the Protective Order has not been entered in his case.

14. I have a visit to Guantanamo, approved by Respondents, scheduled for June 29, 2006, to meet with clients for whom Protective Orders have been entered in their pending habeas matters.

15. I contacted Respondents' counsel, Andrew Warden, by email on May 25, 2006 and requested that Petitioners', Mr. Al-Fawzan and Mr. Al-Kazimi, be added to my June 29, 2006 approved visit schedule. I requested that Respondents consent to entry of the Protective Order or, in the alternative, agree to a formal agreement between the parties that binds me to the terms of the Protective Order without having it formally entered. By reply email on May 31, 2006, Mr. Warden denied all my requests. Respondents maintained their position in a follow-up phone call on June 1, 2006.

16. I am requesting that this Court temporarily lift the current stay for the limited purpose of

    entering the Protective Order to allow me to visit my clients on June 29, 2006, and fulfill

    the wishes of Petitioner Al-Fawzan and his family to provide legal representation.


I declare under the penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       June 5, 2006

                                        _____/s/_____
                                        Martha Rayner