IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al. : | |
| : | |
| Petitioners/Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 05-2386 (RBW) |
| : | |
| GEORGE W. BUSH, et al. : | |
| : | |
| Respondents/Defendants. : | |

**MOTION ON BEHALF OF PETITIONER MAHER EL FALESTENY TO MODIFY THIS COURT'S JANUARY 11, 2006 STAY TO ALLOW FOR ATTORNEY ACCESS TO CLIENT**

Petitioner Maher El Falesteny respectfully moves this Court to take the immediate administrative step necessary to allow him to meet with his counsel: to modify the stay and enter the standard Protective Order for Guantanamo cases.  Approximately one year ago, Mr. El Falesteny first tried to obtain a lawyer to help him challenge his indefinite imprisonment by the United States at Guantanamo Bay Naval Station.  He now has counsel who wants to meet with him to learn about the facts surrounding his detention, observe his physical and mental condition, and inform him of the major legal developments affecting his case.  Respondents have approved Mr. El Falesteny's counsel for an August 2-6 trip to Guantanamo to meet with another client, but, relying on the Detainee Treatment Act of 2005 ("DTA") and this Court's January 11, 2006 stay, Respondents have denied counsel's request to meet with Mr. El Falesteny during that trip. There is no legal or logistical basis for Respondents' refusal.  As a legal matter, Petitioner has the right to work with counsel regardless of the ultimate impact, if any, of the DTA on his case.  As a practical matter, permitting counsel to meet with Mr. El Falesteny during their upcoming trip would pose little additional burden on the government.  Accordingly, this Court should

modify the stay to enter the Amended Protective Order and allow counsel to meet with Mr. El Falesteny.

## FACTUAL BACKGROUND

Mr. El Falesteny first asked for counsel approximately one year ago. Declaration of Stephen M. Truitt ("Truitt Decl.") at ¶2. At that time, Mr. El Falesteny authorized the Center for Constitutional Rights to represent him or to find other suitable counsel. *Id.* On December 12, 2005, the Center for Constitutional Rights filed the instant Petition on behalf of Mr. El Falesteny and more than 160 other petitioners, challenging their indefinite detention at Guantanamo. *Id.* at ¶3. Earlier this year, the Center for Constitutional Rights designated Pepper Hamilton LLP to represent Mr. El Falesteny, and, subsequently, Stephen M. Truitt, Charles H. Carpenter and Christopher J. Huber have filed Notices of Appearance in this matter. *Id.*

Pepper Hamilton represents two other Guantanamo detainees – Hani Saleh Rashid Abdullah and Rami Bin Saad Al-Oteib – in *Jamil El-Bann et al. v. Bush et al.*, Civil Nos. 05-0023 (RWR). Truitt Decl. at ¶4. In that case, the Court has entered (1) the Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issue on November 8, 2004 (344 F. Supp. 2d 174 (D.D.C. 2004)); (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, by Judge Joyce Hens Green in *Abdah v. Bush,* 04-CV-1254 (HHK) and the other coordinated Guantanamo Bay detainee cases (collectively, "the Protective Order"). *Id.* Mr. Truitt, Mr. Carpenter and Mr. Huber all have obtained security clearances and have signed the Memorandum of Understanding and Acknowledgement (Exhibits B and C of the Protective Order) making them bound by the terms of the Protective Order in that case. *Id.*

On May 25, 2006, Mr. Truitt wrote to the Department of Justice and requested an August trip to Guantanamo to meet with another client, Hani Abdullah, and with Mr. El Falesteny.  *Id.* at ¶5.  In the case of Mr. El Falesteny, counsel requested the entry of the Protective Order or, in the alternative, a visit with Mr. El Falesteny without entry of the Protective Order.  *Id.*  Such a long "lead-time" – until the first week of August – was essential to allow emergency appellate review of any denial of the present motion in time to see Mr. El Falesteny on the scheduled August visit should the Circuit agree that a visit is permissible.  *Id.*  By electronic mail dated May 31, 2006, Andrew Warden of the Department of Justice, stated that it had "forwarded the request to meet with Petitioner Abdullah to Guantanamo personnel for logistical consideration" but did not agree to counsel's request to meet with Mr. El-Falesteny.  *Id.*  In rejecting this request, Mr. Warden relied on this Court's January 11, 2006 stay of "all action" in this case, which was entered after the passage of the Detainee Treatment Act of 2005.  *Id.*  On June 2, 2006, Mr. Warden wrote again to inform counsel that "Guantanamo can accommodate your visit request from August 2-6 for meetings with petitioner Abdullah."  *Id.*  Thus, counsel has been approved for a visit to Guantanamo to meet with one of its clients but denied the opportunity to meet with Mr. El Falesteny.  *Id.*

