IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al. : | |
| : | |
| Petitioners/Plaintiffs : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| GEORGE W. BUSH, et al. : | NO. 05-2386 (RBW) |
| : | |
| Respondents/Defendants : | |

**EMERGENCY MOTION ON BEHALF OF PETITIONERS ABDAL RAZAK ALI, ABDAUL RAZAK ALI-HAJ, AND ABDAL RAUF ASIBI TO TEMPORARILY LIFT THIS COURT'S JANUARY 11, 2006 STAY TO ALLOW FOR ATTORNEY ACCESS TO CLIENTS**

Petitioners Mr. Abdal Rauf Asibi, ISN 709, and Mr. Abdal Razak Ali AKA Mr. Abdaul Razak Ali-Haj AKA Abdel Razak Abdel Rahman, ISN 685, respectfully move this Court to lift the stay and enter the standard Protective Order for Guantanamo detainee cases for the reasons set forth below.

Counsel representing Petitioners, H. Candace Gorman, also represents another Guantanamo detainee – ABDUL HAMID ABDUL SALAM AL-GHIZZAWI – in *Al-Ghizzawi v. Bush et al.*, Civil No. 05-cv-02378. In that case, the Court (j. Bates) entered the Amended Protective Order on June 2, 2006. Attorney Gorman has arranged with the Department of Justice for a trip to Guantanamo to meet with her client, Mr. al-Ghizzawi, scheduled for July 15 to the 20th. Attorney Gorman also wishes to meet with her clients in this case while she is at the base as she is a handling all of the expenses of visits to Guantánamo on her own and it would be extremely cost effective if she could meet with all of her clients during one trip. Counsel wants to use this opportunity to learn about the facts surrounding Petitioners' detentions and observe

their physical and mental conditions directly. Given the short period of time before her trip to the base, counsel has filed this as an emergency motion in order to have time to put in the necessary requests with Respondents should the Court grant this motion.

There is no reason that counsel should not be permitted to meet with Petitioners during her July trip to Guantanamo. The reason for the Court's stay in this proceeding, the Detainee Treatment Act, even if the courts decide that it applies to the Petitioners' claims, should not affect the detainees' right to obtain counsel.[1] Since the enactment of the DTA, judges of this Court have entered the Protective Order allowing counsel to travel to Guantanamo and meet with their clients in many other instances.[2]

For these reasons, Petitioners respectfully request that this Court lift its January 11, 2006 Stay for the purpose of entering the Protective Order to enable counsel to meet with Petitioners during her July visit to the base. (Alternatively, Petitioners request this Court permits counsel to meet with them without entry of the Protective Order based on agreement on the part of Petitioners' counsel, who is security cleared and has signed the Memorandum of Understanding

---

[1] As Magistrate Judge Kay stated: "[T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court." *Adem v. Bush*, No. 05-0723 (RWR) (AK), Mem. Op. at 22, n.25 (D.D.C. Mar. 21, 2006). As Magistrate Judge Kay further stated: "Forcing [Petitioner] to wait until all such proceedings and appeals are concluded before permitting him to speak with his lawyer renders his right to counsel meaningless. *Id.* at 22 n.25.

[2] *See e.g., Amon v. Bush*, 05-cv-01493 (D.D.C. June 12, 2006); *Al-Ghizzawi v. Bush*, 05-cv-02378 (D.D.C. June 2, 2006); *Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush*, 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush*, 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v Bush*, 05-cv-2367 (D.D.C., Apr. 12, 2006); *Alsaaei v. Bush*, 05-cv-2369 (D.D.C., Apr. 12, 2006); *Said v. Bush*, 05-cv-2384 (D.D.C., Apr. 12, 2006); *Al Shareef v. Bush*, 05-cv-2458 (D.D.C., Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379, (D.D.C. Apr. 11, 2006); *Thabid v. Bush*, 05-cv-2398 (D.D.C., Mar. 21, 2006); *Razakah v. Bush*, 05-cv-2370 (D.D.C., Mar. 17, 2006); *Labed Ahmed v. Bush*, 05-cv-1234 (D.D.C., Mar. 2, 2006); *Wahab v. Bush*, 05-cv-886 (D.D.C., Jan. 10. 2006); *Mohammad v. Bush*, 05-cv-879 (D.D.C., Jan. 9, 2006); *Bostan v. Bush*, 05-cv-883 (D.D.C., Jan. 9, 2006); *Khiali-Gul v. Bush*, 05-cv-877 (D.D.C., Jan. 6, 2006).

and Acknowledgment in another *habeas* case, to abide by the Protective Order fully and in its entirety in connection with the representation of Petitioners.)

Dated:      June 14, 2006                    Respectfully submitted,

                                            /s/ H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313
Fax: (312) 427-9552

## **CERTIFICATE OF SERVICE**

I, H. Candace Gorman, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of this document:

>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 7144
>Washington, DC 20530

This 14th day of June, 2006.

>/s/ H. Candace Gorman
>H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313
Fax: (312) 427-9552