IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| )<br>AMER MOHAMMON, *et al.*,     )<br>)<br>     Petitioners,     )<br>)<br>     v.     )<br>)<br>GEORGE W. BUSH,     )<br>     President of the United States,     )<br>     *et al.*,     )<br>)<br>     Respondents.     )<br>) | Civil Action No. 05-CV-2386 (RBW) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO MOTIONS TO LIFT
JANUARY 11, 2006 STAY TO ALLOW FOR ATTORNEY ACCESS TO DETAINEES**

**INTRODUCTION**

Respondents hereby submit this consolidated memorandum in opposition to the following motions filed by certain petitioners in the above-captioned action: (1) Motion to Temporarily Lift This Court's January 11, 2006 Stay to Allow for Attorney Access to Clients [Petitioners Fahd Al-Fawzan and Sanad Ali Alkaliemi] and for Expedited Consideration (dkt. no. 46); (2) Motion on Behalf of Petitioner Maher El Falesteny to Modify This Court's January 11, 2006 Stay to Allow for Attorney Access to Client (dkt. nos. 47, 48); (3) Emergency Motion on Behalf of Petitioners Abdal Razak Ali and Abdal Rauf Asibi to Temporarily Lift This Court's January 11, 2006 Stay to Allow for Attorney Access to Clients (dkt. no. 52).  Given the multiple jurisdictional and procedural deficiencies inherent in this case, the Court should maintain its January 11, 2006 stay of "all action" in this case pending anticipated guidance regarding the effect of the Detainee Treatment Act of 2005, and deny petitioners' motions at this time.

## BACKGROUND

In late 2005, when enactment of Congressional legislation withdrawing the habeas jurisdiction of the federal courts to hear actions brought by or on behalf of aliens detained at Guantanamo Bay became imminent, a surge of petitions for writ of habeas corpus on behalf of Guantanamo detainees were filed in the district court.  The above-captioned habeas action, filed on December 13, 2005, is one of these petitions.  Unlike the majority of pending Guantanamo detainee habeas cases filed on behalf of only one or a few detainees, however, counsel elected to file this case on behalf of 166 named petitioners, typically unrelated except by virtue of detention at Guantanamo Bay, in an apparent mass effort to seek habeas relief on behalf of those detainees who did not already have a petition pending prior to passage of the Act.  Approximately 75 of these petitioners are apparent duplicates of other petitioners in previously-filed Guantanamo cases, or other petitioners in this case.[1]  Another approximately 60 petitioners cannot be identified by the Department of Defense ("DoD") as detainees at Guantanamo Bay.[2]  Although a handful of the petitioners in this case have directly authorized the filing of a habeas petition on their behalf or seek habeas relief through family members acting as next friends, the vast

---

[1]  For example, Guantanamo Detainee ISN 519 is named twice in the above-captioned action — as petitioner Maher El Falesteny and as petitioner Maher LNU.  See Notice of Multiple Petitions Filed By Guantanamo Bay Detainee (filed concurrently herewith).

[2]  For example, DoD has been unable to identify petitioner Abdal Rauf Asibi as a detainee at Guantanamo Bay.  Although counsel allege that this petitioner is Guantanamo Detainee ISN 709, see Emergency Motion on Behalf of Petitioners Abdal Razak Ali and Abdal Rauf Asibi to Temporarily Lift This Court's January 11, 2006 Stay to Allow for Attorney Access to Clients at 1, they have provided no basis for this identification.  In any event, even if petitioner Abdal Rauf Asibi is properly identified as ISN 709, he has a previously-filed petition for writ of habeas corpus pending on his behalf as Abu Abdul Rauf Zalita in Zalita v. Bush, No. 05-CV-1220 (RMU).

majority of these petitioners have cases filed purportedly on their behalf by other detainees

seeking to act as their next friends.[3]  See, e.g., Petitioners Abdal Razak Ali and Abdal Rauf

Asibi, on whose behalf fellow detainee Omar Deghayes purportedly seeks habeas relief.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X,

119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241

to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other

actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba.

Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or

judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by

the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the

detention of such aliens.  In addition, the Act creates an exclusive review mechanism in the D.C.

Circuit to address the validity of the detention of such aliens held as enemy combatants;

section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to

determine the validity of any final decision of a Combatant Status Review Tribunal that an alien

is properly detained as an enemy combatant," and it further specifies the scope and intensiveness

of that review.  Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider

---

[3]  Although the petition on behalf of Sanad Ali Alkaliemi was filed pursuant to a next friend authorization by a fellow detainee, counsel have recently provided a next friend authorization by petitioner's wife, see Exhibit D to Declaration of Ramzi Kassem, Esq., attached to Motion to Temporarily Lift This Court's January 11, 2006 Stay to Allow for Attorney Access to Clients [Petitioners Fahd Al-Fawzan and Sanad Ali Alkaliemi] and for Expedited Consideration.  This authorization arguably satisfies the next friend standing requirements of Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), see infra, and counsel should substitute petitioner's wife as his next friend in this action.  See, e.g., First Amended Petition for Writ of Habeas Corpus Pertaining to Petitioner Fahd Al-Fawzan (dkt. no. 10) (substituting petitioner's cousin, Khaled Abdallah Al-Idan, for fellow detainee as next friend to petitioner Fahd Al-Fawzan).

habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases.  Id. § 1005(h).

