UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD AL-FAWZAN<br>　　Detainee,<br>　　Guantánamo Bay Naval Station,<br>　　Guantánamo Bay, Cuba.<br><br>Sami Muhyedin al Hajj,<br>　　as Next Friend of<br>　　Mr. Fahd Al-Fawzan<br><br>SANAD ALI YISLAM AL-KAZIMI<br>[on petition as "SANAD ALI ALKALIEMI"]<br>　　Detainee,<br>Guantánamo Bay Naval Station,<br>　　Guantánamo Bay, Cuba.<br><br>Benyam Mohammad,<br>　　as Next Friend of<br>　　Mr. Sanad Ali Yislam Al-Kazimi<br><br>Petitioners,<br><br>　　v.<br><br>GEORGE WALKER BUSH, et al.,<br><br>Respondents. | Civil Action No: 05-2386(RBW) |

**PETITIONERS' REPLY TO RESPONDENTS' MEMORANDUM IN
OPPOSITION TO MOTION TO LIFT STAY AND ENTER PROTECTIVE
ORDERS AND REQUEST FOR EXPEDITED DECISION**

**INTRODUCTION**

　　This Court recently determined Respondents' grounds for opposition to

Petitioners' Motion for entry of the Protective Order lack merit.  See Nasrullah v. George

W. Bush, et al., Civ. No. 05-00891 (RBW) (D.D.C. June 12, 2006).  In Nasrullah, the

Court made clear that the Detainee Treatment Act ("DTA") and the January 11th Stay do

1

not constrain the Court from issuing a Protective Order to allow for Petitioners to have access to their lawyers. Id. In light of clear precedent that is squarely on point and Respondents' concession that Petitioners Mr. Al-Fawzan and Mr. Al-Kazimi are "properly represented," Petitioners respectfully request that the Court enter the Protective Order as to each of them and do so on an expedited basis to allow for petitioners to meet with their attorneys who are scheduled to be at Guantanamo Bay Naval Station next Thursday, June 29, 2006. This is all the more urgent in the aftermath of the events of June 10, 2006 when three men indefinitely imprisoned at Guantanamo committed suicide.

## ARGUMENT

This Court has asserted its power to determine questions of limited relief regarding counsel access. On June 12, 2006, this Court entered a Protective Order for Petitioner Nasrullah in Nasrullah v. George W. Bush, in which this court made clear that "until instructed by the Court of Appeals that the DTA has divested this Court of jurisdiction over this and similar Guantanamo cases, the Court concludes that it is not powerless to take any action whatsoever with the case in its current posture." Civ. No. 05-00891, 2 (RBW) (D.D.C. June 12, 2006).[1]  More specifically, this Court determined that the stays imposed on January 11 in similar cases did not prevent it from granting limited relief, such as entering a protective order allowing similarly-situated petitioners access to counsel. Id. at 2 (stating that protective orders were entered in Khan v. Bush, Civ. No. 05-1491 (JR) (D.D.C. Apr. 12, 2006); Awad v. Bush, Civ. No. 05-2379 (JR) (D.D.C. Apr. 11, 2006); and Razakah v. Bush, Civ. No. 05-2370 (EGS) (D.D.C. Mar. 17,

---

[1] This Court also entered a Protective Order in Mohammed Amon v. George W. Bush, et al., Civ. No. 05-1493 (RBW) (June 12, 2006) (finding that Respondents had conceded the Petitioner's motion to enter the Protective Order by failing to respond).

2

2006 after stays were imposed in those cases). Respondents have argued that the DTA definitively strips this Court of jurisdiction to determine matters of interim relief such as granting counsel access. See Respondents' Memorandum in Opposition to Motions to Lift Jan. 11, 2006 Stay to Allow for Attorney Access to Detainees, at 5 [hereinafter "Respondents' Memorandum"] (June 19, 2006). On the contrary, this Court has strongly stated that it "is absolutely not persuaded, absent contrary direction by the District of Columbia Circuit, that the DTA has divested the Court of its authority, recognized in Al Odah v. United States, to appoint counsel to represent Guantanamo Bay detainees." See Nasrullah, Civ. No. 05-00891, 3 (RBW) (D.D.C. June 12, 2006) (citing 346 F. Supp. 2d 1, 7 (D.D.C. 2004)). Furthermore, this Court has noted that "it seems inconceivable that [the Circuit Court of the District of Columbia] will conclude that the detainees will not have the right to the assistance of counsel." Id. at 5.

      The current procedural posture of Petitioners' case is no different than that of Nasrullah. Respondents' claim that the inclusion of multiple petitioners on one petition creates "procedural infirmities" has no merit. See Respondents' Memorandum at 7. The Center for Constitutional Rights ("CCR") filed a petition on behalf of Fahd Al-Fawzan and Sanad Ali Yislam Al-Kazimi (on petition as "Sanad Ali Alkaliemi") in which other Petitioners are included. Respondents do not cite to any authority that prohibits this practice. Most importantly, Respondents concede that the above captioned Petitioners are properly represented and that their complaints of jurisdictional and procedural improprieties are not applicable to Petitioners. See Respondents' Memorandum at 9, n.8 (stating "if the Court intends to grant counsel access to petitioners, however, given the multiple jurisdictional and procedural improprieties in this case, the Court should enter

3

the Protective Order only as to petitioners Fahd Al-Fawzan, Sanad Ali Alkaliemi, and Maher El Falesteny, who have been identified as detainees at Guantanamo Bay and who have petitions pending on their behalf that appear to have been properly authorized pursuant to 28 U.S.C. sec. 2242 and Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990)").

Since the DTA and this Court's January 11th Stay are no bar to entry of the Protective Order and Petitioners are properly represented and identified by Respondents, Petitioners respectfully request that the Protective Order be entered as to each of them to allow access to their counsel.

## CONCLUSION

Petitioners therefore respectfully move on an expedited basis for a Protective Order to be entered. Entering the Protective Order by Friday, June 23, 2006 would greatly increase counsel's chances of arranging with Respondents to have Petitioners Mr. Al-Fawzan and Mr. Al-Kazimi included in the June 29, 2006 visit.

Dated: June 21, 2006

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　Counsel for Petitioners

　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　Martha Rayner (Pursuant to LCvR
　　　　　　　　　　　　　　　　　　　　　　　83.20(g)) (NY-MR-1423)

　　　　　　　　　　　　　　　　　　　　　　　Ramzi Kassem (NY-RK-3567)
　　　　　　　　　　　　　　　　　　　　　　　James A. Cohen (NY-JC-3836)
　　　　　　　　　　　　　　　　　　　　　　　Lincoln Square Legal Services

4

Fordham University School of Law
33 West 60th Street, 3d Floor
New York, New York 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923

5