IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al. : <br> : <br> Petitioners/Plaintiffs : <br> : <br> v. : <br> : <br> GEORGE W. BUSH, et al. : <br> : <br> Respondents/Defendants : | CIVIL ACTION <br> NO. 05-2386 (RBW) |

**RENEWED EMERGENCY MOTION ON BEHALF OF PETITIONERS ABDAL RAZAK ALI, ABDAUL RAZAK ALI-HAJ, TO ALLOW FOR ATTORNEY ACCESS TO CLIENTS**

On June 14th 2006 Petitioner Mr. Abdal Razak Ali AKA Mr. Abdaul Razak Ali-Haj AKA Abdel Razak Abdel Rahman, ISN 685, respectfully moved this Court to lift the stay and enter the standard Protective Order for Guantanamo detainee cases for the reasons set forth below[1].

Counsel representing Petitioner, H. Candace Gorman, also represents another Guantanamo detainee – ABDUL HAMID ABDUL SALAM AL-GHIZZAWI – in *Al-Ghizzawi v. Bush et al.*, Civil No. 05-cv-02378. In that case, the Court (j. Bates) entered the Amended Protective Order on June 2, 2006. Attorney Gorman has arranged with the Department of Justice for a trip to Guantanamo to meet with her client, Mr. al-Ghizzawi, scheduled for July 15 to the 20th. Attorney Gorman also desired to meet with her client in this case while she is at the base as she is a handling all of the expenses of visits to Guantánamo on her own and it would be extremely cost effective if she could meet with all of her clients during one trip.

---

[1] Counsel had also sought to see another client in that filing but agrees with the government that because of confusion over exactly who that client is, that she will wait until her next visit to see that client.

In response to this counsel's Emergency Motion (and Motions filed by other counsel), this Court entered an Order on June 27th entering the Protective Order and allowing counsel access to her client. Immediately thereafter (June 27th, 2006), counsel for Petitioner sent an email to government attorneys Andrew Warden and Terry Henry asking if either of her clients had identification issues. (ex. A) That same email (as well as the emergency motion) also put the government on notice that counsel wanted to visit the clients during her visit the week of July 15th.

On July 10th 2006, attorney Andrew Warden finally responded to that email by sending an email to counsel for Petitioners stating that there was an identification issue with regards to one of the two clients (as explained in footnote 1 herein) and that as to her other client, a visit could not be arranged because of her client's "next friend status." (Ex. A) However, this Court has already rejected the government's objection to the next friend status in it's order of June 27th at footnote 5. Despite this Court's clear holding that "… it is not persuaded that entering the protective orders in cases where petitions are brought by representatives who do not satisfy all the criteria of next friend status would require the Court to overstep its jurisdictional bounds where the protective orders are entered simply to enable the petitioners to have access to counsel," the government has decided to ignore this Court's ruling and "anticipates" raising this issue with the court in some future "status report." (Ex. A)

In addition, the government's last objection to the visit in which they state they "may not be able to add additional detainees" to counsel's visit schedule should also be rejected as the government has been aware since June 14, 2006 that counsel, a solo practitioner, wanted to visit with both of her clients during the same visit. At the time of that request only one other attorney was scheduled to be at the base at the same time as this counsel's visit. Given the short period of

time before her trip to the base and the government's delayed response to her timely request, counsel has filed this as an emergency motion.

Wherefore counsel respectfully asks this court to admonish counsel for Respondents that future violations of its Orders will not be tolerated and order that the Government accommodate counsel's visit with both of her clients during her visit during the week beginning July 15th.

Dated:    July 10, 2006                    Respectfully submitted,

                                            /s/ H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313
Fax: (312) 427-9552

**CERTIFICATE OF SERVICE**

I, H. Candace Gorman, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of this document:

>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 7144
>Washington, DC 20530

This 10th day of July, 2006.

>/s/ H. Candace Gorman
>H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
Law Office of H. Candace Gorman
542 S. Dearborn – Suite 1060
Chicago, IL 60605
Tel: (312) 427-2313
Fax: (312) 427-9552

# EXHIBIT A

From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Tuesday, June 27, 2006 4:07 PM
To: Warden, Andrew (CIV)
Cc: Henry, Terry (CIV)
Subject: visit to base

Andrew,

As you know I am going to the base on the 15th of July to see my client Abdul Hamid Abdul Salam Al-Ghizzawi, ISN #654.  In light of Judge Walton's Order today I would like to make arrangements to see my other two clients ABDEL RAZAK ALI ABDEL RAHMAN, ISN #685 and ABDUL RAUF OMAR MOHAMMED ABU AL QUSIN, ISN #709.  Do either of these individuals have the problems you raised in your filings (duplicate filings or unknown)?

If they do not have those problems should I send you a new visit coordination sheet?  I think I should probably send a new sheet anyway because in closer examination I don't think I properly filled it out the first time. I didn't put my clients name on the form or the case information.

Thanks for your help in this.

Best regards,

Candace


H. Candace Gorman, Esq.
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312-427-2313

---

From: Andrew.Warden@usdoj.gov [mailto:Andrew.Warden@usdoj.gov]
Sent: Monday, July 10, 2006 2:55 PM
To: hcgorman@igc.org (Receipt Notification Requested) (IPM Return Requested)
Cc: Terry.Henry@usdoj.gov (Receipt Notification Requested) (IPM Return Requested)
Subject: RE: visit to base

Candace,

With regard to petitioner Abdal Rauf Asibi, we have not been able to identify him as a detainee currently detained at Guantanamo. Consequently, pursuant to Judge Walton's June 27, 2006 Order, the Amended Protective Order and supplemental orders) are not entered with respect to this petitioner.
Your e-mail below, however, indicates that you believe petitioner Asibi is ISN 709.  Please provide us with an explanation and factual basis for your identification.  In any event, ISN 709 is a petitioner in Zalita v. Bush,05-CV-1220 (RMU).  Thus, even if we agree with your proposed identification, petitioner Asibi will be a duplicate of the petitioner in the Zalita case and the protective order will not be

entered with respect to him.  For these reasons, we cannot agree to schedule meetings with petitioner Asibi at this time.

We also cannot agree to schedule meetings with petitioner Abdal Razak Ali during your upcoming trip.  While we have identified the petitioner as a detainee at Guantanamo who has not filed duplicate habeas petitions, the petition brought on behalf of petitioner Ali is not directly authorized by the petitioner, nor has the putative "next friend" detainee, Omar Deghayes, established appropriate next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990).  As you know, Judge Walton has ordered that respondents file a status report on July 26 regarding various issues in the Mohammon case.  At this time we anticipate raising in our status report next-friend standing objections to approximately 150 petitioners in the Mohammon case, including petitioner Ali.  Accordingly, we believe the appropriate course is for the Court to resolve the various next-friend objections in a coordinated fashion.  Of course, if the next-friend issue is resolved in your favor prior to your next trip to Guantanamo, we can schedule a visit with petitioner Ali at that time.  Even in the absence of our next friend objection, however, Guantanamo may not be able to add additional detainees to your visit schedule due to previously-scheduled habeas visits for other counsel teams during the week of July 16.

Finally, I will send your country and theater clearances (military authorizations that permit you to travel to Guantanamo) later this week.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470