PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, :<br>:<br>Petitioners/Plaintiffs, :<br>:<br>v. :<br>:<br>GEORGE W. BUSH, *et al.*, :<br>:<br>Respondents/Defendants. : | Civil Action<br>No. 05-2386 (RBW) |

**MEMORANDUM OF PETITIONER MAHER EL FALESTENY IN OPPOSITION TO RESPONDENTS' MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS AND REQUEST FOR EXPEDITED BRIEFING**

Petitioner Maher El Falesteny opposes the Respondents' motion that seeks leave to indiscriminately invade the attorney-client privilege and the protections of the work product doctrine.

**THIS COURT SHOULD STAY THE MOTION**

As this Court is aware, approximately one year ago, Mr. El Falesteny made a direct request for a lawyer to help him challenge his indefinite imprisonment by the United States at Guantanamo Bay Naval Station. He did not have access to counsel, because no protective order had been entered in the case. On June 27, 2006, this Court entered the protective order, which provided the first opportunity for Mr. El Falesteny to have any contact with his lawyers, but he has not yet been able to meet with them. Mr. El Falesteny's counsel have a visit to Guantanamo Bay scheduled for early August and fully expect to be able to meet with him for the first time then.

Until counsel have had an opportunity to meet and talk with their client, they do not have factual information that may be critical to respond to the Respondents' motion. For

instance, although counsel has sent Mr. El Falesteny privileged correspondence, they do not know whether he has received it or whether it was seized by the government. They also do not know whether Mr. El Falesteny had other privileged materials that were seized by the government (for example, notes he may have made in preparation for our meeting) or even in which prison camp Mr. El Falesteny is held.

What they do know is that nothing in the government's motion gives this Court any reason to believe that an intrusion into Mr. El Falesteny's privilege is warranted. But, in order to fully respond to the motion, Mr. El Falesteny's counsel need an opportunity to learn the specific facts as they relate to *him*. This will only occur during their visit in August. Therefore, Mr. El Falesteny respectfully requests that this Court extend the time for Mr. El Falesteny to respond to the motion and set a schedule to review this matter after counsel has an opportunity to meet with their client. *See Mohammon v. Bush*, 05-2386 (RBW) (D.D.C. July 14, 2006) (extending period to respond to motion to allow counsel time to discuss with client held at Guantanamo). Only then will counsel be in position to provide this Court with the information it needs to make a ruling based on the actual facts as they related to Mr. El Falesteny rather than based on the gross generalizations put forward by the government.

**THE MOTION FAILS ON THE MERITS**

In the alternative, the Court should deny the motion as it pertains to Mr. El Falesteny. The government presents absolutely no basis to invade *his* privilege, whether or not it sets forth sufficient facts to invade the privilege of any other prisoner. The government's papers are remarkably silent with respect to individualized facts related to individual prisoners. In order to invade an individual's privilege, there must be an individualized finding that the facts justify such a dramatic step. None of the cases cited by the government suggest otherwise. Indeed, the case the government cites as its only support for use of a filter team was for documents seized

pursuant to a warrant – by definition the government had to have particularized facts it presented to the court. *See United States v. Grant*, 2004 WL 1171258 (S.D.N.Y. May 25, 2004).

If the government believes it has some factually supported basis to in Mr. El Falesteny's privilege (rather than some other prisoner's privilege), it must come forward with that proof and provide Mr. El Falesteny an opportunity to address it. The government's refusal to do so suggests that there is no such basis and that its motion should be denied.

## CONCLUSION

For the foregoing reasons, Petitioner Maher El Falesteny respectfully requests that this Court extend his time to respond to the motion and set a schedule to review this motion after Mr. El Falesteny has an opportunity to meet with his lawyers.

Dated: July 14, 2006

Respectfully submitted,

 /s/ Charles H. Carpenter
Charles H. Carpenter (DC #432004)
Christopher J. Huber (DC #459525)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Tel: 202.220.1200
Fax: 202.220.1665

Stephen M. Truitt (DC # 13235)
Hamilton Square, Suite 500
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Tel: 202.220.1452
Fax: 202.220.1665