*Approved for Public Filing
by the CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMER MOHAMMON, *et al.*,

    Petitioners,

v.

GEORGE W. BUSH, *et al.*,

    Respondents.

---

**ORAL ARGUMENT REQUESTED**

Civil Action No. 05 CV 2386 (RBW) (AK)

# EMERGENCY MOTION OF PETITIONERS ABDUL GHAFFAR AND ADEL NOORI FOR ACCESS TO COUNSEL AND TO HOLD RESPONDENTS IN CONTEMPT

KL3:2531643.2

*Approved for Public Filing
by the CSO*

Petitioners Abdul Rahman a/k/a Abdul Ghaffar (ISN 281) and Adel LNU a/k/a Adel Noori (ISN 584), by and through their undersigned counsel, respectfully submit this emergency motion for access to their counsel, who are scheduled to visit the U.S. Naval Station at Guantánamo Bay, Cuba ("Guantánamo"), between July 24 and July 28, 2006. Petitioners also seek the sanction of contempt for Respondents' refusal to comply with the Amended Protective Order and allow them access to their counsel – without a good faith basis, and apparently solely for the purpose of delay.

## INTRODUCTION

Petitioners are Uighurs, a Turkic Muslim minority group native to the Xianjiang Autonomous Region, in western China. We have reason to believe – and Respondents have not denied – that Petitioners may have been cleared for release from Guantánamo. Respondents nonetheless refuse to allow Petitioners access to their counsel, who seek, in part, to confirm that Petitioners have been exonerated.

Undersigned counsel filed a notice of appearance in this case on June 15, 2006. We also represent five other current and former Guantánamo detainees, all of whom are Uighurs, in *Mamet v. Bush*, No. 05 CV 1886 (EGS), and *Razakah v. Bush*, No. 05 CV 2370 (EGS). We are scheduled to visit the *Razakah* petitioners at Guantánamo between July 24 and July 28, 2006.

On June 23, 2006, Petitioners moved for expedited entry of the Amended Protective Order. Respondents had opposed similar motions filed by other petitioners in this case on the ground that the Detainee Treatment Act of 2005 ("DTA") stripped the Court of jurisdiction to enter the order, and, with respect to certain petitioners, on the ground that their habeas petitions were not authorized by a valid next friend.

KL3:2531643.2

*Approved for Public Filing
by the CSO*

On June 27, 2006, this Court granted in part and denied in part several pending motions for entry of the Amended Protective Order, including Petitioners' motion. The Court expressly rejected both Respondents' DTA and "next-friend" arguments, concluding with respect to the next-friend issue that there was "no reason why the alleged deficiencies in the petitioners' representatives' next friend status requires [the Court] to deny them access to counsel." *Mohammon v. Bush*, No. 05 CV 2386 (RBW), slip op. at 4 n.5 (D.D.C. June 27, 2006). Accordingly, the Court found that the Amended Protective Order should be entered as to all petitioners in this case, except those who already had petitions pending or whom Respondents were unable to identify. The Court further ordered that the Amended Protective Order "shall also apply in this case, effective immediately, to all petitioners as designated above until ordered otherwise by the Court." *Id.* at 5. Respondents did not seek reconsideration or appeal from this order.

Immediately after the Court issued its decision, undersigned counsel submitted a renewed request for permission to visit Petitioners during our upcoming visit to Guantánamo to meet with the *Razakah* petitioners, who, like the petitioners in this case, have filed a habeas petition pursuant to the next-friend authorization of Usama Hasan Abu Kabir ("Kabir authorization"). Respondents denied our request to visit Petitioners on two grounds: (1) Respondents claim that they are not able to identify Petitioners as current detainees, and (2) Respondents argue that Petitioners' next-friend authorization is not valid. *See* July 13, 2006 email from Andrew Warden to J. Wells Dixon (attached hereto as Ex. A). Both of these arguments are without merit.

Petitioners request that the Court order Respondents to permit them access to counsel, during counsel's scheduled visit to Guantánamo, between July 24 and July 28,

2

KL3:2531643.2

*Approved for Public Filing
by the CSO*

2006. Petitioners also seek sanctions for Respondents' refusal to comply with the Amended Protective Order and allow them access to counsel pursuant to its terms.

## ARGUMENT

### I. The Court should order respondents to permit Petitioners access to counsel

#### A. Petitioners have been adequately identified as current detainees

Respondents argue that the "differences in the names and the minimal information provided about petitioners" prevent them from "identify[ing] [Petitioners] as detainees presently detained in Guantánamo." Ex. A. This contention, which Respondents have never advanced before with respect to our clients, is baseless.

We have identified both Petitioner Ghaffar and Petitioner Noori by ISN and matched them with detainees bearing the same names and nationalities on Respondents' own publicly available list of detainees. The habeas petition filed by Petitioners, and the Kabir next-friend authorization on which it is based, identify Abdul Rahman (or "Abdurahman LNU") – who we learned, prior to our appearance in this case, is also called Abdul Ghaffar – as being a citizen of Turkestan, which means he is a Uighur from China.[1] *See* Petition for Writ of Habeas Corpus, filed December 21, 2005, at ¶ 230. Respondents' detainee list identifies a detainee known as "Abdul Rahman, Abdul Ghappar," born in Kucha – a city in Turkestan – and designated by ISN 281. *See* Ex. B (attached hereto). Similarly, the habeas petition and Kabir authorization also identify "Adel LNU" – whose full name, we learned prior to our appearance in this case, is Adel Noori – as being a citizen of Turkestan. *See* Habeas Petition at ¶ 232.

---

[1] Uighurs refer to their native region of western China as "Turkestan" or "East Turkestan."

3

*Approved for Public Filing
by the CSO*

Respondents' detainee list identifies a detainee known as Adel Noori, born in "Xian Xang, China" – the Xinjiang Autonomous Region, a/k/a Turkestan – and designated by ISN 584. *See* Ex. B.

There can be no dispute that the Uighurs identified in Respondents' list of detainees are the Uighurs on behalf of whom we are pursuing this action.[2] The Court therefore should reject Respondents' claim that the Amended Protective Order has not been entered as to them pursuant to the Court's June 27, 2006 order, and grant this motion to allow Petitioners access to counsel.

### B. The Court has already rejected Respondents' next-friend argument

Respondents also claim that Petitioners may not meet with their counsel because the petition "is not directly authorized by the petitioners, nor have the putative 'next friend' detainees . . . established appropriate next friend standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1990)." Ex. A. This argument is frivolous, given that the Court has already rejected, in this very case, Respondents' claim that their next-friend challenge precludes entry of the Amended Protective Order and may be used to block counsel from accessing detainees. *See* Court's June 27, 2006 Order at 4, n.5 ("[T]he Court sees no reason why the alleged deficiencies in the petitioner's representatives next friend status requires it to deny them access to counsel"). Several other courts in this district have also entered the Amended Protective Order and allowed counsel access to detainees despite Respondents' claim that the petitioners lacked adequate next-friend authorization. *See,*

---

[2] We also note that there were only twenty-three Uighurs held at Guantánamo, six of which have been released and the thirteen of which were represented by other counsel at the time we appeared in this case on behalf of Petitioners. We represent the remaining four: Ghaffar and Noori in this case, and the two petitioners in *Razakah v. Bush*, No. 05 CV 2370 (EGS).

4

*e.g., Razakah v. Bush*, No. 05 CV 2370, slip op. at 4 (EGS) (D.D.C. May 18, 2006) ("The Protective Order does not require evidence of authority to represent a detainee as a prerequisite to counsel meeting with a detainee"); *Adem v. Bush*, 425 F. Supp. 2d 7 (D.D.C. 2006). In *Razakah,* the court ordered Respondents to permit undersigned counsel access to the petitioners, over Respondents' next-friend objections, after counsel sought an order to show cause why Respondents should not be held in contempt for refusing to comply with the Amended Protective Order previously entered in that case.

Given the Court's June 27 order, and given that the Petitioners in this case appear on the same Kabir authorization as the petitioners in *Razakah*, there is no colorable basis for Respondents to claim that counsel cannot meet with Petitioners. Moreover, even if the adequacy of next-friend authorization were relevant to entry of the Amended Protective Order, Mr. Kabir has provided more than sufficient evidence of his ability to serve as next friend for Petitioners and other detainees. *See* Declaration of Gitanjali S. Gutierrez (attached as Ex. C). Nothing more is required here.[3]

## II. The Court should hold Respondents in contempt of the Amended Protective Order

Respondents are not free to disregard this Court's order – or the order of any judge in this district – entering the Amended Protective Order and permitting counsel access to detainees. Nor may Respondents claim that they are unable to identify detainees when that is plainly not true. Such conduct is improper, and warrants the sanction of contempt here. Although we are always reluctant to seek sanctions against an

---

[3] Alternatively, the Court could order Respondents to allow us access to Petitioners for the purpose of finding out whether they want us to represent them after nearly five years of imprisonment without charges or access to the outside world. *See* Order, *Mohammon v. Bush*, No. 05 CV 2386 (RBW) (D.D.C. July 14, 2006).

adversary, we are compelled to do so here in order to put an end, once and for all, to Respondents' unceasing efforts to deny Petitioners the assistance of counsel – assistance that they desperately need and is long overdue.

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Supreme Court has held that court orders place upon litigants a "duty to obey." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Failure to abide by this duty is grounds for contempt. *See* 17 Am. Jur. 2d *Contempt* § 1 (2005) (defining contempt to include "disobedience to the orders of the judiciary"). Moreover, "a finding of bad faith on the part of the contemnor is *not* required. Indeed, the law is clear in this circuit that 'the [contemnor's] failure to comply with the court decree need not be intentional.'" *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997) (quoting *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1183 (D.C. Cir. 1981)). A party moving for civil contempt must only establish by clear and convincing evidence that "the putative contemnor has violated an order that is clear and unambiguous." *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)). Because Respondents have refused to obey the unambiguous terms of the Court's June 27 order, and have instead asserted arguments that are frivolous in light of that order, the Court should hold Respondents in contempt.

Petitioners – who, again, we have reason to believe may have been cleared for release from Guantánamo – are simply requesting that they be permitted to meet with counsel, so that counsel can better understand their situation and assist in obtaining their

release and resettlement. Under these circumstances, Respondents' long campaign of delay is particularly illegitimate and egregious. It appears that by their continuing refusal to permit Petitioners and other detainees to meet with their counsel, Respondents seek to avoid judicial scrutiny until they are able to remove Petitioners from this Court's jurisdiction without ever disclosing that these men – who have been held virtually *incommunicado*, without charge, and without access to counsel for several years – are wholly innocent. Indeed, rather than complying with the repeated rulings of judges in this district permitting counsel access to detainees, Respondents have defied court orders and generally refused to allow counsel access to detainees until they are specifically directed to do so. When Respondents are ultimately forced to comply, counsel visits with detainees invariably proceed without further delay or incident.

Respondents' refusal to abide by the terms of the Amended Protective Order here and in other cases demonstrates a lack respect for the Court and undermines the integrity of the judicial process. Their obstructive conduct is designed to deny Petitioners any chance to talk to a lawyer, which Respondents have no legitimate reason to oppose. It should not be tolerated.

## CONCLUSION

For the reasons set forth above, the Court should order Respondents to permit Petitioners to meet with undersigned counsel during our visit to Guantánamo scheduled between July 24 and July 28, 2006. The Court should also enter an order holding Respondents in contempt.

7

*Approved for Public Filing
by the CSO*

Dated:   New York, New York
         July 19, 2006

                        Respectfully submitted,

                        Counsel for Petitioners:

                        /s/ Paul Schoeman
                        Paul Schoeman (Pursuant to LCvR 83.2(g))
                        J. Wells Dixon (Pursuant to LCvR 83.2(g))
                        Joel Taylor (Pursuant to LCvR 83.2(g))
                        Michael J. Sternhell (Pursuant to LCvR 83.2(g))
                        Darren LaVerne (Pursuant to LCvR 83.2(g))
                        KRAMER LEVIN NAFTALIS & FRANKEL LLP
                        1177 Avenue of the Americas
                        New York, New York 10036
                        Tel: (212) 715-9100
                        Fax: (212) 715-8000

                        Barbara Olshansky (NY-0057)
                        Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                        CENTER FOR CONSTITUTIONAL RIGHTS
                        666 Broadway, 7th Floor
                        New York, New York 10012
                        Tel: (212) 614-6439
                        Fax: (212) 614-6499

                        Alison Sclater (Pursuant to LCvR 83.2(g))
                        245 East 80th Street
                        New York, New York 10021
                        Tel: (212) 717-2736