IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ─────────────────────────────── x <br> : <br> AMER MOHAMMON, *et al.*, : <br> : <br> Petitioners, : <br> : <br> v. : <br> : <br> GEORGE W. BUSH, *et al.*, : <br> : <br> Respondents. : <br> : <br> ─────────────────────────────── x | Civil Action No. 05 CV 2386 (RBW) (AK) |

**MEMORANDUM OF PETITIONERS ABDUL RAHMAN AND
ADEL LNU FOR EXTENSION OF TIME TO OPPOSE RESPONDENTS'
MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN
DETAINEE MATERIALS AND REQUEST FOR EXPEDITED BRIEFING**

Petitioners Abdul Rahman a/k/a Abdul Ghaffar (ISN 281) and Adel LNU a/k/a Adel Noori (ISN 584) (together, "Petitioners") move to stay Respondents' motion that seeks leave to indiscriminately invade the attorney-client privilege and the protections of the work product doctrine.

**THIS COURT SHOULD STAY THE MOTION**

As this Court is aware, on June 23, 2006 Petitioners moved for entry of the Amended Protective Order over Respondents' objections so that they could meet with undersigned counsel. On June 27, 2006, this Court granted in part and denied in part several pending motions for entry of the Amended Protective Order, including Petitioners' motion. The Court expressly rejected both Respondents' DTA and "next-friend" arguments, concluding with respect to the next-friend issue that there was "no reason why the alleged deficiencies in the petitioners' representatives' next friend status requires [the Court] to deny them access to counsel."

KL3:2531628.1

*Mohammon v. Bush*, No. 05 CV 2386 (RBW), slip op. at 4 n.5 (D.D.C. June 27, 2006). Accordingly, the Court found that the Amended Protective Order should be entered as to all petitioners in this case, except those who already had petitions pending or whom Respondents were unable to identify. The Court further ordered that the Amended Protective Order "shall also apply in this case, effective immediately, to all petitioners as designated above until ordered otherwise by the Court." *Id.* at 5.

The Court's Order should have provided Petitioners with their first opportunity to meet with their undersigned counsel during our previously scheduled visit to Guantánamo between July 24 and July 28, 2006 to meet with petitioners in *Razakah v. Bush*, No. 05 CV 2370 (EGS) (D.D.C.). But Respondents have inexplicably refused our request to meet with Petitioners in violation of the Court's Order. Petitioners have filed an Emergency Motion for Access to Counsel and to Hold Respondents in Contempt. That motion is now pending.

Until counsel have had an opportunity to meet and talk with their clients, they do not have factual information that may be critical to respond to Respondents' motion. For instance, although counsel have sent Petitioners privileged correspondence, they do not know whether Petitioners have received it or whether it was seized by the government.

What they do know is that nothing in the government's motion gives this Court any reason to believe that an intrusion into Petitioners' privilege is warranted. But, in order to fully respond to the motion, Petitioners and counsel need an opportunity to learn the specific facts as they relate to ***them***. This will only occur after Petitioners meet with their counsel. Therefore, Petitioners respectfully request that the Court extend the time for Petitioners to respond to the motion and set a schedule to review this matter after counsel have an opportunity to meet with their clients. *See Mohammon v. Bush*, 05-2386 (RBW) (D.D.C. July 14, 2006) (ex-

KL3:2531628.1

tending period to respond to motion to allow counsel time to discuss with client held at Guantánamo). Only then will counsel be in position to provide this Court with the information it needs to make a ruling based on the actual facts as they related to Petitioners rather than based on the generalizations put forward by the government.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully requests that this Court extend their time to respond to the motion and set a schedule to review this motion after Petitioners have an opportunity to meet with their lawyers.

Dated:   New York, New York
         July 20, 2006

>Respectfully submitted,
>
>Counsel for Petitioners:
>
>/s/ Paul Schoeman
>Paul Schoeman (Pursuant to LCvR 83.2(g))
>J. Wells Dixon (Pursuant to LCvR 83.2(g))
>Joel Taylor (Pursuant to LCvR 83.2(g))
>Michael J. Sternhell (Pursuant to LCvR 83.2(g))
>Darren LaVerne (Pursuant to LCvR 83.2(g))
>KRAMER LEVIN NAFTALIS & FRANKEL LLP
>1177 Avenue of the Americas
>New York, New York 10036
>Tel: (212) 715-9100
>Fax: (212) 715-8000
>
>Barbara Olshansky (NY-0057)
>Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
>CENTER FOR CONSTITUTIONAL RIGHTS
>666 Broadway, 7th Floor
>New York, New York 10012
>Tel: (212) 614-6439
>Fax: (212) 614-6499
>
>Alison Sclater (Pursuant to LCvR 83.2(g))
>245 East 80th Street, #9J
>New York, New York 10021
>Tel: (212) 717-2736