*Approved for Public Filing
by the CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMER MOHAMMON, *et al.*,

        Petitioners,

v.

GEORGE W. BUSH, *et al.*,

        Respondents.

Civil Action No. 05 CV 2386 (RBW)

---

## REPLY MEMORANDUM IN FURTHER SUPPORT OF EMERGENCY MOTION OF PETITIONERS ABDUL GHAFFAR AND ADEL NOORI FOR ACCESS TO COUNSEL AND TO HOLD RESPONDENTS IN CONTEMPT

The Court's June 27, 2006 order directed that the Amended Protective Order ("APO") "be entered with respect to all the petitioners in this case except (1) those petitioners who have previously filed petitions pending in other cases, and (2) those petitioners named in this case whom the respondents are unable to identify."

To the extent that the Court, in issuing this order, was concerned with ensuring that Respondents had sufficient information to allow them to match the names of the individuals to whom counsel are seeking access with specific detainees in Guantánamo, and to avoid duplicative habeas petitions, we have more than addressed those concerns with respect to our clients. We have identified one of our clients – described in his habeas petition as a Uighur named "Adel LNU" – as Adel Noori, a Uighur detainee designated by ISN 584. Accordingly, we entered an appearance on behalf of "Adel LNU a/k/a Adel Noori (ISN

*Approved for Public Filing
by the CSO*

584)," and described our client as a "Uyghur Petitioner[]." *See* Ex. A.[1] While Respondents correctly note that there are two Uighurs named "Adel" on the government's list of detainees, one of them – Adel Abdulhehim (a/k/a A'del Abdu Al-Hakim) (ISN 293) – has already been released to Albania, along with four other Uighurs, three of whom are our clients. There is only one Uighur Adel left in Guantánamo: Adel Noori (ISN 584). Respondents cannot point to any other habeas petition that has been filed on his behalf.

Respondents also claim that they cannot identify our other client, Abdul Rahman a/k/a Abdul Ghaffar (ISN 281). They make the bizarre assertion that we "have intentionally chosen to represent [a] petitioner who is alleged to be an Arabic speaking citizen of Yemen." Respondents' Opposition at 6. Our notice of appearance in this case identifies our client as "Abdul Rahman a/k/a Abdul Ghaffar (ISN 281)," and describes him, along with Adel Noori, as a "Uyghur Petitioner[]." *See* Ex. A. The government's list identifies a Uighur detainee named "Abdul Rahman, Abdul Ghappar" (ISN 281). Respondents claim that we should be prevented from accessing Ghaffar because the Kabir authorization and habeas petition identify a Uighur named "Abdurahman LNU," not a Uighur named "Abdul Rahman," as his name is spelled in our notice of appearance. Essentially, Respondents argue that we are to be denied access to Ghaffar because our spelling of his name does not match what is obviously a phonetic rendering of the same name on the Kabir authorization (and thus the habeas petition).

If Respondents wish to challenge the legitimacy of Petitioners' next-friend authorization, they are entitled to do so at the appropriate time in this case. But, as the Court found in its June 27 order, the question of whether the APO is to be entered and counsel

---

[1] Contrary to Respondents' suggestion, *see* Respondent's Opposition at 5, we learned of Mr. Noori from other Uighur detainees *prior* to issuance of the government's detainee list.

KL3:2532500.1

*Approved for Public Filing
by the CSO*

allowed access to a particular detainee is a question distinct from that of next-friend status. What matters for present purposes is whether counsel have identified specific detainees held at Guantánamo who do not have other habeas petitions pending. We have done so. Of course, any remaining uncertainty about whether Petitioners Ghaffar and Noori seek a lawyer and have authorized counsel to bring this petition will be much closer to resolution if counsel are permitted to speak with Petitioners during their scheduled visit to Guantánamo next week. Instead of simply allowing this to happen, Respondents have, once again, decided to waste counsel's and the Court's time by generating additional litigation.

As counsel will be departing for Guantánamo early on Monday, July 24, 2006, we will be available to appear by telephone today, at Court's convenience, should the Court wish to hear argument on this matter.

Dated:   New York, New York
         July 21, 2006

                                    Respectfully submitted,

                                    Counsel for Petitioners:

                                    /s/ Paul Schoeman
                                    Paul Schoeman (Pursuant to LCvR 83.2(g))
                                    J. Wells Dixon (Pursuant to LCvR 83.2(g))
                                    Joel Taylor (Pursuant to LCvR 83.2(g))
                                    Michael J. Sternhell (Pursuant to LCvR 83.2(g))
                                    Darren LaVerne (Pursuant to LCvR 83.2(g))
                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Tel: (212) 715-9100
                                    Fax: (212) 715-8000

                                    Barbara Olshansky (NY-0057)
                                    Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                                    CENTER FOR CONSTITUTIONAL RIGHTS
                                    666 Broadway, 7th Floor

*Approved for Public Filing
by the CSO*

New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

Alison Sclater (Pursuant to LCvR 83.2(g))
245 East 80th Street
New York, New York 10021
Tel: (212) 717-2736

KL3:2532500.1