UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, et al., | ) ) ) | |
| Petitioners, | ) ) | Civil Action No. 05-2386 (RBW) |
| GEORGE W. BUSH, et al., | ) ) ) | |
| Respondents. | ) ) | |

## ORDER

Currently before the Court is the Emergency Motion of Petitioners Abdul Ghaffar and Adel Noori for Access to Counsel and to Hold Respondents in Contempt ("Pets.' Mot.").[1] By their motion, the petitioners request that the Court order the respondents to permit the petitioners' counsel to meet with their clients at the Guantánamo Bay facility in light of the Court's Order of June 27, 2006. Pets.' Mot. at 2-5. In that Order, the Court entered the standard protective orders with respect to all petitioners named in this case, effective immediately upon issuance, but it also gave the respondents until July 26, 2006, to notify the Court of any named petitioners to whom the protective orders should not apply either because they had a previously-filed habeas petition

---

[1] Reflective of the underlying controversy concerning the identity of the two petitioners, the parties refer to them by a variety of names and aliases. The attorneys who filed this motion identify Petitioner Abdul Ghaffar as being the same person listed on the habeas petition in this case as "Abdul Rahman" and "Abdurahman LNU," as well as "Abdul Rahman, Abdul Ghappar" and identified by the government as ISN 281 on its comprehensive list of Guantanamo Bay detainees. See Pets.' Mot. at 3. The attorneys also assert that Petitioner Adel Noori, whom the government has identified as ISN 584, is the same individual listed on the habeas petition as "Adel LNU." See Pets.' Mot. at 3-4. In their opposition, the respondents dispute the identity of both of these petitioners, asserting that the petitioners' counsel have shown nothing beyond their own conjecture and guesswork when equating the petitioners named in this motion with ISN 281 and ISN 584, respectively. See Resps.' Opp. at 4-8.
  Because the Court declines to address the issue of the identity of these two petitioners at this juncture, it will, solely for the purpose of this Order, refer to the two petitioners as they are named in the motion, i.e., Abdul Ghaffar and Adel Noori. Neither this mode of reference, nor anything else in this motion, however, shall be construed as adjudicating the question of the identity of either of these petitioners.

pending in another case or because the respondents were unable to identify them.² See Mohammon v. Bush, Civ. No. 05-2386 (RBW), Order at 5-6 (D.D.C. June 27, 2006).³ The respondents oppose the petitioners motion on the grounds that they are unable to identify the petitioners named in this motion, Abdual Ghaffar and Adel Noori.  See Respondents' Opposition to Emergency Motion for Access to Counsel and to Hold Respondents in Contempt Filed on Behalf of Named Petitioenrs Adel LNU and Abdul Rahman ("Resps.' Opp.") at 3-8.

In its June 27, 2006, Order, the Court set forth the procedure by which disputes over the identity of petitioners named in this case would be resolved.  Mohammon, Order at 5-6.  The respondents were given until July 26, 2006, to notify the Court "of all petitioners named in this case whom [the respondents] are unable to identify."  Id. at 6.  The Court further ordered that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified."  Id. at 6 n.7.  Thus, by its June 27 Order, the Court provided a process to resolve disputes concerning the identity of petitioners named in this case.  Counsel for Petitioners Abdul Ghaffar and Adel Noori have not offered any convincing reason why the Court should now depart from that process.  While counsel for the petitioners bring the present motion on an emergency basis, in the hope that they will be able to meet with Petitioners Ghaffar and Noori during their visit to

---

² The Court specifically did not invite the respondents to identify petitioners to whom the protective orders should not apply on the grounds that their habeas petition was brought by a person who lacked proper next friend standing.  See Mohammon v. Bush, Civ. No. 05-2386 (RBW), Order at 4 n.5, 5-6 (D.D.C. June 27, 2006).

³The petitioners further assert that the respondents, by continuing to refuse the petitioners' counsel permission to meet with their clients, have disregarded the Court's June 27 Order, and accordingly the petitioners ask the Court to hold the respondents in contempt.  Pets.' Mot. at 5-7.  The Court is not persuaded that a finding of contempt is warranted here.

Guantanamo scheduled for July 24 through July 28, they have not shown why this alone warrants abandoning the previously adopted procedure set forth in the Court's June 27 Order.[4]

Consequently, the Court will not address at this time any disputes concerning the identity of a petitioner named in this case. The respondents' time in which to indicate named petitioners whom they are unable to identify has not expired. The respondents have indicated that they "will, pursuant to the [June 27] Order, provide the Court a list of petitioners whom they cannot identify." Resps.' Opp. at 8. If the respondents do so on or before July 26, 2006, any petitioner whose identity the respondents call into question may then challenge the respondents' assertion that he cannot be identified. At that time, and not before, the Court will address, if necessary, any remaining disputes as to the identity of petitioners named in this case.

Accordingly, it is, this 21st day of July, 2006, hereby

**ORDERED** that Petitioners Abdul Ghaffar's and Adel Noori's emergency motion for access to counsel is DENIED. It is further

**ORDERED** that the above-named petitioners' motion for an order holding the respondents in contempt is DENIED. It is further

**ORDERED** that, pursuant to the Court's Order of June 27, 2006, the respondents shall notify the Court by July 26, 2006, of any petitioners in this case to whom the protective orders should not be entered either because they have a previously-filed petition for a writ of habeas

---

[4] The Court is not unsympathetic to the convenience the petitioners' counsel derive from being able to meet with multiple clients when they visit the Guantanamo Bay facility. This, by itself, however, does not justify abandoning the procedure the Court adopted to resolve disputes over the identification of the 166 petitioners named in this case in a coordinated fashion.

corpus already pending on their behalf in another case or because the respondents are unable to identify them.[5]

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

---

[5] As indicated in the Court's June 27 Order, any petitioner whom the respondents identify as having previously filed petitions for a writ of habeas corpus that are pending before the Court shall have the opportunity to challenge the respondents' assertion that he has another pending petition. Likewise, any petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified.