IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, )<br>President of the United States, )<br>*et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 05-CV-2386 (RBW) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO EMERGENCY
MOTION FOR ACCESS TO CLIENT AND MOTION FOR ORDER TO SHOW
CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF
PROPER "NEXT FRIEND" STANDING**

Respondents hereby oppose petitioner's emergency motion for attorney access to petitioner Slaim Harbi (dkt. no. 104), a detainee at Guantanamo Bay whose petition for writ of habeas corpus has not been properly authorized and is therefore not properly before this Court. Respondents oppose petitioner's motion for the same reasons expressed in Respondents' Memorandum In Opposition To Emergency Motion To Allow Attorney Access To Client And Motion For Order To Show Cause Why The Petition Should Not Be Dismissed For Lack Of Proper "Next-Friend" Standing (dkt. no. 76), previously filed in this case on July 12, 2006 with respect to petitioner Abdal Razak Ali. Respondents' memorandum is attached as Exhibit A and incorporated herein by reference.

The petition brought on behalf of petitioner Slaim Harbi is deficient in the same respects as the petition brought on petitioner Abdal Razak Ali's behalf. The petition is not directly authorized by the petitioner, nor has the putative "next friend" detainee, Omar Deghayes,

established appropriate next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990).
See Declaration of Clive Stafford Smith (attached to Petition), Exhibit 15 (Harbi authorization).
Consequently, the purported next-friend authorization does not satisfy the counsel authorization
requirements of the Amended Protective Order.  See Revised Procedures For Counsel Access §
III.C.1.  Although the Court has entered the Protective Order with regard to petitioner Harbi,[1] the
Protective Order by its terms does not require respondents to permit an attorney visit with a
detainee, particularly where, as here, the requirements of the Protective Order have not been
satisfied.  Thus, in order to require respondents to permit counsel access in this instance, the
Court would need to assert authority and jurisdiction independent of the Protective Order, which
would be improper given the Detainee Treatment Act's investment of exclusive jurisdiction over
this action in the Court of Appeals.  See Pub. L. No. 109-148, tit. X, 119 Stat. 2680

Accordingly, respondents request that the Court provide petitioners the opportunity to
demonstrate that the petition for writ of habeas corpus filed on behalf of Slaim Harbi has been
properly authorized, which would satisfy the requirements of the Protective Order.  Once these
requirements are satisfied, respondents agree to permit counsel access to this detainee.
Respondents therefore request that the Court order petitioners to show cause why the petition,
not directly authorized by Slaim Harbi, the detainee at Guantanamo Bay for whom habeas relief
is sought, but instead brought by another detainee claiming to act as his "next friend," should not

---

[1] Unlike many other petitioners in this case, respondents have identified petitioner Harbi as a detainee currently detained at Guantanamo who does not have a duplicate habeas corpus petition pending on his behalf.  See June 27, 2006 Order at 5 (dkt. no. 66) (entering the Protective Order with respect to all petitioners in this case except: (1) petitioners who have previously filed petitions pending in other cases, and (2) petitioners whom respondents have been unable to identify.).

be dismissed for lack of proper next friend standing.[2] The putative "next friend" detainee in this case, Omar Deghayes, bears the burden of establishing his next friend status and justifying the exercise of the Court's jurisdiction over this action. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) ("'Next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."). To do so, he must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in Whitmore: (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of habeas corpus cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to the detainee's best interests. Id. at 163-64. The petition filed on behalf of petitioner Slaim Harbi fails to meet either requirement. Petitioners should be provided the opportunity to demonstrate that the petition was filed by a legitimate next friend, and thereby establish that the petition is properly authorized and properly before this Court. If petitioners cannot satisfy the requirements for next friend standing, the Court cannot exercise jurisdiction over the petition regardless of the Detainee Treatment Act's withdrawal of the Court's jurisdiction over this action, and the petition must be dismissed.

Respondents are certainly cognizant of the Court's July 14, 2005 Order in this case, which ordered respondents to allow counsel to meet with petitioner Abdal Razak Ali "for the sole purpose of verifying that Petitioner Ali authorized his putative next friend, Omar Deghayes, to bring a petition for habeas corpus on his behalf." See dkt. no. 79. In order to avoid waiver of respondents' position on the next-friend issue with respect to petitioner Harbi or concession as to

---

[2] This motion is without prejudice to respondents' position that the Court lacks jurisdiction in this case in light of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680. See Exhibit A at 3-4 & n.3.

the propriety of the order petitioner seeks, respondents oppose entry of an order similar to the July 14, 2006 Order with respect to petitioner Harbi or other petitioners in this case.  Indeed, of the 165 petitioners in this case, respondents have identified approximately 150 petitioners with respect to whom the standing of the their putative next-friends is deficient.  Consequently, absent further direction of the Court that would appropriately preserve respondents' position, respondents intend respectfully to raise the next-friend issue when relief, including requests for counsel access, is sought on behalf of the applicable petitioners.[3]

For these reasons, as explained more fully in Exhibit A, petitioner's emergency motion for attorney access to petitioner Slaim Harbi should be denied.

Dated: July 23, 2006                           Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               DOUGLAS N. LETTER
                                               Terrorism Litigation Counsel

                                                 /s/ Andrew I. Warden
                                               JOSEPH H. HUNT (D.C. Bar No. 431134)
                                               VINCENT M. GARVEY (D.C. Bar No. 127191)
                                               TERRY M. HENRY
                                               JAMES J. SCHWARTZ
                                               PREEYA M. NORONHA
                                               ROBERT J. KATERBERG
                                               NICHOLAS J. PATTERSON
                                               ANDREW I. WARDEN (IN Bar No. 23840-49)

---

[3] Pursuant to the Court's June 27, 2006 Order, respondents will submit a status report on July 26, 2006, identifying the petitioners in this case who (1) respondents have not been able to identify, or (2) have filed petitions for a writ of habeas corpus in a another pending case.  At the Court's request, respondents also are willing to submit a list of petitioners in this case with respect to whom the standing of the their putative next-friends is deficient.

EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents