*Approved for public filing by the CSO*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MOHAMMON, et al.,** | ) | |
| | ) | |
| *Petitioners,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05 CV 02386 (RBW)** |
| | ) | |
| **GEORGE W. BUSH, et al.,** | ) | |
| | ) | |
| *Respondents*. | ) | |

**REPLY IN SUPPORT OF EMERGENCY MOTION FOR ACCESS TO CLIENT**

Despite this Court's identical decision in the case of Abadal Razik Ali, and several other decisions rejecting Respondents' position, Respondents oppose Petitioner Slaim Harbi's Emergency Motion For Access To Client ("Motion") solely to preserve their argument that Petitioner has not established proper next friend standing. (See Respondents' Opposition at 3-4.) This Court should grant Petitioner's Motion.

Respondents offer no new reason why this Court should not follow its previous decision in this case with respect to Mr. Ali. (Dkt. No. 79, July 14, 2006.) Indeed, Respondents attach, incorporate, and rest on their opposition brief in that matter, which this Court rejected. The circumstances presented by Petitioner's Motion are indistinguishable from the circumstances addressed in the July 14 Order. Respondents' current opposition should similarly be rejected.

This Court's previous rulings are consistent with other decisions on the issue of access to clients in the face of Respondents' arguments regarding next friend status. *See Zalita v. Bush,* No. 05-1220 (RMU) (AK) (July 21, 2006) (citing cases); *Said v. Bush*, No. 05-2384 (RWR) (May 23, 2006 Order of Magistrate Judge Kay granting emergency motion for access to client notwithstanding Respondents' objection on next friend grounds); *id.* (May 26, 2006 Order of Judge Roberts denying Respondents' motion for reconsideration). The next friend standing issue

was dealt with at length in, among other rulings, the March 21, 2006 order in *Adem v. Bush*,

where Magistrate Judge Kay ruled that the relevant protective order "manifestly does not require

evidence of authority to represent a detainee as a ***prerequisite*** to counsel meeting with a

detainee…[and] the Protective Order would still grant counsel two visits with [Petitioners]

before any challenge to [] standing as next friend would be ripe."  (No. 05-CV-723 (RWR) (AK),

Dkt. No. 36, Memo. Op. at 5, emphasis in original.)  Respondents moved for reconsideration of

Magistrate Judge Kay's Opinion and, in an April 28 Opinion and Order, Judge Roberts denied

Respondents' motion, noting that "[i]t would be unconscionable to tether a detainee's access to

counsel" to the restrictions proposed by Respondents.  (*Id.,* Dkt. No. 42, at 16.)

      Like the petitioners in *Adem*, Petitioner Slaim Harbi has presented a statement by his next

friend Mr. Deghayes, supported by the sworn declaration of Mr. Deghayes's lawyer,

demonstrating that Petitioner is seeking lawyers to represent him.  As Judge Roberts held in

*Adem*, "[u]nder the circumstances, where the detainees' ability to freely and timely communicate

with the outside world is severely compromised, counsel have provided prima facie evidence of

authority to represent [Petitioners]."  (*Id.* at 15.)  Similarly, this Court, in entering the Protective

Order on June 27, 2006, noted:

> the petitioners are no less in need of counsel to challenge the
> respondents' allegation that the petitioner' representatives lack
> next friend status than they are to pursue their underlying habeas
> actions.  Consequently, the Court sees no reason why the alleged
> deficiencies in the petitioners' representatives' next friend status
> requires it to deny them access to counsel.

(Dkt. No. 66, at 4 n.5.)

2

Counsel are scheduled to visit Guantanamo from July 31 to August 2.  Because Respondents have failed to offer any reason for this Court to alter its decisions on this issue and due to the imminence of counsel's trip, Petitioner requests that this Court grant his Motion as soon as possible.

Respectfully submitted,

/s/ David W. DeBruin_____
One of the Attorneys for the Petitioners          Dated:  July 25, 2006

David J. Bradford                                 David W. DeBruin (DDC Bar No. 337626)
Patricia A. Bronte                                JENNER & BLOCK LLP
Wade A. Thomson                                   601 Thirteenth Street, N.W., Suite 1200
Maya D. Nath                                      Washington, D.C.  20005-3823
JENNER & BLOCK LLP                                Tel: (202) 639-6000
One IBM Plaza                                     Fax: (202) 639-6066
Chicago, IL  60611
Tel: (312) 222-9350
Fax: (312) 527-0484

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **Reply In Support Of**

**Emergency Motion For Access To Client** was served upon the following person by e-mail and

electronic filing on the 25th day of July, 2006:

> Preeya M. Noronha
> Trial Attorney
> Civil Division
> Federal Programs Branch
> 20 Massachusetts Ave., NW
> Washington, DC  20530
> email: preeya.noronha@usdoj.gov

> /s/  David W. DeBruin