UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| AMER MOHAMMON, et al., | ) ) ) | |
| Petitioners, | ) ) | Civil Action No. 05-2386 (RBW) |
| GEORGE W. BUSH, et al., | ) ) ) | |
| Respondents. | ) ) | |

## ORDER

Currently before the Court is the Emergency Motion for Access to Client ("Pet.'s Mot.") brought by counsel on behalf of Petitioner Slaim Harbi. By their motion, counsel request that the Court issue an order with respect to Petitioner Harbi identical to the one it issued on July 14, 2006, see Pet.'s Mot. at 1, which directed the respondents to permit counsel to visit with another petitioner named in this case, Abdal Razak Ali, "for the sole purpose of verifying that Petitioner Ali authorized his putative next friend, Omar Deghayes, to bring a petition for habeas corpus on his behalf," Mohammon v. Bush, Civ. No. 05-2386 (RBW), Order (D.D.C. July 14, 2006). Counsel seek to meet with Petitioner Harbi during their impending trip to Guantánamo Bay scheduled for August 1 and 2, 2006, "for purposes of verifying that Omar Deghayes authorized a next friend petition on behalf of Mr. Harbi." Pet.'s Mot. at 1.

The respondents oppose the motion filed by counsel. See Respondents' Memorandum in Opposition to Emergency Motion for Access to Client and Motion for Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Proper "Next Friend" Standing ("Resps.' Opp.") at 1. In their opposition, however, the respondents do not indicate any way in which Petitioner Harbi's situation differs from that of Petitioner Ali, as to whom the Court has already granted the

relief sought by counsel in the instant motion.  See generally Resps.' Opp; see also id. at 1 (indicating that Petitioner Harbi's habeas petition is "deficient in the same respects as the petition brought on petitioner Abdal Razak Ali's behalf").[1]  Instead, the respondents oppose this motion "in order to avoid waiver of respondents' position on the next-friend issue with respect to petitioner Harbi or concession as to the propriety of the order [the] petitioner seeks."  Resps.' Opp. at 3-4.  Thus, despite the Court's Order of July 14, 2006, the respondents indicate that "absent further direction of the Court that would appropriately preserve respondents' position," they will continue to "raise the next-friend issue when relief, including requests for counsel access, is sought on behalf of applicable petitioners."  Resps.' Opp. at 4.  Because it can perceive no pertinent difference between the situation of Petitioner Harbi and Petitioner Ali, as to whom it has granted such relief, the Court sees no reason why the same relief should not be granted with respect to Petitioner Harbi.

Moreover, in order to avoid duplicative filings in this case and to facilitate efficient resolution of disputes over counsel visits with petitioners at the Guantánamo Bay facility, this Order shall be extended to every petitioner named in the above captioned case.  Accordingly, the government shall not deny any petitioner access to counsel under the theory that proper next friend standing has not been established.  Until such standing has been established, however, access will be limited to the sole purpose of affording counsel the opportunity to verify that the petitioner authorized his putative next friend to bring a petition for habeas corpus on his behalf.

---

[1] As with other petitioners named in this case, the respondents challenge Petitioner Harbi's habeas petition on the grounds that "the putative 'next friend' detainee, Omar Deghayes, [has not] established appropriate next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990)."  Resps.' Opp. at 1-2.  Unlike other detainees named as petitioners in this case, however, the respondents acknowledge that they "have identified petitioner Harbi as a detainee currently detained at Guantanamo [Bay] who does not have a duplicate habeas corpus petition pending on his behalf."  Resps.' Opp. at 2 n.1.

Finally, this Order does not infringe on any objections the respondents may wish raise as to (1) the next-friend standing of the person bringing the habeas petition on behalf of any of the petitioners in this case, or (2) the propriety of any order issued by this Court directing the respondents to permit counsel to meet with the petitioners in this case at the Guantánamo Bay facility. Accordingly, it is, this 26th day of July, 2006, hereby

**ORDERED** that the Emergency Motion for Access to Client brought by counsel for Petitioner Slaim Harbi is GRANTED. Counsel shall be permitted to meet with Petitioner Harbi for the sole purpose of verifying that the petitioner authorized Omar Deghayes, acting as a next friend on his behalf, to bring a petition for habeas corpus in this Court. It is further

**ORDERED** that this Order, together with this Court's June 27, 2006 Order, shall be extended to all petitioners named in this case, Mohammon v. Bush, Civ. No. 05-2386. It is further

**ORDERED** that any objection the respondents may have as to (1) the next-friend standing of the person bringing the habeas petition on behalf of any of the petitioners in this case, or (2) the propriety of any order issued by this Court directing the respondents to permit counsel to meet with the named petitioners in this case at the Guantánamo Bay facility, shall not be considered waived or conceded by the respondents permitting the petitioners' counsel access to the petitioners pursuant to this and the Court's earlier orders. The Court shall deem as preserved any objections the respondents have raised heretofore in opposing motions brought by counsel to visit with the petitioners in this case. It is further

3

**ORDERED** that the respondents' motion for an order to show cause why the petitioners' <u>habeas</u> petition should not be dismissed for lack of proper "next friend" standing is DENIED without prejudice.  It is further

**ORDERED** that, pursuant to the Court's Order of June 27, 2006, the respondents shall notify the Court by July 26, 2006, of any petitioners in this case to whom the protective orders should not be entered either because they have a previously-filed petition for a writ of habeas corpus already pending on their behalf in another case or because the respondents are unable to identify them.[2]

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

---

[2] As indicated in the Court's June 27 Order, any petitioner whom the respondents identify as having previously filed petitions for a writ of habeas corpus that are pending before the Court shall have the opportunity to challenge the respondents' assertion that he has another pending petition.  Likewise, any petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified.