IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2386 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' STATUS REPORT AND
RESPONSE TO COURT'S JUNE 27, 2006 ORDER**

Respondents hereby submit this status report and response to the Court's June 27, 2006 Order, which ordered respondents to (1) notify the Court of all petitioners in this case as to whom the protective orders should not be entered because they have previously-filed petitions for a writ of habeas corpus already pending on their behalf in other cases; and (2) notify the Court of all petitioners named in this case whom they are unable to identify. See June 27, 2006 Order at 5-6 (dkt. no. 66).

**BACKGROUND**

In late 2005, when enactment of Congressional legislation withdrawing the habeas jurisdiction of the federal courts to hear actions brought by or on behalf of aliens detained at Guantanamo Bay became imminent, a surge of petitions for writ of habeas corpus on behalf of Guantanamo detainees were filed in the district court. The above-captioned habeas action, filed on December 13, 2005, is one of these petitions. Unlike the majority of pending Guantanamo detainee habeas cases filed on behalf of only one or a few detainees, however, counsel elected to

file this case on behalf of 166 named petitioners, typically unrelated except by virtue of detention at Guantanamo Bay, in an apparent mass effort to seek habeas relief on behalf of those detainees who did not already have a petition pending prior to passage of the Act.  Seventy-five (75) of these petitioners are apparent duplicates of other petitioners in previously-filed Guantanamo cases, or other petitioners in this case.  Another 62 petitioners cannot be positively identified by the Department of Defense ("DoD") as detainees at Guantanamo Bay.  Although a handful of the petitioners in this case have directly authorized the filing of a habeas petition on their behalf or seek habeas relief through family members acting as next friends, the vast majority of petitioners seek habeas relief purportedly on their behalf by other detainees seeking to act as their next friends.

On June 27, 2006, the Court entered the Protective Order[1] with respect to all petitioners in this case except: (1) petitioners who have previously filed petitions pending in other cases, and (2) petitioners whom respondents have been unable to identify.  See June 27, 2006 Order at 5 (dkt. no. 66).[2]  Entry of the Protective Order with respect to a petitioner, and satisfaction of the Protective Order's requirements, are a prerequisite to access to a petitioner at Guantanamo Bay.

---

[1] In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004) ("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10, 2004).

[2] Respondents opposed entry of the Protective Order because of the multiple jurisdictional and procedural infirmities in this case, including the Detainee Treatment Act's investment of exclusive jurisdiction over this action in the Court of Appeals, and the failure of the majority of petitioners in this case to establish proper standing to sue through a legitimate next friend petitioner.  See Respondents' Memorandum in Opposition to Motions to Lift January 11, 2006 Stay to Allow for Attorney Access to Detainees (dkt. no. 60).

See Respondents' Motion for Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Proper "Next Friend" Standing and Memorandum in Opposition to Emergency Motion to Allow Attorney Access to Client at 7-12 (dkt. nos. 76, 77).  The Court's June 27, 2006 Order also provided that "respondents shall notify the Court by July 26, 2006, of all petitioners in this case as to whom the protective orders should not be entered because they have previously-filed petitions for a writ of habeas corpus already pending on their behalf in other cases," and noted that "[a]ny petitioner whom the respondents identify as having previously filed petitions for a writ of habeas corpus that are pending before the Court shall have the opportunity to challenge the respondents' assertion that he has another pending petition."  June 27, 2006 Order at 5-6.  The Order further provided that "respondents shall notify the Court by July 26, 2006, of all petitioners named in this case whom they are unable to identify," and noted that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified."  Id. at 6.

## STATUS OF PETITIONERS

**1.    Petitioners Whom Respondents Have Been Unable to Identify as Detainees at Guantanamo Bay**

Respondents have been unable to identify 62 petitioners as detainees at Guantanamo Bay.  A list of these petitioners is attached hereto as Exhibit A.  Given the similar names and aliases of many of the approximately 450 individuals detained at Guantanamo Bay, and based on the minimal information about these petitioners provided in the petition, respondents have been unable to confirm the identities of these petitioners.  In some cases, the information provided in the petition did not match or resemble information pertaining to any detainee at Guantanamo Bay.  In other cases, the information provided in the petition matched or resembled information

3

contained in respondents' records that pertains to multiple detainees; therefore, without additional identifying information, respondents are unable to determine conclusively on whose behalf habeas relief is purportedly being sought. See, e.g., Respondents' Opposition to Emergency Motion for Access to Counsel and To Hold Respondents in Contempt Filed on Behalf of Named Petitioners Adel LNU and Abdul Rahman (dkt. no. 90) (describing respondents' inability to identify petitioners "Adel LNU" and "Abdul Rahman" because multiple detainees at Guantanamo Bay possess similar names and aliases).

Several counsel who have entered appearances in this case on behalf of certain petitioners claim that these petitioners are particular detainees at Guantanamo Bay, apparently based on a list of Guantanamo Bay prisoners produced by the government in response to Freedom of Information Act ("FOIA") requests.[3] See List of Individuals Detained by the Department of Defense at Guantanamo Bay, Cuba from January 2002 through May 15, 2006 (available at <<http://www.defenselink.mil/pubs/foi/detainees/detaineesFOIArelease15May2006.pdf>>). Mere similarities in name or nationality between the allegations in the petition and this list are

---

[3] This case is fraught with such guesswork by counsel. For example, counsel entered an appearance on behalf of petitioner "Abdulaziz LNU," whom counsel claim is ISN 206, named "Adbullah Muhammed Abdel Aziz" on the FOIA list. See Notice of Appearance (dkt. no. 96). The next friend petitioner, however, identified this petitioner as ISN 687, who is named "Abdalaziz Kareem Salim Al Noofayaee" on the FOIA list. See Petition, ¶ 168; Declaration of Clive Stafford Smith (attached to Petition), Ex. 17. Counsel have not indicated why the next friend petitioner's identification of petitioner "Abdulaziz LNU" should be discarded in favor of their own determination.

In another circumstance, counsel entered an appearance on behalf of "Ali Sher Hamidullah," who is ISN 455 on the FOIA list. See Notice of Appearance (dkt. no. 65). However, there is no such petitioner named in this case, therefore, respondents cannot even determine which petitioner on whose behalf counsel intends to enter an appearance.

often insufficient to determine conclusively the identity of the petitioners in this case, however, given that respondents' records reflect additional information about Guantanamo detainees, including multiple aliases and other biographical data, that does not appear on the FOIA list produced by the government. Respondents consistently endeavor to review all of the information available to them when making determinations regarding the identities of petitioners on whose behalf petitions for habeas relief have been filed. Thus, counsel's mere reliance on the information contained in the FOIA list should not be considered dispositive in determining the identification of any petitioner in this case. Unless and until counsel for petitioners provides respondents with convincing evidence that will determine conclusively the detainee for whom it is intended that habeas relief is sought, the Protective Order should not be made applicable to the petitioners listed in Exhibit A.

### 2. Petitioners Who Have Apparent Previously-Filed Petitions for Writ of Habeas Corpus Pending on Their Behalf in District Court

Of the petitioners whom respondents have been able to identify, 75 have previously-filed petitions pending on their behalf. These previously-filed petitions are either pending in other habeas cases in the District Court, or in the above-captioned case, i.e., one detainee is named multiple times in the Mohammon petition. A list of these petitioners, with the previously-filed petitions that are pending on their behalf noted accordingly, is attached hereto as Exhibit B. To avoid subjecting respondents to multiple orders with respect to a single detainee,[4] as well as to promote the efficiency of judicial resources, these petitioners should be dismissed from this case,

---

[4] For example, many of the petitioners listed in Exhibit B are already subject to orders in other cases with regard to a stay of proceedings, submission of factual returns, potential transfer, and preservation of evidence.

and their petitions for habeas corpus should proceed in the cases previously filed on their behalf, as appropriate.

### 3. Petitioners Who Have Been Transferred from the Custody of the United States and Are No Longer Detained at Guantanamo Bay

Of the petitioners whom respondents have been able to identify, 12 have been transferred from the custody of the United States and are no longer detained at Guantanamo Bay. These petitioners are listed in Exhibit C,[5] attached hereto, and are noted in bold and with an asterisk in Exhibit B. Because these petitioners are no longer within the custody of the United States, the petitions for writ of habeas corpus filed on their behalf are moot and should, therefore, be dismissed.[6]

### 4. Petitioners Whom Respondents Have Identified as Detainees at Guantanamo Bay and Who Do Not Have Apparent Previously-Filed Petitions Pending on Their Behalf in District Court

Of the petitioners whom respondents have been able to identify, 24 are currently detained at Guantanamo Bay and do not have previously-filed petitions pending on their behalf. A list of these petitioners is attached hereto as Exhibit D.[7] Pursuant to the Court's June 27, 2006 Order,

---

[5] Exhibit C contains a list of petitioners whom respondents have been able to identify and who do not have previously-filed petitions pending on their behalf, and who have been transferred from the custody of the United States and are no longer detained at Guantanamo Bay. Some of these petitioners have subsequently-filed petitions pending on their behalf in this and other cases, however, and respondents have noted these petitions accordingly for the convenience of the Court and counsel.

[6] The 12 petitioners comprise only 9 different persons who have been released from Guantanamo, as several detainees (ISNs 652 & 712) are named as petitioners multiple times in the petition. See Exhibit C.

[7] Some of the petitioners in Exhibit D have subsequently-filed petitions pending on their behalf in this and other cases, and respondents have noted these petitions accordingly for the convenience of the Court and counsel.

the Court has entered the Protective Order with respect to these petitioners. See June 27, 2006 Order at 5.[8]

| | |
|---|---|
| Dated: July 26, 2006 | Respectfully submitted, |
| | PETER D. KEISLER<br>Assistant Attorney General |
| | DOUGLAS N. LETTER<br>Terrorism Litigation Counsel |
| |    /s/ Andrew I. Warden<br>JOSEPH H. HUNT (D.C. Bar No. 431134)<br>VINCENT M. GARVEY (D.C. Bar No. 127191)<br>TERRY M. HENRY<br>JAMES J. SCHWARTZ<br>PREEYA M. NORONHA<br>EDWARD H. WHITE<br>ROBERT J. KATERBERG<br>ANDREW I. WARDEN (IN Bar No. 23840-49)<br>NICHOLAS J. PATTERSON<br>MARC A. PEREZ<br>Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC  20530<br>Tel:  (202) 514-4107<br>Fax:  (202) 616-8470 |
| | Attorneys for Respondents |

---

[8] Even though the Protective Order is entered with regard to these petitioners, a number of their petitions were filed purportedly on their behalf by other detainees seeking to act as their next friends, but who do not meet the next-friend standing requirements established pursuant to 28 U.S.C. § 2242 and Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). See, e.g., Respondents' Motion for Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Proper "Next Friend" Standing and Memorandum in Opposition to Emergency Motion to Allow Attorney Access to Client (dkt. nos. 76, 77). Respondents have identified approximately 150 petitioners in this case with respect to whom the standing of the their putative next-friends is deficient. Respondents are willing to submit a list of these petitioners at the Court's request.