IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD AL-FAWZAN )<br>    Detainee, )<br>    Guantánamo Bay Naval Station, )<br>    Guantánamo Bay, Cuba. )<br>    )<br>Sami Muhyedin al Hajj, )<br>    as Next Friend of )<br>    Mr. Fahd Al-Fawzan )<br>    )<br>SANAD ALI YISLAM AL-KAZIMI )<br>[on petition as "SANAD ALI ALKALIEMI"] )<br>    Detainee, )<br>    Guantánamo Bay Naval Station, )<br>    Guantánamo Bay, Cuba. )<br>    )<br>Benyam Mohammad, )<br>    as Next Friend of )<br>    Mr. Sanad Ali Yislam Al-Kazimi )<br>    )<br>ALI AL-KAZMY, )<br>    Detainee, )<br>    Guantánamo Bay Naval Station )<br>    Guantánamo Bay, Cuba; )<br>    )<br>Sami Muhyideen, )<br>    as Next Friend of )<br>    Mr. Ali Al-Kazmy )<br>    )<br>Shaker Aamer, )<br>    as Next Friend of )<br>    Mr. Ali Al-Kazmy )<br>    )<br>Petitioners, )<br>    )<br>    v. )<br>    )<br>GEORGE WALKER BUSH, *et al.*, )<br>    )<br>Respondents. )| Civil Action No: 05-2386(RBW) |

**MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS'
MOTION FOR APPOINTMENT OF
A "FILTER TEAM" TO EXAMINE PRIVILEGED COMMUNICATIONS**

The above-cited Petitioners, Mr. Al-Fawzan, Mr. Al-Kazimi and Mr. Al-Kazmi, respectfully submit this memorandum of law in opposition to Respondents' motion for appointment of a Department of Defense "filter team" to examine privileged communications seized without notice or approval, filed July 7, 2006. Respondents' motion should be denied.

### INTRODUCTION

On December 21, 2005, the Center for Constitutional Rights ("CCR") filed a *habeas corpus* petition on behalf of all petitioners in the above-captioned case. These petitioners include more than 150 detainees from numerous countries throughout the world, all of whom are imprisoned at the U.S. Naval Station at Guantánamo Bay, Cuba ("Guantánamo").

On June 10, 2006, three detainees died while in Respondents' exclusive care, custody and control, and while subject to the jurisdiction of the federal courts. Although they were detained virtually *incommunicado* for several years, none of these men had ever been charged with an offense or received a fair hearing at which he might challenge the legality of his indefinite detention. Immediately after the deaths of these men, the Naval Criminal Investigative Service ("NCIS") began a criminal investigation apparently to determine whether these detainees or other detainees may have engaged in a suicide "plot" intended as an act of "asymmetrical warfare" or a "good PR move."[1] NCIS unilaterally seized nearly all detainees' attorney-client materials and other materials on or about June 14, 2006. NCIS agents subsequently reviewed materials taken from at least eleven detainees, including three envelopes containing confidential

---

[1] *See* Carol Rosenberg, *Commander: Suicide Plots Continuing*, Miami Herald, June 20, 2006 (Statement of Rear Adm. Harry Harris, Jr.); Catherine Phillip, *US Dismisses Suicides as "Good PR Stunt"*, Times (U.K.), June 12, 2006 (Statement of Senior State Department Official Colleen Graffy).

legal materials, without any prior notice to counsel or the Court. These deliberate actions plainly violated the attorney-client privilege.

On July 7, 2006, Respondents filed a motion notifying the Court for the first time that they had seized 1,100 pounds of attorney-client materials and other materials from the detainees. Respondents also sought the creation of a Department of Defense "filter team" to review the seized materials and separate privileged and non-privileged documents. Respondents filed identical motions in every Guantánamo detainee case, except those few cases involving non-enemy combatant detainees, apparently without regard for whether materials were actually seized from the detainee-petitioners in each case.[2]

Petitioners now oppose Respondents' motion on two grounds. The Court should first deny Respondents' motion because the appointment of a filter team is unnecessary. It does not appear that Petitioners had privileged communications with their attorneys prior to the detainee deaths and Respondents' seizure of detainee materials, which would require a filter team to separate privileged and non-privileged documents. Second, the Court should deny Respondents' motion on the merits for all of the reasons set forth by the Petitioner in the *Al-Shimrani* detainee case.

## ARGUMENT

**I.   RESPONDENTS' MOTION SHOULD BE DENIED BECAUSE THE APPOINTMENT OF A FILTER TEAM IS UNNECESSARY FOR THESE THE ABOVE NAMED PETITIONERS**

Respondents' motion should be denied because it does not appear that Petitioners submitting this opposition had privileged communications with their attorneys prior to the deaths

---

[2] Respondents have since withdrawn their motion in certain cases where they have determined that no materials were seized from the petitioners. They have not done so here.

of the three detainees on June 10, 2006, and the seizure of detainee materials on or about June 14, 2006.

After CCR filed the petition in this case in December 2005, Respondents refused to consent to entry of the Amended Protective Order and would not allow Petitioners to meet with their counsel. Nor would Respondents permit Petitioners to communicate with their counsel through the legal mail system until the Amended Protective Order was entered. Petitioners thus filed various motions seeking expedited entry of the Amended Protective Order and access to their counsel.

It was not until approximately two weeks after the detainee deaths and Respondents' unilateral seizure of nearly all detainee materials that this Court entered an order granting in part and denying in part Petitioners' motions for entry of the Amended Protective Order. On June 27, 2006, the Court concluded that the Amended Protective Order should be entered as to all petitioners in this case, except those who already have petitions pending or whom Respondents are unable to identify. The Court further ordered that the Amended Protective Order "shall also apply in this case, effective immediately, to all petitioners as designated above until ordered otherwise by the Court." June 27, 2006 Order (dkt. no. 66), at 5. In addition, the order required Respondents to notify the Court by July 26, 2006, of any petitioners to whom the Amended Protective Order should not be entered either because they have a previously-filed *habeas* petition already pending or because Respondents are unable to identify them as current detainees.

Accordingly, because Respondents have consistently attempted to – and largely succeeded in – staunching all attorney-client communications and frustrating counsel access to detainees in this case, it does not appear that any of the petitioners here had privileged

communications with their attorneys prior to the detainee deaths and Respondents' seizure of detainee materials. Privileged communications were simply not possible until the Court entered the Amended Protective Order on June 27, 2006. Nor have Respondents offered any basis – and we are aware of none – to suggest that Petitioners have misused (or participated in the misuse by others of) the attorney-client privilege in any way that would merit the invasion and disruption of that privilege by the appointment of a filter team. Unless Respondents seek somehow to interfere with Petitioners' privileged communications since the detainee deaths and their seizure of detainee materials, the appointment of a filter team is wholly unnecessary and the Court should deny Respondents' motion on this basis.

## II. THE COURT SHOULD DENY RESPONDENTS' MOTION ON THE MERITS FOR ALL OF THE REASONS SET FORTH BY PETITIONER IN *AL-SHIMRANI*

Secondly, Respondents' motion should be denied on the merits for all of the reasons set forth by the petitioner in *Al-Shimrani v. Bush*, No. 05 CV 2249 (RMC) (D.D.C.) (July 20, 2006) (dkt. no. 25). In particular, on July 28, 2006, the Court of Appeals rejected a plan, proposed by the government and approved by the District Court, to create a government filter team to review potentially privileged materials seized by the government pursuant to a search warrant in a criminal investigation of Representative William J. Jefferson. *See United States v. Rayburn House Office Bld'g, Room 2113, Washington, D.C. 20515*, No. 06-3105, slip. Op. at 1-2 (D.C. Cir. July 28, 2006). Respondents' filter team proposal here is virtually identical to the proposal recently rejected by the Court of Appeals. *See* Notice of Supplemental Authority, *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 31, 2006) (dkt. no. 184). Also as set forth by the Petitioner in that case, the detainee materials improperly seized by Respondents should be transferred forthwith to the custody a Special Master appointed by the Court.

## **CONCLUSION**

For all of the foregoing reasons, Respondents' motion should be denied.

Dated: New York, New York
August 3, 2006.

                                                Respectfully submitted,
                                                Counsel for Petitioners
                                                _____/s/_____
                                                Martha Rayner (Pursuant to LCvR 83.20(g))
                                                (NY-MR-1423)

                                                Ramzi Kassem (NY-RK-3567)
                                                James A. Cohen (NY-JC-3836)
                                                Lincoln Square Legal Services
                                                Fordham University School of Law
                                                33 West 60th Street, 3d Floor
                                                New York, New York 10023
                                                Telephone: (212) 636-6934
                                                Fax: (212) 636-6923