*Approved for public filing by CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABDULLAH TAHA MATTAN )<br>   (aka Mohammed Abdullah Tahamuttan) )<br>   ISN # 684, )<br> )<br>Bisher Al-Rawi, )<br>   As next Friend of )<br>   Mr. Mohammed Abdullah Taha Mattan )<br> )<br>         *Petitioners,*     )<br> )<br>v.                       )<br> )<br>GEORGE W. BUSH, et al., )<br> )<br>         *Respondents*.   ) | Civil Action No. 05-cv-2386 (RBW) |

**OPPOSITION TO RESPONDENTS' MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Mohammed Abdullah Taha Mattan respectfully submits this opposition to Respondents' motion for appointment of a Department of Defense "filter team" to examine privileged communications seized without notice or approval, filed July 7, 2006. Respondents are asking this Court to justify the Government's unauthorized confiscation of documents protected by the attorney-client privilege.  Respondents' motion should be denied.

### <u>Introduction</u>

On December 21, 2005, the Center for Constitutional Rights ("CCR") filed a *habeas corpus* petition on behalf of all petitioners in the above-captioned case.  These petitioners include

more than 150 detainees from numerous countries throughout the world, all of whom are imprisoned at the U.S. Naval Station at Guantánamo Bay, Cuba ("Guantánamo").

On June 10, 2006, three detainees died while in Respondents' exclusive care, custody and control, and while subject to the jurisdiction of the federal courts. Although they were detained virtually *incommunicado* for several years, none of these men had ever been charged with an offense or received a fair hearing at which he might challenge the legality of his indefinite detention. Immediately after the deaths of these men, the Naval Criminal Investigative Service ("NCIS") began a criminal investigation apparently to determine whether these detainees or other detainees may have engaged in a suicide "plot" intended as an act of "asymmetrical warfare" or a "good PR move."[1] NCIS unilaterally seized nearly all detainees' attorney-client materials and other materials on or about June 14, 2006. NCIS agents subsequently reviewed materials taken from at least eleven detainees, including three envelopes containing confidential legal materials, without any prior notice to counsel or the Court. These deliberate actions plainly violated the attorney-client privilege.

On July 7, 2006, Respondents filed a motion notifying the Court for the first time that they had seized 1,100 pounds of attorney-client materials and other materials from the detainees. Respondents also sought the creation of a Department of Defense "filter team" to review the seized materials and separate privileged and non-privileged documents. Respondents filed identical motions in every Guantánamo detainee case, except those few cases involving non-

---

[1] *See* Carol Rosenberg, *Commander: Suicide Plots Continuing*, Miami Herald, June 20, 2006 (Statement of Rear Adm. Harry Harris, Jr.); Catherine Phillip, *US Dismisses Suicides as "Good PR Stunt"*, Times (U.K.), June 12, 2006 (Statement of Senior State Department Official Colleen Graffy).

enemy combatant detainees, apparently without regard for whether materials were actually seized from the detainee-petitioners in each case.[2]

Mr. Mattan now opposes Respondents' motion on several grounds. First, the Court should deny Respondents' motion because the appointment of a filter team is unnecessary. It does not appear that Mr. Mattan had privileged communications with his attorneys prior to the detainee deaths and to Respondents' seizure of detainee materials. Second, Respondents' motion is premature. The Court should not decide the instant motion until first resolving whether or not there is any validity to Respondents' contention that Mr. Mattan has a previously-filed *habeas* petition pending in another case, *see* Response to Order of the Court (dkt. no. 109), and whether or not his privileged attorney-client communications from that earlier-filed case were seized by Respondents. Finally, the Court should deny Respondents' motion on the merits for all of the reasons set forth by the petitioners in the *Abdah* and *Al Odah* detainee cases.

## Argument

### I. RESPONDENTS' MOTION SHOULD BE DENIED BECAUSE THE APPOINTMENT OF A FILTER TEAM IS UNNECESSARY IN THIS CASE

Respondents' motion should be denied because Mr. Mattan had no privileged communication with his attorneys prior to the deaths of the three detainees on June 10, 2006, and the seizure of detainee materials on or about June 14, 2006.[3] Indeed, given the great lengths to which Respondents have gone to prevent detainees from having any meaningful access to the outside world, it is unlikely that Respondents could have seized *any* materials from Mr. Mattan prior to entry of the Amended Protective Order.

---

[2] Respondents have since withdrawn their motion in certain cases where they have determined that no materials were seized from the petitioners. They have not done so here.

[3] In addition to the entry of the Amended Protective Order discussed *infra*, counsel from this law firm only entered an appearance on behalf of Mr. Mattan as co-counsel to CCR on June 12, 2006 and are still awaiting security clearance.

3

After CCR filed the petition in this case in December 2005, Respondents refused to consent to entry of the Amended Protective Order and would not allow Petitioners to meet with their counsel.  Nor would Respondents permit Petitioners to communicate with their counsel through the legal mail system until the Amended Protective Order was entered.  Petitioners thus filed various motions seeking expedited entry of the Amended Protective Order and access to their counsel.

It was not until approximately two weeks after the detainee deaths and Respondents' unilateral seizure of nearly all detainee materials that this Court entered an order granting in part and denying in part Petitioners' motions for entry of the Amended Protective Order.  On June 27, 2006, the Court concluded that the Amended Protective Order should be entered as to all petitioners in this case, except those who already have petitions pending or whom Respondents are unable to identify.  The Court further ordered that the Amended Protective Order "shall also apply in this case, effective immediately, to all petitioners as designated above until ordered otherwise by the Court."  June 27, 2006 Order (dkt. no. 66), at 5.  In addition, the order required Respondents to notify the Court by July 26, 2006, of any petitioners to whom the Amended Protective Order should not be entered either because they have a previously-filed *habeas* petition pending in other cases or because Respondents are unable to identify them as current detainees.

Accordingly, because Respondents have consistently sought and succeeded in staunching all attorney-client communications and frustrating counsel access to detainees, Mr. Mattan had no privileged communications with his attorneys prior to the detainee deaths and Respondents' seizure of detainee materials.  Privileged communications were simply not possible until the Court entered the Amended Protective Order on June 27, 2006.  Nor have Respondents offered

4

any basis – and we are aware of none – to suggest that Mr. Mattan has misused (or participated in the misuse by others of) the attorney-client privilege in any way that would merit the invasion and disruption of that privilege by the appointment of a filter team. Unless Respondents seek somehow to interfere with Mr. Mattan's privileged communications *since* the detainee deaths and their seizure of detainee materials, the appointment of a filter team is wholly unnecessary and the Court should deny Respondents' motion on this basis.

## II.   RESPONDENTS' MOTION IS ALSO PREMATURE PENDING THE RESOLUTION OF OTHER UNDERLYING ISSUES

The only conceivable reason why Respondents may have filed their motion for appointment for a filter team in this case is because they believe that some of the petitioners have previously-filed *habeas* petitions pending in other cases, and that those detainees received attorney-client materials from their counsel in their earlier-filed cases which were seized by Respondents on or about June 14, 2006. While Respondents may ultimately be correct that some of the petitioners in this case have duplicate petitions pending in other cases – which we do not concede here – that issue and the attendant issue of whether Respondents have been able to identify various petitioners as current detainees at Guantánamo have not yet been resolved.

This Court should not decide the instant motion for appointment of a filter team until it can determine with certainty: (i) whether Mr. Mattan (or any of the other petitioners) actually has a previously-filed *habeas* petition pending in another case, (ii) whether Respondents seized any materials, privileged or otherwise, from him or the other petitioners in these other *habeas* petitions, and (iii) whether he or the other petitioners have already responded to Respondents' motion for appointment of a filter team in the other case. Prior to resolution of these issues, it remains unclear whether or to what extent the Court may resolve Respondents' motion.[4]

---

[4] We intend to file an initial response to Respondents' July 26, 2006 filing as soon as possible.

Moreover, to the extent that Respondents are able to identify whether they seized materials specifically from Mr. Mattan, they should do so now in order to help narrow the disputed issues and avoid unnecessary litigation that needlessly expends judicial resources. There is simply no reason why counsel and the Court should be required to guess at the basis for Respondents' motion in this case.

### III.   THE COURT SHOULD DENY RESPONDENTS' MOTION ON THE MERITS FOR ALL OF THE REASONS SET FORTH BY PETITIONERS IN *ABDAH* AND *AL ODAH*

Finally, Respondents' motion should be denied on the merits for all of the reasons set forth by the petitioners in *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 18, 2006) (dkt. no. 177), and *Al Odah v. Bush*, No. 02 CV 0828 (CKK) (D.D.C.) (July 21, 2006) (dkt. no. 294). In particular, on July 28, 2006, the Court of Appeals rejected a plan, proposed by the government and approved by the District Court, to create a government filter team to review potentially privileged materials seized by the government pursuant to a search warrant in a criminal investigation of Representative William J. Jefferson. *See United States v. Rayburn House Office Bld'g, Room 2113, Washington, D.C. 20515*, No. 06-3105, slip. Op. at 1-2 (D.C. Cir. July 28, 2006). Respondents' filter team proposal here is virtually identical to the proposal recently rejected by the Court of Appeals. *See* Notice of Supplemental Authority, *Abdah v. Bush*, No. 04 CV 1254 (HHK) (AK) (D.D.C.) (July 31, 2006) (dkt. no. 184). The detainee materials improperly seized by Respondents should instead be returned to the prisoners from whom they were taken or transferred forthwith to the custody of the Court or a Special Master appointed by the Court. In light of Respondents' deliberate actions in violation of the attorney-client privilege, under no circumstances should the Department of Defense be permitted to retain control of the seized materials.

**Conclusion**

For all of the foregoing reasons, Respondents' motion should be denied.

Dated: August 4, 2006                           HANGLEY ARONCHICK SEGAL & PUDLIN


      /s/ Rebecca Y. Starr
William T. Hangley
Rebecca Y. Starr
One Logan Square, 27th Floor
Philadelphia, PA  19103-6933
Tel: (215) 568-6200
Fax: (215) 568-0300
wth@hangley.com
rys@hangley.com

**CERTIFICATE OF SERVICE**

This is to certify that I have caused a true and accurate copy of the foregoing Opposition to Respondents' Motion for Procedures Related to Review of Certain Detainee Materials and Incorporated Memorandum of Law to be served upon the following people by first-class mail:

> The Honorable Alberto Gonzales
> United States Attorney General
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530-0001

> The Honorable Kenneth L. Wainstein
> United States Attorney for the District of Columbia
> 555 4th Street, N.W.
> Washington, D.C.  20530

I have caused a true and accurate copy of the foregoing to be served upon the following people by e-mail:

> Terry Henry, Esq., Senior Trial Attorney
> Terry.Henry@usdoj.gov
> Andrew I. Warden, Esq., Trial Attorney
> Andrew.Warden@usdoj.gov
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 7144
> Washington, DC 20530

Dated: August 4, 2006                    /s/ Rebecca Y. Starr
                                         Rebecca Y. Starr