*Approved by the CSO for Public Filing*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————— x
:
AMER MOHAMMON, *et al.*, :
:
                Petitioners, :
:
      v. : No. 05-CV-2386 (RBW) (AK)
:
GEORGE W. BUSH, *et al.*, :
:
                Respondents. :
:
———————————————————— x

## MOTION FOR CLARIFICATION

        Petitioners, by and through their undersigned counsel, respectfully submit this motion for clarification of the Court's order dated June 27, 2006. *See* June 27, 2006 Order (dkt no. 66). In that order, the Court concluded that the Amended Protective Order should be entered as to all Petitioners in this case, except those who have previously-filed *habeas* petitions pending in other cases or whom Respondents are unable to identify. *See id.* at 5. The order further required Respondents to notify the Court by July 26, 2006, of any Petitioners as to whom the Amended Protective Order should not be entered either because Respondents believe that the Petitioners already have petitions pending in other cases or because Respondents are unable to identify the individuals named in the petitions. *See id.* at 5-6. In addition, the Court ordered that all such Petitioners "shall have the opportunity to challenge the respondents' assertion[s]" that they have other petitions pending or cannot be identified. *Id.* at 6 nn.6 & 7; *see also* July 26, 2006 Order at 4 & n.2 (dkt. no. 108). The Court did not set a deadline for Petitioners to challenge Respondents' assertions or specify the manner in which they must do so.

On July 26, 2006, Respondents filed a status report and response to the Court's June 27, 2006 order (*see* dkt. no. 109), which identifies seventy-five Petitioners with previously-filed petitions, sixty-two Petitioners whom Respondents are allegedly unable to identify, twelve Petitioners whom Respondents contend have been released from Guantánamo, and twenty-four Petitioners as to whom the Amended Protective Order has been entered. *See id.* at 3-7. Petitioners intend to respond to that report as soon as possible by, among other things, seeking to narrow the issues that the Court must resolve by investigating the duplicate petition assertions made by Respondents and stating whether Petitioners agree or disagree with Respondents' claim of duplicative pleadings, and providing additional identification information for some of the Petitioners whom Respondents allegedly cannot identify. Petitioners thereafter intend to challenge assertions made by Respondents by filing individual motions for access to their counsel.

Accordingly, because the Court did not set a deadline for Petitioners to challenge or agree with Respondents' contentions nor specify the manner in which they must do so, Petitioners now move, in an abundance of caution, for clarification of the Court's June 27, 2006 order solely to confirm that any Petitioner who seeks to challenge Respondents' assertions concerning his status or case may do so if and when he moves for access to his counsel. Good cause exists for the Court to grant this motion in order to: (1) limit or avoid the disputed issues that the Court must decide; (2) allow the Court to consider the facts and circumstances relating to each Petitioner's case fully and adequately; (3) allow each Petitioner to seek any interim relief from the Court that may be necessary before responding to Respondents' assertions concerning

him; and (4) otherwise preserve the Court's jurisdiction to decide each Petitioner's claim for *habeas corpus* relief.[1]  *See* All Writs Act, 28 U.S.C. § 1651.

Dated:    New York, New York
          August 9, 2006

         Respectfully submitted,

         Counsel for Petitioners:

         /s/ Barbara Olshansky
         Barbara Olshansky (NY-0057)
         Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
         CENTER FOR CONSTITUTIONAL RIGHTS
         666 Broadway, 7th Floor
         New York, New York 10012
         Tel:  (212) 614-6439
         Fax:  (212) 614-6499

---

[1] Alternatively, Petitioners request an extension of time of at least sixty-days to respond to Respondents' status report and response to the Court's June 27, 2006 order.