UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.,* *(ABDAL RAZAK ALI)*<br><br>Petitioners,<br><br>vs.<br><br>GEORGE W. BUSH, *et al,*<br><br>Respondents. | No. CV05- 2386 (RBW) |

### PETITIONER'S MOTION TO STRIKE THE AFFIDAVIT OF PATRICK M. MCCARTHY AND THE OPPOSITIONOF THE GOVERNEMENT TO THE RULE TO SHOW CAUSE

Petitioner Abdal Razak Ali submits the following in support of his Motion to Strike Respondents' Affidavit and Opposition to the Rule to Show Cause.

### I. LEGAL STANDARDS

Petitioner's motion to strike should be granted because Respondents' affidavit fails to comply with the Federal Rules of Evidence ("FRE"). Respondent has submitted an affidavit in support of its Opposition which is signed by Patrick M. McCarthy JACG (Respondent's Exhibit C). Petitioner requests that the affidavit be stricken as not being based on first hand knowledge of McCarthy and/or, containing inadmissible hearsay. Petitioner also asks that all statements of fact contained in Respondent's Opposition that are solely based on the Affidavit of McCarthy be stricken as not having a proper evidentiary foundation. A party cannot create a triable issue of fact by proffering hearsay allegations not supported by personal knowledge. *See State ex rel Dept. of*

1

*Transp. United States ex rel Dept. of Transp.*, 561 F.2d 731, 733 n4 (9th Cir. 1977)

### A. Incompetent Testimony Based on Lack of Personal Knowledge Should Be Excluded in Accordance with FRE 602.

Respondent McCarthy has never met or talked with counsel for Petitioner. In fact, his name never came up at all during counsel's visit at the base or in subsequent emails with the government. (See Ex B[1]). Despite this fact, the government relies on McCarthy's Affidavit which is replete with inaccuracies, bold conclusory assertions and hearsay statements that lack any foundational indicia of personal knowledge. Moreover, these assertions lack any foundational criteria related to the conversations that he purportedly had (with the *unidentified* individuals he allegedly talked to) about the incidents that formed the basis of Petitioners Motion for Rule to Show Cause. Paragraph after paragraph of McCarthy's affidavit relate to the contents of alleged conversations between Ms. Gorman and unidentified JTF-GTMO personnel as well as conversations between JTF-GTMO personnel and personnel at the Staff Judge Advocate's office. The identity of the individual who gathered this information from JTF-GTMO personnel and related it to Commander McCarthy is not even mentioned. At best, McCarthy's statements are based on what others told him, but he does not even disclose who those "others" are, when they met, who was present and who exactly said what to whom. *See eg, Phillips v. Holladay Property Services, Inc,* 937 F.Supp. 32, 37 (DDC 1996). A witness cannot offer the contents of out-of-court statements to substitute for the

---

[1] Exhibit A is Petitioner's counsel's original Affidavit submitted with Motion for Rule.

2

*witness' own* personal knowledge. *See, eg, Pro-Football, Inc v. Harjo,* 2006 WL 2092637 *6 (DDC July, 26, 2006) (rejecting motion to conduct discovery where no witness was available who could testify that had personal knowledge of the matter) (Ex. C); *Lightfoot v. Rosskopf,* 377 F.Supp.2d 31, 33 (DDC 2005); *Phillps*, 937 F.Supp. at 37; *Kaczmarek v. Chemical*, 836 F.2d 1055, 1060-1061 (7th Cir. 1987) (finding witness testimony not based on personal knowledge where knowledge was based on hearsay). Therefore, the court should strike Respondent McCarthy's affidavit as made without his own personal knowledge and therefore incompetent.

Pursuant to FRE 602, a witness is not competent to testify on a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602; *Pro-Football,* 2006 WL 2092637 *6 (DDC July, 26, 2006); *Lightfoot,* 377 F.Supp.2d at 33; *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026 (9th Cir. 2002). "It is not enough for a witness to tell all she knows; she must know all she tells." *Id*. What a witness "represents as his knowledge must be an impression derived from the exercise of his own senses, not from the reports of others." 2 Wigmore, Evidence 657(a), at 889 (Chadbourn rev. 1979) (emphasis in original). This rule "is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.'" Advisory Committee's Note to Rule 602 (citing McCORMICK ON EVIDENCE 10, p. 19); *US v. Lemire,* 720 F.2d 1327, 1347 (D.C. Cir. 1983) (purpose of FRE 602 is to "assure reliability"). Where a witness fails to possess sufficient personal knowledge of particular facts, further testimony as to those facts should be excluded. *See Lumetta v. United States Robotics, Inc.*, 824 F.2d 768, 771 (9th Cir.

1987). The proponent of the evidence carries the burden of establishing personal perception by the preponderance of the evidence. *See Ash v. Reilly*, 433 F.Supp.2d 37, 45 (D.D.C., 2006); *Miller v. Keating*, 754 F.2d 507, 511 (3d Cir. 1985).

B.     **Hearsay Testimony Must Be Excluded**

In addition, Fed R. Evid. 802 generally prohibits hearsay evidence because, by law, hearsay evidence is inherently unreliable. *See, eg, Phillps,* 937 F.Supp. at 36-37; *Poullard v. Smithkline Beecham Corp,* 2005 WL 3244192 *18 (DDC Nov. 30, 2005) (Ex D); *Matta v. Snow,* 2005 WL 3454334 *19, n7 (DDC Dec 15, 2005)(Ex E). "Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *Phillps,* 937 F.Supp. at 36-37; *Poullard v. Smithkline Beecham Corp,* 2005 WL 3244192 *18; *Matta v. Snow,* 2005 WL 3454334 *19, n7. Furthermore, some courts have refused to allow into evidence prison records containing the statements of prison guards on the grounds that these statements are too unreliable, since it can be assumed that the guards had litigation in mind when preparing their reports. *Romano v. Howarth*, 998 F.2d 101 (2nd Cir, 1993); *Bracey v. Herringa,* 466 F.2d 702 (7the Cir, 1972); *Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y., 1993). Hearsay contained within hearsay is not excluded under the hearsay prohibition as long as each layer of the hearsay fits into an exception to the general hearsay rule. Fed. R. Evid. 805;*Wood v. Dalton,* 2000 WL 1174985 *1 (DDC July 7, 2000) (Ex. F); *Cearfoss Construction Corp v. Sabre Construction Corp,* 2005 WL 516375 *2-3 (DDC Aug. 14, 1989) (Ex G). No exception exists in this case. Respondents offer the

affidavit for the truth of the matter asserted: namely, that counsel for Petitioner, for various reasons that respondents have changed over time, did not want to see the client she fought so hard to see.

## CONCLUSION

For all the foregoing reasons, the court should grant Petitioner Abdal Razak Ali's Motion to Strike and hold the government in contempt of Court for it's willful violation of this Court's order of July 14th, 2006 and for such other and further relief as this Court deems just..


Dated this 22nd day of August, 2006.


                                                                                    /s/ H. Candace Gorman
                                                                                      Counsel for Petitioner


Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

## CERTIFICATE OF SERVICE

    I, H. Candace Gorman, certify that I today caused a true and accurate copy of Petitioner's MOTION TO STRIKE THE AFFIDAVIT OF PATRICK M. CCARTHY AND THE OPPOSITIONOF THE GOVERNEMENT TO THE RULE TO SHOW CAUSE to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of the above listed document:

        Terry Henry, Esq., Senior Trial Attorney
        Andrew I. Warden, Esq., Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., NW, Room 7144
        Washington, DC  20530

This 22nd day of August, 2006.

                        /s/ H. Candace Gorman
                        Counsel for Petitioner

Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313