IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, <br> (ABDAL RAZAK ALI) <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 05-CV-2386 (RBW) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO STRIKE THE AFFIDAVIT OF PATRICK M. MCCARTHY AND THE OPPOSITION OF THE GOVERNMENT TO THE RULE TO SHOW CAUSE**

Respondents hereby oppose petitioner's motion to strike the declaration of Commander Patrick M. McCarthy and respondents' opposition to petitioner's rule to show cause.[1]

Petitioner's motion to strike should be denied.  Motions to strike are a drastic remedy that is generally disfavored.  See, e.g., Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 & n.1 (D.C. Cir.1981).  "In considering a

---

[1] Respondents were not served with a copy of petitioner's motion until approximately 1 p.m. on August 23, 2006, less than twenty-four hours before the Court's scheduled hearing on petitioner's motion for rule to show cause.  Respondents also note that petitioner's notice of filing (dkt. no. 146) misleadingly states that the motion to strike was filed with the Court Security Office on August 22, 2006.  In fact, petitioner's counsel apparently sent the motion to the Court Security Office via overnight mail on August 22, but personnel in that office had not received the filing as of approximately 12 p.m. on August 23; accordingly, respondents requested and obtained service by other means.  Further, petitioner's counsel's certificate of service incorrectly states that the motion was served on respondents' counsel by electronic filing on August 22, 2006.  No such electronic service occurred.  Such misleading representations, just hours before a scheduled hearing, are not appropriate.

motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." Aftergood v. CIA, 355 F. Supp. 2d 557, 565 (D.D.C. 2005).

Petitioner's motion argues that the statements in the declaration of Commander McCarthy should be stricken because they are hearsay and, thus, do not comply with the Federal Rules of Evidence. But all written declarations, including the declarations petitioner's counsel herself have previously submitted in connection with this matter, fall within the literal definition of hearsay. See Fed. R. Evid. 801(c). Petitioner's motion to strike is apparently based on the mistaken assumption that evidence submitted in response to an order to show cause must necessarily comply strictly with the Federal Rule of Evidence. To the contrary, courts routinely accept declarations and affidavits based on hearsay in the context of preliminary proceedings. See Cobell v. Norton, 391 F.3d 251, 260-261 (D.C. Cir. 2004); see also Sierra Club, Lone Star Chapter v. F.D.I.C., 992 F.2d 545, 551 (5th Cir. 1993) ( "[A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.").

Even with respect to merits proceedings in a case, which this matter is not, the habeas statute expressly permits courts to accept evidence by affidavit. See 28 U.S.C. § 2246. Indeed, the Federal Rules of Evidence are not necessarily applicable to habeas corpus proceedings. See Fed. R. Evid. 101 ("These rules govern proceedings in the courts of the Untied States . . . to the extent and with the exceptions stated in Rule 1101"); Fed. R. Evid. 1101(e) ("In the following proceedings these rules apply to the extent that matters of evidence are not provided for in the statues which govern procedures there in or in other rules prescribed by the Supreme Court

pursuant to statutory authority: . . . habeas corpus under sections 2241-2254"). Moreover, the Plurality opinion in Hamdi v. Rumsfeld, 542 U.S 507, 534 (2004), explicitly states that proceedings to determine enemy combatant status of even United States citizens may rely on written or other hearsay evidence. This rule applies with even more force in the present context where the Court is simply addressing an ancillary issue unrelated to the ultimate merits of the habeas petition.

Further, to the extent that petitioner's contention is that the only legitimate subjects on which Commander McCarthy may offer testimony are those as to which he was an eyewitness, that contention is without merit. See Cucci v. DEA, 871 F. Supp. 508, 513 (D.D.C. 1994) (refusing to strike declaration based on declarant's discussion with a representative of a third party regarding the understanding of that party); Gov't Guar. Fund of Republic of Finland v. Hyatt Corp., 960 F. Supp. 931, 943 n.14 (D.V.I. 1997) (declaration from corporate representative about information within the purview of his job acceptable). Here, Commander McCarthy's declaration obviously provides background regarding and addresses a matter within the purview of his responsibilities and oversight, and, thus, is appropriate in this ancillary matter.

The logical upshot of petitioner's position is that the only way for respondents to provide salient background facts about the circumstances of petitioner's visit to Guantanamo would be submit multiple, piecemeal declarations from the various personnel at JTF-Guantanamo, the Department of Defense, and the Department of Justice who attempted to resolve the fiasco created by petitioner's counsel's inability to identify her purported client. There is no legal basis for such a requirement. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1234 (9th Cir. 1998) (trial court in a civil contempt proceeding need not hold full-blown evidentiary hearing,

but may consider affidavits). Moreover, requiring individualized submissions at the show cause stage would impose a substantial burden on respondents,[2] further confuse the issues with submissions not addressed to the core issue in this matter (i.e., whether respondents made ISN 685 available for a meeting with petitioner's counsel), and would not aid the overall decisional process.

      In sum, there is no basis for striking any portion of Commander McCarthy's declaration. Respondents respectfully request that petitioner's motion be denied.

Dated: August 23, 2006          Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS J. PATTERSON
EDWARD H. WHITE
MARC A. PEREZ
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107

---

[2] Such burden would include crafting public and nonpublic versions of multiple declarations in order to protect the identities of line personnel at Guantanamo from public disclosure, for personnel safety reasons.

Fax: (202) 616-8470

Attorneys for Respondents