IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, <br> (ABDAL RAZAK ALI) <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br>    President of the United States, <br>    *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> Civil Action No. 05-CV-2386 (RBW) |

**RESPONDENTS' STATUS REPORT REGARDING EFFORTS TO PROVIDE PETITIONER'S COUNSEL WITH ACCESS TO PETITIONER ALI AT THE UNITED STATES NAVAL BASE AT GUANTANAMO BAY, CUBA**

In anticipation of the upcoming status conference in this case, currently set for Friday, September 8, 2006, at 10 a.m., respondents hereby submit the following status report regarding respondents efforts to provide petitioner's counsel with access to petitioner Abdal Razak Ali (ISN 685) at the United States Naval Base at Guantanamo Bay, Cuba.

On August 24, 2006, the Court ruled that petitioner's motion for rule to show cause why respondents should not be held in contempt of the Court's July 14, 2006 Order shall be held in abeyance while the parties attempt to resolve issues pertaining to petitioner's counsels' access to petitioner Ali. See Order (Aug. 25, 2006; dkt. No. 149). Since that time, respondents have worked diligently to make the necessary logistical arrangements for petitioner's counsel to meet with petitioner Ali, consistent with the availability of Guantanamo resources for habeas counsel visits in light of other scheduled visits. Petitioner's counsel, however has refused or been unwilling to accommodate every offer presented to her. In sum:

- Petitioner's counsel is scheduled to visit Guantanamo Bay on September 17-20 in order to conduct two days of interviews with a detainee counsel represents in another Guantanamo habeas case, petitioner Abdul Hamid Abdul Salam Al-Ghizzawi (ISN 654) in Al-Ghizzawi v. Bush, 05-CV-2378 (JDB).  Respondents offered to extend petitioner's counsel's visit so she could conduct interviews with petitioner Ali during the same trip, but petitioner's counsel refused.  Respondents also offered to allocate time during petitioner's counsel's two-day visit with petitioner Al-Ghizzawi so counsel could meet with petitioner Ali, but petitioner's counsel refused.[1]

- Respondents offered petitioner's counsel to arrange for a visit to Guantanamo during the month of October, but counsel refused, citing other work-related commitments.  Respondents offered to arrange access to petitioner Ali during the month of November, but petitioner's counsel did not respond.

- Respondents offered petitioner's counsel the opportunity to travel to Guantanamo to meet with petitioner Ali on September 29, but petitioner's counsel refused because the earliest available commercial departure flight from Guantanamo was on October 1 and counsel stated she has a family engagement on that day.

- As recently as yesterday, respondents, due to a cancellation of a previously scheduled visit to Guantanamo by another counsel team, offered to make arrangements for petitioners counsel to meet with petitioner Ali earlier during the week of September 24, but petitioner's counsel refused that offer, indicating for the first time that she would not be willing to conduct her initial meeting with petitioner Ali during the Ramadan holiday, which lasts from September 24 to October 26, despite the fact that visits by other counsel are scheduled during that time.

- Respondents have offered, and remain willing, to arrange a meeting between counsel and petitioner Ali on Monday, September 11, but petitioner's counsel refused that offer on the grounds that petitioner's counsel is unwilling to travel to Guantanamo Bay on these dates unless she can also meet with her other client, petitioner Al-Ghizzawi, on September 12 and 13.  While Guantanamo personnel are prepared to make arrangements for petitioner's counsel to meet petitioner Ali on September 11, meetings with petitioner Al-Ghizzawi cannot be accommodated

---

[1]  A full day of interviews generally consists of 7-8 hours of meeting time, thus petitioner's counsel will have approximately 14-15 hours of time to meet with petitioner Al-Ghizzawi.  Pursuant to the terms of Court's July 14, 2006 Order (dkt. no. 79), petitioner's counsel's access to petitioner Ali is "for the sole purpose of verifying that Petitioner Ali authorized his putative next friend Omar Deghayes, to bring a petition for habeas corpus on his behalf."  Such verification should be able to be accomplished in a minimal amount of time.

        because of previously-scheduled visits by other groups of habeas counsel on September 12 and 13.

- Consistent with the Court's statements during the August 24, 2006 hearing, and without waiving any legal rights with respect to such issues, respondents informed petitioner's counsel that respondents are willing to discuss options regarding reimbursement of some appropriate portion of travel expenses incurred during any meeting with petitioner Ali.

As illustrated above, respondents have worked assiduously over the past two weeks to offer petitioner's counsel various proposals within the scope of Guantanamo's operational duties that would enable counsel to travel to Guantanamo Bay in order to meet with petitioner Ali, but counsel has rejected every offer presented to her. At no time have respondents obstructed petitioner's counsel's access to petitioner Ali. To the contrary, respondents have attempted to facilitate such access – indeed, Guantanamo personnel are willing to make petitioner Ali available to petitioner's counsel for a meeting this coming Monday.

In light of petitioner's counsel's refusal to accept any of respondents' offers to travel to Guantanamo, respondents submit that the proper course of action is for the Court to either:

- require petitioner's counsel to avail herself of respondents offer to meet with petitioner Ali at Guantanamo on September 11, 2006. Under this proposal, petitioner's counsel would travel to Guantanamo on September 9, conduct interviews with petitioner Ali on September 11, and depart September 12.[2] It is respondents' counsel's understanding that petitioner's counsel would be able to arrange commercial flights and an Arabic interpreter on these dates; or

- require petitioner's counsel to avail herself of the visit respondents have suggested for the week of September 24;

- permit logistical arrangements to be made for counsel to travel to Guantanamo in November. Petitioner's counsel has requested to meet with her other client,

---

[2] September 10 is a Sunday and Guantanamo is not in a position to accommodate habeas counsel interviews during weekends given the resource demands that such visits require. Regular habeas interview days are Monday through Friday.

petitioner Al-Ghizzawi, during the week of November 13. Respondents have inquired whether petitioner's counsel would be in a position to extend that trip in order to meet with petitioner Ali, but counsel has not responded. Respondents also remain willing to entertain alternative dates during the month of November when petitioner's counsel could travel to Guantanamo to meet petitioner Ali.

In all events, the Court should deny or continue to hold petitioner's motion for rule to show cause in abeyance. Civil contempt is an extraordinary remedy, and it should not be ordered when respondents have diligently attempted to arrange for a visit for petitioner's counsel to Guantanamo to meet with petitioner Ali, but petitioner's counsel has rebuffed or been unable to accept respondents' attempted accommodations.

Dated: September 7, 2006            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS J. PATTERSON
EDWARD H. WHITE
MARC A. PEREZ
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents