IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2386 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' OPPOSITION TO RENEWED MOTION OF
PETITIONERS ABDUL GHAFFER AND ADEL NOORI FOR
ACCESS TO THEIR COUNSEL AND RELATED RELIEF**

Respondents hereby oppose the renewed motion for counsel access to petitioners Adel

LNU and Abdurahman LNU.  As explained below, petitioners' counsel have not provided

competent evidence sufficient to warrant overruling respondents' identifications of petitioners.

Accordingly, the Protective Order is not entered with respect to petitioners, and counsel access

should be denied.

**BACKGROUND**

On June 27, 2006, the Court entered the Protective Order[1] with respect to all petitioners

in this case except: (1) petitioners who have previously filed petitions pending in other cases,

and (2) petitioners whom respondents have been unable to identify.  See June 27, 2006 Order at

---

[1]  In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004)
("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in
November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-
0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected
Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10,
2004).

5 (dkt. no. 66). Entry of the Protective Order with respect to a petitioner, and satisfaction of the

Protective Order's requirements are a prerequisite to access to a petitioner at Guantanamo Bay.

The Court's June 27, 2006 Order also provided that "respondents shall notify the Court by July

26, 2006, of all petitioners named in this case whom they are unable to identify," and noted that

"[a]ny petitioner whom the respondents indicate they are unable to identify shall have the

opportunity to challenge the respondents' assertion that he cannot be identified." Id. at 5-6.

On July 19, 2006, petitioners filed an emergency motion for access to counsel and to hold

respondents in contempt. See dkt no. 84. Petitioners' motion requested an order compelling

respondents to permit counsel to meet with petitioners they identified as Abdul Rahman a/k/a

Abdul Ghaffar (Internment Serial Number or ISN 281) and Adel LNU a/k/a Adel Noori (ISN

584) during counsel's visit to Guantanamo Bay on July 24-28, 2006. Respondents opposed the

motion, arguing that respondents were unable to identify petitioners Adel LNU and Abdul

Rahman as detainees at Guantanamo Bay, that next-friend standing under Whitemore v.

Arkansas, 495 U.S. 149, 163 (1990), had not been established, and that petitioners failed to

follow the procedure outlined in the Court's June 27, 2006 Order for challenging detainee

identifications. See dkt. no. 90. On July 21, 2006, the Court denied petitioners' emergency

motion and concluded that it would not depart from the procedure established in the June 27

Order to resolve disputes regarding the identity of petitioners. See dkt. no. 99.

On July 26, 2006, pursuant to the Court's June 27 Order, respondents filed a status report

notifying the Court of all petitioners in this case who (1) have previously-filed petitions for a

writ of habeas corpus already pending on their behalf in other cases; and (2) respondents have

not been able to identify. See dkt. no. 109. With respect to the two petitioners at issue here,

respondents notified the Court that petitioner "Adel LNU" had not be identified as a detainee at

Guantanamo Bay, see id., Exhibit A, and that a petition had previously been filed on behalf of

petitioner "Abdurahman LNU" in Kiyemba v. Bush, No. 05-CV-1509 (RMU) under the name

Jalaal Doe (ISN 285), see id., Exhibit B.

In response to respondents' July 26 status report, petitioners filed a renewed motion for

counsel access on September 13, 2006, contending that respondents' identification of petitioners

"Adel LNU" and "Abdurahman LNU" is not correct.

## ARGUMENT

As a threshold matter, the habeas corpus petitions filed on behalf of  "Abdurahman LNU"

and "Adel LNU" are not directly authorized by the detainees for whom habeas relief is sought.

Instead, the petitions are brought by another detainee – Usama Hasan Abu Kabir – claiming to

act as the petitioners' "next friend."  See Petition, Smith Declaration, Exhibit 4 (dkt. no. 1).

Consequently, the petition provides scant information about the detainees seeking habeas relief.

"Adel LNU" is simply described as a citizen of Turkestan without any other identifying

information.  See Petition For A Writ Of Habeas Corpus ¶¶ 232-33.  Based on this limited

information, respondents sought to identify petitioner "Adel LNU" as a detainee at Guantanamo,

but discovered that other detainees at Guantanamo meet this same identifying criteria, thus

making a positive identification impossible.  See Respondents' Opposition To Emergency

Motion For Access To Counsel And To Hold Respondents' In Contempt (dkt. no. 90) at 4-5.

Petitioners dispute respondents' assertion and contend that "Adel LNU" is a detainee named

Adel Noori, who is identified with the ISN 584.  Petitioners argue that their identification is

correct because ISN 584 is the only detainee from Turkestan named Adel who currently remains

at Guantanamo.  See Petitioners' Motion at 9.  Additionally, petitioners' counsel assert that they

have conferred with other current and former Guantanamo detainees, all of whom confirm that

the individual named in the petition as "Adel LNU" is ISN 584.  See id. at 7-9.

Petitioners' identification of "Adel LNU" is highly speculative and should be rejected.

At the time Mr. Kabir executed the next-friend authorization on behalf of "Adel LNU" in May

2005, there were multiple detainees named Adel from Turkestan detained at Guantanamo.  Thus,

it is unclear which "Adel" Mr. Kabir is referring to in his authorization.  The fact that only one

"Adel" currently remains at Guantanamo – some sixteen months after Mr. Kabir signed the

authorization – is not a competent basis upon which to conclude that "Adel LNU" is ISN 584.

Indeed, it appears that petitioners' counsel are attempting to thrust a lawsuit upon the only

detainee remaining at Guantanamo who meets the minimal identifying criteria provided by Mr.

Kabir, regardless of whether that detainee actually authorized habeas relief.  Moreover,

petitioners fail to offer any explanation, beyond self-serving and conclusory statements, that the

current and former Guantanamo who examined the Kabir authorization somehow knew that Mr.

Kabir, when he purportedly authorized a habeas petition on behalf of "Adel LNU" in May 2005,

intended to seek relief for Adel Noori (ISN 584) as opposed to one of the other detainees from

Turkestan named "Adel."  None of those detainees drafted the next-friend authorization and it is

entirely speculative for them to comment on who Mr. Kabir was referring to in the

authorization.[2]

---

[2] Notably counsel have not submitted any supplemental information from Mr. Kabir
addressing the identification, even though Mr. Kabir has met with his counsel on multiple
occasions over the past sixteen months.

Petitioners' identification of petitioner "Abdurahman LNU" suffers from similar deficiencies.[3]  With the limited information provided by Mr. Kabir in the petition, see Petition ¶¶ 230-231, respondents identified "Abdurahman LNU" as the detainee with ISN 285, but this detainee has a habeas petition already pending in a previously filed case.  See Kiyemba v. Bush, 05-CV-1509 (RMU) (petitioner Jalaal Doe).  Respondents' identification was based on the fact that ISN 285 has an alias that contains the names "Abdal Rahman," which closely matches the phonetics of the name listed in the petition and the Kabir authorization: "Abdu" and "Rahman." Petitioners' counsel offer no persuasive explanation for their identification, which appears to be little more than guesswork from the list of Guantanamo Bay detainees produced by the government in response to Freedom of Information Act (FOIA) requests.  See Petitioners' Motion, Exhibit B.  Additionally, petitioners do not explain the disparity between the name listed on the petition (Abdurahman LNU) and the name of the detainee they identify as their purported client (Abdul Ghaffar).  Moreover, the fact that other former and current Guantanamo detainees have identified "Abdurahman LNU" as ISN 281, as opposed to ISN 285, apparently based solely on their reading of the Kabir authorization, is entirely speculative.

---

[3] As explained in Respondents' Opposition To Emergency Motion For Access To Counsel And To Hold Respondents' In Contempt (dkt. no. 90) at 5-6, the petition in this case lists three different petitioners with nearly identical names: "Abdul Rhman," "Abdul Rahman" and "Abdurahman LNU."  Petitioner "Abdul Rhman" is described as citizen of Tajikistan who speaks English.  Id. ¶¶ 78-79.  Petitioner "Abdul Rahman" is alleged to be a citizen of Yemen who speaks Arabic.  Id. ¶¶ 91-92.  Petitioner "Abdurahman LNU" is alleged to be a citizen of Turkestan.  Id. ¶¶ 230-231.  In their current motion, counsel claim to represent "Abdurahman LNU" even though counsel filed an appearance on behalf of petitioner "Abdul Rahman."  See dkt. no. 55-57.  Respondents understand that counsel now intend to pursue representation on behalf of petitioner "Abdurahman LNU," but given the number of similar names and lack of identifying information about the petitioners in this case, petitioner's appearance, whether the product of oversight or an attempt to spell petitioner's name in a grammatically correct fashion, has contributed to the confusion regarding petitioner's identity.

Petitioners motion suggests that once they produce an ISN to respondents, that should be the end of the matter with respect to identifying petitioners. The Court, however, should not condone a process by which counsel merely select ISN numbers from the FOIA list and then attribute those ISNs to one of the many "Doe" or "LNU" petitioners in this case. Indeed, it is notable that counsel did not present respondents with a proposed ISN number for either petitioner until after release of the FOIA list. Petitioners, though their next-friends, initiated this litigation and they should be required to produce reliable evidence that confirms beyond doubt the identity of the individuals seeking relief. In this case, Mr. Kabir, through his counsel, provided the purported next-friend authorization that identifies petitioners, thus Mr. Kabir should be the one who provides the Court with necessary identifying information as well as an explanation that he meets the two "firmly rooted requirements" for next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990).

## CONCLUSION

For the reasons stated above, petitioners' motions should be denied.


Dated: September 27, 2006                    Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             DOUGLAS N. LETTER
                                             Terrorism Litigation Counsel

                                                /s/ Andrew I. Warden
                                             JOSEPH H. HUNT (D.C. Bar No. 431134)
                                             VINCENT M. GARVEY (D.C. Bar No. 127191)
                                             TERRY M. HENRY
                                             JAMES J. SCHWARTZ
                                             PREEYA M. NORONHA

ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS J. PATTERSON
EDWARD H. WHITE
MARC A. PEREZ
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530

Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents