*Approved for Public Filing
by the CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――――― x
                                       :
AMER MOHAMMON, *et al.*,               :
                                       :
                  Petitioners,         :
                                       :
           v.                          :   No. 05-CV-2386 (RBW) (AK)
                                       :
GEORGE W. BUSH, *et al.*,              :
                                       :
                  Respondents.         :
                                       :
―――――――――――――――――――――――― x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF RENEWED
MOTION OF PETITIONERS ABDUL GHAFFAR AND ADEL NOORI
FOR ACCESS TO THEIR COUNSEL AND RELATED RELIEF**

Petitioners Abdul Rahman a/k/a Abdul Ghaffar (ISN 281) and Adel LNU a/k/a Adel Noori (ISN 584) ("Petitioners"), by and through their undersigned counsel, respectfully submit this reply memorandum in further support of their renewed motion for access to their counsel and related relief. Petitioners' motion should be granted in its entirety.

<u>Argument</u>

**RESPONDENTS LACK A GOOD FAITH BASIS TO
CONTINUE TO DISPUTE PETITIONERS' IDENTITY**

In their opening brief, Petitioners argued that there can be no good-faith dispute regarding their identity because Respondents cleared them for release – along with all of the other Uighur detainees – as long ago as 2003, and have been trying to find a country to resettle them. Respondents do not dispute this in their Opposition, and indeed have never disputed it; accordingly, we submit that the Court should deem Petitioners' exoneration admitted by

*Approved for Public Filing*
*by the CSO*

Respondents. The very fact that Respondents have cleared Petitioners and are actively attempting to resettle them indicates that they know who Petitioners are and thus have no good-faith basis for opposing our motion.[1]

Wholly apart from Petitioners' exoneration, Respondents fail to credibly dispute our identification of Petitioners – the only two Uighurs from China left in Guantánamo who have not been permitted access to counsel – based on their ISNs, ethnicity/citizenship, names and aliases. With respect to Petitioner Adel Noori, Respondents argue that counsel has offered only "self-serving and conclusory statements" identifying Noori as the Uighur detainee who bears ISN 584, and was described as "Adel LNU" from Turkistan on the Kabir next-friend authorization. Yet Respondents offer no information contradicting the facts gathered by counsel from other Uighur detainees – including undersigned counsel's other clients – and asserted in Petitioners' opening brief. Again, the only other Uighur detainee named "Adel" ever at held at Guantánamo – Adel Abdu Al Hakim – was released to Albania earlier this year, and is, in any event, identified on the Kabir authorization as "Mohammed" from Turkistan. *See* Petitioners' Motion at 8, 10; Dixon Decl. ¶¶ 8, 9.

---

[1] Respondents' ability to identify Petitioners as detainees in Guantanamo who do not have habeas petitions pending in another case is the only relevant issue for purposes of this motion, regardless of any questions Respondents may have about the validity or construction of the Kabir authorization. Nonetheless, Respondents continue to attempt to turn the identification issue into a backdoor challenge to the validity of Petitioners' next-friend authorizations. *See* Respondents' Opposition at 3, 4, 6. Their arguments in this regard are contrary to – and openly defy – this Court's prior rulings that next-friend challenges do not provide a basis to deny Petitioners access to their counsel. *See* Order, *Mohammon v. Bush*, at 2 (July 26, 2006) (dkt. 108) ("[T]he government shall not deny any petitioner access to counsel under the theory that proper next friend standing has not been established.").

Respondents' assertions are particularly hollow in this case: Apart from Petitioners, every Uighur detainee from China who appears on the Kabir authorization has been positively identified by Respondents and granted access to his counsel; and every one of those detainees who has met with his counsel has confirmed that he wants counsel to represent him and obtain his release from Guantánamo. Indeed, to our knowledge no detainee who appears on the Kabir authorization – *not one* – has ever subsequently said that he does not want representation.

With respect to Petitioner Abdul Rahman a/k/a Abdul Ghaffar, Respondents persist in arguing – without asserting that they have attempted to gather (much less, obtained) supporting facts – that the "Abdurahman LNU" on the Kabir authorization is Jalaal Doe, whose petition is pending in *Kiyemba v. Bush*, 05-CV-1509 (RMU). *See* Respondents' Opposition at 5. As pointed out in Petitioners' opening brief, counsel has confirmed with another Uighur client that Abdul Ghaffar is the "Abdurahman LNU" from Turkistan who appears on the Kabir authorization.[2] *See* Petitioners' Motion at 8; Dixon Decl. ¶ 8. This information is consistent with what counsel has independently learned from other Uighur detainees and their counsel: Jalaal Doe appeared on the Kabir authorization as "Jalal Jalaldin."

Of course, Respondents cannot and do not dispute that Petitioners Noori and Ghaffar – as identified by name, ISN, and ethnicity/citizenship – are Uighur detainees at Guantánamo, who lack counsel and do not have habeas petitions pending in another case. Again, this is the only question before the Court in the context of the instant motion. After being held virtually *incommunicado* for nearly five years without charge or any meaningful opportunity to contest the legality of their detention, the only issue preventing Petitioners from meeting with their counsel is Respondents' challenge to their identity. Respondents have managed to forestall Petitioners from accessing counsel for months by claiming, without a good-faith basis, that they cannot identify Petitioners. They should not be permitted to do so any longer.[3]

---

[2] Respondents observe that we did not present any evidence to confirm Petitioners' identities before the Defense Department publicly disclosed the list of Guantánamo detainees in May 2006. *See* Respondents' Opposition at 6. That is true, but hardly relevant given that we did not agree to represent Petitioners until June 2006.

[3] Petitioners also argued in their opening brief that if Respondents continued to oppose this motion, the Court should order Respondents and their counsel to provide sworn statements setting forth whatever efforts they may have undertaken to attempt to determine Petitioners' identity. Accordingly, if the Court discerns any colorable basis for Respondents' position here, the Court should require Respondents to submit such sworn affidavits in order to resolve this

*Approved for Public Filing*
*by the CSO*

## Conclusion

For all of the foregoing reasons, the Court should grant Petitioners' motion and order Respondents to allow Petitioners access to their counsel as soon as possible. The Court should also grant the additional relief requested by Petitioners.

Dated:   New York, New York
         October 10, 2006

                      Respectfully submitted,

                      Counsel for Petitioners:

                      /s/ Paul Schoeman

                      Paul Schoeman (Pursuant to LCvR 83.2(g))
                      Joel Taylor (Pursuant to LCvR 83.2(g))
                      Michael J. Sternhell (Pursuant to LCvR 83.2(g))
                      Darren LaVerne (Pursuant to LCvR 83.2(g))
                      KRAMER LEVIN NAFTALIS & FRANKEL LLP
                      1177 Avenue of the Americas
                      New York, New York 10036
                      Tel:  (212) 715-9100
                      Fax:  (212) 715-8000

                      Barbara Olshansky (NY-0057)
                      Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                      J. Wells Dixon (Pursuant to LCvR 83.2(g))
                      CENTER FOR CONSTITUTIONAL RIGHTS
                      666 Broadway, 7th Floor
                      New York, New York 10012
                      Tel:  (212) 614-6439
                      Fax:  (212) 614-6499

                      Alison Sclater (Pursuant to LCvR 83.2(g))
                      245 East 80th Street, #9J
                      New York, New York 10021
                      Tel:  (212) 717-2736

---

litigation once and for all, and to prevent further litigation and avoid the unnecessary expenditure of judicial resources.