Submitted to CSO on October 5, 2006;
cleared for public filing on October 10, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――― X
                                          :
                                          :
ALI AL KAZMI, ISN 172,                    :
                                          :
            Petitioners,                  :
                                          :
      v.                                  :   Case No. 1:05 CV 02386 RBW
                                          :
GEORGE W. BUSH, *et al.*,                 :
                                          :
            Respondents.                  :
                                          :
―――――――――――――――――――― X

**EMERGENCY MOTION FOR ACCESS TO CLIENT
AND OPPOSITION TO RESPONDENTS' DESIGNATION
OF PETITIONER AS "UNIDENTIFIED"**

Petitioner is named in *Mohammon v. Bush*, Civ. No. 05-2386 (dkt. no. 1) (hereinafter "*Mohammon* Petition" or "Petition"), and described by his next friend using the most reliable of identifiers, his Internment Serial Number (hereinafter "ISN"). However, Respondents maintain that Petitioner Ali Al Kazmi cannot be identified as a Guantanamo detainee. *See* Exhibit A to Resp'ts Rep't. and Resp. to Court's June 27, 2006 Order (dkt. no. 109), attached as Exhibit A to this motion. Undersigned counsel respectfully submit that Ali Al Kazmi is readily identifiable as a current detainee on the basis of ISN, citizenship, place of birth and first name.

**INTRODUCTION**

Petitioner Ali Al Kazmi, ISN 172, has been detained virtually incommunicado and without being charged with any crime for perhaps as long as four and one-half (4 1/2) years. To Counsel's knowledge, Mr. Al Kazmi has never met with a lawyer during that

time. *See* Declaration of Martha Rayner, sworn on October 5, 2006, at ¶ 9, attached as Exhibit B (hereinafter "Rayner Declaration").

Petitioner's next friend, co-Petitioner and a person also detained at Guantanamo, Sami Muhyedin al Hajj, authorized the filing of a next friend petition on behalf of "Ali Al Kazmi, [ISN] 172." *See* Exhibit 2 to the Declaration of Clive Stafford Smith, sworn on December 11, 2005, attached as Exhibit C (hereinafter "Stafford Smith Declaration"). The Stafford Smith Declaration was filed as part of the *Mohammon* Petition on December 21, 2005. Paragraph eighty-five (85) of the *Mohammon* Petition also identified Petitioner as "Ali Al Kazmi, ISN # 172." Pursuant to that next friend authorization, undersigned counsel entered a Notice of Appearance on behalf of Petitioner on April 27, 2006.

As of the date of filing of this motion, however, Petitioner ISN 172 continues to be denied the right to meet with counsel. The continued denial of this right is unacceptable and prompts undersigned counsel to file this motion.

## BACKGROUND

On June 27, 2006, this Court entered an Amended Protective Order for the *Mohammon* Petitioners (dkt. no. 66). The Court concluded that the Order would be entered with respect to all Petitioners in this case, except those who already had other petitions pending, and those Petitioners whom Respondents were unable to identify.

On July 26, 2006, Respondents filed a Status Report and Response to the Court's June 27, 2006 Order. *See* Resp'ts Rep't. and Resp. to Court's June 27, 2006 Order (dkt. no. 109) (hereinafter "Status Report"). In that Status Report, Respondents maintained that a total of sixty-two (62) *Mohammon* Petitioners could not be identified. *Id*. at 3. Specifically, Respondents indicated that they were unable to confirm the identities of

those Petitioners because of the minimal identifying information provided in the *Mohammon* Petition. *Id*. Petitioner was relegated to this group (*See Id*. at Exhibit A, attached as Exhibit A to this motion), even though he is identified on the Petition by his next friend using the most reliable of descriptions, that is to say by ISN.

On July 27, 2006 counsel for Petitioner contested this assertion and provided Respondents with further information about Mr. Al Kazmi. *See* e-mail from Martha Rayner to Andrew Warden, dated July 27, 2006, attached as Exhibit D. Respondents failed to respond. On August 2, 2006 undersigned counsel re-sent the e-mail to Respondents. *See* e-mail from Martha Rayner to Andrew Warden, dated August 2, 2006, attached as Exhibit D. On August 7, 2006 Respondents replied but indicated that no action would be taken in this matter unless counsel filed a formal response to the Status Report with the Court. *See* e-mail from Andrew Warden to Martha Rayner, dated August 7, 2006, attached as Exhibit D.

In an attempt to avoid needless litigation, undersigned counsel contacted Respondents once more on September 14, 2006. *See* e-mail from Martha Rayner to Andrew Warden, dated September 14, 2006, attached as Exhibit D. In that e-mail counsel indicated that Petitioner Al Kazmi is identifiable by a straight-forward comparison of ISN, nationality, and place of birth. On September 25, 2006, Respondents replied, indicating that they would confer with the Department of Defense on the matter of the identity of ISN 172. *See* e-mail from Andrew Warden to Martha Rayner, dated September 25, 2006, at ¶ 3, attached as Exhibit D. On September 28, 2006, counsel for Petitioner invited Respondents to provide, by October 4, 2006, their decision on counsel's request to meet with ISN 172. *See* e-mail from Martha Rayner to Andrew

3

Warden, dated September 28, 2006, attached as Exhibit D.  Respondents have not replied as of the date of this motion.

Counsel have complied with the requirements of Local Rule LCvR7(m) in that we have made repeated good faith efforts to confer with Respondents and to reach agreement on the issue of Petitioner's identity.  These efforts have been ongoing for a period of more than two (2) months, yet no agreement has been reached. Thus, Petitioner is submitting this Emergency Motion in response to Respondents' Status Report.

## ARGUMENT

**I.  RESPONDENTS' POSITION THAT PETITIONER ALI AL KAZMI CANNOT BE IDENTIFIED AS A GUANTANAMO DETAINEE IS WITHOUT MERIT, SINCE HE IS IDENTIFIED ON THE *MOHAMMON* PETITION BY THE MOST RELIABLE OF DESCRIPTORS, THE INTERNMENT SERIAL NUMBER.**

Petitioner Ali Al Kazmi has been repeatedly identified as ISN 172.  Both Exhibit 2 to the Stafford Smith Declaration (*See* Exhibit C to this motion), and the *Mohammon* Petition itself clearly identify Petitioner as "Ali Al Kazmi, ISN 172" (*See Mohammon* Petition at ¶ 85), yet according to Respondents he remains unidentified (*See* Exhibit A to Status Report attached as Exhibit A to this motion).  Counsel must assume, for we have not been provided with any reasoning as to Respondents determination, that Petitioner's current status is based on the erroneous belief that "the information provided in the petition did not match or resemble information pertaining to any detainee at Guantanamo."  Status Report at 3.  It is clear that such a position is without merit on the basis of ISN alone.  We have clearly indicated that Petitioner has been assigned ISN 172. According to the Department of Defense's public disclosure of its detainee list in May 2006, attached as Exhibit E to this motion (hereinafter "DoD May List" or "May List"),

the number 172 is a valid ISN, assigned to a young man who is currently incarcerated at Guantanamo. Further, Respondents have neither specifically asserted that detainee ISN 172 is not Ali Al Kazmi, nor that there exists a duplicative filing for ISN 172. *See* Exhibit B to Status Report, attached as Exhibit F. Moreover, Respondents have not asserted that the individual assigned to ISN 172 has been released. Nor have Respondents indicated that there is more than one man detained at Guantanamo assigned to ISN 172.

Respondents have no good faith basis to label Petitioner as unidentified. The only basis for doing so is contradicted by their own clearly stated policy of relying on ISNs. That the DoD May List currently lists the name "Ali Muhammed Nasir Mohammed," under ISN 172 and not Ali Al Kazmi should not and cannot control.

Indeed, Respondents have acknowledged rightfully the deficiencies and risks of confusion associated with the use of detainee names for identification purposes: "because such discrepancies regarding the names of many Guantanamo detainees are common, particularly given aliases and difficulties with transliteration of names, Guantanamo personnel routinely refer to detainees by their ISN to avoid confusion about the identity of a particular detainee." Resp'ts' Resp. to Show Cause Order at 11 (dkt. no. 144). By Respondents own admission, ISN is the prevailing means with which to identify detainees, yet for some unexplained reason Respondents are unable or unwilling to acknowledge that _Petitioner_ ISN 172 is _detainee_ ISN 172. Undersigned Counsel feel strongly that over-reliance on attempts to cross-reference and match names, to the detriment of ISNs, has led to the confusion surrounding the identity of Petitioner. We

seek to meet with the young man assigned ISN 172, whether or not his true name is Ali Al Kazmi or Ali Muhammed Nasir Mohammed.

II. **ADDITIONAL INFORMATION LEARNED BY COUNSEL REGARDING PETITIONER IS WHOLLY CONSISTENT WITH RESPONDENTS' PUBLICLY DISCLOSED INFORMATION REGARDING THE DETAINEE ASSIGNED ISN 172.**

Even if, despite Respondents own assertions to the contrary, ISN alone is an insufficient means of identification, we have provided additional identifying information that is entirely consistent with the information regarding detainee ISN 172 released by the Department of Defense in its May List. Undersigned Counsel conveyed this information to Respondents on July 27, 2006, August 2, 2006 and September 14, 2006. *See* e-mails from Martha Rayner to Andrew Warden, attached as Exhibit D. Indeed, the DoD May List indicates that ISN 172, a citizen of Saudi Arabia, was born in Jedda on December 1, 1982. At the time of the filing of the *Mohammon* Petition, undersigned counsel believed Ali Al Kazmi, ISN 172, to be Yemeni. Such belief was based on the statement of next friend Sami Muhyedin al Hajj. *See* Exhibit C to this motion. During the course of an interview with client Fahd Al-Fazan, ISN 218, however, counsel learned that Mr. Al Kazmi was born to Yemeni parents in Jedda, Saudi Arabia, was raised in his country of birth and is very young. *See* Rayner Declaration, attached as Exhibit B to this motion. This fully comports with the DoD May List which describes ISN 172 as a young man of twenty-three (23) years of age, born in Jedda and a citizen of Saudi Arabia. *See* Exhibit E to this motion. Thus, it is clear that Petitioner's ISN, place of birth, citizenship and approximate age provide a match with the publicly disclosed information concerning detainee ISN 172. Yet Petitioner Ali Al Kazmi, ISN 172, continues to be denied the right to counsel on the basis that he remains unidentified.

In this regard, we respectfully urge the Court to take notice of an Order by Magistrate Judge Kay in *Alkhemisi v. Bush*, No. 05 CV 1983 (RMU) (AK). That Court ordered Respondents to allow Petitioner Ismail Alkhemsi's counsel to meet with Petitioner on the grounds that Petitioner's first name, ISN, and nationality matched Respondents' information regarding the individual assigned to that particular ISN. The order was entered even though Petitioner's last name was different from the last name the Department of Defense assigned to that ISN. *Id.*, July 21, 2006 Order at 2-3 (dkt. no. 13). Upon information and belief, pursuant to that Order, counsel for that Petitioner were able to visit that individual and determined that he was their client, Ismail Alkhemsi. The facts underlying our motion are even more favorable, since Petitioner Ali Al Kazmi's first name, ISN, place of birth, citizenship, and approximate date of birth match the information disclosed in the DoD May list for ISN 172. Yet according to Respondents, Petitioner still cannot be identified as a Guantanamo detainee. This position is without merit.

Indeed, "unidentified" in this context can only mean that Respondents do not know who this person is, in the sense that they do not know which detainee to physically place in the interview room. Here it is clear who Respondents should bring to meet with counsel – the individual at Guantanamo who is assigned ISN 172. To the extent that there exist discrepancies as to this person's last name, that does not prevent Respondents from knowing who to bring to the attorney-client meeting.

## CONCLUSION

There is no question that detainee ISN 172 is a petitioner under the *Mohammon* Petition. Respondents have not asserted that there exists any duplicative filing for

detainee ISN 172.  Therefore, he is identified.  Again, that two names have been attached to an ISN is common and does not control identity in this context.

Counsel have been given tentative permission to visit the Guantanamo Naval Base from November 5 to November 10, 2006.  Counsel expects to be given final approval for the purpose of meeting with other clients detained at Guantanamo.  Given the expense and logistical difficulties associated with visiting Guantanamo, as well as the immanency of the this trip, undersigned counsel respectfully request that the Court recognize this motion as a valid emergency motion which must be resolved on an expedited basis.

For these reasons, the Court should grant this motion and allow undersigned counsel to meet with Mr. Al Kazmi, ISN 172, who is designated as Ali Muhammed Nasir Mohammed by the Department of Defense.  *See* Proposed Order, attached as Exhibit G to this motion.


Dated: New York, New York
       October 5, 2006

                                      Respectfully submitted,

                                      Counsel for Petitioner:

                                          /s/
                                      Martha Rayner (Pursuant to LCvR 83.20(g))
                                      (NY-MR-1423)

                                      Ramzi Kassem (NY-RK-3567)
                                      James A. Cohen (NY-JC-3836)
                                      Lincoln Square Legal Services
                                      Fordham University School of Law
                                      33 West 60th Street, 3d Floor
                                      New York, New York 10023
                                      Telephone: (212) 636-6934
                                      Fax: (212) 636-6923