IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| AMER MOHAMMON, *et al.*, <br> (ALI AL KAZMI) <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 05-CV-2386 (RBW) |

**RESPONDENTS' RESPONSE TO PETITIONER'S EMERGENCY
MOTION FOR ACCESS TO CLIENT AND OPPOSITION
TO DESIGNATION OF PETITIONER AS "UNIDENTIFIED"**

Respondents hereby respond to petitioner's emergency motion for access to client and opposition to respondents' designation of petitioner as "unidentified." See dkt. No. 178.

On June 27, 2006, the Court entered the Protective Order[1] with respect to all petitioners in this case except: (1) petitioners who have previously filed petitions pending in other cases, and (2) petitioners whom respondents have been unable to identify. See June 27, 2006 Order at 5 (dkt. no. 66). Entry of the Protective Order with respect to a petitioner, and satisfaction of the Protective Order's requirements are a prerequisite to access to a petitioner at Guantanamo Bay. The Court's June 27, 2006 Order also provided that "respondents shall notify the Court by July

---

[1] In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004) ("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10, 2004).

26, 2006, of all petitioners named in this case whom they are unable to identify," and noted that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified." Id. at 5-6. Pursuant to the Court's Order, respondents filed a status report on July 26, 2006 stating that respondents had not been able to identify the petitioner identified as "Ali Al Kazmi" as a detainee at Guantanamo Bay. See dkt. no. 109, Exhibit A. That same day, the Court issued an Order applicable to "every petitioner named in the above captioned case" in order "to facilitate efficient resolution of disputes over counsel visits with petitioners at the Guantanamo Bay facility." See dkt. no. 108 at 2. Specifically, the Court concluded that "the government shall not deny any petitioner access to counsel under the theory that proper next friend standing has not been established. Until such standing has been established, however, access will be limited to the sole purpose of affording counsel the opportunity to verify that the petitioner authorized his putative next friend to bring a petition for habeas corpus on his behalf."[2] Id.

In light of the new information provided in petitioner's counsel's motion regarding the identify of petitioner Al Kazmi, whom petitioner's counsel identify as Interment Serial Number 172, respondents are no longer in a position to contest petitioner's identity. Pursuant to the Court's prior orders in this case,[3] respondents are in the process of making logistical

---

[2] Respondents contest the next-friend standing of petitioner Al Kazmi. The petition is not directly authorized by the petitioner, nor has the putative "next friend" detainee, Sami Muhyedin al Hajj, established appropriate next friend standing.

[3] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 1 tit. X, 119 Stat. 2680 ("the DTA"), became law. The DTA, among other things, amends 28 U.S.C. § 2241 and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of aliens held by the Department of Defense as enemy combatants at Guantanamo Bay, Cuba. The effect of the DTA on cases such as this, i.e.,

arrangements for petitioner's counsel to travel to Guantanamo Bay to meet with petitioner Al Kazmi in November 2006 and anticipate finalizing those arrangements, subject to approval by personnel at Guantanamo Bay, next week.

Accordingly, the relief that petitioner's motion seeks is being provided. For these reasons, petitioner's motion should be denied as moot.

Dated: October 20, 2006                    Respectfully submitted,

                                          PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                          /s/ Andrew I. Warden
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        PREEYA M. NORONHA
                                        ROBERT J. KATERBERG
                                        ANDREW I. WARDEN (IN Bar No. 23840-49)

---

the extent to which the vesting of exclusive review in the Court of Appeals deprives this Court of jurisdiction to proceed, remains pending before the Court of Appeals. Moreover, on October 17, 2006, the Military Commissions Act of 2006, Pub. L. No. 109- ___ (2006) ("the MCA"), became law. The MCA, among other things, amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions "filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," or (2) "any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States" as an enemy combatant, except as provided in section 1005(e)(2) and (e)(3) of the DTA. See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b).

NICHOLAS J. PATTERSON
EDWARD H. WHITE
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents