IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, <br> (ABDAL RAZAK ALI) <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-2386 (RBW) |

## DECLARATION OF ANDREW I. WARDEN

Pursuant to 28 U.S.C. § 1746, I, Andrew I. Warden, hereby declare:

1. I serve as a Trial Attorney in the United States Department of Justice, Civil Division, Federal Programs Branch. I serve as one of the counsel for respondents in the Guantanamo Bay detainee habeas cases, including the above-captioned case.

2. Visits between habeas detainees and their counsel began in August 2004. Since that time, one of my duties has been to facilitate visits between detainees and their counsel at the United States Naval Base at Guantanamo Bay, Cuba. The visit coordination process requires counsel to submit proposed visit dates and a proposed schedule of interviews to me. I coordinate the logistics of the request with personnel at Guantanamo Bay and then inform counsel whether Guantanamo can accommodate their request. Habeas counsel are notified that requested visit arrangements are not approved until Guantanamo provides authorization. I informed petitioner's counsel, Candace Gorman, of these policies via e-mail dated June 6, 2006, in connection with discussions to arrange a visit for Ms. Gorman in July 2006. See Exhibit 1 (June 6, 2006 e-mail

(2:49 p.m.) from Andrew Warden to Candace Gorman). As is my typical practice, I informed Ms. Gorman in writing once Guantanamo had approved her July visit request. See Exhibit 2 (June 21, 2006 e-mail (11:31 a.m.) from Andrew Warden to Candace Gorman).

3. Following the August 24, 2006 hearing in the above-captioned case, I engaged in a series of discussions with Ms. Gorman in an attempt to arrange for her to meet with petitioner Abdal Razak Ali (ISN 685) at Guantanamo Bay.

4. On August 31, 2006, Ms. Gorman informed me that she was available to visit Guantanamo Bay during the week of September 11, 2006, but she stated that was not able to travel that week because commercial flights to and from Guantanamo Bay were sold out. See See Petitioner's Response To Government's Status Report (dkt. no. 158), Exhibit A, Aug. 31, 2006 (4:17 p.m.) e-mail from Candace Gorman to Andrew Warden. I investigated the matter for Ms. Gorman by searching the web sites of the commercial airlines that fly to Guantanamo and informed Ms. Gorman that flights were, in fact, available during the week of September 11. See id., Aug. 31, 2006 (4:23 p.m.) e-mail from Andrew Warden to Candace Gorman. Additionally, I provided Ms. Gorman the names of other habeas lawyers and interpreters traveling to Guantanamo Bay that week so Ms. Gorman could look into sharing the cost of an Arabic interpreter. See id.

5. After learning this information, Ms. Gorman indicated a willingness to attempt to make logistical arrangements for a trip to Guantanamo on September 9-13, 2006. See id., Sept. 1, 2006 (10:28 a.m.) e-mail from Candace Gorman to Andrew Warden). I subsequently confirmed Ms. Gorman's requested itinerary, which included a request to meet with both petitioner Ali as well as a detainee Ms. Gorman represents in another Guantanamo habeas case,

petitioner Abdul Hamid Abdul Salam Al-Ghizzawi in <u>Al-Ghizzawi v. Bush</u>, 05-CV-2378 (JDB). See <u>id.</u>, Sept. 1, 2006 (10:02 a.m.) e-mail from Andrew Warden to Candace Gorman. I also informed Ms. Gorman that I would check on the logistics of her request with personnel at Guantanamo Bay. See <u>id.</u> At all times, Ms. Gorman's visit request was contingent on logistical approval from personnel at Guantanamo Bay.

6. After conferring with personnel at Guantanamo Bay, I informed Ms. Gorman via e-mail on September 5, 2006 that Guantanamo could accommodate meetings with petitioner Ali on September 11, as Ms. Gorman had requested. See <u>id.</u>, Sept. 5, 2006 (8:07 p.m.) e-mail from Andrew Warden to Candace Gorman. However, due previously scheduled visits by other groups of lawyers representing habeas petitioners, Guantanamo could not arrange two days of meetings between Ms. Gorman and petitioner Al-Ghizzawi. <u>Id.</u> I explained that Guantanamo could support a visit in which petitioner's counsel arrived at the base on September 9, meet with petitioner Ali on September 11, and depart on September 12. See <u>id.</u>, Sept. 6, 2006 (10:52 a.m.) e-mail from Andrew Warden to Candace Gorman. Petitioner's counsel refused to accept this offer, insisting that she would agree to travel to Guantanamo during the week of September 11 only if she could meet with both petitioners Ali and Al-Ghizzawi during the same trip. See <u>id.</u>, Sept. 6, 2006 (10:47 a.m.) e-mail from Candace Gorman to Andrew Warden.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 20, 2006

_____
Andrew I. Warden

-3-

# EXHIBIT 1

**Warden, Andrew (CIV)**

| | |
|---|---|
| **From:** | Warden, Andrew (CIV) |
| **Sent:** | Tuesday, June 06, 2006 2:49 PM |
| **To:** | 'hcgorman@igc.org'; Henry, Terry (CIV) |
| **Subject:** | RE: trip to Guantánamo |

Candance,

We can begin the process of making logistical arrangements for a visit to Guantanamo, but we cannot permit the visit to proceed until the Amended Protective Order and the two supplemental orders are entered in their entirety by the Court. Judge Bates' June 2, 2006 Order entered the protective orders "only insofar as they relate to petitioner's access to his counsel." In light of this qualification in the order, we are uncertain what specific provisions of the protective orders are actually in force in the case. We are concerned, for example, that because the counsel access procedures require that all information learned from a detainee be considered presumptively classified pending further review provided by the procedures, it is imperative that other provisions of the protective order concerning the filing and handling of classified and protected information also apply in the case. Consequently, we intend to seek reconsideration and/or clarification of Judge Bates' order. We intend to ask Judge Bates to vacate his order for the reasons explained in our opposition. In the alternative, we intend to request that the Court enter the protective orders in their entirety. I assume you will oppose the request to vacate Judge Bates' order, but please let me know whether you will oppose our alternative request that the Court enter the protective orders in their entirety.

Regarding the logistics of your visit request, please fill out the attached visit request form, including a list of all visitors (including lawyers and translators), proposed flight information, and a proposed visit schedule. Given the limited flight schedules, you may want to confer with the airlines (Air Sunshine or Lynx Air) on flight availability before submitting your request. Once I have all the required information on the form, I'll forward your request on to Guantanamo personnel and then let you know whether they can accommodate your requested dates. Because of previously scheduled habeas visits and military commission proceedings, the first available week for habeas visits appears to be July 16. However, we'll need to confirm the logistics of your visit request with Guantanamo before the arrangements are approved.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

-----Original Message-----
From: hcgorman@igc.org [mailto:hcgorman@igc.org]
Sent: Tuesday, June 06, 2006 12:27 PM
To: Warden, Andrew (CIV); Henry, Terry (CIV)
Subject: trip to Guantánamo


Hello Andrew and Terry,

I have not heard back from you regarding when I can schedule a trip to Guantánamo as per my email on Friday. I am wondering if there is someone else that I should be contacting about making the arrangements. Thank you for your cooperation.

1

Best regards,

Candace


H. Candace Gorman, Esq.

542 S. Dearborn

Suite 1060

Chicago Il. 60605

312-427-2313


| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'hcgorman@igc.org' | |
| | Henry, Terry (CIV) | Read: 6/6/2006 2:53 PM |

# EXHIBIT 2

## Warden, Andrew (CIV)

**Subject:** FW: trip to Guantánamo

-----Original Message-----
From: Warden, Andrew (CIV)
Sent: Wednesday, June 21, 2006 11:31 AM
To: 'hcgorman@igc.org'
Subject: RE: trip to Guantánamo

Candace,

Guantanamo has approved your visit request for July 15-20.  This approval is without prejudice to any revisions regarding counsel access to Guantanamo that may be implemented in light of the Detainee Treatment Act of 2005.

I'll send additional information regarding travel to Guantanamo and your travel clearances a few days before you depart.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084