PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, ) | |
| ) | |
| *Petitioners/Plaintiffs*, ) | |
| ) | |
| v. ) | Civil No. 05-2386 (RBW) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents/Defendants*. ) | |

**MOTION FOR ORDER REQUIRING RESPONDENTS TO
PROVIDE COUNSEL FOR PETITIONER WITH FACTUAL RETURNS**

Petitioner Maher El Falesteny moves this Court for an order requiring Respondents to provide counsel for Mr. El Falesteny with the classified factual returns for both his Combat Status Review Tribunal(s) ("CSRT") and his Administrative Review Board(s) ("ARB").[1]

**ARGUMENT**

Mr. El Falesteny (ISN #519) is presently imprisoned in the Guantanamo Bay military prison. No charges have ever been brought against him. Nearly a year ago, on December 12, 2005, Mr. El Falesteny petitioned this Court to issue the Writ of Habeas Corpus in his case. Subsequently, this Court entered a stay of proceedings in this matter. The Court also entered a Protective Order, allowing for limited counsel access to Mr. El Falesteny.

To date, Respondents have not provided Mr. El Falesteny's counsel with any information about his case, including the status of his detention, or the status of his mental or physical condition (although, as discussed below, counsel for Mr. El Falesteny has met with

---

[1] Respondents' counsel declined to consent to the relief sought here.

him).  Nevertheless, sometime in March or April of 2006, Respondents did release an unclassified summary of his CSRT proceedings to the public as the result of a Freedom of Information Act suit instituted by the Associated Press.  See http://www.dod.mil/pubs/foi/detainees/csrt/ (last visited on October 30, 2006).  This summary makes clear that certain, apparently classified, information was withheld both from Mr. El Falesteny and from the release to the Associated Press.  This summary is the only information Mr. El Falesteny's counsel has regarding his CSRT.  Access to the full record for the CSRT is vital – for instance, Mr. El Falesteny believes he was already imprisoned (he was kidnapped and turned over to the Northern Alliance for a bounty) when, according to his unclassified CSRT, he purportedly participated in fighting at Kandahar.  *See* Second Declaration of Stephen M. Truitt (November 3, 2006) at ¶ 3 (Exhibit 1).  Obviously, holding him prisoner based on an impossibility is completely at odds with *habeas corpus* and American ideals.

Pursuant to the Protective Order in place in this matter, counsel for Mr. El Falesteny visited him at Guantanamo on August 3 and 4, 2006.  Subsequent to that visit, Mr. El Falesteny wrote his counsel a letter in which he indicated that an ARB had been held that had charges with significant differences from those leveled during his CSRT.  Second Declaration of Stephen M. Truitt (November 3, 2006) at ¶ 2.  Counsel for Mr. El Falesteny has not been provided with any information related to Mr. El Falesteny's ARB.  *Id.*  Again, it is impossible to dispute the government's claims if they are hidden and ever-changing.

Requiring Respondents to promptly file a return will impose no burden.  "A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention.  The factual return is separate from

briefing on legal issues in the cases. Factual returns include both classified and unclassified materials." Resp. Mot. to Stay Proceedings Pending Related Appeals and for Cont'd Coordination in *Al-Mohammed v. Bush*, 05-0247 (hereinafter "Resp. Mot. to Stay") (Mar. 10, 2005) at p. 10 n. 9 (Exhibit 2). In addition, we know from Mr. El Falesteny's letter that the Respondents have undertaken an ARB – compilation of the materials from that review should be no more onerous. Thus, producing the returns at this time will not require significant effort.

Under similar situations in other Guantanamo detainee cases, at least nine Judges of this District have required Respondents to provide factual returns despite the issuance of stay orders in 26 cases. *See, e.g., Mamet v. Bush*, No. 05-1602 (Sept. 30, 2005); *Ameziane v. Bush*, No. 05-0392, 2005 U.S. DIST LEXIS 6560, *5 (D.D.C. Apr. 12, 2005); *M.C. v. Bush*, No. 05-0430 (Apr. 13, 2005). In *Manet*, *Ameziane*, and *M.C.*, Judge Huvelle granted Respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns . . . within ninety days of the date of this Order." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients . . . . Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering

>the returns; the court is confident that the government can handle this task.

*Id.* at 3 (internal citations omitted).

Judges have not shied away from ordering factual returns, even after the passage of the Detainee Treatment Act and the Respondents have continued their production after the passage of the Military Commissions Act. *See Orders entered in Al-Asadi v. Bush*, 05cv02197 (10/10/06); *Al-Ghizzawi v. Bush*, 05cv2378 (8/9/06); *Zadran v. Bush*, 05cv2367 (7/19/06); *Said v. Bush*, 05cv2384 (5/23/06); *Almerfedi v. Bush*, 05cv1645 (3/6/06); *Rabbani v. Bush*, 05cv1607 (6/16/06); *Kahn v. Bush*, 05cv1001 (8/10/06); *Alsaaei v. Bush*, 05cv2369 (8/14/06); *Amin v. Bush*, 05cv2336 (9/18/06); *Thabid v. Bush*, 05cv2398 (8/18/06).[2]

Finally, Respondents have previously argued that because counsel cannot share classified information with Petitioner, there is no reason why counsel need access to a factual return." This incorrect; there are several important reasons why counsel need a factual return in order effectively to represent Petitioner. Indeed, several judges in the district have recognized these reasons in the orders detailed above. For instance, counsel may still, consistent with any protective order, employ that information in the legal and factual analysis of Petitioner's case. Certainly, Petitioner's counsel would be in a far better position to assert Petitioner's interests and to ensure expeditious resolution of Petitioner's claims, once the substantive issues are resolved, if Petitioner's counsel was not fully ignorant of the facts of Petitioner's case.

## CONCLUSION

For the reasons discussed above, the motion should be granted.

---

[2] Of course, this is not surprising given the Detainee Treatment Act specifically provides for judicial review of determinations that a prisoner is correctly deemed and "enemy combatant" and the Military Commissions Act recognizes that provision. Absent access to the "evidence" considered by the CSRT and ARB, it is impossible for counsel to the prisoner to adequately evaluate that determination.

<table>
<tr><td>

Barbara Olshansky (NY #0057
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Of Counsel for Petitioner*

</td><td>

Respectfully submitted,

    /s/ Stephen M. Truitt
Stephen M. Truitt (DC # 13235 )
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC  20005-2004
Tel: (202) 220-1452
Fax: (202) 220-1665

Charles H. Carpenter (DC #432004)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC  20005-2004
Tel: (202) 220-1452
Fax: (202) 220-1665

Christopher J. Huber
Benjamin P. Cooper
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750

</td></tr>
<tr><td>

Dated:  November 3, 2006

</td><td>

*Counsel for Petitioner*

</td></tr>
</table>