*PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KHALD AL BARKATI, ) | |
| ) | |
| Sami Muhyideen, ) | |
|     as Next Friend of ) | Civil Action No. 05-cv-2386(RBW) |
|     Mr. Khald Al Barkati ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| *Respondents*. ) | |

**MOTION FOR FACTUAL RETURNS AND MEMORANDUM IN SUPPORT THEREOF**

Petitioner Khald Al Barkati ("Petitioner" or "Al Barkati") respectfully requests an order requiring Respondents to produce unredacted factual returns to Petitioner's counsel. Specifically, counsel seek classified and unclassified evidence; unredacted hearing transcripts of the Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, including any classified portions, pertaining to Petitioner's initial and continued classification as an enemy combatant; and any exhibits attached to the transcripts. Additionally, counsel seek evidence in the possession, custody or control of Respondents tending to show that Petitioner is *not* an enemy combatant. Counsel require complete, unredacted factual returns to represent Petitioner effectively. As counsel already possess the requisite security clearance, production of these classified materials will neither impose a burden on Respondents nor pose a national security risk.[1]

---

[1] District courts have ordered Respondents to produce factual returns in numerous related matters. *See, e.g.,* Order, *Battayav v. Bush*, No. 05-CV-0714 (D.D.C. May 19, 2005) (Walton, J.); Order, *Al-Asadi v. Bush*, No. 05-CV-2197 (D.D.C. Oct. 10, 2006); Order, *Amin v. Bush*, No. 05-2336 (D.D.C. Sept. 18, 2006); Minute Order, *Thabid v. Bush*, No. 05-CV-2398 (D.D.C. Aug.

Before filing this motion, Petitioner's counsel conferred with Respondents' counsel as required by LCvR 7(m). Respondent's counsel indicated that Respondents oppose the motion. The following memorandum of points and authorities and the attached proposed order support this motion. [2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.        Statement of Facts**

On December 21, 2005, the Center for Constitutional Rights, co-counsel in this matter, filed a petition for writ of habeas corpus on behalf of Petitioner Al Barkati, ISN # 322, based upon the Next Friend authorization of Sami Muhyideen Al Hajj. Dickstein Shapiro LLP was ultimately retained as Petitioner's counsel and entered a notice of appearance on April 26, 2006. Dickstein Shapiro attorneys Reginald B. McKnight and John C. Snodgrass obtained secret security clearance in connection with this and related petitions. On July 26, 2006, the Court entered a Protective Order to secure counsel's right to visit Petitioner.

Counsel McKnight and Snodgrass met with Petitioner at Guantánamo Naval Base on September 26, 2006. In advance of the meeting, counsel's only knowledge of the allegations

---

18, 2006); Memorandum Order, *Alsaaei v. Bush*, No. 05-CV-2369 (D.D.C. Aug. 14, 2006); Memorandum Opinion and Order, *Kahn v. Bush*, No. 05-CV-1001 (D.D.C. Aug. 10, 2006); Memorandum Opinion and Order, *Al-Ghizzawi v. Bush*, No. 05-2378 (D.D.C. Aug. 9, 2006); Memorandum Order, *Zadran v. Bush*, No. 05-CV-2367 (D.D.C. July 18, 2006); Memorandum Order, *Rabbani v. Bush*, No. 05-CV-1607 (D.D.C. June 16, 2006); Memorandum Order, *Said v. Bush*, No. 05-CV-2384 (D.D.C. May 23, 2006) (ordering Respondents to file <u>four</u> separate factual returns); Order, *Almerfedi v. Bush*, No. 05-CV-1645 (D.D.C. Mar. 6, 2006).

[2] Petitioner acknowledges that the Military Commissions Act of 2006, Pub. L. No. 109-366 ("the MCA") became law on October 17, 2006. The constitutionality of the MCA is currently being briefed before the United States Court of Appeals for the District of Columbia Circuit. Respondents have sought no relief on the basis of the MCA and until the Court of Appeals rules, they are entitled to none. The mere enactment of the MCA should not affect Counsel's access to the requested transcripts at this time.

against Petitioner was obtained from a scant one-and-half-page unclassified CSRT transcript that Respondents produced pursuant to the Freedom of Information Act. (See attached as Exhibit A).

The CSRT transcript presents only a vague statement of the allegations that led Respondents to classify Petitioner as an enemy combatant. According to the transcript, Respondents allege that Al Barkati (1) was second-in-command of his group in Tora Bora; (2) trained at Al Farouq and Kandahar, Afghanistan; and (3) has met Osama Bin Laden. The transcript identifies no evidence in support of any of these allegations. Nor have Respondents previously produced any evidence to support the allegations. Al Barkati denied all three allegations, according to the CSRT transcript, and maintains his denial of all of Respondent's claims against him.

**II.     Argument**

    A.     <u>Factual Returns are Necessary for Counsel's Effective Representation of Petitioner</u>

The requested factual returns are crucial to counsel's representation of Petitioner. Currently, counsel have little information concerning the charges against Petitioner and his continued detention at Guantánamo. Before filing this motion, Counsel requested that Respondents produce the factual returns sought. Respondents refused. The unclassified CSRT transcript is disjointed and incomplete; it leaves counsel to guess the basis for Respondents' *initial* determination that Petitioner is an enemy combatant. The transcript provides no information at all concerning Respondents' *present* determination that Al Barkati is a continuing threat to the United States. If indeed Respondents have any evidence supporting their detention of Petitioner, it should be contained in the transcripts of the ARB hearings, which Respondents purportedly conduct annually to reassess a detainee's status.

Now that counsel have visited with Petitioner and received direct verbal authorization to proceed in their representation, counsel's access to the requested information is crucial. Counsel simply cannot represent Petitioner effectively without access to additional information regarding the charges and supporting and mitigating evidence. U.S. CONST. amend. VI. The requested ARB hearing transcripts also would assure counsel, and this Court, that Respondents are in fact conducting annual reviews of Petitioner's status.

### B. Producing Factual Returns is Neither a Threat to National Security Nor Burdensome

The Amended Protective Order ensures that Respondents' production of classified materials will not pose a national security risk. Counsel McKnight and Snodgrass have received national security clearance and have executed the Memorandum of Understanding that controls handling of classified information. The Amended Protective Order "should [therefore] allay Respondents' fear of inadvertent disclosure of classified or otherwise protected information." *See* Memorandum Order, *Al-Mohammed v. Bush*, 05-CV-00247 (D.D.C. April 30, 2005). Dickstein Shapiro attorneys who have not received a security clearance will not have access to the classified materials.

Nor would the requested order impose any undue burden on Respondents, who can comply with the requested order by simply photocopying and delivering readily available documents. Indeed, Respondents have been ordered to produce similar documents within a matter of days. *See, e.g.*, *Said v. Bush*, No. 05-CV-2384 (D.D.C. May 23, 2006) (Respondents ordered to produce *four* separate factual returns by June 2, 2006); *Errachidi v. Bush*, No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual returns within seven-day time frame); *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns by April 15, 2006).

4

## CONCLUSION

For the foregoing reasons, the Court should grant Petitioner's Motion for Factual Returns.

Dated: November 3, 2006                    Respectfully submitted,

/s/ David L. Engelhardt
Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
Johnisha Matthews (DC492478)
Reginald B. McKnight (DC493946)
Lisa M. Kaas (DC492302)
John C. Snodgrass (DC473864)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006
Telephone:  (202) 420-2200
Fax:  (202) 420-2201

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on the following counsel for Respondents by filing with the Court Security Officer:

> Terry M. Henry, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530
> and
>
> Andrew I. Warden
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530

On this the 3rd day of November, 2006

/s/ John C. Snodgrass
John C. Snodgrass

DSMDB-2161934v02