*Kenneth W. Starr*
*24569 Via de Casa*
*Malibu, CA 90263*

September 24, 2006

The Honorable Arlen Specter
Chairman, Senate Committee on the Judiciary
Dirksen Senate Office Building, Room 224
Washington, D.C. 20510

Dear Chairman Specter:

I write to express my concerns about the limitations on the writ of *habeas corpus* contained in the compromise military commissions bill, The Military Commissions Act of 2006 (S. 3930). Although S. 3930 contains many laudable improvements to military commission procedure, section 6 of the bill effectively bars detainees at the U.S. Naval Base at Guantanamo Bay, Cuba from applying for *habeas corpus* review of their executive detention. I am concerned that limitation may go too far in limiting *habeas corpus* relief, especially in light of the apparent conflict between the holdings of Rasul v. Bush, 124 S.Ct. 2684 (2004), and Johnson v. Eisentrager, 339 U.S. 763 (1950).

Although the Rasul Court limited its holding to statutory *habeas* rights, which may be limited by the Congress, the Supreme Court nevertheless viewed Guantanamo Bay, Cuba as a territory within the control and jurisdiction of the United States. Accordingly, the Eisentrager case may no longer be relied upon with confidence to rule out constitutional *habeas* protections for Guantanamo detainees. One of the Eisentrager factors that limited constitutional *habeas* rights for aliens in military custody was whether the detainee was held outside of the United States. Based on the finding of the Rasul case that Guantanamo Bay falls within U.S. territorial jurisdiction, Guantanamo detainees likely have a different constitutional status than the alien detainees in Eisentrager, who were held in Landsberg, Germany.

Article 1, section 9, clause 2 of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." The United States is neither in a state of rebellion nor invasion. Consequently, it would problematic for Congress to modify the constitutionally protected writ of *habeas corpus* under current events.

I encourage the Senate Judiciary Committee to study the constitutional implications of S. 3930 on the *habeas corpus* rights of detainees in United States territory. Although no one wants the War on Terror to be litigated in the courts, Congress should act cautiously to strike a balance between the need to detain enemy combatants during the present conflict and the need to honor the historic privilege of the writ of *habeas corpus*. I thank you for holding a hearing on this topic and hope that it helps to strike that balance.

Sincerely,

Kenneth W. Starr