IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al.<br>(ABDAL RAZAK ALI)<br><br>Petitioners/Plaintiffs<br><br>v.<br><br>GEORGE W. BUSH, et al.<br><br>Respondents/Defendants | CIVIL ACTION<br><br>NO. 05-2386 (RBW) |

**MOTION FOR FACTUAL RETURN**

Now comes the Petitioner, Abdal Razak Ali, ISN 685, and asks for an Order requiring Respondents' to produce to counsel for Mr. Razak Ali the classified factual returns for both his Combat Status Review Tribunal(s) ("CSRT") and his Administrative Review Board(s) ("ARB") for the following reasons:

**BACKGROUND:**

Mr. Razak Ali is presently imprisoned in the Guantanamo Bay military prison. Counsel for Petitioner does not know how long he has been imprisoned at the base or what the government contends are the circumstances behind his detention. No charges have ever been brought against Mr. Razak Ali. Nearly a year ago, on December 12, 2005, Mr. Razak Ali petitioned this Court to issue the Writ of Habeas Corpus in his case.

1

Subsequently, this Court entered a stay of proceedings in this matter. In July this Court entered a Protective Order, allowing for limited counsel access to Mr. Razak Ali to determine if Mr. Razak Ali desired legal counsel. Counsel was finally able to visit with Mr. Ali in November 2006 and ascertained that he indeed does want counsel. A copy of his signed authorization was filed with this court on November 21, 2006.

### I. THE CSRT 'S MUST BE PRODUCED REGARDLESS OF THE OUTCOME OF THE JURISDICTIONAL ISSUES

To date, Respondents have not provided Mr. Razak Ali's counsel with *any information* about his case, including the status or circumstances surrounding his detention. Counsel for Mr. Razak Ali has also not been provided with any information related to Mr. Razak Ali's ARB proceedings. Access to the full record for the CSRT is vital to counsel's representation of Mr. Razak Ali, regardless as to whether that representation occurs before this Court or the Court of Appeals. Either way, counsel needs to know the circumstances surrounding the detention so that she can adequately and effectively represent her client. Now that counsel has received direct authorization to represent Mr. Razak Ali, counsel's access to the requested information is crucial.

Judge Bates recently ordered the government to explain in *300 words or less* whether or not government counsel would continue to oppose requests by petitioner's counsel for production of the CSRT's if these cases were transferred to the U.S. Court of Appeals for the District of Columbia Circuit pursuant to the Detainee Treatment Act. (*Al-Ghizzawi v. Bush*, 05 cv 2378 (JDB) Order of 08/03/06). In response the government

2

admitted[1] that it did not anticipate objecting to producing the CSRT records for review pursuant to the Detainee Treatment Act. (*Al-Ghizzawi v. Bush*, 05 cv 2378 government response of August 7, 2006)

After receiving the government's response Judge Bates ruled that, because petitioner would be entitled to the information sought no matter the outcome of the jurisdictional challenges, he would grant the motion to compel factual returns from respondents and ordered the CSRT to be filed within 60 days, holding:

> Because the Court has concluded that the outcome sought by petitioner through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question, and because this motion does not approach the merits of petitioner's challenge to the legality of his detention, the Court will rule on the motion without resolving respondents' jurisdictional challenge. To do otherwise could unnecessarily prejudice petitioner's ability to timely and meaningfully communicate with counsel and advance his claims, given the logistical difficulties and limitations associated with attorney-client communications in this unique detention setting. *Al-Ghizzawi v. Bush*, 05 cv 2378 (August 8, 2006)

At least eight other Judges of this District have also required Respondents to provide factual returns, despite the issuance of stay orders and the uncertainty of the jurisdictional issues. *See, e.g., Mamet v. Bush*, No. 05-1602 (Sept. 30, 2005); *Ameziane v. Bush*, No. 05-0392, 2005 U.S. DIST LEXIS 6560, *5 (D.D.C. Apr. 12, 2005); *M.C. v. Bush*, No. 05-0430 (Apr. 13, 2005). As show above in the order from Judge Bates, Judges have not shied away from ordering factual returns, even after the passage of the Detainee

---

[1] See also, Respondents' acknowledgment that orders to produce factual returns do not involve the merits of habeas petitioners' claims challenging the legality of their detention. "A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified materials." Resp. Mot. to Stay Proceedings Pending Related Appeals and for Cont'd Coordination in *Al-Mohammed v. Bush*, 05-0247 (hereinafter "Resp. Mot. to Stay") (Mar. 10, 2005) at p. 10 n. 9.

Treatment Act and the Respondents have continued their production after the passage of the Military Commissions Act.[2] *See Orders entered in Al-Asadi v. Bush*, 05cv02197 (10/10/06); *Al-Ghizzawi v. Bush*, 05cv2378 (8/9/06); *Zadran v. Bush*, 05cv2367 (7/19/06); *Said v. Bush*, 05cv2384 (5/23/06); *Almerfedi v. Bush*, 05cv1645 (3/6/06); *Rabbani v. Bush*, 05cv1607 (6/16/06); *Kahn v. Bush*, 05cv1001 (8/10/06); *Alsaaei v. Bush*, 05cv2369 (8/14/06); *Amin v.Bush*, 05cv2336 (9/18/06); *Thabid v. Bush*, 05cv2398 (8/18/06)
In *Manet*, *Ameziane*, and *M.C.*, Judge Huvelle granted Respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns . . . within ninety days of the date of this Order." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome.

---

[2] Even if Respondents once again claim that the recent Military Commissions Act of 2006 ("MCA") strips this Court of jurisdiction over Mr. Razak Ali's *habeas* petition, these claims must fail not only for the reasons stated by Judge Bates but also because the " MCA's "jurisdiction-stripping" provisions are unconstitutional, as they attempt to deny the right of *habeas corpus* proceedings to these detainees without creating any adequate remedy in its place. In short, if the new "remedy" provided for in the MCA is *not* the equivalent of the *habeas* remedy eliminated, the "jurisdiction strip" is void. *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001) (holding that statutory withdrawal of judicial authority to issue a habeas writ without an "adequate substitute" for such authority raises a "serious Suspension Clause" issue). This follows from the text of the Constitution and leading Supreme Court cases.

4

## II. ADDING INSULT TO INJURY

Despite the fact that the government repeatedly contends that counsel for the detainees should not be allowed to review the CSRT's or the ARB's for their clients, the government actually invites the media to attend these same hearings. It is inconceivable to counsel for Petitioner[3] why a reporter without a security clearance could actually watch petitioner's CSRT or ARB, but his own attorney cannot review the documents from that proceeding.  *See* Kathleen T. Rhem, *Reporters Offered Look Inside Combatant Status Review Tribunals*, American Forces Information Service, Aug. 29, 2004. Recordings of these proceedings have also been broadcasted on national and international radio stations. *See* Jackie Northam, *Listening in on Detainee Hearings*, National Public Radio *All Things Considered,* Nov. 21, 2006, available at http://www.npr.org/templates/story/story.php?storyId=6520816; Steve Swann, *Insight into Guantanamo Justice,* BBC World News Program, available at http://news.bbc.co.uk/2/hi/americas/6196438.stm. These are only a few examples of the access members of the press are granted while Respondents' attempt to prevent counsel from obtaining the most basic information about the circumstances surrounding Mr. Razak Ali's detention.

---

[3] This Court may recall entering a Rule to Show Cause in this case because of the government's failure to allow counsel to meet with Mr. Razak-Ali in July despite a court order for the visit. In attempting to get Petitioner's counsel to the base at government expense counsel for respondent offered counsel a ride on a government plane. After counsel accepted the offer it was withdrawn because only members of the press were allowed on that plane and not habeas counsel. Under questioning from this Court, Respondents' counsel stated that a press briefing was given on the plane that habeas counsel was not allowed to hear.  At that point, this Court remarked that "when you tell the press you are telling the world." Similarly the world has been given a glimpse at the CSRT's and the ARB's but counsel for petitioners is being shut out.

5

### III. REQUIRING RESPONDENTS TO PROVIDE CSRT'S AND ARB'S IS NOT BURDENSOME

Requiring Respondents to promptly file a return will impose no burden, since compliance with the requested order entails simply photocopying and delivering readily available documents. Indeed, Respondents have been ordered to produce similar documents within a matter of days. *See, e.g.*, *Said v. Bush*, No. 05-CV-2384 (D.D.C. May 23, 2006) (Respondents ordered to produce *four* separate factual returns by June 2, 2006); *Errachidi v. Bush*, No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual returns within seven-day time frame); *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns by April 15, 2006). Respondents undoubtedly possess documents, and have other evidence, that go directly to the circumstances of Mr. Razak Ali's detention. Requiring a factual return from Respondents would cause little or no prejudice and should not be difficult: all such documents are, at most, five years old and all should be in electronic form or readily accessible. Counsel for Mr. Razak Ali has security clearances at the appropriate levels.

Dated:  December  4 , 2006

                                                             Respectfully Submitted,

                                                             /s/ H. Candace Gorman
                                                             H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

## **CERTIFICATE OF SERVICE**

      I, H. Candace Gorman, certify that I today caused a true and accurate copy of MOTION FOR FACTUAL RETURNS to be served upon the following persons through service that automatically occurs by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section.

                Terry Henry, Esq., Senior Trial Attorney
                Andrew I. Warden, Esq., Trial Attorney
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                20 Massachusetts Ave., NW, Room 7144
                Washington, DC  20530

This 4th day of December, 2006.

                            /s/ H. Candace Gorman
                            Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313