Cleared for Public Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al. ) <br> (ABDAL RAZAK ALI) ) <br>   ) <br> Petitioners/Plaintiffs ) <br>   ) <br> v. ) <br>   ) <br>   ) <br> GEORGE W. BUSH, et al. ) <br>   ) <br> Respondents/Defendants ) <br>   ) | CIVIL ACTION <br><br> NO. 05-2386 (RBW) |

### PETITIONER ABDAL RAZAK ALI'S REPLY IN SUPPORT OF PETITIONER'S MOTION FOR FACTUAL RETURNS

Now comes the Petitioner, Abdal Razak Ali, by and through his counsel, and states the following reply in support of Petitioner's motion for factual returns:

As Petitioner has already addressed in his original motion Respondents' arguments regarding jurisdiction, the stay in place in this matter, as well as the absurd claims about the supposed burden and prejudice to Respondents in photocopying these documents and providing them to counsel, Petitioner will not rehash those arguments here.

As to Respondents' arguments regarding the ARB submissions, Petitioner first states that when his counsel visited her other client during her November trip to the base, that client had in his possession a copy of his unclassified ARB proceedings. (*See* Ex. A, Affidavit of Candace Gorman, ¶¶ 3, 4) Counsel did not ask Mr. Ali if he had a

1

copy of that document as it was her first meeting with Mr. Ali and the discussion centered around representation issues. It seems likely Mr. Ali also has a copy of his unclassified ARB, as most detainees were given copies of those documents. (Ex. A, Affidavit of Candace Gorman, ¶5) Additionally, some unclassified CSRT and ARB proceedings have been made available on the Pentagon's web site, but petitioner Ali's were not part of those submissions. Counsel should not be in the absurd position where the only way they can get copies of even the minimal unclassified documents is by taking their client's copy, sending it to the privilege review team for clearance then waiting for it to be cleared. Upon information and belief, other habeas counsel have received the documents through that cumbersome procedure.

More importantly, the Respondents invite counsel to provide submissions to the ARB proceedings on behalf of their clients in February of each year, making it clear that counsel's representation of their clients includes the ARB proceedings and their findings. It is impossible to provide a submission for the ARB panel when council does not have any formal information about the reasons for their client's detention.

The claim by Respondents that the ARB proceedings are "unrelated to the issues raised by the habeas petitions" are contradicted by their own admissions that the ARB hearings concern a determination whether the United States should "continue to detain an individual." Respondents' Opposition, p. 7. The "weighing and balancing" that takes place during those proceedings are just as important to counsel's representation of Petitioner in these habeas proceedings as the CSRT proceedings. Petitioner also points to the cases cited in his original motion where the government has previously been

2

ordered to produce documents relating to the ARB proceedings as further demonstration that they are related to the habeas proceedings.

Finally, in granting Petitioner's motion, Petitioner asks that the Court deny Respondents' unreasonable request for 90 days to produce the records and would like to draw the Court's attention to the cases cited in Petitioner's original motion in which Respondents were ordered to and in fact did produce records identical to those requested by Petitioner in a much shorter time span. Given the fact that Petitioners council will be asked in approximately 70 days to provide a submission to her client's 2007 ARB proceeding, Council requests that Respondent be given no more than 30 days to photocopy and file the documents.

WHEREFORE for the reasons set for above and in Petitioner's original motion, counsel for Razak Ali hereby asks this court to grant Petitioner's Motion for Factual Returns.

Dated: December 13, 2006                    Respectfully Submitted,

                                                               /s/ H. Candace Gorman
                                                               H. Candace Gorman

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis (IL Bar #6285095)
542 S. Dearborn Street -  Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313

## CERTIFICATE OF SERVICE

    I, H. Candace Gorman, certify that I today caused a true and accurate copy of PETITIONER'S REPLY IN SUPPORT OF PETITIONER'S MOTION FOR FACTUAL RETURNS to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section.
.

        Terry Henry, Esq., Senior Trial Attorney
        Andrew I. Warden, Esq., Trial Attorney
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., NW, Room 7144
        Washington, DC  20530

This 13th day of December, 2006.

        /s/ H. Candace Gorman
        Counsel for Petitioner

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman (IL Bar #6184278)
Elizabeth Popolis  (IL Bar #6285095)
542 S. Dearborn Street -   Suite 1060
Chicago, IL 60605
Tel:  (312) 427-2313