PREVIOSLY FILED WITH THE CSO
ON 12/20/06 AND APPROVED
FOR PUBLIC FILING BY THE CSO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| SANAD ALI YISLAM AL-KAZIMI | ) | |
| Detainee, | ) | |
| Guantánamo Bay Naval Station, | ) | |
| Guantánamo Bay, Cuba. | ) | |
| | ) | |
| Benyam Mohammad, | ) | |
| as Next Friend of | ) | |
| Mr. Sanad Ali Yislam Al-Kazimi | ) Civil Action No: 05-2386(RBW) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE WALKER BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

_____ )

## PETITIONER'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR FACTUAL RETURNS

## I.  THIS COURT HAS THE AUTHORITY TO ORDER THE RELIEF REQUESTED

It is not necessary for this Court to rule on the jurisdictional issues raised by Respondents in order to grant the relief requested. The constitutionality and effect of the Military Commissions Act, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA") and Detainee Treatment Act, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA") can and will be decided by the District of Columbia Circuit Court of Appeals.[1]  In the meantime,

---

[1] The constitutional validity of the MCA and DTA is currently before the District of Columbia Circuit Court of Appeals in the pending appeals, *Boumediene v. Bush*, No. 05-5062 (D.C. Cir.), and *Al Odah v. U.*

however, it is well within this Court's authority to grant Petitioners the relief requested, which, while simple and uncomplicated for Respondents to provide, is fundamentally necessary for Petitioner's access to counsel to be meaningful. *See Al-Anazi v. Bush*, 370 F. Supp.2d 188, 199-200 (D.D.C. 2005); *Al-Shabany v. Bush*, No. 05-CV-2029 (JDB), 2005 WL 3211407 (D.D.C. Nov. 17, 2005) ("As this Court has noted in other cases, the factual return appears to be necessary in order to enable counsel effectively to represent the petitioner."). *See also Al Odah v. U.S.*, 346 F. Supp. 2d 1, 11 n.12 (D.D.C. 2004) (observing that the Guantánamo Bay detainees "have been afforded access to the courts, which must necessarily be meaningful").

As one Court in this District has recently stated, "[d]espite the lack of finality regarding [the constitutionality of the MCA and the DTA] . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication  with counsel regarding the *factual basis of petitioner's detention.*" *Feghoul v. Bush*, No. 06-CV-00618 (RWR), 2006 WL 3096856 (Oct. 31, 2006) at 1 (granting factual return notwithstanding jurisdictional challenge based upon MCA and DTA) (emphasis added). *See also* Order, (June 27, 2006) (dkt. no. 66) at 4 ("Absent contrary direction by the District of Columbia Circuit, this Court is unwilling to take action that might conceivably dilute the Great Writ itself or impair its exercise.").

As discussed in Petitioner's opening brief, multiple other judges have ordered the production of factual returns even after the DTA and the MCA.[2]  Petitioner here requests the same relief, on the same grounds, as the multiple petitioners who have previously

---

*S.*, No. 05-5064 (D.C. Cir.).  *See* Notice of Order Granting Supplemental Briefing to Court of Appeals on Significance of Military Commissions Act of 2006, No. 05-CV-2386 (RBW) (dkt. no. 184).
[2] *See* Motion for Factual Returns (Pet. Mot.).

been granted factual returns. This Court need not address the merits of Respondents' jurisdictional arguments to grant this necessary relief.

## II.     THE STAY SHOULD NOT PRECLUDE GRANTING RELIEF

Respondents incorrectly attempt to categorize Petitioner's request for factual returns as attempting to proceed on the merits of the case.[3]  In actuality, Petitioner's request was made to ensure that timely and meaningful communication between Petitioner and counsel, which are especially difficult given the logistical difficulties and limitations placed upon Petitioner by Respondents, can occur.  Just because a stay is in place does not mean that all activity, especially attorney-client communication and investigative measures, should cease.

Respondents failed to address any of the substantive arguments for granting relief with a stay in place made by Petitioner in the opening brief merely stating that "petitioners' counsel make no showing of any circumstances that would warrant lifting the stay…"[4]  Factual returns have been granted by multiple other judges with this stay in place for the very reasons argued in Petitioner's opening brief.[5]  Petitioner here requests the same relief.

## III.     ARB TRANSCRIPTS DIRECTLY RELATE TO HABEAS PETITIONS

At present, the ARB transcripts will provide Respondents' reasons for detaining Petitioner and thus Petitioner seeks production of a "return certifying the true cause of the detention."  28 U.S.C. § 2243.  Respondents erroneously interpret a factual return to be

---

[3] *See* Respondent's Opposition to Petitioner's Motion for Factual Returns (Res. Mot.).
[4] *See id.*
[5] *See* Motion for Factual Returns (Pet. Mot.).

synonymous with the CSRT[6] and mistakenly rely on Petitioner's designation as an enemy combatant as satisfying the "true cause of the detention." Therefore, Respondents' production of a CSRT transcript in response to an order granting factual returns will only provide a minimal explanation, at best, as to Petitioner's detention.

It is impossible, however, to determine the "true cause of [Petitioner's] detention" based on the information provided by the CSRT alone. The term "enemy combatant" was created through the executive, outside the rule of law and only recently codified in the MCA. Moreover, Respondents' reliance on this arbitrary designation, reflexively used, has little bearing on whether the Petitioner is properly subject to detention by the United States. As recently as December 14, 2006, 16 detainees held at Guantánamo were repatriated.[7] Respondents, however, argue that as of November 3, 2006, only three men detained at Guantánamo did not meet the definition of "enemy combatant." Opp. at 2 n1. The U.S. policy of releasing men designated as enemy combatants by the CSRT demonstrates the inadequacies with relying on this document as a complete factual return.

By contrast, the ARB proceedings provide a current assessment as to whether the detainee falls within the confines of the definition "enemy combatant" and thus, according to Respondents, "may therefore be detained." Opp. at 7. An ARB proceeding, by the Respondents' own acknowledgement, is "based on a weighing and balancing of factors such as the threat a detainee is believed to pose to the United States or its allies." Opp. at 7. The ARB would thus provide Petitioner's counsel with the true cause

---

[6] "A factual return for a petitioner in a Guantánamo detainee case typically has consisted of the record of proceedings before a Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues the cases." *El-Mashad v. Bush*, No. 05-CV-0270 (JR) Resp. Mot. to Stay Proceedings Pending Related Appeals and for Cont'd Coordination (Mar. 10, 2005) at p. 10 n. 9.
[7] *Sixteen Saudis Held at Guantanamo Return Home: SPA*, New York Times (Dec. 14, 2006) *available at* http://www.nytimes.com/reuters/news/news-saudi-guantanamo.html?_r=1&oref=slogin

regarding Petitioner's current detention.    Contrary to Respondents' argument, these determinations are even more important than Respondents' production of a CSRT transcript.  The CSRT would only explain Respondents' initial justification for detaining Petitioner, his status as enemy combatant, without further explanation of his continued detention.

Dated: December 18, 2006

Respectfully submitted,

Counsel for Petitioners:

  /s/ Martha Rayner
Martha Rayner (NY-MR-1423)
Ramzi Kassem (NY-RK-3567)
James A. Cohen (NY-JC-3836)

LINCOLN SQUARE LEGAL SERVICES
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Telephone: (212) 636-6934
Fax: (212) 636-6923