IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action No. 05-2386 (RBW) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S
MOTION FOR ORDER REQUIRING REPONDENTS TO PROVIDE COUNSEL
FOR PETITIONER SHARKAWI ABDA ALI AL-HAAG
WITH A FACTUAL RETURN**

Respondents hereby oppose petitioner Sharkawi Abda Ali Al-Haag's motion to compel

the production of factual returns.[1]  As explained below, petitioner's motion disregards the fact

that this Court lacks jurisdiction.  Furthermore, this case is stayed with respect to all merits-

related matters, see Order, dkt. no. 6, and there are no circumstances that justify lifting the stay.

Petitioner's motion, therefore, is inappropriate and should be denied.

**ARGUMENT**

**A.    The Court Should Deny Petitioner's Motion Because the Military Commissions Act
of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction
in Favor of Exclusive Jurisdiction in the Court of Appeals.**

Petitioner's motion should be denied because the Military Commissions Act of 2006,

Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, and the

Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest

---

[1] Petitioner's motion was consolidated with a motion seeking an order requiring advance notice of any transfer of petitioner.  Respondents have responded separately to that motion.  See dkt. no. 261.

exclusive jurisdiction over this action in the D.C. Circuit.  The MCA amends 28 U.S.C. § 2241

to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas

petitions filed by aliens detained by the United States as enemy combatants, or (2) any other

action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of

confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit

created under the DTA for addressing the validity of the detention of such aliens.[2]  See MCA

§ 7(a).  Further, the new amendment to § 2241 takes effect on the date of enactment and applies

specifically "to all cases, without exception, pending on or after the date of the enactment of this

Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of

detention of an alien detained by the United States since September 11, 2001."  Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with

exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by

the United States, including at Guantanamo Bay, and of final decisions of any military

commissions.[3]  See DTA § 1005(e)(2)–(3), as amended by MCA.  Section 1005(e)(2) of the DTA

---

[2] Petitioner, detainee ISN 1457, has been determined to be an enemy combatant.  See Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A).  (The November 3, 2006, declaration of Ms. Hecker states that three detainees "determined to no longer meet the definition of enemy combatant" remain detained at Guantanamo. However, since the date of the declaration, those three have been released from United States custody.)

[3] The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA.  See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006).  Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA § 7.

states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final

decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy

combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the

same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status

Review Tribunal that an alien is properly detained as an enemy combatant," <u>see</u> DTA

§ 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like

this, challenging petitioner's detention as a enemy combatant.  <u>See, e.g.</u>, <u>Thunder Basin Coal Co.

v. Reich</u>, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act

precludes assertion of district court jurisdiction); <u>Laing v. Ashcroft</u>, 370 F.3d 994, 999-1000 (9th

Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is

available"); <u>Telecomms. Research & Action Ctr. v. FCC</u>, 750 F.2d 70, 75, 78-79 (D.C. Cir.

1984) (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals); <u>cf. id.</u> at 77 ("By lodging

review of agency action in the Court of Appeals, Congress manifested an intent that the appellate

court exercise sole jurisdiction over the class of claims covered by the statutory grant of review

power.").  In any event, with the enactment of the MCA, District Court jurisdiction has been

unambiguously withdrawn.

Granting the relief petitioners request would be an assertion of jurisdiction and authority

in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of

Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents'

jurisdictional argument is in no way immaterial or premature.[4]  See Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any

cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power

to declare the law, and when it ceases to exist, the only function remaining to the court is that of

announcing the fact and dismissing the cause.").   Indeed, petitioners are not entitled to ignore the

governing statutes and obtain relief from the Court, i.e., an order requiring the production of a

factual return, as if the statutes do not exist.  Whatever arguments may be marshaled in favor of

the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by

the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as

opposed to some other court.  See Telecomm. Research and Action Ctr, 750 F.2d at 75, 78-79;

see also Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994) ("Federal

courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution

and statute, which is not to be expanded by judicial decree.").

     Accordingly, petitioner's motion for a factual return should be denied.[5]

**B.      The Court Should Deny Petitioner's Motion Because There Has Been No Change in Circumstances That Warrants Lifting the Stay for Such Purposes.**

     Petitioner's motion also should be denied because petitioners have failed to provide a

---

    [4]Judge Bates' decision in Al Ghizzawi v. Bush, No. 05-CV-2378 (Aug. 9, 2006) (dkt. no. 23), cited by petitioner, was issued prior to the enactment of the MCA and is not controlling.

    [5]The issue of the effect of the MCA, which eliminates district court jurisdiction "without exception," see MCA § 7(b), and the DTA, which vests exclusive review in the Court of Appeals, on this Court's jurisdiction over Guantanamo detainee habeas cases, including the instant case, remains pending before the Court of Appeals.  Indeed, the MCA was the subject of supplemental briefing in the Court of Appeals that was completed on November 20, 2006.  It would not be appropriate for the Court to order petitioner's requested relief during the pendency of the jurisdictional issue, if ever.

sufficient factual or legal basis to justify departure from the stay in this case for purposes of the requested relief.  <u>See</u> dkt. no. 6.  The Court stayed this case "pending the jurisdictional ruling" of the Court of Appeals.  <u>Id.</u>; <u>see supra</u> note 5.  Since that jurisdictional issue has not been resolved, the stay is still in effect, especially with respect to all merits-related matters.  Further, petitioner's counsel make no showing of any circumstances that would in any way warrant lifting the stay in order to require the production of factual returns.

In any event, in the pending appeals, the D.C. Circuit will address significant issues regarding how Guantanamo detainees' challenges to their detention should proceed in this Court, if at all.  As mentioned <u>supra</u> note 5, the D.C. Circuit will consider the significance of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006.  Further, the Court of Appeals will determine the rights available, if any, to detainees at Guantanamo under the Fifth Amendment and various statutes and treaties.  In light of the potential for the D.C. Circuit's ruling to moot or at least significantly impact the legal bases for and future proceedings on petitioner's habeas petition and the likelihood that any decision by this Court regarding petitioner's motion would have to be relitigated or revisited once the Court of Appeals provides its guidance, this Court should deny petitioner's motion pending resolution of these appeals.

**C.    The Court Should Not Order the Production of Factual Returns in Any Event.**

Aside from the lack of jurisdiction and the stay currently in effect with respect to petitioner's requested relief, the Court also should not require the production and submission of a factual return in this case because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task.  As an initial matter, requiring respondents to provide to counsel a factual return containing classified

information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure is in question.  Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.  For these reasons, as well as the outstanding jurisdictional issues and the stay currently in effect, petitioner's motion for an order requiring production of a factual return should be denied.

For all of these reasons, petitioners have not established a sufficient factual or legal basis to justify departure from the stay in order to obtain the production of factual returns.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion to compel the production of a factual return should be denied.

Dated: December 22, 2006                      Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               DOUGLAS N. LETTER
                                               Terrorism Litigation Counsel

_/s/_ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4107

Attorneys for Respondents