IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, et al., ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-2386 (RBW) |

## RESPONDENTS' OPPOSITION TO EMERGENCY MOTION FOR RULING ON PETITIONER'S MOTION FOR FACTUAL RETURNS

Respondents hereby oppose petitioner Abdal Razak Ali's Emergency Motion for Ruling on Petitioner's Motion for Factual Returns (dkt. no. 280), which asks the court to grant the relief requested in petitioner's Motion for Factual Return (dkt. no. 226). Respondents continue to oppose the request for the reasons stated in respondents' opposition to petitioner's initial motion. Resp'ts' Opp'n to Pet'rs' Mots. for Factual Returns (dkt. no. 237). In addition, impending Administrative Review Board (ARB) proceedings do not provide reason to overlook the Court's lack of jurisdiction and lift the stay currently in effect in this case, because ARB proceedings are separate from and unrelated to this litigation. Petitioner's motion should be denied.

## ARGUMENT

Respondents continue to oppose petitioner Razak Ali's request for an order compelling production of a factual return for the reasons stated in respondents' opposition, including this Court's lack of jurisdiction and the stay currently in effect in this case. See Resp'ts' Opp'n to Pet'rs' Mots. for Factual Returns (dkt. no. 237). In addition, petitioner's upcoming Administrative Review Board proceedings do not provide reason to grant the relief the petitioner

requests, because Administrative Review Board proceedings are unrelated to this litigation.

The issue in a habeas corpus action is whether there is adequate legal and factual basis for the petitioner's detention. Even if the Court had jurisdiction over this case (and it does not, see Hamdan v. Rumsfeld, 2006 WL 3625015 at *9 (D.D.C. 2006)), the scope of the litigation would be limited to examining the legality of the petitioner's detention. An Administrative Review Board proceeding, however, is not a mechanism for reviewing the legality of the petitioner's detention as an enemy combatant. Instead, the subject of an ARB proceeding examines whether it is in the interest of the United States to continue to detain an enemy combatant whose detention has already been determined to be proper. An ARB decision is based on an exercise of military discretion based on factors such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf). Such an exercise of discretion presents no issues justiciable in the courts, see, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement"), and a request for information related to ARB proceedings amounts to an improper request for discovery, see, e.g., Bracy v. Gramley, 520 U.S. 899, 904 (1997) (petitioner in a habeas corpus action is generally not entitled to discovery).

The military's notice that petitioner's counsel may submit information for use in the ARB

proceedings reflects no more than that the military believes that habeas counsel might have information relevant to the factors to be considered in the proceedings. It does not in any way render the ARB proceedings ancillary to the habeas litigation or grant habeas counsel a right to obtain information pertaining to or for use in ARB proceedings. Granting petitioner's request would put respondents in the absurd situation of potentially having to provide factual returns for all detainees who are represented by counsel and have upcoming ARB proceedings, even though the ARB proceedings are unrelated to the habeas proceedings and the Court lacks jurisdiction over the habeas proceedings.

## CONCLUSION

For the foregoing reasons, petitioner Razak Ali's Emergency Motion for Ruling on Petitioner's Motion for Factual Returns should be denied.

Dated: January 11, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents