*PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AL BARKATI,<br><br>Sami Muhyideen,<br>     as Next Friend of<br>     Mr. Khalid Al Barkati<br><br>     *Petitioners*,<br><br>*v.*<br><br>GEORGE W. BUSH, *et al.,*<br>     *Respondents*. | Civil Action No. 05-cv-2386(RBW) |

**EMERGENCY MOTION FOR ORDER ON PETITIONER'S
MOTION FOR FACTUAL RETURNS**

In light of the recent revelation of a February 23, 2007 deadline for submissions to be considered at Petitioner's 2007 Annual Review Board ("ARB") hearing, Petitioner brings this Emergency Motion for an Order on Petitioner's Motion for Factual Returns (Dkt. No. 208). Petitioner's Motion for Factual Returns seeks all classified and unclassified evidence relating to Respondents' classification of Petitioner as an "enemy combatant" and Respondents' allegation that Petitioner represents a threat to the United States and its allies. Specifically, Petitioner seeks un-redacted hearing transcripts of his Combatant Status Review Tribunal ("CSRT") and ARB proceedings, including any classified portions, any exhibits thereto, and any evidence in the possession, custody or control of Respondents tending to show that Petitioner is *not* properly classified as an enemy combatant or does not present a threat to the United States or its allies. Unless the Court grants Petitioner's Motion for Factual Returns and orders Respondents to produce complete factual returns by January 29, 2007—in sufficient time for the information to

be included in Petitioner's 2007 ARB submission—Petitioner will have lost, for yet another year, a meaningful opportunity to present arguments in his defense.[1]

On December 22, 2006, the Friday before the Christmas holiday, undersigned counsel received an email message from LTC David N. Cooper of the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC"), informing counsel of its "opportunity to provide input regarding [Petitioner] for review and consideration by the 2007 Administrative Review Boards." (Exh. A).[2] The message further indicated that any submission must be made "no later than February 23, 2007" and stated that "the OARDEC Legal Advisor…will not be able to answer any substantive or procedural questions about your client's ARB of prior years or this year." (*Id.*). The message also included a "Fact Sheet for Habeas Counsel Regarding Administrative Review Boards (ARBs)" (Exh. B), which described the purpose of the ARB procedure:

> The ARBs are an administrative review process to annually assess whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.

(*Id.*). The Fact Sheet confirms that Respondents will not allow counsel to appear at the ARB hearings, that the February 23, 2007 submission is counsel's *only* opportunity to submit

---

[1] Counsel is currently planning a trip to visit Petitioner at Guantánamo on February 1-2, 2007. Production of the factual returns in advance of the visit would enable counsel to review unclassified information with Petitioner and have enough time to frame a response to Respondents' claim that Petitioner is an "enemy combatant" by the February 23, 2007 deadline. Under the terms of the Protective Order, after returning from Guantánamo, counsel will have to wait until the Privilege Team has made a classification determination as to any information counsel learns from Petitioner before including such information in any unclassified filing. Production of the factual returns by January 29, 2007 should allow just enough time.

[2] This is the first opportunity Petitioner's counsel has *ever* had to aid Petitioner in connection with the ARB hearings. Although counsel has represented Petitioner since 2005, Respondents have never previously contacted counsel regarding the ARB hearings nor provided any other notice of the ARB process.

information for consideration this year, and further states "If your client's ARB occurs before the Privilege Review Team receives your submission, the information will be retained for consideration at your client's next annual review." (*Id.*)

In light of the risk that a lost opportunity to participate could doom Petitioner to yet another year of imprisonment at Guantánamo, counsel immediately contacted Andrew Warden, counsel for Respondents, to determine when Petitioner's 2007 ARB would be held. (Exh. C). Nearly a week later, Mr. Warden responded, indicating that Respondents would not provide advance notice of Petitioner's Annual Review Board hearing. (Exh. D).

Respondents' behavior in this regard is neither acceptable nor Constitutional. "The core of due process is the right to notice and a meaningful opportunity to be heard." *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 542 (1985). Respondents have not merely denied Petitioner meaningful notice of the hearing. By refusing to produce factual returns in advance of the deadline for hearing submissions, Respondents would deny Petitioner a meaningful opportunity to be heard in his own defense. Respondents have previously argued that this Court lacks jurisdiction over this habeas petition and that the CSRT and ARB procedures are Petitioner's only recourse. But Respondents' failure to produce factual returns in time for Petitioner to include them in his ARB submission renders this process meaningless.

For five years, Petitioner has been imprisoned by Respondents at the United States Naval Base in Guantánamo Bay but has never been charged with any crime, never been fully advised of the allegations and evidence against him, and has effectively been denied the assistance of counsel in all proceedings against him. As explained in Petitioner's moving papers and reply brief (Dkt. No. 232), Petitioner desperately needs the requested factual information to enable him and his counsel to contest his unlawful imprisonment by Respondents at Guantánamo. The February 23, 2007 deadline for filings in connection with his 2007 ARB hearing is approaching

3

rapidly. Without the factual returns, including previous CSRT and ARB transcripts, Respondents' denial of the most basic elements of due process—notice and an opportunity to be heard—will be perpetuated for yet another year.

The Court should reject Respondents' claim that Petitioner is not entitled to complete factual returns, including records of previous ARB proceedings. By Respondents' own admission, the very purpose of the ARB process is to determine whether Respondents' continue to have a basis for imprisoning Petitioner at Guantánamo Bay. (*See* Exh. B, "The ARBs are an administrative review process to determine whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.") Nothing could be more central to the claims in Petitioner's habeas petition or more vital to counsel's representation of the Petitioner. Indeed, Respondents have just now, for the first time, invited Petitioner's counsel to participate in the ARB process. But if Petitioner is unable timely to obtain the requested factual returns, Petitioner will be unable to include the information in Petitioner's 2007 ARB submission.[3]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Petitioner's moving papers and reply brief, Petitioner requests that the Court grant Petitioner's Motion for Factual Returns and require that Respondents produce complete factual returns by no later than January 29, 2007.

---

[3] As discussed in Petitioner's Motion for Factual Returns (Dkt. No. 208) and Petitioner's reply brief (Dkt. No. 232), requiring respondents to produce the requested factual returns on a within a limited time frame is neither burdensome nor unprecedented. *See, e.g., Said v. Bush,* No. 05-CV-2384 (D.D.C. May 23, 2006) (requiring respondents to produce four separate factual returns within ten days); *Errachidi v. Bush,* No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (seven day time frame); *Abdullah v. Bush,* No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (seven day window).

| | |
|---|---|
| Dated: January 12, 2007 | Respectfully submitted, |

/s/ John C. Snodgrass
Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
Johnisha Matthews (DC492478)
Reginald B. McKnight (DC493946)
Lisa M. Kaas (DC492302)
John C. Snodgrass (DC473864)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Fax: (202) 420-2201

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served by filing with the Court Security Officer on the following counsel for Respondents:

Terry M. Henry
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

and

Andrew I. Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

On this the 12th day of January, 2007.

/s/ John C. Snodgrass
John C. Snodgrass