# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HASSAN ANVAR,   )
   )
   )
Petitioner,   )
   )
v.   )   Civil Action No. 05-2386 (RBW)
   )
GEORGE W. BUSH, et al.,   )
   )
Respondents.   )

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Hassan Anvar that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8 September 2006

_____
Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 048

2 5 FEB 05

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 250

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # 250 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John B. Wiegmann)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

UNCLASSIFIED

8 Feb 05

MEMORANDUM

From: Legal Advisor
To: Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 250

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 32 of 21 January 2005
(2) Appointing Order for Tribunal # 18 of 1 November 2004
(3) Record of Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and affirmatively declined to participate. The detainee did provide a statement, contained in exhibit D-b of enclosure (3) of enclosure (5) of the Tribunal Decision Report.

   b. The Tribunals were properly convened and constituted by enclosure (1) and enclosure (2).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Note that some information in exhibits R-4, R-6, and R-8 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. On 16 November 2004 a tribunal unanimously determined that the detainee was not properly designated as an enemy combatant. Following that tribunal, CSRT intelligence personnel conducted another search of the Government Information for evidence relevant to ISN 250's status. They collected additional evidence which eventually became exhibits R-18 through R-29. Due to the detachment from OARDEC of two of the three members of the original tribunal panel, the additional evidence, along with the original evidence and original Tribunal Decision Report, was presented to Tribunal panel # 32 to reconsider the detainee's status. (One of the members of the original tribunal sat on the new tribunal panel.) Following their consideration of the new information along with the original information, this Tribunal unanimously determined that the detainee was properly classified as an enemy combatant.

UNCLASSIFIED

UNCLASSIFIED

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 250

I note that Exhibit R-18 contains a troubling statement: "Inconsistencies will not cast a favorable light on the CSRT process or the work done by OARDEC. This does not justify making a change in and of itself, but is a filter by which to look at the overall Uigher transaction since they are all considered the same notwithstanding a specific act." Fortunately, there is no indication that the Tribunal adopted this inappropriate "one size fits all" policy.

e. The detainee did not request that any witnesses or evidence be produced.

f. The Tribunal's decision that detainee ISN # 250 is properly classified as an enemy combatant was unanimous.

g. The detainee affirmatively chose not to participate in the CSRT process but requested that his Personal Representative make an oral statement to the Tribunal about the allegations contained in the unclassified summary. A letter from the Personal Representative initially assigned to represent the detainee at Guantanamo Bay, Cuba, reflects the detainee's elections and is attached to the Tribunal Decision Report as exhibit D-b. The original Tribunal proceedings were held *in absentia* outside Guantanamo Bay with a new Personal Representative who was familiar with the detainee's file. This Personal Representative had the same access to information and evidence as the Personal Representative from Guantanamo Bay. The addendum proceedings were conducted with yet a third Personal Representative because the second Personal Representative had been transferred to Guantanamo Bay. This Personal Representative also had full access to the detainee's file and original Personal Representative's pass-down information. The detainee's Personal Representatives were given the opportunity to review the respective records of proceedings and both declined to submit post-tribunal comments to the Tribunal.

2. The proceedings and decision of the Tribunal, as reflected in enclosure (3), are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

JAMES R. CRISFIELD JR.
CDR, JAGC, USN

2
UNCLASSIFIED



Department of Defense
Director, Combatant Status Review Tribunals

21 Jan 05

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #32

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

▓▓▓▓▓▓▓▓▓▓▓▓▓, Colonel, U.S. Army; President

▓▓▓▓▓▓▓▓▓▓▓▓▓, Lieutenant Colonel, U.S. Air Force; Member

▓▓▓▓▓▓▓▓▓▓▓▓▓, Lieutenant Commander, JAGC, U.S. Navy; Member (JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



Department of Defense
Director, Combatant Status Review Tribunals

1 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #18

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS**:

▉▉▉▉▉▉▉▉▉▉▉▉, Colonel, U.S. Air Force; President

▉▉▉▉▉▉▉▉▉▉, Lieutenant Colonel, U.S. Air Force; Member

▉▉▉▉▉▉▉▉▉▉, Lieutenant Commander, U.S. Navy; Member (JAG)

J. M. McGARRAH
Rear Admiral, Civil Engineer Corps
United States Navy

SECRET//NOFORN//X1

**(U) Combatant Status Review Tribunal Decision Report Cover Sheet**

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2), (3) and (5).

(U) TRIBUNAL PANEL: \_\_\_32\_\_\_

(U) ISN#: \_\_\_250\_\_\_

Ref:   (a) (U) Convening Order for Tribunal #32 dated 21 January 2005 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:   (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Copies of Documentary Evidence Presented (S/NF)
       (4) (U) Personal Representative's Record Review (U/FOUO)
       (5) (U) CSRT Decision Report of Tribunal #18 (undated) (S/NF)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 16 November 2004, a previous Tribunal determined, by a preponderance of the evidence, that Detainee #250 was not properly designated as an enemy combatant as defined in reference (c). See enclosure (5). On 25 January 2005, this Tribunal was convened to review additional classified evidence, unavailable to the previous Tribunal, concerning Detainee #250. On 25 January 2005, this Tribunal, upon review of all the evidence, determined that Detainee #250 was properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the majority of the Tribunal found that the preponderance of the evidence supports the finding that this detainee was associated with and supported al 'Qaida and the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

                                                                        [REDACTED], Colonel, U.S. Army
                                                                         Tribunal President

DERV FM: Multiple Sources    SECRET//NOFORN//X1
DECLASS: X1

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#32_____
ISN #: _____250_____

1. **Introduction**

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was associated with and supported al Qaida and the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

2. **Synopsis of Proceedings**

The unclassified summary of evidence presented to the Tribunal by the Recorder indicated that the detainee traveled to Afghanistan for weapon and tactics training, traveling with an illegal passport. The detainee did labor work on the houses while at the Tora Bora training camp after arriving in September of 2001, where he received weapon training on the A-K rifle. He knew that the land where the terrorist training camp was located was donated by the Taliban. The detainee joined the Eastern Turkistan Islamic Movement, which is suspected of having received training and financial assistance from al-Qaida. He provided a false name when captured.

3. **Evidence Considered by the Tribunal**

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: R-1 through R-29.

    b. Exhibits: D-a and D-b.

    c. There were no witnesses.

UNCLASSIFIED//~~FOUO~~

ISN #250
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//FOUO

4. **Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The detainee did not request any witnesses or additional evidence; no rulings were required.

5. **Discussion of Unclassified Evidence**

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence and R-2 is the FBI request for redaction statement. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence.

    b. Since the detainee did not participate in the Tribunal process, the Tribunal relied heavily on classified evidence in reaching its decision. The Tribunal also considered Exhibits D-a and D-b, unclassified information provided by the detainee and is included as part of the Combatant Status Review Tribunal Decision Report. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

6. **Consultations with the CSRT Legal Advisor**

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

7. **Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The Personal Representative (PR) advised the detainee of his rights and read the unclassified summary of the evidence to him. The detainee affirmatively declined to participate in the Tribunal.

    c. The detainee is properly classified as an enemy combatant and was associated with and supported al Qaida.

UNCLASSIFIED//FOUO

ISN #250
Enclosure (1)
Page 2 of 3

UNCLASSIFIED//FOUO

**8. Dissenting Tribunal Member's report**

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

████████████████, Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//FOUO

ISN #250
Enclosure (1).
Page 3 of 3

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: ____18____
ISN #: ____250____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this Detainee is not properly classified as an enemy combatant. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified summary of evidence presented to the Tribunal by the Recorder indicated that the detainee is a member of, or affiliated with the Taliban or al Qaida and participated in military operations against the United States or its coalition partners. The detainee did not participate in the Tribunal process or request any witness or additional evidence be produced, but did provide a statement (see exhibit D-b).

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a through D-b and R-1 through R-17.

    b. There were no witnesses.

    c. The Detainee provided a statement to the Personal Representative (see exhibit D-b).

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

There were no witness or additional evidence requests.

## 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

UNCLASSIFIED//~~FOUO~~

ISN #250
Enclosure (1)
Page 1 of 3

**UNCLASSIFIED//FOUO**

a. The recorder offered Exhibits R-1, R-2 and R-3 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 is a FBI request for redaction of national security information, and provided no usable evidence. Exhibit R-3 is the Department of Homeland Security Terrorist Organization Reference Guide, which classifies the Eastern Turkistan Islamic Movement (ETIM) as an Islamic extremist group. The Tribunal found this document to be persuasive in a determination of the status of ETIM but not persuasive in supporting classification of the Detainee as an enemy combatant. Accordingly, the Tribunal looked to classified exhibits for support of the Unclassified Summary of Evidence.

b. In his statement, the Detainee admitted leaving China and entering Afghanistan for weapons training, but maintains his intent was to fight the Chinese government. He maintains he was not involved with the ETIM and denies knowledge of ETIM's association with al Qaida. He maintains his passport was legal. He admits to attending the Uighur training camp in Afghanistan and improving housing there but maintains this was only to improve living conditions for the Uighurs. He admits to training with the AK rifle while at the camp, but denies shooting at anything but targets. He denies being aware that the Uighur camp was donated by the Taliban. He admits he used a false name when arrested but maintains he did so to avoid being deported to China, where he fears he would be tortured and executed. See Exhibit D-b.

c. The Tribunal found the Detainee's denial of involvement with the Taliban, al Qaida, or ETIM, in the face of possible return to his home country (where he could be tortured and executed), to be sincere and genuine. The Tribunal considered the fact that the Detainee did not make this statement under oath nor appear before the Tribunal, and weighed the evidence accordingly.

d. In reviewing the evidence, the Tribunal was guided by Paragraph G-11 of the Implementing Directive (Reference (b)), and assigned a rebuttable presumption of genuineness and accuracy to the Government evidence. Even viewed in this light, a preponderance of the evidence does not support the Detainee's classification as an enemy combatant. The majority of the evidence is consistent with the Detainee's explanation as to his presence and activities in Afghanistan, and very little evidence, if any, was presented to refute or discredit his explanations.

e. The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

6. Consultations with the CSRT Legal Advisor

**UNCLASSIFIED//FOUO**

ISN #250
Enclosure (1)
Page 2 of 3

UNCLASSIFIED//FOUO

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

a. The Detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

b. The Detainee understood the Tribunal proceedings. The Personal Representative (PR) advised the detainee of his rights and read the unclassified summary of the evidence to him. The detainee affirmatively declined to participate in the hearing, with the exception of the statement provided in Exhibit D-b.

c. The Detainee is not properly classified as an enemy combatant.

### 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████

Colonel, U.S. Air Force
Tribunal President

SECRET//NOFORN//X1

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __18__

(U) ISN#: __250__

Ref: (a) (U) Convening Order for Tribunal #18 dated 1 November 2004 (U)
    (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
    (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
    (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
    (3) (U) Copies of Documentary Evidence Presented (S/NF)
    (4) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 16 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #250 is not properly designated as an enemy combatant as defined in reference (c).

3. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

                                                        [REDACTED] Col, USAF
                                                        Tribunal President

DERV FM: Multiple Sources    SECRET//NOFORN//X1
DECLASS: X1