IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Approved for Public Filing by the CSO*

|  |  |
|---|---|
| ) ) **AMER MOHAMMON**, *et al.*, ) **(Jabbarov Oybek Jamolivich)** )   Petitioner, ) ) *v.* ) ) **GEORGE W. BUSH**, *et al.*, )   Respondents. ) ) | **Civil Action No. 05-2386 (RBW)** |

## EMERGENCY MOTION FOR UNREDACTED FACTUAL RETURNS AND MEMORANDUM IN SUPPORT THEREOF

Petitioner, Jabbarov Oybek Jamolivich, ("Petitioner" or "Jamolivich") respectfully requests an order requiring Respondents to produce unredacted factual returns to Petitioner's counsel. Specifically, counsel seek classified and unclassified evidence; unredacted hearing transcripts of the Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, including any classified portions, pertaining to Petitioner's initial and continued classification as an enemy combatant; and any exhibits attached to the transcripts. Additionally, counsel seeks evidence in the possession, custody or control of Respondents tending to show that Petitioner is *not* an enemy combatant. Counsel requires complete, unredacted factual returns to represent Petitioner effectively. As counsel already possess the

requisite security clearance, production of these classified materials will neither impose a burden on Respondents nor pose a national security risk.[1]

Before filing this motion, Petitioner's counsel conferred with Respondents' counsel as required by LCvR 7(m). Respondent's counsel indicated that Respondents oppose the motion. The following memorandum of points and authorities and the attached proposed order support this motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Statement of Facts**

On December 21, 2005, the Center for Constitutional Rights, co-counsel in this matter, filed a petition for writ of habeas corpus on behalf Petitioner, Jamolivich, based upon his direct request to file a Petition and upon his request for assistance for counsel. Esdaile, Barrett & Esdaile was ultimately retained as Petitioner's counsel and entered a notice of appearance on April 27, 2006. Counsel for the Petitioner obtained secret security clearance in connection with

---

[1] District courts have ordered Respondents to produce factual returns in numerous related matters. *See, e.g.,* Order, Battayav v. Bush, No. 05-CV-0714 (D.D.C. May 19, 2005) (Walton, J.); Order, Al-Asadi v. Bush, No. 05-CV-2197 (D.D.C. Oct. 10, 2006); Order, Amin v. Bush, No. 05-2336 (D.D.C. Sept. 18, 2006); Minute Order, Thabid v. Bush, No. 05-CV-2398 (D.D.C. Aug. 18, 2006); Memorandum Order, Alsaaei v. Bush, No. 05-CV-2369 (D.D.C. Aug. 14, 2006); Memorandum Opinion and Order, Kahn v. Bush, No. 05-CV-1001 (D.D.C. Aug. 10, 2006); Memorandum Opinion and Order, Al-Ghizzawi v. Bush, No. 05-2378 (D.D.C. Aug. 9, 2006); Memorandum Order, Zadran v. Bush, No. 05-CV-2367 (D.D.C. July 18, 2006); Memorandum Order, Rabbani v. Bush, No. 05-CV-1607 (D.D.C. June 16, 2006); Memorandum Order, Said v. Bush, No. 05-CV-2384 (D.D.C. May 23, 2006) (ordering Respondents to file four separate factual returns); Order, Almerfedi v. Bush, No. 05-CV-1645 (D.D.C. Mar. 6, 2006).

[2] Petitioner acknowledges that the Military Commissions Act of 2006, Pub. L. No. 109-366 ("the MCA") became law on October 17, 2006. The constitutionality of the MCA is currently being briefed before the United States Court of Appeals for the District of Columbia Circuit. Respondents have sought no relief on the basis of the MCA and until the Court of Appeals rules, they are entitled to none. The mere enactment of the MCA should not affect Counsel's access to the requested transcripts at this time.

this and related petitions.  A motion seeking entry of the protective order is pending before this Court.  (dkt. no. 73).

Because the Protective Order has not yet been entered in this case, counsel has had no opportunity to correspond, much less meet with Petitioner at Guantánamo Bay.  Counsel's only knowledge of the allegations against Petitioner come from a unclassified CSRT transcript that Respondents produced pursuant to the Freedom of Information Act.  See Combatant Status Review Tribunal transcript, Set 51, bates 3490-3642, at 3609, available at http://www.dod.mil/pubs/foi/detainees/csrt/index.html.

The CSRT transcript presents only a vague statement of the allegations that led Respondents to classify Petitioner as an enemy combatant.  According to the transcript, Respondents allege that Jamolivich (1) supported the Taliban and al Qaida; (2) admitted being a member of the Islamic Movement of Uzbekistan ("IMU"); (3) admitted attending an IMU terrorist training camp; (4) stayed in a safe house in Afghanistan owned by the Libyan Islamic Fighting Group ("LIFG"); (5) participated in military operations against the United States and its coalition partners; (6) made a conscious decision to fight with the Taliban; and (7) participated in fighting between the Taliban and the Northern Alliance.

The transcript identifies no evidence in support of any of these allegations.  Nor have Respondents previously produced any evidence to support the allegations.  Jamolivich denied these allegations, according to the CSRT transcript, and maintains his denial of all of Respondent's claims against him.

**II.     Argument**

      A.    RESPONDENTS SHOULD BE ORDERED TO PRODUCE PETITIONERS FACTUAL RETURN DESPITE RESPONDENTS JURISDICTIONAL OBJECTIONS.

Numerous judges of this Court have order Respondents to produce factual returns, notwithstanding the enactment of the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, which Respondents have wrongly argued elsewhere prevents the courts from so doing.[3] In Al-Ghizzawi, No. 05-CV-2378 (JDB), for example, Judge Bates concluded that the DTA could not justify the government's refusal to produce factual returns. In doing so, Judge Bates reasoned that "even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct…completion of any…judicial review [in the D.C. Circuit under the provisions of the DTA] would necessitate that petitioner's counsel have access to the CSRT records." Al-Ghizzawi slip op., at 3-4. In that case, Respondents conceded that they "do not anticipate objecting to production of [the] petitioners' CSRT records for review in Court of Appeals' proceedings pursuant to [the DTA]." Al-Ghizzawi (dkt. no. 22), at 2. Similarly, in Kahn, No. 05-CV-1001 (ESH), Judge Huvelle rejected Respondents' jurisdictional objection as "an inadequate justification to further delay the relief sought by petitioner." *See* Kahn slip op., at 2 ("[Factual returns] will obviously be needed regardless of the resolution of the

---

[3] *See, e.g.,* Feghoul v. Bush, No. 06-CV-618 (RWR), 2006 WL 3096856 (D.D.C. Oct. 31, 2006); Al-Asadi v. Bush, No. 05-CV-2197 (HHK) (D.D.C. Oct. 10, 2006); Amin v. Bush, No. 05-CV-2336 (PLF) (order requiring factual returns entered by Robertson, J.) (D.D.C. Sept. 18, 2006); Thabid v. Bush, No. 05-CV-2398 (ESH) (D.D.C. Aug. 18, 2006); Alsaaei v. Bush, No. 05-CV-2369 (RWR) (D.D.C. Aug. 14, 2006); Amin Ullah v. Bush, No. 05-CV-1237 (ESH) (D.D.C. Aug. 10, 2006); Kahn v. Bush, No. 05-CV-1001 (ESH) (D.D.C. Aug. 10, 2006); Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (D.D.C. Aug. 9, 2006); Zadran v. Bush, No. 05-CV-2367 (RWR) (D.D.C. July 19, 2006); Rabbani v. Bush, No. 05-CV-1607 (RMU) (D.D.C. June 16, 2006); Said v. Bush, No. 05-CV-2384 (RWR) (D.D.C. May 23, 2006); Almerfedi v. Bush, No. 05-CV-1645 (PLF) (D.D.C. Mar. 6, 2006).

jurisdictional question"); *see also* Said, No. 05-CV-2384 (RWR), slip op. at 4 ("Whatever forum is ultimately held to be the proper one to rule on a pre-DTA habeas petition, it is hardly sensible to withhold what no one disputes petitioners will ultimately be likely to receive."); Feghoul, No. 06-CV-618 (RWR), slip op. at 2-3 ("Despite the lack of finality regarding the issues on appeal…it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention.").

In accordance with these other decisions, this Court should grant Petitioner's motion. Even under the review process prescribed by the DTA (which Respondent contends applies here), Petitioner would be entitled to the information contained in the requested factual returns. *See* Al-Ghizzawi, slip op. at 3 ("[T]he outcome sought by petitioners through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question").[4]

### B.   FACTUAL RETURNS ARE NECESSARY FOR COUNSEL'S EFFECTIVE REPRESENTATION OF PETITIONER.

The requested factual returns are critical to counsel's representation of Petitioner. Currently, counsel have little information concerning the charges against Petitioner and his

---

[4] Similarly, the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, does not preclude the limited form of relief sought in the instant motion. Indeed, two weeks after the MCA was enacted, Judges Roberts and Kollar-Kotelly entered orders directing Respondents to produce factual returns. *See* Feghoul v. Bush, No. 06-CV-618, 2006 WL 3096856 (RWR) (D.D.C. Oct. 31, 2006); Lal v. Bush, No. 06-CV-1763 (CKK) (D.D.C. Oct. 29, 2006) (*sua sponte* ordering returns post-MCA); *see also* Al-Asadi v. Bush, No. 05-CV-2197, slip op. (HHK) (D.D.C. Oct. 10, 2006) (ordering factual return over Respondents' objection, *see* dkt. No. 39, at 3 n.l, that the MCA, which had been passed by Congress but not yet signed by the resident, divested the court of jurisdiction). In addition, Respondents have produced factual returns post-MCA in compliance with a pre-MCA order directing the submission of such returns. *See* Thabid v. Bush, No. 05-CV-2398 (ESH) (D.D.C.) (dkt. nos. 27-28), at I n.1 (noting their objection that the MCA divests the district court of jurisdiction over the habeas petition but simultaneously submitting factual returns on October 17, 2006); *see also* Amin v. Bush, No. 05-CV-2336 (PLP) (D.D.C.) (dkt. no. 29) (submitting returns on October 18, 2006).

continued detention at Guantánamo.  The unclassified CSRT transcript is disjointed and incomplete; it leaves counsel to guess the basis for Respondents' *initial* determination that Petitioner is an enemy combatant.  The transcript provides no information at all concerning Respondents' *present* determination that Jamolivich is a continuing threat to the United States.  If indeed Respondents have any evidence supporting their detention of Petitioner, it should be contained in the transcripts of the ARB hearings, which Respondents purportedly conduct annually to reassess a detainee's status.

Counsel's access to the requested information is crucial.  Counsel simply cannot represent Petitioner effectively without access to additional information regarding the charges and supporting and mitigating evidence.  U.S. CONST. amend. VI.  The requested ARB hearing transcripts also would assure counsel, and this Court, that Respondents are in fact conducting annual reviews of Petitioner's status.

      C.    <u>PRODUCING FACTUAL RETURNS IS NEITHER A THREAT TO NATIONAL SECURITY NOR BURDENSOME.</u>

Although a motion seeking entry of the Amended Protective Order is pending before this Court, counsel for Petitioner have received national security clearance and agree to follow the procedures that control the handling of classified information in this case.  As such Respondents production of classified materials will not pose a national security risk.

Nor would the requested order impose any undue burden on Respondents, who can comply with the requested order by simply photocopying and delivering readily available documents.  Indeed, Respondents have been ordered to produce similar documents within a matter of days.  See, e.g., <u>Said v. Bush</u>, No. 05-CV-2384 (RWR) (D.D.C. May 23, 2006) (Respondents ordered to produce *four* separate factual returns within ten days); <u>Errachidi v. Bush</u>, No. 05-CV-0640 (EGS) (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual

returns within seven-day time frame); Abdullah v. Bush, No. 05-CV-0023 (RWR) (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns within seven days).

> D. PRODUCING FACTUAL RETURNS IS CRITICALLY IMPORTANT SO THAT PETITIONER MAY INCLUDE THE INFORMATION IN PETITIONER'S 2007 ARB SUBMISSION.

On December 22, 2006, undersigned counsel received an email message from LTC David N. Cooper of the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC"), informing counsel of its "opportunity to provide input regarding your client for review and consideration by the 2007 Administrative Review Boards." (Exh. A). The message further indicated that any submission must be made "no later than February 23, 2007" and stated that "the OARDEC Legal Advisor…will not be able to answer any substantive or procedural questions about your client's ARB of prior years or this year." (*Id.*). The message also included a "Fact Sheet for Habeas Counsel Regarding Administrative Review Boards (ARBs)" (Exh. B), which described the purpose of the ARB procedure:

> The ARBs are an administrative review process to annually assess whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaida and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.

(*Id.*). The Fact Sheet confirms that Respondents will not allow counsel to appear at the ARB hearings, that the February 23, 2007 submission is counsel's *only* opportunity to submit information for consideration this year, and further states "If your client's ARB occurs before the Privilege Review Team receives your submission, the information will be retained for consideration at your client's next annual review." (*Id.*)

For five years, Petitioner has been imprisoned by Respondents at the United States Naval Base in Guantánamo Bay but has never been charged with any crime, never been fully advised of

- 7 -

the allegations and evidence against him, and has effectively been denied the assistance of counsel in all proceedings against him. Petitioner desperately needs the requested factual information to enable him and his counsel to contest his unlawful imprisonment by Respondents at Guantánamo. The February 23, 2007 deadline for filings in connection with his 2007 ARB hearing is approaching rapidly. Without the factual returns, including previous CSRT and ARB transcripts, Respondents' denial of the most basic elements of due process – notice and an opportunity to be heard – will be perpetuated for yet another year.

The Court should reject Respondents' claim that Petitioner is not entitled to complete factual returns, including records of previous ARB proceedings. By Respondents' own admission, the very purpose of the ARB process is to determine whether Respondents' continue to have a basis for imprisoning Petitioner at Guantánamo Bay. (*See* Exh. B, "The ARBs are an administrative review process to determine whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.") Nothing could be more central to the claims in Petitioner's habeas petition or more vital to counsel's representation of the Petitioner. But if Petitioner is unable timely to obtain the requested factual returns, Petitioner will be unable to include the information in Petitioner's 2007 ARB submission.

Accordingly, Petitioner requests that the factual return be provided no later than February 9, 2007, ten working days before the government's deadline for submissions in connection with Petitioner's 2007 ARB proceeding. Judges in this district routinely have set short deadlines for the production of factual returns. See, e.g., Hatim v. Bush, No. 05-CV-1429 (RMU) (D.D.C. Aug. 22, 2005) (ordering production of returns within seven days); Errachidi v. Bush, No. 05-

CV-640 (EGS) (D.D.C. Apr. 21, 2005) (within seven days); Abdullah v. Bush, No. 05-CV-23 (RWR) (D.D.C. Apr. 8, 2005) (within seven days); Said v. Bush, No. 05-CV-2384 (RWR) (D.D.C. May 26, 2006) (ordering submission of four classified returns within ten days).  Given Respondents' failure to provide any explanation for Petitioner's five-year detention, and given the extremely abbreviated period for counsel to prepare submissions in connection with the 2007 ARB proceedings, requiring immediate production of a factual return is both reasonable and appropriate.

Consistent with the normal one-week period for Respondents to provide a factual return, Petitioner respectfully requests that this Court enter an Order granting this motion for factual return no later than February 2, 2007, five business days (seven calendar days) before February 9, 2007.

## CONCLUSION

For the foregoing reasons, Petitioner's Emergency Motion for Unredacted Factual Returns should be granted, and Respondents should be ordered to produce a complete unredacted factual return no later than February 9, 2007, to be supplemented should the information therein change.

Dated:  January 24, 2007

Respectfully submitted,
Counsel for Petitioner:

/s/ Michael E. Mone, Jr.
Michael E. Mone, Jr.
(MA BBO No. 634607)
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, MA  02110
(617) 482-0333

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel

Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

     I, Michael E. Mone, Jr., certify that I today caused a true and accurate copy of Petitioner's EMERGENCY MOTION FOR UNREDACTED FACTUAL RETURNS AND MEMORANDUM IN SUPPORT THEREOF to be served upon the following persons via this Court's Electronic Case Filing system:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 7144
> Washington, DC 20530

This 24th day of January, 2007.

> /s/ Michael E. Mone, Jr.
> Michael E. Mone, Jr.
> (MA BBO No. 634607)
> ESDAILE, BARRETT & ESDAILE
> 75 Federal Street
> Boston, MA 02110
> (617) 482-0333