IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al., ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, et al., ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-2386 (RBW) |

### RESPONDENTS' OPPOSITION TO MOTION OF PETITIONERS ABDUL GHAFFAR AND ADEL NOORI FOR PRODUCTION OF FACTUAL RETURN

Respondents hereby oppose the Motion of Petitioners Abdul Ghaffar and Adel Noori for Production of Factual Return (dkt. no. 304). This motion, purportedly filed on behalf of two detainees held at Guantanamo Bay, Cuba, seeks an order compelling respondents to produce factual returns and additional documents. The motion should be denied, because counsel for petitioners have not provided sufficient evidence to establish the petitioners' identity. Furthermore, as explained below, the motion disregards the fact that this Court lacks jurisdiction. Finally, this case is stayed with respect to all merits-related matters, see Order, No. 05-CV-2386 (RBW) (Jan. 11, 2006) (dkt. no. 6), and there are no circumstances that justify lifting the stay. The motion, therefore, is inappropriate and should be denied.

### ARGUMENT

A.  **The Court Should Deny the Motion Because Counsel for Petitioners Have Not Presented Sufficient Evidence to Confirm the Petitioners' Identity.**

As respondents have explained in previous filings, counsel for petitioners have failed to present sufficient evidence to establish the identity of the petitioners named in the habeas

petition as Abdul Rahman and Adel LNU.[1] The habeas petition was not authorized by the named detainees themselves but was instead brought by another detainee claiming to act as a next friend, Usama Hasan Abu Kabir. Counsel contend that the petitioner named as Adel LNU is Adel Noori, a detainee with Internment Serial Number (ISN) 584. The primary basis counsel have offered for this identification is that Adel Noori, the detainee with ISN 584, is the only detainee from Turkestan named Adel who is still in custody at Guantanamo. At the time the petition was filed, however, more than one person from Turkestan named Adel was detained at Guantanamo. See Resp'ts' Opp'n to Emergency Mot. for Access to Counsel and to hold Resp'ts in Contempt Filed on Behalf of Named Pet'rs Adel LNU and Abdul Rahman at 5 (dkt. no. 90). Counsel have also offered that other detainees have confirmed the identity of Adel LNU, but counsel have not explained how these other detainees would have any basis for identifying the petitioner. Similarly, counsel contend that the petitioner named as Abdul Rahman is Abdul Ghaffar, the detainee with ISN 281, but they have not provided any confirmation of the petitioner's identity aside from information found in the respondents' list of detainees and unfounded statements from other detainees. Respondents continue to maintain that counsel have not presented sufficient evidence to show that petitioners Adel LNU and Abdul Rahman are the same persons as Adel Noori (ISN 584) and Abdul Ghaffar (ISN 281). Consequently, the Court should deny the motion for factual returns pertaining to the two named detainees.

---

[1] See Resp'ts' Opp'n to Renewed Mot. of Pet'rs Abdul Ghaffer and Adel Noori for Access to Counsel and Related Relief (dkt. no. 172); Resp'ts' Opp'n to Emergency Mot. for Access to Counsel and to hold Resp'ts in Contempt Filed on Behalf of Named Pet'rs Adel LNU and Abdul Rahman (dkt. no. 90); see also Resp'ts' Resp. to Notice of Supplemental Factual Evidence in Further Supp. of Petrs Abdul Ghaffar's and Adel Noori's Renewed Mot. for Counsel Access (dkt. no. 229); Resp'ts' Mem. in Opp'n to Pet'rs' Mot. for Prelim. Inj. Requiring Advance Notice of Transfer or Release at 1 & n.1 (dkt. no. 107).

B.   **The Court Should Deny the Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

The motion filed by petitioners' counsel should also be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 05-CV-2386 (RBW) (dkt. no. 181), and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens.[2] See MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b); see Hamdan v. Rumsfeld, 2006 WL 3625015 at *9 (D.D.C. 2006).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with

---

[2] The two detainees who counsel claims are the named petitioners, Adel Noori (ISN 584) and Abdul Ghaffar (ISN 281), as well all other current Guantanamo detainees except for fourteen recent arrivals that are beyond cavil not petitioners in this case, have been determined to be enemy combatants. See Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A). (The November 3, 2006, declaration of Ms. Hecker states that three detainees "determined to no longer meet the definition of enemy combatant" remain detained at Guantanamo. However, since the date of the declaration, those three have been released from United States custody.)

exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[3] See DTA § 1005(e)(2)–(3), as amended by MCA. Section 1005(e)(2) of the DTA states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," see DTA § 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like this, challenging the detention of aliens determined to be enemy combatants. See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77

---

[3]The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals. See MCA § 7.

("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."). In any event, with the enactment of the MCA, District Court jurisdiction has been unambiguously withdrawn.

Granting the relief requested in the motion would be an assertion of jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Indeed, petitioners' counsel are not entitled to ignore the governing statutes and obtain relief from the Court, i.e., an order requiring the production of factual returns, as if the statutes do not exist. Whatever arguments may be marshaled in favor of the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as opposed to some other court. See Telecomms. Research & Action Ctr., 750 F.2d at 75, 78–79; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citation omitted)).

Indeed, the circumstances that existed at the time of the Court's grant of a motion for a

factual return in another case, Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (dkt. no. 23), before the passage of the MCA, no longer exist now that the MCA has unambiguously divested this Court of jurisdiction. In Al-Ghizzawi, the Court granted the petitioner's motion after concluding that although the issue of the Court's jurisdiction remained unresolved, petitioners' counsel would eventually have access to factual returns either in this Court or in the Court of Appeals, and factual findings might be necessary to determine whether petitioners' challenge fell within the scope of the Court of Appeals' exclusive jurisdiction under the DTA. Id. at 3–4. After the passage of the MCA, however, this Court's jurisdiction is no longer merely in doubt; rather, the MCA has explicitly and unambiguously withdrawn the district court's jurisdiction over pending habeas cases and vested exclusive jurisdiction in the Court of Appeals. See supra pp. 3–4; MCA § 7(a)–(b). This case clearly falls within the scope of the MCA's provisions divesting the district court of jurisdiction. These provisions, by their plain terms, apply to any habeas corpus action filed by a petitioner "who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," as well as "any other action . . . relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such an alien. MCA § 7(a). The two detainees whom counsel claims are the petitioners have been "determined by the United States to have been properly detained as an enemy combatant" through a Combatant Status Review Tribunal. See supra note 2; Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A).[4]

---

[4] Furthermore, petitioners' motion seeks relief beyond what the Court granted in Al-Ghizzawi. In addition to records of Combatant Status Review Tribunal proceedings, the motion also seeks records from Administrative Review Board (ARB) proceedings. As explained infra pp. 9–10 & n. 8, these requests would be inappropriate even if the Court had jurisdiction.

Accordingly, the motion for production of factual returns should be denied.[5]

## C. The Court Should Deny Petitioners' Motion Because There Has Been No Change in Circumstances That Warrants Lifting the Stay for Such Purposes.

The motion also should be denied because it fails to provide a sufficient factual or legal basis to justify departure from the stay in this case for purposes of the requested relief. See Order, No. 05-CV-2386 (RBW) (Jan. 11, 2006) (dkt. no. 6). The Court stayed this case "pending the jurisdictional ruling" of the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).[6] Id. at 5. Since these appeals have not been resolved, the stay is still in effect, especially with respect to all merits-related matters. Further, petitioners' counsel make no showing of any circumstances that would in any way warrant lifting the stay in order to require the production of factual returns.

In any event, in the pending appeals, the D.C. Circuit will address significant issues regarding how Guantanamo detainees' challenges to their detention should proceed in this Court, if at all. As mentioned supra note 5, the D.C. Circuit will consider the significance of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006. Further, the Court of Appeals will determine the rights available, if any, to detainees at Guantanamo under the Fifth

---

[5] The issue of the effect of the MCA, which eliminates district court jurisdiction "without exception," see MCA § 7(b), and the DTA, which vests exclusive review in the Court of Appeals, on this Court's jurisdiction over Guantanamo detainee habeas cases, including the instant case, remains pending before the Court of Appeals. Indeed, the MCA was the subject of supplemental briefing in the Court of Appeals that was completed on November 20, 2006. It would not be appropriate for the Court to order petitioners' requested relief during the pendency of the jurisdictional issue, if ever.

[6] On appeal these cases are titled Al Odah v. United States, No. 05-5064, and Boumediene v. Bush, No. 05-5062.

Amendment and various statutes and treaties. In light of the potential for the D.C. Circuit's ruling to moot or at least significantly impact the legal bases for and future proceedings on petitioners' habeas petition and the likelihood that any decision by this Court regarding petitioners' motion would have to be relitigated or revisited once the Court of Appeals provides its guidance, this Court should deny the motion pending resolution of these appeals.

### D.     The Court Should Not Order the Production of Factual Returns in Any Event.

Aside from the lack of jurisdiction and the stay currently in effect with respect to the requested relief, the Court also should not require the production and submission of factual returns in this case because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure is in question. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations, and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. For these reasons, as well as the outstanding jurisdictional issues and the stay currently in effect, the

motion for an order requiring production of factual returns should be denied.[7]

Furthermore, to the extent petitioners' motion asks the Court to require production of information related to detainees' Administrative Review Board ("ARB") proceedings, the motion should also be denied because such proceedings are not properly before this Court, nor are they a proper subject for this litigation. ARB proceedings are separate and distinct from proceedings before the Combatant Status Review Tribunals ("CSRTs") that determine whether detainees are properly classified as enemy combatants. ARB proceedings serve purposes unrelated to the issues raised by the habeas petition before the Court. The issue in a habeas corpus action is whether there is adequate legal and factual basis for the petitioner's detention. Even if the Court had jurisdiction over this case and counsel had adequately confirmed the identity of the petitioners, the scope of the litigation would be limited to examining the legality of the petitioners' detention. An Administrative Review Board proceeding, however, is not a mechanism for reviewing the legality of the petitioners' detention as enemy combatants. Instead, the subject of an ARB proceeding examines whether it is in the interest of the United States to continue to detain an enemy combatant whose detention has already been determined by the Department of Defense to be proper. An ARB decision is based on an exercise of military

---

[7] Although respondents maintain that factual returns should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006 and order the production of one or more factual returns in this case, respondents request that in light of the logistical burdens involved, they be given at least 90 days to submit the factual return. The review of information in the return described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations, and Executive Orders, must be conducted. Furthermore, significant numbers of counsel in other pending Guantanamo cases have moved or are moving for orders requiring the submission of factual returns by respondents. In light of such factors, if the Court determines that the submission of a factual return is appropriate, the Court should grant respondents at least 90 days to produce the factual return in this case.

discretion based on factors such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (available at <http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the military that is not justiciable.[8] See, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement").

For all of these reasons, petitioners' counsel have not established a sufficient factual or legal basis to justify departure from the stay in order to obtain the production of factual returns.

## CONCLUSION

For the foregoing reasons, the Motion of Petitioners Abdul Ghaffar and Adel Noori for Production of Factual Return should be denied.

---

[8] Accordingly, the request for information related to ARB proceedings is, in essence, an improper request for discovery. "A habeas petitioner, [however,] unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); see also Harris v. Nelson, 394 U.S. 286, 297 (1969) (discovery in habeas proceedings is not automatic and cannot be "activated on [the petitioner's] own initiative."); cf. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (codifying Harris v. Nelson by allowing discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise" and requiring submission of the proposed discovery to the court for approval); id. Rule 1(b) (application of § 2254 Rules in non-§ 2254 cases is within court's discretion). In any event, for the reasons discussed in the text, any such discovery would be inappropriate.

Dated: January 24, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents