IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, et al., ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 05-CV-2386 (RBW) |
| GEORGE W. BUSH, et al., ) | |
| Respondents. ) | |

**RESPONDENTS' RESPONSE TO SUPPLEMENTAL MEMORANDUM SUPPORTING REQUEST THAT RESPONDENTS IMMEDIATELY FILE FACTUAL RETURN TO PERMIT PETITIONER EL FALESTENY TO PREPARE FOR ADMINISTRATIVE REVIEW BOARD DEADLINE**

Respondents continue to oppose petitioner Maher Al Falesteny's Motion for Order Requiring Respondents to Provide Counsel for Petitioner with Factual Returns (dkt. no. 204) for the reasons explained in respondents' opposition memorandum.[1] In addition, the initiation of this year's round of Administrative Review Board (ARB) proceedings (the purported reason for petitioner's supplemental filing) does not provide reason to overlook the Court's lack of jurisdiction and lift the stay currently in effect in this case, because ARB proceedings are separate from and unrelated to this litigation. Petitioner's motion should be denied.

**ARGUMENT**

Respondents continue to oppose petitioner El Falesteny's request for an order compelling production of a factual return for the reasons stated in respondents' opposition, including this Court's lack of jurisdiction and the stay currently in effect in this case. See Resp'ts' Opp'n to

---

[1] Resp'ts' Opp'n to Pet'r's Mot. for Order Requiring Resp'ts to Provide Counsel for Pet'r with Factual Returns and Pet'r's Mot. for Factual Returns (dkt. no. 211).

Pet'r's Mot. for Order Requiring Resp'ts to Provide Counsel for Pet'r with Factual Returns and Pet'r's Mot. for Factual Returns (dkt. no. 211). In addition, the invitation by the Department of Defense to all of the Guantanamo habeas petitioners' counsel to make submissions for this year's round of Administrative Review Board proceedings does not provide a reason to grant the relief the petitioner requests, because Administrative Review Board proceedings are unrelated to this litigation.

The issue in a habeas corpus action is whether there is adequate legal and factual basis for the petitioner's detention. Even if the Court had jurisdiction over this case (and it does not, see Hamdan v. Rumsfeld, 2006 WL 3625015 at *9 (D.D.C. 2006)), the scope of the litigation would be limited to examining the legality of the petitioner's detention. An Administrative Review Board proceeding, however, is not a mechanism for reviewing the legality of the petitioner's detention as an enemy combatant. Instead, the subject of an ARB proceeding examines whether it is in the interest of the United States to continue to detain an enemy combatant whose detention has already been determined by the Department of Defense to be proper.[2] An ARB decision is based on an exercise of military discretion based on factors such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters and the detainee's continuing intelligence value.

---

[2]Contrary to petitioner's characterization, an ARB proceeding is not some sort of appeal process to review the petitioner's designation as an enemy combatant to determine whether "a mistake was made" in detaining the petitioner. Supplemental Mem. Supporting Req. that Resp'ts Immediately File Factual Return To Permit Pet'r El Falesteny to Prepare for Administrative Review Board Deadline at 2. Instead, the ARB process is designed to evaluate whether there is reason to transfer or release the detainee even though the detainee is an enemy combatant. See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba at 2 (July 14, 2006) (available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf).

See Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006) (available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf). Such an exercise of discretion presents no issues justiciable in the courts, see, e.g., Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Mar. Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that the Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement"), and a request for information related to ARB proceedings amounts to an improper request for discovery, see, e.g., Bracy v. Gramley, 520 U.S. 899, 904 (1997) (petitioner in a habeas corpus action is generally not entitled to discovery).

    The military's notice that petitioner's counsel may submit information for use in the ARB proceedings reflects no more than that the military believes that habeas counsel might have or might wish to submit information relevant to the factors to be considered in the proceedings. It does not in any way render the ARB proceedings ancillary to the habeas litigation or grant habeas counsel a right to obtain information pertaining to or for use in ARB proceedings. Granting petitioner's request would put respondents in the absurd situation of potentially having to provide factual returns for all detainees who are represented by counsel and have upcoming ARB proceedings, even though the ARB proceedings are unrelated to the habeas proceedings and the Court lacks jurisdiction over the habeas proceedings.

    Petitioner also argues that the production of a factual return is necessary because counsel is planning a visit with the petitioner at Guantanamo Bay in February 2007. The scheduling of a visit with the petitioner does not by itself present circumstances warranting an order to produce factual returns. Given that the Court lacks jurisdiction over the case, the use of a factual return

could not be used to advance the litigation in this Court. Further, even if a factual return were to be ordered, it would be unduly burdensome to key any requirement to produce a factual return to a scheduled visit to Guantanamo Bay by counsel. There are a number of cases, involving multiple detainees, in which factual returns have been or are being requested and in which counsel visits are being or likely will be requested. The logistics of making a factual return and the logistics of arranging counsel visits, where required, involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can or should necessarily be completed prior to the visit.

## CONCLUSION

For the reasons above, petitioner El Falesteny's Motion for Order Requiring Respondents to Provide Counsel for Petitioner with Factual Returns should be denied.

Dated: January 25, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


 /s/ JAMES C. LUH
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4938
Fax: (202) 616-8460
E-mail: James.Luh@usdoj.gov

Attorneys for Respondents