Approved for Public Filing by the CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARAF AL SANANI, *et al.*,<br>    Detainee,<br>    Guantánamo Bay Naval Station,<br>    Guantánamo Bay, Cuba,<br><br>Sami Muhyedin al Hajj,<br>    as Next Friend of<br>    Mr. Sharaf Al Sanani,<br><br>        Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>        Respondents. | No. 05-CV-2386 (RBW) (AK) |

**REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION OF
PETITIONER SHARAF AL SANANI FOR FACTUAL RETURN**

Petitioner Sharaf Al Sanani a/k/a Sharaf Ahmad Muhammad Masud (ISN 170) ("Petitioner") respectfully submits this reply memorandum in response to Respondent's Opposition (Dkt. no. 297) ("Opposition" or "Opp.") to Petitioner's Emergency Motion for Factual Return (Dkt. no. 296) ("Motion" or "Mot.").

**INTRODUCTION**

Within hours of Petitioner's CSO-approved filing of his Motion on January 23, 2007, Respondents filed a boilerplate opposition brief, advancing the same arguments previously rejected in numerous other detainee cases in this district. In the face of these cases – which, as Petitioner noted in his opening brief, ordered the production of factual returns notwithstanding the jurisdictional provisions of the Detainee Treatment Act ("DTA") and Military Commissions

Act ("MCA") – Respondents continue to assert that this Court lacks the power to grant the requested relief. The Court should reject Respondents' arguments and order the production of a factual return on or before February 9, 2007, because, among other reasons, a factual return is required no matter how the pending jurisdictional questions are resolved (including to enable Petitioner to prepare a meaningful submission for his 2007 Administrative Review Board ("ARB") proceedings by the deadline of February 23, 2007).

## ARGUMENT

**I.    RESPONDENTS' OPPOSITION IGNORES THE MANY DECISIONS IN THIS DISTRICT GRANTING THE REQUESTED RELIEF OVER RESPONDENTS' JURISDICTIONAL OBJECTIONS**

Respondents contend that by granting Petitioner's motion, the Court would be asserting "jurisdiction and authority in this case inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction." Opp., at 3-4. Respondents ignore the many cases cited by Petitioner (*see* Mot., at 8-9 & nn.3-4) ordering Respondents to produce factual information notwithstanding the DTA and the MCA.[1] Indeed, on the very date on which the Motion and Opposition were filed, Judge Sullivan entered yet another order granting the relief requested by Petitioner, rejecting Respondents' reliance on the DTA and MCA because "a factual return 'will obviously be needed regardless of the resolution of the jurisdictional question.'" *Razakah v. Bush*, Civ. A. No. 05-2370 (EGS), Mem. Op. and Order, at 2 (D.D.C. Jan. 23, 2007) (copy attached as Exhibit A) (quoting *Kahn v. Bush*, Civ. A. No. 05-1001 (ESH), Mem. Op. and Order (D.D.C. Aug. 10, 2006)).

---

[1] *See also, e.g., Abdessalam v. Bush*, No. 06-CV-1761 (ESH), Order (Dkt. No. 11) (D.D.C. Dec. 12, 2006) (entering protective order in case filed *after* enactment of the DTA, over Respondents' DTA and MCA jurisdictional arguments).

Approved for Public Filing by the CSO

Respondents fail to cite a single detainee case where the relief requested by Petitioner has been denied. Instead, they argue that the Motion should be denied because the DTA and MCA authorize Petitioner to challenge the "validity of [his] detention" before the D.C. Circuit. Opp., at 2-3. Obviously, for Petitioner to challenge the validity of his detention in *any* forum, he must have notice of Respondents' purported basis for detaining him. That the DTA and MCA may authorize a challenge before the D.C. Circuit is a reason to grant the Motion, not deny it.

## II.  A FACTUAL RETURN IS NECESSARY TO CONTEST RESPONDENTS' ASSERTION THAT PETITIONER IS AN "ENEMY COMBATANT"

In his Motion, Petitioner demonstrated that the none of the publicly-available information about him remotely justified any detention at Guantánamo, much less the five years he has spent there. *See* Mot., at 3-6. In response, Respondents simply assert that Petitioner has been deemed an "enemy combatant."[2]

Under the definition of "enemy combatant" accepted by the Supreme Court in *Hamdi v. Rumsfeld*, Petitioner must be both "'part of or supporting forces hostile to the United States or coalition partners' *and* 'engaged in an armed conflict against the United States.'" 542 U.S. 507, 526 (2004) (emphasis added). Here, the allegations against Petitioner set forth in the CSRT summary of evidence fail to satisfy *either* prong. In support of the incredibly broad general allegation in paragraph 3(a) that Petitioner is "associated with" al Qaeda, Respondents offer no facts remotely establishing that he was "part of or supporting forces hostile to" the United States (and they do not explain how he was "associated with" al Qaeda, either). Petitioner is alleged

---

[2] In support of this assertion, Respondents rely on the Declaration of Karen Heckler, which states without further explanation that all but thirty-eight detainees went through the Combat Status Review Tribunal (CSRT) process and were deemed enemy combatants. Opp., at 2 n.1 & Ex. A; *see also id.* Ex. A, at page 3 of Ex. 1 (listing Petitioner as a detainee "who went through complete CSRT process"). This does not establish hat Petitioner has been charged with the commission of (let alone committed) any crime against the United States.

US2000 9728655.2

merely to have been in Afghanistan in the months prior to and following September 11. *Cf. id.* at 527 (rejecting the argument that mere residence in a country in which combat operations were taking place satisfies the definition of "enemy combatant"). Moreover, as with some 55% of the detainees for which information is available, Petitioner is not even alleged to have been "engaged in armed conflict against the United States." To the contrary, the paragraph in which the evidence supporting such an allegation would have been set forth (paragraph 3(b)) is ***omitted entirely*** from Petitioner's CSRT summary of evidence. *See* Mot., at 3.

Thus, Petitioner's counsel is at a complete and total loss to formulate any defense to Respondents' "enemy combatant" designation, because the "evidence" allegedly offered to support the designation does not state an "enemy combatant" claim. Indeed, the most basic requirement of due process – "notice and an opportunity to be heard," *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985) – has not been satisfied, because Petitioner has received no "notice" of any charges or evidence against him. It is not surprising that the "Summarized Detainee Statement" attributed to Petitioner's ISN (170) ends with the plea that the CSRT provide some facts, rather than simply presuming that Petitioner is "guilty until proven innocent." Mot., at 5.

In these circumstances, a full factual return, including materials relating to all prior ARB proceedings,[3] is necessary for Petitioner to have meaningful access to counsel, to prepare a

---

[3] Respondents assert (without any citation to relevant authority) that the ARB proceedings are "not properly before this Court." *See* Opp., at 8. As Respondents concede, however, the ARB proceedings were purportedly set up to determine whether Respondents will "continue to detain an enemy combatant whose detention has already been determined by the Department of Defense to be proper." *Id*. Particularly where, as here, Respondents have offered absolutely no justification for Petitioner's initial "enemy combatant" designation, Petitioner is entitled to full production of any information purportedly justifying his continued detention in Guantánamo for over five years, whether from the ARB proceedings or otherwise.

In at least one case, moreover, an ARB panel has apparently charged a detainee with acts

defense to Respondents' "enemy combatant" designation in any forum, and to prepare an appropriate submission for Petitioner's upcoming ARB proceeding. Accordingly, Respondents should be ordered to provide a full factual return no later than February 9, 2007, two weeks prior to the February 23, 2007 deadline for ARB submissions.

### III.  PETITIONER'S MOTION DOES NOT IMPLICATE THE STAY ORDER

Respondents argue that Petitioners' motion should be denied because the Court has stayed this case, "especially with respect to merits-related matters." Opp., at 6. Petitioner's Motion, however, is not "merits-related" but rather seeks the most basic information to which Petitioner is entitled even if his petition ultimately is deemed meritless. 28 U.S.C. § 2243 (2006); *see also Al-Ghizzawi v. Bush*, No. 05-CV-2378 (JDB), slip op. at 3 (D.D.C. Aug. 9, 2006) (finding that petitioner's motion for a factual return "does not approach the merits [of his habeas petition]").

Moreover, as this Court itself previously has recognized, matters related to access to counsel are not subject to the stay. *See* Order (dkt. no. 66), at 2-4. In entering the protective order as to all Petitioners not subject to identification or duplication disputes,[4] this Court ruled that denying detainees access to counsel during the pendency of the stay could "undermine the efficacy of the Great Writ of habeas corpus … this Court is unwilling to take action that might

---

purportedly justifying his detention that were not presented at his CSRT review. *See* Petitioner El Falesteny's Motion for Order Requiring Respondents to Provide Counsel for Petitioner with Factual Returns, at 2 (dkt. no. 204) ("Mr. El Falesteny wrote his counsel a letter in which he indicated that an ARB had been held that had charges with significant differences from those leveled during his CSRT.") Petitioner thus will not be assured that he has a complete and accurate record of why he is being detained unless Respondents are ordered to produce documents relating to both their CSRT and ARB proceedings. Respondents do not claim that any prejudice will arise from disclosing these records.

[4] There is no such dispute regarding Petitioner, because Respondents have agreed that Petitioner Sharaf Al Sanani is Sharaf Ahman Muhammad Masud (ISN 170). *See* Mot. for Order Requiring Resp. to Provide Counsel for Pet. Sharaf Al Sanani and the Court with 30 Days' Advance Notice of Removal, etc. (dkt. no. 220), at 1 n.1.

conceivably dilute the Great Writ itself or impair its exercise." *Id.* at 3-4. Refusing to require Respondents to provide a factual return similarly would undermine the efficacy of the Great Writ, because meaningful access to counsel requires an awareness of the factual basis for Petitioner's detention. Thus, notwithstanding the continued pendency of the D.C. Circuit proceedings (which proceedings provide the basis for the stay of this and other detainee cases), other judges of this Court have ordered Respondents to provide factual returns. *See, e.g., Feghoul v. Bush*, No. 06-CV-618 (RWR), slip op. at 2-3 (D.D.C. Oct. 31, 2006) ("Despite the lack of finality regarding the issues on appeal . . . it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right – a meaningful communication with counsel regarding the factual basis of petitioner's detention.").

Numerous other judges similarly have required factual returns to be produced despite the stay.[5] Staying legal proceedings does not mean that investigative measures should be curtailed. To the contrary, in order to avoid being prejudiced by the stay, counsel must "begin preparing their defense well in advance of any ruling by the Court of Appeals." *Al-Adahi v. Bush,* 05 CV-0280 (GK), Order (dkt no. 35), at 2 n.1 (D.D.C. Apr. 29, 2005); *see also Al-Subaiy et at v. Bush,* No. 05-1453 (RMU), Order (dkt. no. 14), at 3 (D.D.C. Sept. 9, 2005). Timely production of factual returns, moreover, is critical "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal." *Kurnaz v. Bush,* 04-CV-1135 (ESN), (D.D.C. Apr. 12, 2005) (dkt. no. 96) at 2.

Accordingly, the pendency of the stay is no basis for denying Petitioner's Motion.

---

[5] *See, e.g., Kahn v. Bush,* No. 05-CV-1001 (ESH) (D.D.C. Aug. 10, 2006) (dkt no. 20); *Zadran v. Bush*, No. 05-CV-2367 (RWR) (D.D.C. July 19, 2006) (dkt no. 36); *Said v. Bush*, No. 05-CV-2384 (RWR) (D.D.C. May 23, 2006) (dkt. no. 24); *Almerfedi v. Bush*, No. 05-CV-1645 (PLF) (D.D.C. Mar. 6, 2006) (dkt. no. 15).

Approved for Public Filing by the CSO

## IV. RESPONDENTS' REMAINING ARGUMENTS FOR REFUSING TO PRODUCE A FACTUAL RETURN ARE MERITLESS

As they have tried, unsuccessfully, in numerous other cases, Respondents seek here to avoid providing counsel with basic information regarding the five-year detention of Petitioner on the ground that "the preparation of returns is not an inconsequential task," and would impose "logistical burdens." Opp., at 7. This assertion – as well as Respondents' request for a full 90-day response period – borders on the frivolous, given Respondents' established ability to assemble the requested information in other habeas cases in mere days. *See* Mot., at 13-14.

Similarly meritless is Respondents' reliance on the fact that the returns may contain classified information. Opp., at 7. Counsel endured a rigorous security clearance process for the very purpose of obtaining the kind of information sought by this motion.

Approved for Public Filing by the CSO

## CONCLUSION

For the foregoing reasons and the reasons stated in the Motion, Petitioner respectfully requests that the Court order Respondents to produce a complete factual return, including all records relating to his CSRT and ARB proceedings, on or before February 9, 2007.

Dated: Atlanta, Georgia
       January 25, 2007

                            Respectfully submitted,

                            Counsel for Petitioner:

                            _____/s/ Vinay Jolly_____
                            A. Stephens Clay IV (Pursuant to LCvR 83.2(g))
                            James F. Bogan III (Pursuant to LCvR 83.2(g))
                            C. Allen Garrett Jr. (Pursuant to LCvR 83.2(g))
                            Vinay J. Jolly (Pursuant to LCvR 83.2(g))
                            Leslie J. Abrams (Pursuant to LCvR 83.2(g))
                            Miguel M. Duran (Pursuant to LCvR 83.2(g))
                            KILPATRICK STOCKTON LLP
                            1100 Peachtree Street, Suite 2800
                            Atlanta, Georgia 30309-4530
                            Telephone: (404) 815-6500
                            Facsimile: (404) 815-6555

                            Gitanjali S. Guiterrez (Pursuant to LCvR 83.2(g))
                            CENTER FOR CONSTITUTIONAL RIGHTS
                            666 Broadway, 7th Floor
                            New York, New York 10012
                            Telephone: (212) 614-6439
                            Facsimile: (212) 614-6499

                            Zachary Katznelson (Pursuant to LCvR 83.2(g))
                            REPRIEVE
                            P.O. Box 52742
                            London EC4P 4WS
                            United Kingdom
                            Telephone: (020) 7353 4640
                            Facsimile: (020) 7353 4641

Approved for Public Filing by the CSO

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION OF PETITIONER SHARAF AL SANANI FOR FACTUAL RETURN by serving electronically all attorneys of record for each party via the Court's Electronic Case Filing system**.**

Respectfully submitted,

Counsel for Petitioner:

     /s/ Vinay J. Jolly
A. Stephens Clay IV (Pursuant to LCvR 83.2(g))
James F. Bogan III (Pursuant to LCvR 83.2(g))
C. Allen Garrett Jr. (Pursuant to LCvR 83.2(g))
Vinay J. Jolly (Pursuant to LCvR 83.2(g))
Leslie J. Abrams (Pursuant to LCvR 83.2(g))
Miguel M. Duran (Pursuant to LCvR 83.2(g))
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Barbara Olshansky (NY-0057)
Gitanjali S. Guiterrez (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Telephone: (212) 614-6439
Facsimile: (212) 614-6499