PREVIOUSLY FILED WITH THE CSO
ON JAN.29, 2007, AND APPROVED
FOR PUBLIC FILING BY THE CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMOM, *et al.*, <br> (Abdul Aziz Naji, a/k/a Aziz Abdul Naji, <br> ISN 744), *Petitioner*, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br> *Respondents*. | Civil Action No. 05-CV-2386 (RBW) |

## EMERGENCY MOTION OF PETITIONER ABDUL AZIZ NAJI FOR FACTUAL RETURNS AND MEMORANDUM IN SUPPORT

Petitioner Abdul Aziz Naji, also known as Aziz Abdul Naji (ISN 744) ("Petitioner Naji"), a citizen of Algeria, has been incarcerated by the United States military for presumably five years at the Naval Base at Guantanamo Bay. Petitioner Naji's length of incarceration, much less information justifying his detention, remains unknown to his attorneys, who will visit Petitioner Naji for the first time on February 1, 2007. The unclassified portions of the undated transcripts of his Administrative Review Board ("ARB") and Combat Status Review Board ("CSRT") hearings are counsel's only knowledge of Petitioner Naji other than the place and date his birth—Batna, Algeria, 1975. *See* Exhibit A (unclassified CSRT Summarized Unsworn Detainee Statement and unclassified Summary of Evidence for Administration Review Board).

The need for counsel to understand the basis of Petitioner Naji's detention is particularly acute at the present time. According to an e-mail recently received by counsel from the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC"), information pertinent to Petitioner Naji's 2007 ARB proceeding must be received by OARDEC no later than February 23, 2007. *See* Exhibit B (letter from David N. Cooper, Lt. Col., USAFR). Therefore respondents should be ordered to produce immediately, and **no later than February 9, 2007**, all information pertaining to Petitioner Naji, including all classified and unclassified evidence, whether contained in unredacted records of the ARB and CSRT proceedings and any exhibits thereto or elsewhere, and all decisions and recommendations about him made by the CSRT or the ARB.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

On December 12, 2005, the Center for Constitutional Rights ("CCR"), co-counsel in this case, filed a petition for a writ of habeas corpus on behalf of Petitioner Naji, challenging the legality of his confinement. Tennant Lubell, LLC, volunteered to serve as *pro bono* counsel for a detainee, and the firm was assigned to represent Petitioner Naji by CCR. The firm entered a Notice of Appearance as Petitioner Naji's counsel on August 28, 2006, and has subsequently obtained interim security clearance.

The unclassified portions of the CSRT and ARB transcripts, which are the only information relating to Petitioner Naji that have been made available to counsel, fall far short of setting forth specific allegations that led Respondents to classify Petitioner Naji as an enemy combatant. According to the transcripts, Petitioner Naji allegedly received light weapons and de-mining training at Lashgar-E-Taiba training camp, where he was allegedly a member for eighteen months. Petitioner Naji denies these allegations and alleges that he was tortured while held in Bagram and later in Guantanamo. The transcripts identify no evidence in support of any of Respondent's allegations, nor have Respondents previously produced any evidence to support these allegations.

### ARGUMENT

**A.  Respondents Should Be Ordered to Produce Petitioner Naji's Factual Returns Despite Respondents' Jurisdictional Objections.**

Respondents have argued elsewhere and doubtless will argue here that the Detainee Treatment Act ("DTA") and the Military Commissions Act ("MCA") strip the jurisdiction of all federal courts over petitions for habeas corpus relief filed by Guantanamo detainees. Notwithstanding Respondents' jurisdictional objections, Judge Emmet G. Sullivan ordered in Abdur Razakah, et al., v. George W. Bush, et al. No. 05-2370 (D.D.C. January 23, 2007) (Mem. Op. and Order), pursuant to Guantanamo detainees' requests that the government provide a factual return setting forth the basis of their detention:

> The D.C. Circuit is currently considering challenges to the [Military Commissions Act] and the [Detainee Treatment Act] and has not yet determined whether this Court has in fact been stripped of jurisdiction over the habeas claims of Guantanamo detainees. This is not an adequate reason to deny petitioners' motion because a factual return "will obviously be needed regardless of the resolution of the jurisdictional question." *Kahn,* Civil No. 05-1001 (D.D.C. Aug. 10, 2006) (Mem. Op.

and Order) ("Without access to the information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in these proceedings."); *see also Feghoul v. Bush*, Civil Action No. 06-618 (D.D.C. Oct. 31, 2006) (Mem. Order) ("Despite the lack of finality regarding the issues on appeal,… it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right—a meaningful communication with counsel regarding the factual basis of petitioner's detention.")

In addition to the foregoing, numerous judges of this Court have ordered Respondents to produce factual returns.[1] In Al-Ghizzawi, No. 05-CV-2378 (JDB), for example, Judge Bates concluded that the DTA could not justify the government's refusal to produce factual returns. Judge Bates reasoned that "even if respondents' interpretation of the DTA's exclusive jurisdiction provision is correct…completion of any…judicial review [in the D.C. Circuit under the provisions of the DTA] would necessitate that petitioner's counsel have access to the CSRT records." Al-Ghizzawi slip op., at 3-4. In that case, Respondents conceded that they "do not anticipate objecting to production of [the] petitioners' CSRT records for review in Court of Appeals' proceedings pursuant to [the DTA]." Al-Ghizzawi (dkt. no. 22), at 2.

In accordance with these cited decisions, this Court should grant Petitioner Naji's motion. Even under the review process prescribed by the DTA, he would be entitled to the information contained in the requested factual returns. *See* Al-Ghizzawi, slip op. at 3 ("[T]he outcome sought by petitioners through the present motion would ultimately be achieved regardless of the disposition of the jurisdictional question").[2]

---

[1] *See, e.g.*, Al Asadi v. Bush, No. 05-CV-2197 (HHK) (D.D.C. Oct. 10, 2006); Amin v. Bush, No. 05-CV-2336 (PLF) (order requiring factual returns entered by Robertson, J.) (D.D.C. Sept. 18, 2006); Thabid v. Bush, No. 05-CV-2398 (ESH) (D.D.C. Aug. 18, 2006); Alsaaei v. Bush, No. 05-CV-2369 (RWR) (D.D.C. Aug. 14, 2006); Amin Ullah v. Bush No. 05-CV-1237 (ESH) (D.D.C. Aug. 10, 2006); Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (D.D.C. Aug. 9, 2006); Zadran v. Bush, No. 05-CV-2367 (RWR) (D.D.C. July 19, 2006); Rabbani v. Bush, No. 05-CV-1607 (RMU) (D.D.C. June 16, 2006); Said v. Bush, No. 05-CV-2384 (RWR) (D.D.C. May 23, 2006); Almerfedi v. Bush, No. 05-CV-1645 (PLF) (D.D.C. Mar. 6, 2006).

[2] Similarly, the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, does not preclude the limited form of relief sought in the instant motion. Indeed, two weeks after the MCA was enacted, Judges Roberts and Kollar-Kotelly entered orders directing Respondents to produce factual returns. *See* Feghoul v. Bush, No. 06-CV-618, 2006 WL 3096856 (RWR) (D.D.C. Oct. 31, 2006); Lal v.Bush, No. 06-CV-1763 (CKK) (D.D.C. Oct. 29,2006) *(sua sponte* ordering returns post-MCA); *see also* Al-Asadi v. Bush, No. 05-CV-2197, slip op. (HHK) (D.D.C. Oct. 10, 2006) (ordering factual return over Respondents' objection, *see* dkt. No. 39, at 3 n.1, that the MCA, which had been passed by Congress but not yet signed by the President, divested the court of jurisdiction). In addition, Respondents have produced factual returns post-MCA in compliance with a pre-MCA order directing the submission of such returns. *See* Thabid v. Bush, No. 05-CV-2398 (ESH) (D.D.C.) (dkt. nos. 27-28), at I n.1 (noting their objection that the MCA divests the district court of jurisdiction over the habeas petition but simultaneously submitting factual returns on October 17, 2006); *see also* Amin v. Bush, No. 05-CV-2336 (PLP) (D.D.C.) (dkt. no. 29) (submitting returns on October 18, 2006).

**B.    Factual Returns Are Necessary For Counsel's Effective Representation Of Petitioner Naji.**

The requested factual returns are critical to counsel's representation of Petitioner Naji. Currently, counsel have little information concerning the allegations against Petitioner and the basis of his continued detention at Guantanamo. The unclassified CSRT transcript is disjointed and incomplete. Not only does it leave counsel to guess the basis for Respondents' *initial* determination that Petitioner is an enemy combatant, it also provides no information concerning Respondents' *present* determination that Petitioner Naji is a continuing threat to the United States.

Counsel's access to the requested information is crucial. Counsel simply cannot represent Petitioner Naji effectively without access to additional and adequate information regarding the allegations and supporting and mitigating evidence. U.S. CONST. Amend VI. Moreover, counsel has the unclassified portion of a transcript to *one* and *only one* ARB. The requested ARB hearing transcripts would assure counsel and this Court that Respondents are in fact conducting annual reviews of Petitioner Naji's status.

**C.    Producing Factual Returns Is Critically Important So That Petitioner May Include The Information In Petitioner Naji's 2007 ARB Submission.**

On December 22, 2006, undersigned counsel received an email message from LTC David N. Cooper of OARDEC, informing counsel of its "opportunity to provide input regarding your client for review and consideration by the 2007 Administrative Review Boards." (Exhibit B). LTC Cooper's message further indicated that any submission must be made "no later than February 23, 2007" and stated that "the OARDEC Legal Advisor…will not be able to answer any substantive or procedural questions about your client's ARB of prior years or this year." (*Id.*) The message included a "Fact Sheet for Habeas Counsel Regarding Administrative Review Boards (ARBs)" (Exhibit. C), which described the purpose of the ARB procedure:

> The ARBs are an administrative review process to annually assess whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.

4

(Id.). The Fact Sheet confirms that Respondents will not allow counsel to appear at the ARB hearings and that the February 23, 2007 submission is counsel's *only* opportunity to submit information for consideration this year, and further states: "If your client's ARB occurs before the Privilege Review Team receives your submission, the information will be retained for consideration at your client's next annual review." (*Id.*)

Petitioner Naji has presumably been imprisoned for five years by Respondents in Guantanamo, but has never been charged with any crime, never been fully advised of the allegations and evidence against him, and has effectively been denied the assistance of counsel in all proceedings against him. Petitioner Naji desperately needs the requested factual information to enable him and his counsel to challenge his imprisonment by Respondents at Guantánamo. The February 23, 2007 deadline for filings in connection with his 2007 ARB hearing is approaching rapidly. Without the factual returns, including previous CSRT and ARB transcripts, Respondents' denial of the most basic elements of due process—notice and an opportunity to be heard—will be perpetuated for yet another year.

By Respondents' own admission, the purpose of the ARB process is to determine whether Respondents' continue to have a basis for imprisoning Petitioner at Guantánamo. (*See* Exhibit B, "The ARBs are an administrative review process to determine whether there is reason to believe that an enemy combatant might pose a continuing threat to the United States or its allies in the ongoing conflict against al Qaeda and its affiliates and supporters, and whether there are other factors warranting the enemy combatant's continued detention.") Nothing could be more central to the claims in Petitioner Naji's habeas petition or more vital to counsel's representation than access to the requested factual information, but if counsel is unable timely to obtain the requested factual returns, counsel will be unable to include the information in Petitioner's 2007 ARB submission.

Accordingly, Petitioner requests that the factual return be provided no later than February 9, 2007, ten working days before the government's deadline for submissions in connection with Petitioner's 2007 ARB proceeding. Judges in this district routinely have set short deadlines for the production of factual returns. See, e.g., Hatim v. Bush, No. 05-CV- 1429 (RMU) (D.D.C. Aug. 22, 2005) (ordering production of returns within seven days); Errachidi v. Bush No. 05-CV-640 (EGS) (D.D.C. Apr. 21, 2005) (within seven days); Abdullah v. Bush, No. 05-CV-23 (RWR) (D.D.C. Apr. 8, 2005) (within seven days); Said v. Bush, No. 05-CV-2384 (RWR) (D.D.C. May 26, 2006) (ordering submission of four classified returns within ten days). Given Respondents' failure to provide any explanation for Petitioner Naji's presumably five-year detention, and given the

extremely abbreviated period for counsel to prepare submissions in connection with the 2007 ARB proceedings, requiring immediate production of a factual return is both reasonable and appropriate.

Consistent with the normal one-week period for Respondents to provide a factual return, Petitioner Naji respectfully requests that this Court enter an Order granting this motion for a factual return no later than February 2, 2007, five business days (seven calendar days) before February 9, 2007.

## CONCLUSION

For the foregoing reasons, Petitioner Naji's Emergency Motion for Unredacted Factual Returns should be granted, and Respondents should be ordered to produce a complete unredacted factual return no later than February 9, 2007, to be supplemented should the information therein change.

Dated: January 29, 2007

Respectfully submitted,

Counsel for Petitioner:

_____
Ellen Lubell, Esq.

_____
Doris Tennant, Esq.

**TENNANT LUBELL, LLC**
288 Walnut St., Suite 500
Newton, MA  02460
Tel: (617) 969-9610
Fax: (617) 969-9611

Gitanjali S. Guiterrez
(Pursuant to LCvR 83.2(g))
J. Wells Dixon
(Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

6

## CERTIFICATE OF SERVICE

This certifies that we have this day served the foregoing Emergency Motion of Petitioner Abdul Aziz Naji For Factual Returns and Memorandum In Support, with Exhibits A,B, and C, upon all attorneys of record for each party via the Court's Electronic Case-Filing System.

Dated: January 29, 2007

Counsel for Petitioner:

_/s/ Ellen Lubell_
Ellen Lubell, Esq.

_/s/ Doris Tennant_
Doris Tennant, Esq.

**TENNANT LUBELL, LLC**
288 Walnut St., Suite 500
Newton, MA 02460
Tel: (617) 969-9610
Fax: (617) 969-9611

Gitanjali S. Guiterrez
(Pursuant to LCvR 83.2(g))
J. Wells Dixon
(Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499