IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIF ULLAH<br>*also know as* SAYF BIN ABDALLAH<br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>Respondents. | Civil Action No. 05-cv-02386 (RBW) |

## MOTION FOR FACTUAL RETURNS AND MEMORANDUM IN SUPPORT THEREOF

Petitioner Saif Ullah a/k/a Sayf Bin Abdallah ("Petitioner" or "Abdallah") respectfully requests an order requiring Respondents to produce unredacted factual returns to Petitioner's counsel. Specifically, counsel seeks classified and unclassified evidence; unredacted hearing transcripts of the Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, including any classified portions, pertaining to Petitioner's initial and continued classification as an enemy combatant; and any exhibits attached to the transcripts. Additionally, counsel seeks evidence in the possession, custody or control of Respondents tending to show that Petitioner is *not* an enemy combatant. Counsel requires complete, unredacted factual returns to represent Petitioner effectively. As counsel already possess the requisite security clearance, production of these classified materials will neither impose a burden on Respondents nor pose a national security risk.[1]

---

[1] District courts have ordered Respondents to produce factual returns in numerous related matters. *See, e.g.,* Order, *Battayav v. Bush*, No. 05-CV-0714 (D.D.C. May 19, 2005) (Walton, J.); Order, *Al-A sadi v. Bush*, No. 05-C V-2197 (D.D.C. Oct. 10, 2006); Order, *Amin v. Bush*, No. *05-2336* (D.D.C. Sept. 18, 2006); Minute Order, *Thabid v. Bush*, No. 05-CV-2398 (D.D.C. Aug. 18, 2006); Memorandum Order, *Alsaaei v. Bush*, No. 05-C V-2369 (D.D.C. Aug. 14, 2006); Memorandum Opinion and Order, *Kahn v. Bush*, No. 05-CV-1001 (D.D.C. Aug. 10, 2006); Memorandum Opinion and Order, *Al-Ghizzawi v. Bush*, No. 05-2378 (D.D.C. Aug.

Before filing this motion, Petitioner's counsel conferred with Respondents' counsel as required by LCvR 7(m). Respondent's counsel indicated that Respondents oppose the motion. The following memorandum of points and authorities and the attached proposed order support this motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Statement of Facts

On December 21, 2005, the Center for Constitutional Rights, co-counsel in this matter, filed a petition for writ of habeas corpus on behalf of Petitioner Abdallah, ISN # 46, based upon the Next Friend authorization of Jamal Abdullah Kiyemba. The law firm of Berman & Dowell was ultimately retained as Petitioner's counsel and entered a Notice of Appearance on, August 4, 2006. Attorney Joseph S. Berman obtained secret security clearance in connection with this and related petitions. On July 26, 2006, the Court entered a Protective Order to secure counsel's right to visit Petitioner. Mr. Abdallah currently is imprisoned at Guantanamo Bay, Cuba. No charges have ever been brought against him.

To date, Respondents have not provided Mr. Abdallah's counsel with any information about his case, including the status of his detention or the status of his mental or physical condition. Pursuant to a Freedom of Information Act ("FOIA") request by co-counsel Center for Constitutional Rights, the Respondents have not provided any CSRT or ARB transcripts concerning Petitioner.

---

9, 2006); Memorandum Order, *Zadran v. Bush*, No. 05-CV-2367 (D.D.C. July 18, 2006); Memorandum Order, *Rabbani v. Bush*, No. 05-CV- 1607 (D.D.C. June 16, 2006); Memorandum Order, *Said v.Bush*, No. 05-CV-2384 (D.D.C. May 23, 2006) (ordering Respondents to file four separate factual returns); Order, *Almerfedi v. Bush*, No. 05-C V-1645 (D.D.C. Mar. 6, 2006).

[2] Petitioner acknowledges that the Military Commissions Act of 2006, Pub. L. No. 109-366 ("the MCA") became law on October 17, 2006. The constitutionality of the MCA is currently being briefed before the United States Court of Appeals for the District of Columbia Circuit. Respondents have sought no relief on the basis of the MCA and until the Court of Appeals rules, they are entitled to none. The mere enactment of the MCA should not affect Counsel's access to the requested transcripts and other materials at this time. See, e.g., Memorandum Opinio and Order, *Razakah v. Bush*, No. 05-2370 (EGS)(D.D.C. Jan 23, 2007).

2

II.     **Argument**

   A.   **Factual Returns are Necessary for Counsel's Effective Representation of Petitioner**

Pursuant to 28 U.S.C. § 2243 (2006), "[a] court... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the...order is directed shall make a return certifying the true cause of the detention." *id.* (emphasis added). Over a year has passed since the habeas petition was filed. During this time, Respondents have failed to provide any information regarding the purported basis for holding Petitioner in Guantánamo. Accordingly, the Court should order Respondents to produce a factual return detailing the basis of Petitioner's confinement.[3]

The requested factual returns are crucial to counsel's representation of Petitioner. Currently, counsel has absolutely no information concerning the charges against Petitioner and his continued detention at Guantánamo. Respondents refused. If indeed Respondents have any evidence supporting their detention of Petitioner, it should be contained in the

---

[3] In January 2006, the Court stayed this action pending a ruling in the Court of Appeals regarding the effect of the jurisdictional provisions of Section 1005(e) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742. The issuance of the January 2006 stay order does not preclude this Court from entertaining the instant motion. Petitioners' motion does not approach the merits of the habeas petition, *see Al-Ghizzawi*, No. 05-CV-2378, slip op. at 3 (JDB) (D.D.C. Aug. 9, 2006), but simply seeks records similar to those that have been produced in numerous other detainee cases. Indeed, other judges in this district have ordered the production of factual returns despite having entered a stay order. *See, e.g. Thabid v. Bush*, No. 05-CV-2398 (ESFI) (D.D.C. Aug. 18, 2006) (ordering returns four months after case was stayed); *Mamet v. Bush*, No. 05-CV-1602 (ESH) (D.D.C. Sept. 30, 2005) (staying case but ordering production of factual returns for Uighur detainee); *Zadran v. Bush*, No. 05-CV-2367 (RWR) (D.D.C. July 19, 2006) (staying case but directing production of factual return); *Alsaaei v. Bush*, No. 05-CV-2369 (RWR) (D.D.C. Aug. 14, 2006) (same); *Al-Ghizzawi*, No. 05-CV-2378 (1DB) *(D.D.C. Aug. 9, 2006)* (same); *Kahn v. Bush*, No. 05-CV-1001 (ESH) (D.D.C. Aug. 10, 2006) (same).

3

transcripts of the ARB and CSRT hearings, which Respondents purportedly conduct annually to reassess a detainee's status.

Counsel simply cannot represent Petitioner effectively without access to additional information regarding the charges and supporting and mitigating evidence. U.S. CONST. amend. VI. The requested CSRT and ARB hearing transcripts also would assure counsel, and this Court, that Respondents are in fact conducting annual reviews of Petitioner's status.

Respondents' refusal to produce Petitioner's factual returns severely prejudices Petitioner's ability to meaningfully communicate with habeas counsel. *See Al-Ghizzawi*, slip op. at 3; *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 200 (D.D.C. 2005) ("[T]he factual returns appear necessary for petitioners' counsel effectively to represent petitioners. . . . even initial conversations by counsel with their clients may be very difficult without access to that basic factual information"); *Kahn*, slip op. at 2 ("Without access to the information contained within a factual return, petitioner's counsel cannot offer anything approaching effective representation in these proceedings."); *Rabbani*, slip op. at 2-3 ("[P]etitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients."). This prejudice is particularly grave in the present circumstances given the already stringent limitations associated with attorney-client communications in Guantánamo. *See AlGhizzawi*, slip op. at 3. Petitioner's counsel seeks basic information regarding the legal justification for Petitioner's detention. The absence of this information precludes counsel from thoroughly investigating and preparing the case, interviewing family members, and effectively representing the Petitioner, including consulting with, advising, and assisting Petitioner in preparation for any future hearings. If client meetings are to be productive, we must have an opportunity to review and consider the factual returns. Counsel cannot effectively litigate the legitimacy of Petitioner's detention without knowing the basis for that detention.

### B. Producing Factual Returns is Neither a Threat to National Security Nor Burdensome

The Amended Protective Order ensures that Respondents' production of classified materials will not pose a national security risk. Counsel has received national security clearance and has executed the Memorandum of Understanding that controls handling of classified information. The Amended Protective Order "should [therefore] allay Respondents' fear of inadvertent disclosure of classified or otherwise protected information." *See* Memorandum Order, *Al-Mohammed v. Bush*, 05-CV-00247 (D.D.C. April 30, 2005). Attorneys in counsel's firm who have not received a security clearance will not have access to the classified materials.

There is no basis for the Respondents' anticipated argument that production of factual returns may risk inadvertent disclosure of classifies information. *See, e.g, Rabbani v. Bush*, No. 05-C V-1607 (RMU), slip op. at 3 (D.D.C. June 16, 2006). Respondents have provided factual returns in many other detainee cases and produced thousands of pages of tribunal transcripts to the media as a result of FOIA litigation. If Respondents can make factual returns readily available to the press – and allow members of the press to attend those hearings – they can certainly provide returns to habeas counsel. *See also* Kathleen T. Rhem, *Reporters Offered Look Inside Combatant Status Review Tribunals*, Aug. 29, 2004, *available at* http://www.defenselink.mil/news/Aug2004/n08292004_2004082902.html (media was offered the chance to observe a CSRT first-hand). In fact, audio recordings of certain detainee hearings were recently broadcast on National Public Radio. *See* Jackie Northam, *Listening in on Detainee Hearings*, National Public Radio, Dec. 2, 2006, *available at* http://www.npr.org/templates/story/story.php?storyId=6520816; Jackie Northam, *Tapes Provide First Glimpse of Secret Gitmo Panels*, Dec. 2, 2006, National

Public Radio, *available at* http://www.npr.org/templates/story/story.php?storyId=6514923.

The information sought is already in Respondents' possession. The CSRT hearings have all been completed and Respondents have simply to produce the returns. *See Said v. Bush*, No. 05-CV-2384 (RWR) (D.D.C.) (dkt. no 10, Ex. A) (Second Declaration of Frank Sweigart, Deputy Director of the Office for the Administrative Review of the Detention of Enemy Combatants at Guantanamo), ¶ 3 ("CSRT proceedings concluded in March 2005. Every detainee confirmed to be an enemy combatant through the CSRT process and who is eligible for consideration by an ARB has received [such] notice. . . ."); DoD News Briefing with Secretary Rumsfeld and General Pace (June 14, *2005), available at* http://www.defenselink.mil/transcripts/2005/tr20050614-secdef3042.html ("Every detainee currently at Guantanamo has received [a CSRT] hearing."). Given that all CSRT proceedings were completed over one year ago, Respondents are well aware of the basis of Petitioner's confinement. That Respondents can produce such information expeditiously is evidenced by their prompt release of tribunal transcripts to the media. Respondents have had ample time to interrogate Petitioner, review the evidence relating to his continued detention at Guantánamo, and evaluate his status as "enemy" or "non-enemy" or "no longer enemy" combatant. Any additional time or effort expended in organizing and photocopying documents is, to say the least, secondary to Petitioner's compelling interest in knowing the legal and factual basis of his indefinite detention.

Furthermore, Respondents' claimed concern, expressed in other cases, about the inadvertent disclosure of classified material is without merit. Classified materials will only be provided to counsel who have obtained the requisite security clearances, and undersigned counsel are legally bound by a comprehensive protective order which "will guard against any inadvertent disclosures." *Rabbani,* slip op. at 3. "[T]he Government's decision to grant an individual attorney a security clearance amounts to a determination

6

that the attorney can be trusted with information at that level of clearance." *Al Odah v. United States*, 346 F. Supp. 2d 1, 14 (D.D.C. 2004). Accordingly, Respondents have no meaningful basis for objecting to the production of a complete set of factual returns detailing the basis of Petitioners' confinement.

Nor would the requested order impose any undue burden on Respondents, who can comply with the requested order by simply photocopying and delivering readily available documents. "A factual return for a petitioner in Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified materials." Resp. Mot. to Stay Proceedings Pending Related Appeals for Cont'd Coordination in Al-*Mohammend v. Bush*, 05-0247 (hereinafter "Resp. Mot. to Stay") (Mar. 10, 2005) at p. 10 n. 9. Indeed, Respondents have been ordered to produce similar documents within a matter of days. *See, e.g., Said v. Bush*, No. 05-C V-23 84 (D.D.C. May 23, 2006) (Respondents ordered to produce four separate factual returns by June 2, 2006); *Errachidi v. Bush*, No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (Respondents ordered to produce factual returns within seven-day time frame); *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (Respondents ordered to produce factual returns by April 15, 2006).

Under similar situations in other Guantanamo detainee cases, at least nine Judges of this District have required Respondents to provide factual returns despite the issuance of stay orders in 26 cases. *See, e.g., Mamet v. Bush* 05-1602 (Sept. 30, 2005); *Ameziane v. Bush*, No. 05-0392, 2005 U.S. DIST LEXIS 6560, *5 (D.D.C. Apr. 12, 2005); *M.C. v. Bush*, No. 05-0430 (Apr. 13, 2005). In *Manet, Ameziane,* and *M.C.*, Judge Huvelle granted respondents a stay but held, "to insure that the proceedings can continue in an orderly

7

fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns...within ninety days of the date of this Order." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients... Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Id. at 3 (internal citations omitted).

Judges have not shied away from ordering factual returns, even after the passage of the Detainee Treatment Act and the Respondents have continued their production after the passage of the Military Commission Act. *See Orders entered in Al-Asadi v. Bush*, 05cv02197 (10/10/06); *Al-Ghizzawi v. Gush*, 05cv2378 (8/9/06); *Zadran v. Bush*, 05cv2367 (7/19/06); *Said v. Bush*, 05cv2384 (5/23/06); *Almerfedi v. Bush*, 05cv1645 (3/6/06); *Rabbani v. Bush*, 05cv1607 (6/16/06); *Kahn v. Bush*, 05cv1001 (8/10/06); *Alsaaei v. Bush*, 05cv2369 (8/14/06); *Amin v. Bush*, 05cv2336 (9/18/06); *Thabid v. Bush*, 05cv2398 (8/18/06).[4]

---

[4] Of course, this is not surprising given the Detainee Treatment Act specifically provides for judicial review of determinations that a prisoner is correctly deemed an "enemy combatant" and the Military Commissions Act recognizes that provision. Absent access to the "evidence" considered by the CSRT and ARB, it is impossible for counsel to the prisoner to adequately evaluation that determination.

8

## CONCLUSION

For the foregoing reasons, the Court should grant Petitioner's Motion for Factual Returns.

Dated: February 15, 2007

>Respectfully Submitted,
>Counsel for Petitioner
>
>_____/s/ Joseph S. Berman_____
>Joseph S. Berman, BBO NO. 566006
>BERMAN & DOWELL
>210 Commercial Street
>Boston, MA 02109
>Tel: (617)-723-9911
>Fax: (617)-723-6688
>
>*Of Counsel*
>J. Wells Dixon  (NY_____)
>(Pursuant to LCvR 83.2(g))
>CENTER FOR CONSTITUTIONAL RIGHTS
>666 Broadway, 7th Floor
>New York, New York 10012
>Tel: (212) 614-6439
>Fax: (212) 614-6433

## CERTIFICATE OF SERVICE

I, Joseph S. Berman, hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

>_____/s/ Joseph S. Berman_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIF ULLAH <br> *also know as* SAYF BIN ABDALLAH <br> *Petitioner,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.,* <br> Respondents. | Civil Action No. 05-cv-02386 (RBW) |

## ORDER

The court having considered the Motion for Factual Returns and Memorandum in Support there of and the record of the entire case, now therefore it is

ORDERED that respondents shall file factual returns for Petitioner within 15 days after the entry of this Order.

BY THE COURT

Reggie B. Walton
United States District Judge