# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMER MOHAMMON, *et al.*,　)
(SANAD ALI YISLAM AL-KAZIMI)　)
　　　　　　　　　　　　　　　)
　　Petitioners　　　　　　　)
　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)　　Civil Action No. 05-2386 (RBW)
　　　　　　　　　　　　　　　)
GEORGE W. BUSH, *et al.*,　　)
　　　　　　　　　　　　　　　)
　　Respondents.　　　　　　　)
　　　　　　　　　　　　　　　)

## DECLARATION OF CAPTAIN PATRICK M. MCCARTHY

Pursuant to 28 U.S.C. §1746, I, Patrick M. McCarthy, hereby declare that to the best of my knowledge, information, and belief, the following is true, accurate, and correct:

1. I am a Captain in the United States Navy with over eighteen (18) years of active duty service. I currently serve as the Staff Judge Advocate, Joint Task Force – Guantanamo, Guantanamo Bay, Cuba (JTF-GTMO). I am responsible for all legal advice and the completion of all legal responsibilities on behalf of JTF-GTMO. I have served in this position since May 2, 2006. This declaration is based on my personal knowledge as well as information made available to me through my official duties.

2. My responsibilities include facilitating habeas corpus counsel access to their clients who are detained by JTF-GTMO. I am aware of information regarding the visit which occurred at Guantanamo Bay on or about January 15, 2007, between petitioner Sanad Ali Yislam Al-Kazimi (Detainee ISN 1453) and his counsel, Ramzi Kassem. I have also reviewed the March 9, 2007, Declaration of Ramzi Kassem.

3. This office dedicates three personnel full time to act as escorts for all habeas corpus attorneys visiting Guantanamo. The escorts pick-up counsel from the Windward Ferry Landing and drive them to the detention facilities, where meetings take place. At mid-day, the escorts drive counsel to lunch and then drive them back to the detention facilities. At the end of the day, the escorts drive counsel back to the ferry landing for their return trip to their quarters. It is well known by all counsel that requests and concerns regarding their clients can and should be made through the escorts (during the extensive times during the day that they have to communicate with the escorts) to this office.

4. In addition to the escorts, this office has assigned a military lawyer to facilitate and respond to all issues and concerns raised by counsel to the escorts. This military attorney is also well known to counsel given that he routinely communicates with them to acknowledge receipt of issues raised by counsel and to communicate responses on matters that have been raised. To ensure that all requests are fully and properly documented, this office requires that requests from and issues raised by counsel be provided to the escorts and/or the dedicated military attorney in writing and this office responds in kind.

5. I looked into this matter and have found no indication that Mr. Kassem has ever raised concerns to this office, whether through the escorts, the dedicated military attorney, or otherwise, regarding Mr. Al-Kazimi's treatment or physical condition. Specifically, he has never raised to my office any concerns of the nature described in the current Motion regarding Mr. Al-Kazimi's treatment on or around January 14, 2007 or January 15, 2007.

6. Mr. Kassem did contact the SJA's Office on January 17, 2007, to raise concerns to JTF-GTMO regarding issues involving a different detainee who is also his client. Mr. Kassem never mentioned Mr. Al-Kazimi or the allegations in his pending Motion when he contacted my office on the 17th. At the time he raised his (unrelated) concerns on January 17th, Mr. Kassem demonstrated that he was completely familiar with the process of contacting my office to raise issues and concerns related to his clients.

7. I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct, to the best of my knowledge, information, and belief.

Dated: 22 March 2007

_____
Patrick M. McCarthy
Captain, JAGC, U.S. Navy
Staff Judge Advocate, JTF-GTMO