IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.* )<br>  Petitioners, )<br> )<br> *v.* )<br> )<br>GATES, ROBERT M., *et al.*, )<br>  Respondents. )<br> ) | Civil Action No.:  1:05-cv-2386 (RBW) |

**PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Now comes Adil Bin Mabrouk ("Mabrouk"), by and through undersigned counsel, and files this Notice of Supplemental Authority in support of his Emergency Motion for an Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-Days' Advance Notice of Any Intended Removal of Petitioner From Guantánamo (Doc. 398). Mabrouk is the detainee listed as Adil LNU in the above-captioned petition for habeas relief, and he has properly invoked the jurisdiction of this Court. Petitioner Mabrouk is filing this Notice to bring to this Court's attention two recent decisions that bear on the instant case.

### *Belbacha v. Bush*

In their briefs, the parties disputed the import of the D.C. Circuit's holding in *Belbacha v. Bush*, No. 07-5258. *Belbacha* was scheduled for rehearing on December 6, 2007, and a final decision was not rendered until after Mabrouk's reply brief in support of the instant motion was filed. Thus, the implications of *Belbacha* for the instant case were unknown at the time.

That uncertainty has now been resolved.  On December 31, 2007, the D.C. Circuit Court issued a decision in the *Belbacha* case (attached below as Exhibit A to this Notice) in which it enjoined the government from transferring Ahmed Belbacha to his home country of Algeria.  Belbacha had sought an injunction because he feared that he would be tortured or killed there, either at the hands of the government, which links him to Al Qaeda in Algeria, or at the hands of Al Qaeda in Algeria, which links him to the government.  The D.C. Circuit Court enjoined Belbacha's transfer to Algeria to preserve its jurisdiction over the case at least while it considers Belbacha's appeal.  The order thus prevents the government from mooting Belbacha's appeal by sending him back to Algeria.

### *Khouzam v. Hogan*

In *Khouzam v. Hogan*, No. 3:CV-07-0992 (M.D. Pa. Jan. 10, 2008) (attached below as Exhibit B to this Notice), the Court granted the habeas petition of an Egyptian national and barred the U.S. government from forcibly returning him to Egypt, where he faced imprisonment and the risk of torture after being convicted in absentia for murder. The government had attempted to shield its actions from judicial review by arguing that it had received diplomatic assurances from the Egyptian government that the petitioner would not be harmed.  The Court held, inter alia, that subjecting even an alien to the risk of torture violated the petitioner's rights under the Fifth Amendment:  "Freedom from torture is a 'fundamental right,' surely protected by the Fifth Amendment regardless of a person's immigration status." *Id.* at 38.  (Khouzam had been detained after attempting to enter the United States on an invalid visa.)

The Court also held that the government's unilateral reliance on diplomatic assurances, and its attempt to use those assurances as a shield against judicial review, were a violation of the Due Process Clause:  "[Petitioner's] inalienable human right to be free

from torture is worthy of protection under the Due Process Clause. Ascertaining what process is required involves an assessment of the interests at stake, the risks of an erroneous determination resulting from the process employed, and the burden imposed on the Government by additional procedural safeguards." *Id.* at 42. "A decision on such an important matter as the likelihood of torture 'cannot be sustained simply by invoking the State Department's authority.'" *Id.* at 46 (quoting Ezagwuna v. Ashcroft, 325 F.3d 396-407 (3d Cir. 2003)).

This decision bears immediately on Mabrouk's petition for advance notice of an intended transfer. Only if this Court grants Mabrouk's petition will Mabrouk be provided with an opportunity to challenge his transfer to Tunisia on the grounds that he will face torture and mistreatment upon his return.

## CONCLUSION

Petitioner Mabrouk respectfully asks that the Court take notice of the above-referenced decisions in reviewing his Motion for an Emergency Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-Days' Advance Notice of Any Intended Removal of Petitioner From Guantánamo.

    Respectfully submitted,

      /s/ Jonathan M. Fee
    Jonathan M. Fee
    ALSTON & BIRD LLP
    950 F Street, NW
    Washington, DC 20004
    jon.fee@alston.com
    DC Bar No. 479579

    *Attorneys for Petitioner*

Dated: February 8, 2008

**CERTIFICATE OF SERVICE**

I, Jonathan M. Fee, hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

           /s/ Jonathan M. Fee

Dated: February 8, 2008