IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABD AL ZAHER (ISN #89),<br>  Petitioner,<br><br>v.<br><br>GATES, ROBERT M., *et al.*,<br>  Respondents, | )<br>)<br>)<br>)  Civil Action No.: 05-cv-2386 (RBW)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO ORDER ACCESS TO COUNSEL

The Petitioner, Abd Al Zaher (ISN #89), is a detainee at the Guantánamo Bay Naval Base in Guantánamo Bay, Cuba, and is identified under that name in the Petition for a Writ of Habeas Corpus in *Mohammon v. Bush*, No. 05-2386(RBW), 2006 U.S. Dist. LEXIS 60186 (D.D.C. Dec. 12, 2005), at 29. Petitioner respectfully requests that this honorable Court grant him access to counsel, both through the mail and in person, under the conditions outlined by this Court in the Protective Order in that case. *Order, Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. June 27, 2006).

Based on the arguments elaborated upon in the attached Memorandum in Support of Motion to Order Access to Counsel, this Court should grant access for the following reasons:

1. Petitioner has sufficiently established his identity by providing documentary evidence demonstrating that the two names, as well as the variations on the spelling of those names, used by the Respondents refer to the same individual. (*See* **Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5.**) Petitioner has utilized both names in his

communications to his family (*see* **Exhibit 6** and **Exhibit 7**), and has pointed out the fact that he acquired a nickname in other communications (*see* **Exhibit 8** and **Exhibit 9**). Further corroboration of Petitioner's name, and of his date of birth, is provided by a university transcript (*see* **Exhibit 10**) as well as a letter from Petitioner's family (*see* **Exhibit 11**). Further details concerning the identity of the Petitioner and the relation between his names are provided in the attached Memorandum, as well as the attached Affidavit of Salah Husseini. (Husseini Aff. **Exhibit 13**.)

2. This Court in *Mohammon* stated that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified." *Order* at 6, n.7, *Mohammon*, 2006 U.S. Dist. LEXIS 60186. The Petitioner, in line with that Order, challenged the assertion of the Respondents that he was unidentifiable by filing a Notice of Appearance on October 3, 2007 (Pacer document 386). That Notice, however, was deemed inadequate by Respondent opposing counsel, Andrew Warden, who controls access to direct attorney-client mailing through the Privilege Team (*see* Memorandum and **Exhibit 12**). Petitioner therefore requests that the Court enforce compliance with the terms of the *Mohammon* Order, the terms of which were violated by the Respondents.

3. Respondents have misapplied the terms of the *Mohammon* Order by denying Petitioner's attempt to identify himself. While Respondents asserted that the *Mohammon* Order places a time limit on the Petitioner to identify himself, (*see* **Exhibit 12**), in fact the only time limit applies to the Respondents themselves. *See* Order at 5-6, *Mohammon*, 2006 U.S. Dist. LEXIS 60186. Therefore, Respondents' denial of Petitioner's attempt to identify himself violates the terms of the *Mohammon* Order.

4. Despite Respondents' claims, the Protective Order issued by this Court in *Mohammon* applies to the Petitioner, as he is a named party in the initial Petition for a Writ of Habeas Corpus in *Mohammon* under the name Abd Al Zaher. (*See* Pet. for a Writ of Habeas Corpus at 29, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (No. 05-2386).) Implicit in this Protective Order is the right to counsel for all detainees seeking a writ of habeas corpus, a category under which the Petitioner falls.

5. In addition to being implicit in the *Mohammon* Order, the right to access to counsel is implicit in the Writ of Habeas Corpus, and has been held by several judges in this District, including this court, to be essential to adequate representation.

6. Furthermore, this Court has jurisdiction to grant this Motion despite the fact that the Supreme Court of the United States has yet to issue a decision in *Boumediene v. Bush* and *Al Odah v. United States* because the law of the case doctrine is a discretionary one, and is meant to preserve the jurisdiction of courts until cases are finally resolved. 2007 U.S. App. LEXIS 18077 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (No. 06-1195).

7. Finally, Petitioner is entitled to access to counsel in order to even begin contemplating the filing of a Detainee Treatment Act ("DTA") Petition, as suggested by Respondents. (*See* **Exhibit 12.**) As this Court is likely aware, the filing of such a petition requires extensive and exhaustive legal work, something that the Petitioner would be unable to attempt *pro se*. Thus, by recommending the filing of a DTA petition, Respondents must acknowledge that this would require access to counsel, for without such access, the filing of such a petition would be overly burdensome and ineffective.

For the aforementioned reasons, which are further elaborated upon in the attached Memorandum, this Court should grant Petitioner's Motion to Order Access to Counsel.

DATED: March 7, 2008

>Professor Richard Wilson, Esq.
>Bar I.D. # 425026
>International Human Rights Law Clinic
>American University
>Washington College of Law
>4801 Massachusetts Ave., N.W.
>Washington, DC 20016-8184
>tel. (202) 274-4147
>fax (202) 274-0659
>email: rwilson@wcl.american.edu
>
>Attorney for Plaintiff/Petitioner