IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, | )<br>)<br>) |
| Petitioners, | )<br>) |
| v. | ) Civil Action No. 05-CV-2386 (RBW)<br>) |
| GEORGE W. BUSH, *et al.*, | )<br>) |
| Respondents. | )<br>) |

**RESPONDENTS' RESPONSE TO NOTICE AS TO REPRESENTATION BY COUNSEL AND FEAR OF RETURN TO TUNISIA, REGARDING ADIL BIN MABROUK, ISN 148**

At a hearing held in this matter on March 19, 2008, the Court announced its intention to grant a motion filed on behalf of Adil Mabrouk, ISN 148, in which Mr. Mabrouk sought an order requiring respondents to provide notice before he is transferred out of custody at Guantanamo Bay. At the same time, the Court recognized that a question exists as to whether Mr. Mabrouk is even a petitioner in this case. Consequently, the Court indicated that in order to be considered a petitioner in this case, Mr. Mabrouk would need to provide the Court with information showing that in fact he is a petitioner. Although petitioner has filed what purports to be such information, it is insufficient to demonstrate a link to this case sufficient to allow Mr. Mabrouk to be considered a petitioner and to obtain the pre-transfer notice order he seeks.

The first question to be addressed in this regard is whether Mr. Mabrouk already is a petitioner in this case. As the Court recognized at the March 19 hearing, that question turns on whether Mr. Mabrouk is the individual identified in paragraph 150 of the petition in this case as having authorized Jamal Abdullah Kiyemba to bring this case as a next friend on Mr. Mabrouk's behalf. Petitioner has submitted information showing that Adil Mabrouk, ISN 148, wants

Jonathan Fee to represent him and requested that Mr. Fee seek a pre-transfer notice order on his behalf in some judicial proceeding. Respondents do not contest those facts. But petitioner's submission does not establish that Mr. Mabrouk is the person on whose behalf Mr. Kiyemba did, in fact, institute this proceeding. This is particularly clear in light of counsel's representations to the court in the hearing on March 19, 2008 that Mr. Mabrouk is unable to confirm that he ever told Mr. Kiyemba that he wanted a lawyer or even that he knew Mr. Kiyemba. Therefore, the record contains no indication that Mr. Mabrouk was a petitioner at the time the petition was filed.

The next question must be, then, whether the petition can be amended to accord Mr. Mabrouk the status of a petitioner in this case. Respondents understand that the Court contemplates allowing the amendment to relate back to the time Mr. Fee received authorization to represent Mr. Mabrouk in the summer of 2007. Several considerations counsel against allowing such an amendment. First, as the Court is well aware, the Court of Appeals for this Circuit has held that this Court lacks jurisdiction over cases such as this one. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007) (No. 06-1195). Therefore, an amendment of the petition to add a new petitioner should be disallowed on the ground that amendment would be futile. *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (denial of amendment motion appropriate where amendment would be futile because amended pleading would be subject to dismissal).[1] Indeed, permitting the filing

---

[1] The recent decision in *Belbacha v. Bush*, --- F.3d ---, 2008 WL 680637 (D.C. Cir. March 14, 2008), is not to the contrary. That case had to do with the authority of a court to issue an order designed to retain jurisdiction over a matter already before the court, not the authority to permit a new petitioner to come into court.

now, with or without the contemplated relation back, would be permitting a Guantanamo detainee to file a challenge to his detention and obtain relief in the form of an advance notice of transfer order well after the Military Commissions Act of 2006 deprived the Court of jurisdiction to consider such claims, but in a situation wholly distinguishable from other petitioners in this case, on whose behalf the petition was filed *prior* to the enactment of the Military Commissions Act such that the Court arguably retained some remedial jurisdiction once the Military Commissions Act became effective.

Second, permission to amend the petition in this case to add Mr. Mabrouk as a petitioner would not be consistent with the usual method in which new cases filed by new plaintiffs or petitioners are assigned among the various judges of this Court.

An additional factor counsels against allowing Mr. Mabrouk to proceed as a petitioner in this case now. Allowing an amendment to the petition at this time would be inconsistent with the Court's June 27, 2006 Order (dkt. no. 66), which established a procedure to resolve identity disputes in this case. In accordance with the Court's order, respondents submitted a detailed status report notifying the Court of all petitioners in this case who (1) have previously-filed petitions for a writ of habeas corpus already pending on their behalf in other cases; and (2) respondents have not been able to identify. *See* dkt. no. 109. Respondents identified "Adil LNU" as having ISN 502 and also having a previously-filed habeas case. *See id.* Pursuant to the Court's order, the burden shifted to petitioner to challenge this identification. *See* June 27, 2006 Order (dkt. no. 66), at 5-6 & n.6. Mr. Mabrouk's current submissions filed in connection with his pre-transfer notice motion cannot be said to demonstrate that respondents' identification of "Adil LNU" was wrong. No other showing has even been attempted to demonstrate that that

identification was incorrect. Because Mr. Mabrouk has a burden that remains unmet, the Court should not allow him to proceed as a party to this case.

For these reasons, the amendment of the petition in this case to add Mr. Mabrouk as a petitioner should be denied. Upon such denial, it would be appropriate for the Court to deny Mr. Mabrouk's motion for a pre-transfer notice order, and to vacate its oral ruling issued on March 19, 2008 indicating that such an order would be forthcoming.

Dated: March 21, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

 */s/ Andrew I. Warden*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8460

Attorneys for Respondents