IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABD AL ZAHER (ISN #89), | ) | |
|  Petitioner, | ) | |
|  | ) | Civil Action No.: 05-cv-2386 (RBW) |
| v. | ) | |
|  | ) | |
| GATES, ROBERT M., *et al.*, | ) | |
|  Respondents, | ) | |

## MOTION TO REINSTATE MOTION TO ORDER ACCESS TO COUNSEL

The Petitioner, Abd Al Zaher, ISN 89, is a detainee at the Guantánamo Bay Naval Base in Guantánamo Bay, Cuba, and is identified under that name in the Petition for a Writ of Habeas Corpus in *Mohammon v. Bush*, No. 05-2386 (RBW), 2006 U.S. Dist. LEXIS 60186 (D.D.C. Dec. 12, 2005), at 29. Petitioner filed a Motion to Order Access to Counsel along with a Memorandum in Support of Motion to Order Access to Counsel and 13 corresponding exhibits on March 13, 2008, and the motions were denied without prejudice that same day. Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 13, 2008) (Doc. 415), at 2. The Order denied without prejudice all currently pending motions "until such time as the United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit resolve the question of this Court's jurisdiction to adjudicate these cases." *Id.* In light of the decision by the Court of Appeals for the District of Columbia Circuit in *Belbacha v. Bush*, No. 05-2349, 2008 U.S. App. LEXIS 5486 (D.C. Cir. Mar. 14, 2008), this Court's subsequent *sua*

*sponte* reopening of other motions dismissed in the same order as Petitioner's motion,[1] and for the reasons enumerated below, the Petitioner respectfully requests that this honorable Court reconsider and reinstate his Motion to Order Access to Counsel along with its supporting memorandum and exhibits.

1. Petitioner filed his initial Motion to Order Access to Counsel and its supporting memorandum in the course of responding to this Court's invitation to do so in its Order in *Mohammon,* which instructed that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified."  June 27, 20007 Order at 6, n. 7, *Mohammon,* 2006 U.S. Dist. LEXIS 60186.  In denying Petitioner's Motion to Order Access to Counsel, this Court deprived Petitioner of the opportunity to clearly identify himself in compliance with this court's invitation to do so in that Order.

2. This Court's Order of March 13, 2008 stated that: "If it is concluded that this Court has jurisdiction over these cases, either party may move to reinstate the motions being dismissed pursuant to this Order[.]"  Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 13, 2008) (Doc. 415), at 2, n. 2.  As discussed below, the Court of Appeals for the District of Columbia Circuit has decided that this Court *does* have jurisdiction, *Belbacha*, 2008 U.S. App. LEXIS 5486 at 4-8 (explaining why the District Court does have jurisdiction to hear Belbacha's request to bar his transfer to Algeria), and therefore Petitioner is taking this opportunity, at this court's invitation, to move to reinstate his

---

[1] *See* Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 14, 2008) (Doc. 416); Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 14, 2008) (Doc. 417); Minute Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 17, 2008); Minute Entry, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 19, 2008); Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 19, 2008) (Doc. 421).

Motion to Order Access to Counsel and its supporting documents, in accordance with the March 13 Order.

3. Since this March 13 Order, the Court of Appeals for the District of Columbia Circuit issued its decision in *Belbacha*. 2008 U.S. App. LEXIS 5486. In this decision remanding the case to this Court for further proceedings on Belbacha's petition to bar his transfer to Algeria, the Circuit Court asserted that "the district court has the authority to grant Belbacha preliminary relief because the Suspension Clause colorably protects those claims and, as we explain below, because §7(a) does not displace its remedial powers." *Id.* at 5-6 (citing U.S. CONST. art. I, § 9, cl. 2 (Suspension Clause); §7(a) of the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600). The Circuit Court further stated that its previous decision upholding the constitutionality of the MCA's removal of courts' jurisdiction over habeas petitions by detainees in *Boumediene v. Bush*, 476 F.3d 981 (2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), "does not make Belbacha's argument for the jurisdiction of the district court less than colorable." Order at 6. The Circuit Court reasoned that the District Court retains the "remedial authority, pursuant to the All Writs Act, to issue an 'auxiliary' writ 'in aid' of a 'jurisdiction already existing,' *see Adams* [*v. McCann*], 317 U.S. [269,] 273 [(1942)], here the jurisdiction to determine whether §7(a) is constitutional." *Id.* at 8. By this reasoning, this Court retains jurisdiction in this case, and further has the authority to issue writs in aid of that jurisdiction. Ordering access to counsel for Petitioner would be an appropriate and worthy exercise of this Court's jurisdiction, and a necessary step due to the importance of protection of the right to access to counsel. Furthermore, by reopening several cases after the *Belbacha* decision, this Court has implicitly acknowledged its

3

  continued jurisdiction over these cases, and it should therefore reopen Petitioner's motion as well.

4. Petitioner, as demonstrated in his Motion to Order Access to Counsel and its supporting memorandum and exhibits, seeks access to counsel to advocate on his behalf in furtherance of the courts' jurisdiction over his case. The right to access to counsel is arguably a more fundamental right than the right to withhold transfer to a third country. This Court has reopened several cases in light of the *Belbacha* decision of March 13 concerning withholding of transfer,[2] and in fact granted one petitioner's motion to require thirty-days notice to counsel of any intended removal of petitioner, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. Mar. 19, 2008) (Doc. 421), Petitioner argues that his Motion to Order Access to Counsel should similarly be reopened, since the right to counsel is a fundamental right, and arguably one more fundamental than a thirty-day notice requirement. *See, e.g.*, *Hamdi v. Rumsfeld*, 543 U.S. 507, 539 (2004) (holding, *inter alia*, that the detainee petitioner "unquestionably has the right to access to counsel in connection with the proceedings on remand"); *Al Odah v. Bush*, 346 F. Supp. 2d 1, 5 (D.D.C. 2004) (finding "that Petitioners are entitled to be represented by counsel pursuant to the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651"); June 27, 2006 Order, *Mohammon*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. June 27, 2006) ("Denying access to counsel to prisoners in this situation could therefore undermine the efficacy of the Great Writ of habeas corpus."). If this Court has reopened motions concerning the transfer of

---

[2] *See supra* note 1 and accompanying text.

detainees to third countries, the same should be done concerning access to counsel due to the importance of this right.

For the reasons stated above, this Court should grant this motion to reinstate Petitioner's Motion to Order Access to Counsel along with the Memorandum in Support of Motion to Order Access to Counsel and all 13 related exhibits.

DATED: March 21, 2008

_____/s/_____
Richard J. Wilson
Bar I.D. # 425026
International Human Rights Law Clinic
American University
Washington College of Law
4801 Massachusetts Ave., N.W.
Washington, DC 20016-8184
tel. (202) 274-4147
fax (202) 274-0659
email: rwilson@wcl.american.edu

Attorney for Plaintiff/Petitioner