IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2386 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' OPPOSITION TO MOTION TO REINSTATE
MOTION TO ORDER ACCESS TO COUNSEL**

Respondents hereby oppose petitioner's motion to reinstate his motion to order access to counsel. *See* dkt. no. 423.

**BACKGROUND**

On June 27, 2006, the Court entered the Protective Order[1] with respect to all petitioners in the above-captioned case except: (1) petitioners who have previously filed petitions pending in other cases, and (2) petitioners whom respondents have been unable to identify. *See* June 27, 2006 Order at 5 (dkt. no. 66). Entry of the Protective Order with respect to a petitioner, and satisfaction of the Protective Order's requirements are a prerequisite to access to a petitioner at Guantanamo Bay. The Court's June 27, 2006 Order also provided that "respondents shall notify

---

[1] *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004) ("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, et al. (D.D.C. Nov. 10, 2004).

the Court by July 26, 2006, of all petitioners named in this case whom they are unable to identify," and noted that "[a]ny petitioner whom the respondents indicate they are unable to identify shall have the opportunity to challenge the respondents' assertion that he cannot be identified." *Id.* at 5-6.

On July 26, 2006, pursuant to the Court's June 27 Order, respondents filed a status report notifying the Court of all petitioners in this case who (1) have previously-filed petitions for a writ of habeas corpus already pending on their behalf in other cases; and (2) have not been identified by respondents. *See* dkt. no. 109. With respect to the petitioner at issue in this motion, respondents notified the Court that the petitioner named in paragraph 25 of the petition – "Abd Al Zaher"– had not been identified as a detainee at Guantanamo Bay. *See id.*, Exhibit A. On March 12, 2008, some twenty months after respondents filed their status report, petitioner filed a motion to order access to counsel, arguing that petitioner Zaher has been identified as a detainee named "Poolad Tsiradzho" bearing the Internment Serial Number 89. *See* dkt. no. 414.

Also on March 13, 2008, this Court denied without prejudice all pending motions in this case "until such time as the United States Supreme Court and the United States Court of Appeals for the District of Columbia resolve the question of this Court's jurisdiction to adjudicate [the Guantanamo Bay detainee habeas corpus] cases." *See* dkt. no. 415.

Petitioner Zaher has now filed a motion to reinstate his motion for access to counsel based on the Court of Appeals' recent decision in *Belbacha v. Bush*, No. 07-5258 (Mar. 14, 2008). For the reasons explained below, petitioner's motion should be denied.

## ARGUMENT

As this Court correctly noted in its March 13, 2008 Order, the question whether this Court retains jurisdiction to hear the above-captioned case is now pending resolution in the United States Supreme Court. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted* 127 S. Ct. 3078 (June 29, 2007). While *Boumediene* remains pending before the Supreme Court, however, the law of this Circuit remains settled: under the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7, 120 Stat. 2600., federal district courts do not have jurisdiction over cases brought by aliens at Guantanamo Bay detained as enemy combatants, and such aliens do not have constitutional rights. *See* 476 F.3d 981, 986-88 & n.1; *id.* at 994 ("Federal courts have no jurisdiction in these cases."); *see also Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"). Indeed, based on this controlling precedent, the Court of Appeals recently emphasized that *Boumediene* "remains the law of this Circuit" and bars the assertion of jurisdiction. *See Rasul v. Myers*, 2008 WL 108731 at *14. (D.C. Cir. Jan. 11, 2008). The Court of Appeals explained:

> *Boumediene* is currently before the Supreme Court on certiorari review. Nevertheless, we must follow Circuit precedent until and unless it is altered by our own en banc review or by the High Court. *See United States v. Carson*, 455 F.3d 336, 384 n.43 (D.C. Cir. 2006) ("[W]e are, of course, bound to follow circuit precedent absent contrary authority from an en banc court or the Supreme Court." (citing *Brewster v. Comm'r*, 607 F.2d 1369, 1373 (D.C. Cir. 1979)).

*Id.* at n.15.

Petitioner ignores this precedent and, instead, contends that the Court of Appeals' recent opinion in *Belbacha v. Bush*, No. 07-5258 (Mar. 14, 2008), "decided that this Court *does* have jurisdiction" to grant petitioner's motion for counsel access. *See* Petitioner's Motion at 2

3

(emphasis in original).  Petitioner's argument is without merit.  The Court of Appeals' decision in *Belbacha* does not support the assertion of jurisdiction in this matter.  The *Belbacha* decision arose in the context of a Guantanamo detainee seeking to block his transfer to Algeria, an action that would have clearly divested the court of any jurisdiction to adjudicate the habeas petition in that case should *Boumediene* be overturned.  *See* Slip op. at 9 ("Belbacha's transfer would make it impossible for the district court to entertain his claim to relief that the Constitution might guarantee.").  The D.C. Circuit held that, during the pendency of review on *certiorari* of a colorable jurisdictional issue, and in the absence of a mandate (which had been issued by that court but then withdrawn), a court retains the power to enter a preliminary injunction to prevent action that would defeat the court's putative jurisdiction, where the standards for obtaining such injunctive relief are met.  *See* Slip. op. at 7.  That holding has no application in this case, however, where the Court is not being asked to enter injunctive relief to prevent action that would altogether defeat arguable jurisdiction or that would preserve the status quo.  Notably, petitioner's motion fails to identify any proposed action by respondents that would deprive this Court of jurisdiction to hear the merits of petitioner's habeas case.[2]  Contrary to the *Belbacha* situation where the court emphasized that the purpose of any injunctive relief would be "to preserve the status quo," *id.*, petitioner asks this Court to alter the status quo, reinstate his

---

[2] Petitioner also contends that the assertion of jurisdiction in this matter is appropriate because "the right to counsel is a fundamental right, arguably more important that a thirty-day notice requirement."  *See* Petitioner's Motion at 4.  *Belbacha*, however, did not turn on the nature or scope of the "right" asserted by the petitioner in that case.  Instead, as explained above, the Court's was concerned that a specific action by respondents (*i.e.*, transfer of petitioner to a third country) would have divested the Court's putative jurisdiction prior to resolution of the jurisdictional issue before the Supreme Court.  Petitioner has not identified any comparable action by respondents in this case that would somehow deprive this Court of jurisdiction to adjudicate the habeas petition should *Boumediene* be overturned.

motion, and assert jurisdiction in order to compel access to counsel. With respect to such an assertion of jurisdiction, unhinged from any circumstance found in *Belbacha*, *Boumediene* is not limited by *Belbacha* and states the controlling the law of this Circuit. *See also Belbacha*, slip op. at 7 (noting that "[a] decision of this court is binding upon a later panel and upon the district court" prior to announcing the limited exception to that rule). Thus, in circumstances such as in this case, as the D.C. Circuit recognized in *Rasul*, courts are not free to ignore the binding precedent in *Boumediene* merely because the Supreme Court has granted review. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

      Petitioner also argues that entry of the Protective Order in this case is needed so that his counsel can have access to him at Guantanamo Bay. *See* Petitioner's Motion at 4-5. That assertion is simply incorrect. Whatever the ultimate outcome of Supreme Court review in the *Boumediene* case may be, it is indisputable that in the interim, consistent with the law of the Circuit, Guantanamo detainee habeas cases, such as this one, should not be, and are not, moving forward on the merits. On the other hand, a jurisdictionally appropriate alternative is available to petitioner to challenge the merits of his detention in a DTA petition in the Court of Appeals. Moreover, the Court of Appeals has adopted a protective order in the DTA litigation that creates a counsel access regime consistent with the scope of review established by Congress. In *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007), *cert. pending on other grounds* (07-1052), the Court of Appeals entered a protective order after a host of issues had been litigated, and after

the Court of Appeals specifically considered and rejected the very district court protective order regime now sought by petitioner. *See id.* at 189-90; *see also Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No. 06-1397 (October 23, 2007) (entering Amended Protective Order). Given this situation, petitioner has no legitimate claim to action by this Court; he neither needs a protective order here to pursue live claims in this Court nor lacks an available and jurisdictionally appropriate forum in which to obtain comparable relief. Such relief should be granted as appropriate not by this Court, but by the Court of Appeals in the context of a DTA case.

## **CONCLUSION**

For the reasons stated above, petitioner's motion to reinstate his motion to order access to counsel should be denied. A proposed order is attached.

Dated: April 3, 2008                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   */s/ Andrew I. Warden*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8470

Attorneys for Respondents