IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABD AL ZAHER (ISN #89),<br>  Petitioner,<br><br>v.<br><br>GATES, ROBERT M., *et al.*,<br>  Respondents, | )<br>)<br>)<br>)  Civil Action No.: 05-cv-2386 (RBW)<br>)<br>)<br>)<br>)<br>) |

## REPLY TO RESPONDENTS' OPPOSITION

Petitioner hereby replies to the Respondents' Opposition to Motion to Reinstate Motion to Order Access to Counsel and requests that this Honorable Court hereby grant the Petitioner immediate access to counsel in light of the Court of Appeals' ruling in *Belbacha v. Bush*, No. 07-5258 (D.C. Cir. Mar. 14, 2008), which granted this Court jurisdiction to continue to hear the Petitioner's case, and also in light of this Court's continued exercise of jurisdiction, as demonstrated by its reopening of and entry of dispositive orders in five cases since the *Belbacha* decision of March 14, 2008. *See, e.g.*, dkt. nos. 416, 417, 418, 421, and 425. Furthermore, contrary to Respondents' argument, an order to provide thirty days notice prior to transfer of a detainee and an order to compel access to counsel are comparable invocations of jurisdiction and must therefore be provided the same consideration and weight by this Court. In fact, it is arguable that the right to access to counsel is a more fundamental right than a notice requirement. Finally, Respondents have once again misapplied the terms of the June 27, 2006 Order in *Mohammon v. Bush*, 2006 U.S. Dist. LEXIS 60186 (D.D.C. June 27, 2006) at 6, in which they falsely assume that this court has set any time limit for unidentified petitioners to identify

themselves under the terms of that Order.  *See* Petitioner's Motion to Compel Access, Parts II, III, dkt. no. 414.  For these reasons, the Petitioner requests that this Court grant the Petitioner immediate access to counsel in accordance with Petitioner's fundamental rights as guaranteed by the Constitution of the United States.

## Argument

1.      The Respondents' chief argument in opposing the Petitioner's motion is that this Court lacks the proper jurisdiction to issue the Petitioner's motion, relying on the same law of the circuit arguments the Respondents relied upon before the Court of Appeals ruling in *Belbacha*, and without addressing the Petitioner's rebuttal of this argument in his Motion to Order Access to Counsel (dkt. no. 414).  Respondents' Opposition at 3.

This argument fails to consider the Court of Appeals' ruling in *Belbacha* holding that the District Court retains jurisdiction under the All Writs Act, 28 U.S.C. § 1651, *Belbacha*, Slip op. at 4.  The Court of Appeals for the D.C. Circuit in *Belbacha* reversed and remanded the case for further proceedings, Slip op. at 11, and this Court's actions of reopening cases in reliance on *Belbacha* further demonstrates its jurisdictional recognition.  (Orders on March 14 (2), March 17, March 19, and March 25 (dkt. nos. 416, 417, 418, 421, and 425 respectively.)

Respondents further assert that "the law of this Circuit remains settled: . . . federal district courts do not have jurisdiction over cases brought by aliens at Guantanamo Bay detained as enemy combatants, and such aliens do not have constitutional rights."  Respondents' Opposition at 3 (citing *Boumediene v. Bush*, 476 F.3d 981, 986-88 & n.1 (D.C. Cir. 2007)).  Since the Circuit Court in *Belbacha* took action allowing exercise of the federal courts' jurisdiction in this case, Respondents' version of the law of the Circuit is far from settled, and this Court, consistent

2

with both *Belbacha*'s assertion of jurisdiction and its own assertions of jurisdiction since then, has jurisdiction to grant Petitioner's Motion to Order Access to Counsel in this case.

2.      Respondents do not contest Petitioner's assertion that access to counsel is a more fundamental right than the thirty-day notice requirement before transfer, in that it is a right that is guaranteed by the Constitution of the United States and has been guaranteed, particularly in the habeas context, by this Court and others (see authorities cited in original motion).  Rather, Respondents assert that the Court of Appeals in *Belbacha* recognized the Courts' power to continue to issue permanent injunctions for thirty-day notice requirements.  Respondents' Opposition at 4.  As the Petitioner's right to counsel is more fundamental than the right for a thirty-day notice requirement, this Court's exercise of jurisdiction to grant the Petitioner's Motion to Order Access to Counsel is the correct and consistent course of action.

3.      Respondents have once again misapplied the terms of the *Mohammon* Order of June 27, 2006, in which unidentified petitioners were given the opportunity to identify themselves. *Mohammon* Order at 6.  Respondents stated that "[o]n March 12, 2008, some twenty months after respondents filed their status report, petitioner filed a motion to order access to counsel, arguing that petitioner Zaher has been identified as a detainee named 'Poolad Tsiradzho' bearing the Internment Serial Number 89." Respondents' Opposition at 2, (dkt. no. 426).  By apparently insinuating that twenty months was too long of a time for the Petitioner to challenge his designation as "unidentified," The *Mohammon* Order placed its only time burden on the Government, not the petitioners.  Therefore, Petitioner's multiple attempts to identify himself, culminating in his Motion to Order Access to Counsel of March 13, 2008 and subsequent Motion to Reinstate Motion to Order Access to Counsel of March 21, 2008, have squarely fallen within the scope of this Court's order in *Mohammon*.  Furthermore, Respondents' designation of the

3

Petitioner as "unidentified" occurred prior to any attempts by this Petitioner to identify himself, and since that time, these attempts to identify himself have been routinely ignored by the Respondents, most recently in their Opposition, in which they did not attempt in any way to refute the arguments of the Petitioner concerning his identity. Thus, because the Petitioner has successfully challenged the Respondents' designation that he is unidentifiable, and because the Respondents have done nothing to refute that challenge, nor raised any substantially new challenges since first denying Petitioner access to counsel (see Petitioner's original motion and discussion of Exhibit 12), Petitioner requests that this Court grant the Petitioner immediate access to counsel under the terms of the Protective Order in *Mohammon*.

4.      Finally, Respondents once again assert that appropriate recourse for the Petitioner lies through a petition via the Detainee Treatment Act (DTA). Respondents' Opposition at 5-6. Without access to counsel, both in person and through the mail, Petitioner's counsel is effectively stifled in his efforts to articulate Petitioner's claims, whether factual or legal. Access to counsel, in short, is the key to any legal representation at all, whether through habeas or through the DTA. This Court can effectuate access to counsel, even if appropriate recourse lies only through the DTA, although Petitioner in no way concedes that to be the case.

## Conclusion

For the reasons stated above, this Court should order access to counsel for the Petitioner in line with the arguments laid out in the Petitioner's Motion to Order Access to Counsel (dkt. no. 414).

DATED:  April 10, 2008

          /s/_____
Richard J. Wilson
Bar I.D. # 425026
International Human Rights Law Clinic
American University
Washington College of Law
4801 Massachusetts Ave., N.W.
Washington, DC 20016-8184
tel. (202) 274-4147
fax (202) 274-0659
email: rwilson@wcl.american.edu

Attorney for Plaintiff/Petitioner