IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2386 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' PRELIMINARY, JURISDICTIONAL OPPOSITION TO PETITIONER MAHER EL FALESTENY'S MOTION FOR A PRELIMINARY INJUNCTION ORDERING RESPONDENTS TO CEASE VIOLATIONS OF THE GENEVA CONVENTIONS AND TO TREAT PETITIONER EL FALESTENY AS A PRISONER OF WAR**

Respondents hereby submit the following preliminary, jurisdictional opposition to petitioner Maher El Falesteny's (ISN 519) motion for a preliminary injunction ordering respondents to cease violations of the Geneva Conventions and to treat petitioner El Falesteny as a prisoner of war (filed with the Court Security Office on June 2, 2008). For the reasons set out below, the present motion should be denied for lack of jurisdiction. Respondents do not provide a further, substantive response to petitioner's motion at the present time, but reserve the right to seek to file such a response should the jurisdictional posture of this case change or should the Court direct respondents to respond substantively to petitioner's motion.

On January 31, 2007, this Court, in an order entered in this case, concluded that, "[u]ntil the District of Columbia Circuit resolves the jurisdictional questions raised by the MCA [Military Commissions Act of 2006], it is this Court's view that it lacks the authority to take any action in these cases." *See* dkt. no. 324 at 5. The Court further administratively closed the

above-captioned case and denied without prejudice all pending motions in the case "until such time as the District of Columbia Circuit resolves the question of this Court's jurisdiction to adjudicate these cases." *Id.*  The Court further stated, "*If the District of Columbia Circuit concludes that this Court retains jurisdiction over these cases*, either party may move to reinstate the pending motions." *See* dkt. no. 324 at 5 n.1 (emphasis added).

On March 14, 2008, the Court issued a second order, noting that since the issuance of the Court's January 31, 2007 Order, "questions concerning whether this Court retains jurisdiction to hear the above-captioned cases are now pending resolution in both the United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit." *See* dkt. no. 415.  Consequently, the Court once again denied all pending motions in this case without prejudice "until such time as the United States Supreme Court and the United States Court of Appeals for the District of Columbia Circuit resolve the question of this Court's jurisdiction to adjudicate these cases." *Id.*

Notwithstanding the administrative closure of this case and the Court's prior orders denying all pending motions, petitioner El Falesteny has filed a preliminary injunction motion raising challenges to the conditions of his confinement at Guantanamo Bay.  In light of the Court's orders recognizing the absence of jurisdiction over this case, as well as the clear directive from the Court of Appeals that *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007), "remains the law of this Circuit" and bars the assertion of jurisdiction by this Court, *Rasul v. Myers*, 512 F.3d 644, 665 & n.15 (D.C. Cir. 2008), the present motion should be denied for jurisdictional reasons alone.  Although respondents believe that substantive grounds for denial of the motion also exist, they respectfully

submit that a substantive response at this stage is neither warranted nor appropriate. This is particularly so given that a decision in *Boumediene* is expected imminently, and given that a decision in that case is quite likely to have a significant impact on the law applicable to petitioner's motion, making a substantive response to the motion at this time premature.

For these reasons, the present motion should be denied for lack of jurisdiction. Respondents reserve their right to seek to submit a substantive memorandum in the future in opposition to petitioner's motion if the jurisdictional posture of this case changes or if such a response is directed by the Court.[1]

Dated: June 5, 2008                                    Respectfully submitted,

                                                       GREGORY G. KATSAS
                                                       Acting Assistant Attorney General

                                                       DOUGLAS N. LETTER
                                                       Terrorism Litigation Counsel

                                                         /s/ *Andrew I. Warden*

---

[1] Several days after issuing the March 14, 2008 Order, the Court vacated a narrow portion of that order and considered motions filed by two petitioners in this case seeking thirty-days advance notice of any removal from Guantanamo Bay. *See* dkt. No. 418. The Court's decision to reopen proceedings and consider those motions was based on the recent decision by the Court of Appeals in *Belbacha v. Bush*, 520 F.3d 452 (D.C. Cir. 2008). *Id.* *Belbacha*, however, has no application to petitioner's El Falesteny's conditions-of-confinement motion. *Belbacha* arose in the context of a Guantanamo Bay detainee seeking to block his transfer to Algeria, an action that would have clearly divested the court of any jurisdiction to adjudicate the habeas petition in that case should *Boumediene* be overturned. The Court of Appeals held that, during the pendency of review on *certiorari* of a colorable jurisdictional issue, and in the absence of a mandate, a court retains the power to enter a preliminary injunction to prevent action that would defeat the court's putative jurisdiction, where the standards for obtaining such injunctive relief are met. The *Belbacha* holding has no application to petitioner's El Falesteny's motion because the motion does not seek injunctive relief to prevent action that would altogether defeat arguable jurisdiction or that would preserve the status quo.

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JEAN LIN
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 616-5084
Fax:  (202) 616-8470

Attorneys for Respondents