IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*, ) | |
| ) | |
| Petitioners / Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 05-2386 (RBW) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents / Defendants. ) | |

### PETITIONER'S REPLY TO PRELIMINARY
### JURISDICTIONAL OPPPOSITION BY RESPONDENTS

In *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008), the Court of Appeals directly addressed whether its prior decision in *Boumediene v. Bush*, 476 F.3d. 981 (D.C. Cir. 2007), *cert granted* 127 S. Ct. 3078 (June 29, 2007), "renders insubstantial" a Guantanamo prisoner's claim "that the district court has jurisdiction." This is precisely the argument run by Respondents here, based, it is said, on *Rasul v. Myers*, which was decided *before Belbacha.* (*See* Respondents' Prelim. Jurisdictional Opp. at 2 (citing *Rasul v. Myers*, 512 F.3d 644, 665 & n.15 (D.C. Cir. 2008)).)

The Court of Appeals in *Belbacha* squarely rejected the government's position that *Boumediene* required dismissal of Belbacha's motion for a preliminary injunction, as this Court had previously held. It is the law of this Circuit, then, that this Court may entertain the present motion. In finding that the

Circuit's decision in *Boumediene* did not make Belbacha's argument for district court jurisdiction "less colorable," the *Belbacha* court stated:

> A decision of this court is binding upon a later panel and upon the district court. We hold, nonetheless, that when the Supreme Court grants certiorari to review this court's determination that the district court lacks jurisdiction, a court can, pursuant to the All Writs Act, 28 U.S.C. § 1651, and during the pendency of the Supreme Court's review, act to preserve the status quo in other cases raising the same jurisdictional issue if a party satisfies the criteria for issuing a preliminary injunction.

520 F.3d at 457.

In short, Respondents' assertion that this Court is bound to follow *Boumediene* is frivolous. Equally to the point, this Court has already applied *Belbacha* to grant equitable relief in cases relegated to a long footnote on the last page of Respondents' "Preliminary Jurisdictional Opposition." (*See* Respondents' Prelim. Jurisdictional Opp. at 3 n.1.)

Arrogantly refusing to oppose Petitioner's motion on the merits of his Geneva Convention entitlements, Respondents throw the Rules to the winds and arrogate to themselves how best to meter out their points for the Court's consideration. This is an improper response to a motion for preliminary injunction and should forthwith be remedied by a specific direction to Respondents to do what they should already have done: file an opposition on the merits raising all points they believe are available. After all, Respondents and their counsel are

themselves governed by the Conventions which bind the "political and military authorities" of the United States, including those who appear in this Court. *Johnson v. Eisentrager,* 339 U.S. 763, 789 n. 14 (1950).

|  | Respectfully submitted, |
|---|---|
|  |    /s/ Stephen M. Truitt |
| Shayana Kadidal (DC # 454248) | Stephen M. Truitt (DC # 13235) |
| CENTER FOR CONSTITUTIONAL RIGHTS | 600 Fourteenth Street, N.W. |
|  | Suite 500, Hamilton Square |
| 666 Broadway, 7th Floor | Washington, DC  20005-2004 |
| New York, New York 10012 | Tel: (202) 220-1452 |
| Tel: (212) 614-6439 | Fax: (202) 220-1665 |
| Fax: (212) 614-6499 |  |
|  | Charles H. Carpenter (DC # 432004) |
| Of Counsel for Petitioner | PEPPER HAMILTON LLP |
|  | 600 Fourteenth Street, N.W. |
|  | Suite 500, Hamilton Square |
|  | Washington, DC  20005-2004 |
|  | Tel: (202) 220-1507 |
|  | Fax: (202) 220-1665 |
|  |  |
|  | Christopher J. Huber |
|  | PEPPER HAMILTON LLP |
|  | 3000 Two Logan Square |
|  | Eighteenth and Arch Streets |
|  | Philadelphia, PA  19103-2799 |
|  | Tel: (215) 981-4000 |
|  | Fax: (215) 981-4750 |
|  |  |
| Dated:  June 9, 2008 | Counsel for Petitioner |