## ARGUMENT

It is critical that counsel be permitted to meet with Mr. El Falesteny.  He requested counsel approximately one year ago and, by the time, of counsel's August visit, he will have gone approximately 14 months without meeting with a lawyer.  In that time, there have been significant legislative developments and, by the time of the August visit, there will likely have been significant judicial developments (i.e. decisions from the Supreme Court and/or the D.C. Circuit) that will directly impact Mr. El Falesteny's challenge to his indefinite detention.

Counsel wants the opportunity to discuss those topics with Mr. El Falesteny and also to begin to learn about the facts surrounding his detention and observe his physical and mental condition.

There is no legal or logistical reason that counsel should not be permitted to meet with Mr. El Falesteny during their August trip to Guantanamo. Respondents' only stated legal objection to the visit is the enactment of the DTA and this Court's January 11, 2006 Stay Order which was entered as a result of the enactment of the DTA. But even if the courts ultimately determine that the DTA is applicable to Mr. El Falesteny's case and his case is moved from this Court to the Court of Appeals, counsel will continue to represent him and still will need to meet with him as part of that representation. As Magistrate Judge Kay recently stated: "[T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court." *Adem v. Bush*, No. 05-0723 (RWR) (AK), Mem. Op. at 22, n.25 (D.D.C. Mar. 21, 2006). As Magistrate Judge Kay further stated: "Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless. *Id.* at 22 n.25. Indeed, in numerous cases since the enactment of the DTA, judges of this Court have entered the Protective Order in order to allow counsel to travel to Guantanamo and meet with their clients.[1] Most recently, on June 2, 2006, in *Al-Ghizzawi et al. v. Bush,* Case No. 1:05-cv-02378-JDB, Judge Bates granted Petitioner Al-Ghizzawi's Renewed Emergency Motion for Entry of a Protective Order, thereby

---

[1] *See e.g., Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush*, 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006).

permitting Mr. Al-Ghizzawi's Counsel to travel to Guantanamo and meet with him for the first time.

Moreover, Respondents' refusal to permit attorney access in this case is inconsistent with their position in the dozens of other cases, including those involving Pepper Hamilton's other clients, in which the Protective Order was entered before the enactment of the DTA. In those cases, Respondents have not relied on the passage of the DTA to attempt to keep attorneys from meeting with their clients. Given the fact that counsel will need access to their clients regardless of the applicability of the DTA, there is no rational basis for permitting counsel access in those cases where the Protective Order was entered before enactment of the DTA but not permitting counsel access in those cases where the Protective Order was not entered before enactment of the DTA.

Nor is there any practical reason for preventing counsel from meeting with Mr. El Falesteny. Mr. Truitt and Mr. Huber already will be at Guantanamo to meet with Mr. Abdullah, and the administrative burdens on Respondents to arrange for counsel to meet with Mr. El Falesteny are negligible.

For these reasons, Mr. El Falesteny respectfully requests that this Court modify its January 11, 2006 Stay for the very limited purpose of entering the Protective Order in order to enable counsel to meet with Mr. El Falesteny during their August visit to the base. Alternatively, Mr. El Falesteny requests that this Court permit counsel to meet with him without entry of the Protective Order based on an agreement by Mr. El Falesteny's counsel, who is security cleared and has signed the Memorandum of Understanding and Acknowledgment in other *habeas* cases, to abide by the Protective Order fully and in its entirety in connection with the representation of Mr. El Falesteny.

Dated: June 7, 2006            Respectfully submitted,

                                        /s/ Charles H. Carpenter
Charles H. Carpenter (DC #432004)
Christopher J. Huber (DC #459525)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Tel: 202.220.1200
Fax: 202.220.1665

Stephen M. Truitt (DC # 13235)
Hamilton Square, Suite 500
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Tel: 202.220.1452
Fax: 202.220.1665