On January 3, 2006, the Court ordered petitioners to show cause why this case should not be dismissed for lack of jurisdiction.  See January 4, 2006 Order (dkt. no. 3).  Respondents also notified the Court that they intended to file a motion to dismiss this case in light of the Act's withdrawal of the Court's habeas jurisdiction.  See Resps' Notice of Supplemental Authority (dkt. no. 4).  Counsel were subsequently informed that it was the sense of the Court to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases,[4] including with respect to entry of the Protective Order in cases where it had not already been entered as well as with respect to ruling on any motion to dismiss respondents' anticipated filing.  Respondents, therefore, have refrained from moving to dismiss this case, and the Court vacated its order to show cause.  See January 6, 2006 Minute Order.  Consistent with maintenance of the status quo, during this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.

Further, on January 11, 2006, this Court stayed "all action" in the above-captioned case and denied all pending motions without prejudice pending resolution by the D.C. Circuit of "serious questions concerning whether this Court retains jurisdiction to hear the above-captioned

---

[4]  The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.  Oral argument before the D.C. Circuit was held on March 22, 2006.

case[]" in light of the Act.  See January 11, 2006 Order (dkt. no. 6).  Counsel for certain

petitioners now request that the Court lift the January 11, 2006 stay in order to obtain entry of the

Protective Order to permit counsel privileged access to these petitioners at Guantanamo Bay.

## ARGUMENT

Given the multiple jurisdictional and procedural improprieties presented by this case, the

Court should maintain its January 11, 2006 stay of "all action" in this case and deny petitioners'

request for counsel access, through entry of the Protective Order in this case or otherwise.[5]

First, in light of the Detainee Treatment Act's withdrawal of this Court's jurisdiction, and

the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no

jurisdictional basis to order the relief requested by petitioners.  The Court's January 11, 2006 stay

of "all action" in this case, including with respect to counsel's request for privileged access to

petitioners, should continue pending the resolution of the effect of the Act.  Indeed, because the

Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final

decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy

combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim

that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications

Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief

in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the

exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in

---

[5]  As an alternative to entry of the Protective Order in this case, counsel request that the
Court permit privileged access to petitioners based on an "agreement by counsel" to abide by the
provisions of the Protective Order.  For the reasons stated herein, such relief is improper and
should be denied.

the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").  Although petitioners argue that entry of the Protective Order to facilitate counsel access is a mere "administrative" task, such an action by the Court would be an assertion of jurisdiction and authority in the case inconsistent with the Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals.  Respondents' argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  Thus, the relief requested by petitioners is not a matter independent of the jurisdictional question pending before the Court of Appeals, and the entry of the Protective Order despite the Act's withdrawal of this Court's habeas jurisdiction would constitute an assertion of authority that would seriously prejudice respondents.

Second, petitioners' request should also be denied because the above-captioned action is nothing more than an improper, eleventh-hour attempt by counsel to seek mass habeas relief on behalf of every detainee at Guantanamo Bay prior to passage of the Act.  Petitioners improperly seek to conduct "mini-cases" within this larger case, with the Protective Order applying to some petitioners, represented by separate counsel, and not others, thereby potentially creating a procedural morass fraught with significant administrative burdens.  Petitioners have failed to show any legitimate legal basis for filing essentially individual habeas cases, unified factually

6

only by the place of detention, as one mass petition.[6]  Moreover, counsel filed this mass petition

without regard to satisfying applicable jurisdictional requirements.  Attached to the Declarations

of Barbara Olshansky and Clive Stafford Smith submitted with the petition are dozens of letters

and forms by detainees at Guantanamo Bay containing mostly boilerplate language seeking "next

friend" status with regard to other detainees at Guantanamo Bay.  These next friend petitioners,

who in some cases have provided lengthy lists of single-named detainees without much

additional identifying information, have failed to demonstrate that they satisfy certain

requirements that the Supreme Court has determined are necessary in order to properly serve in

this capacity and to justify the exercise of the Court's jurisdiction over the petition.  See

Whitmore, 495 U.S. at 163-64 (requiring next friend petitioner to demonstrate that real party in

interest cannot seek habeas relief himself and that next friend petitioner has significant

relationship with the party in interest so as to be considered to be acting in his best interests).

See also Respondents' Memorandum in Opposition to Petitioner's Motion for Entry of Amended

Protective Order in Al-Harbi v. Bush, No. 05-CV-02479 (HHK), at 5-13 (copy with Exhibit B

only attached hereto as Exhibit 1, and incorporated herein).  Notwithstanding the Act's

withdrawal of the Court's habeas jurisdiction, therefore, given that it has not been established

that the majority of petitioners in this case have so-called "next friends" who satisfy the Supreme

---

[6]  Given that approximately 75 of the petitioners in this case have multiple petitions for
habeas relief pending before the Court, it appears that counsel merely rushed to file without
giving any consideration to verifying which petitioners had previously filed petitions for habeas
relief.  Moreover, counsel have already attempted to file a mass habeas petition on behalf of
every detainee at Guantanamo Bay, and respondents' motion to dismiss that petition as improper
and for lack of jurisdiction remains pending before the Court.  See John Does 1-570 v. Bush, No.
05-CV-0313 (CKK).

Court's next friend standing requirements, the Court cannot exercise jurisdiction over their petitions.

In addition to this jurisdictional defect, given that the purported next friends typically have minimal knowledge about the detainees on whose behalf they are attempting to seek habeas relief, the deficient next friend petitions present the practical and very significant problem of identifying the detainees for whom habeas relief is sought. Given the similar names or aliases of many of the approximately 450 individuals detained at Guantanamo Bay, it is difficult, if not impossible to correctly identify detainees based on the scant identifying information provided in these next friend petitions. Respondents are often left trying to guess at a detainee's identity. Indeed, respondents have yet to identify approximately 60 purported petitioners in this case, including petitioner Abdal Rauf Asibi, as individuals presently detained at Guantanamo Bay. Moreover, there have already been at least two instances in which respondents incorrectly identified petitioners in Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay. Requiring petitions to be properly authorized – either directly by the detainee or through a valid next friend – would likely alleviate some of the very real practical problems resulting from the deficient jurisdiction. Given these significant jurisdictional and procedural infirmities,[7] the Court should

---

[7] These infirmities distinguish this case from other habeas cases also stayed by this Court in which the Court recently entered the Protective Order. See, e.g., June 12, 2006 Order in Nasrullah v. Bush, No. 05-CV-0891 (RBW).

maintain its January 11, 2006 stay of "all action" in this case and deny petitioners' request for privileged counsel access.[8]

Third, entry of the Protective Order would also be inappropriate to the extent that petitioners' counsel seek to characterize the Protective Order as guaranteeing counsel access to petitioners regardless of the significant jurisdictional issues in the case. Recently, Magistrate Judge Kay has interpreted the Protective Order as guaranteeing any counsel who purport to represent a detainee privileged access to the detainee even in the face of respondents' challenge to next friend standing and other jurisdictional challenges in the case. See Adem v. Bush, 2006 WL 751309 (Mar. 21, 2006) (dkt. no. 36), recons. denied, 2006 WL 1193853 (Apr. 28, 2006) (dkt. no. 42); Sadar Doe v. Bush, No. 05-CV-1704 (JR) (LFO) (AK) (Memorandum Order dated May 11, 2006) (dkt. no. 33); Said v. Bush, No. 05-CV-2384 (RWR) (AK) (Memorandum Order dated May 23, 2006) (dkt. no. 23); see also Razakah v. Bush, No. 05-CV-2370 (EGS) (Order dated May 18, 2006) (dkt. no. 23). Respondents have noted the grave jurisdictional issues presented by the Magistrate Judge's interpretation of the Protective Order, as well as the inconsistency of that interpretation with the language, history and context of the Protective Order in the Guantanamo habeas cases, see e.g., Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006 in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 38, 39); Respondents' Motion for Stay and Reconsideration of

---

[8]  If the Court intends to grant counsel access to petitioners, however, given the multiple jurisdictional and procedural improprieties in this case, the Court should enter the Protective Order only as to petitioners Fahd Al-Fawzan, Sanad Ali Alkaliemi, and Maher El Falesteny, who have been identified as detainees at Guantanamo Bay and who have petitions pending on their behalf that appear to have been properly authorized pursuant to 28 U.S.C. § 2242 and Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).

Magistrate Judge's May 11, 2006 Memorandum Order in Sadar Doe v. Bush, No. 05-CV-1704 (JR) (dkt. nos. 34, 35) (copy without exhibits attached hereto as Exhibit 2, and incorporated herein). The Magistrate Judge, however, has brushed aside respondents' objections and granted counsel access in such circumstances, characterizing his action merely as enforcement of the terms of the previously entered Protective Order in the case, which, according to the Magistrate Judge, is unaffected by jurisdictional considerations. See, e.g., Adem, 2006 WL 751309, *8-*11. This Court should not proceed to enter the Protective Order in this case to the extent it may or will be interpreted in a fashion that will raise or purport to sidestep the serious jurisdictional issues related to the Detainee Treatment Act, next friend standing and other matters, and the interpretive issues raised by respondents. See Steel Co., 523 U.S. at 94 ("Without jurisdiction [a] court cannot proceed at all in any cause.").

## CONCLUSION

For the reasons stated, the Court should maintain its stay of "all action" in this case pending the resolution of the effect of the Detainee Treatment Act of 2005 and deny counsel's requests for privileged access to certain petitioners.

Dated:  June 19, 2006                   Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                            /s/ Preeya M. Noronha
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY

JAMES J. SCHWARTZ
PREEYA M. NORONHA
EDWARD H. WHITE
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents