CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANAD ALI YISLAM AL-KAZIMI (SANAD ALI ALKALIEMI),<br><br>                 Petitioner,<br><br>    v.<br><br>GEORGE WALKER BUSH, *et al.*,<br><br>                 Respondents. | Civil Action No: 05-2386 (RBW)<br><br><u>For Referral To Magistrate Judge Kay</u><br><br>Hearing Requested |

**PETITIONER'S MOTION TO COMPEL RESPONDENTS' LAWYER, THE DEPARTMENT OF JUSTICE, TO COMPLY WITH THIS COURT'S PROTECTIVE ORDER AND END ITS PRACTICE OF BARRING MEMBERS OF PETITIONER'S COUNSEL FROM APPLYING FOR SECURITY CLEARANCE**

Petitioner Sanad Ali Al-Kazimi respectfully moves this Court for an order to compel respondents' lawyer, the Department of Justice ("DoJ"), to comply with the Protective Order's definition of "petitioner's counsel" and end its arbitrary and unjustified practice of refusing to accept and process security clearance applications from law student members of petitioner's counsel. Law student members of petitioner's counsel unquestionably fall within the Protective Order's definition of "counsel," which includes "interpreters, translators, paralegals, investigators and *all other personnel or support staff employed or engaged to assist in the litigation*." *In re* Guantánamo Detainee Cases, 344 F. Supp.2d 174, 177 ¶ 12, 184 ¶ II.B (D.D.C.

2004) (emphasis added). Yet, the DoJ has ignored the Protective Order and imposed its own definition of "petitioner's counsel" that is explicitly contrary to the clear language of the Protective Order.

A similar motion is being filed simultaneously for Mohammed Abdul Al-Shimrani, *Al-Shimrani v. Bush*, Civil Action No. 05-2249 (RMC) (AK), who is also represented by undersigned counsel; and a similar motion will be filed for Mammar Ameur, *Mammar v. Bush*, Civil Action No. 05-573 (RJL) (AK), who is represented by the National Litigation Project of Yale Law School's Allard K. Lowenstein International Human Rights Clinic. Petitioner respectfully requests that this motion, and the related motions mentioned above, be referred to Magistrate Judge Alan Kay because this motion falls within the scope of the November 2, 2005 Order of the Court's Calendar and Case Management Committee referring all motions pertaining to interpretation of the Guantánamo Bay Protective Order to Magistrate Judge Kay in the first instance.

Petitioner is represented by Fordham University School of Law's International Justice Clinic, in which law student members of petitioner's counsel constitute a vital component of petitioner's legal team; they participate in all aspects of litigation, similar to associates in large law firms. Respondents' purported justification for petitioner's imprisonment, now over five years, is based predominantly on classified information. Yet, respondents' lawyer, the DoJ, has imposed a wholesale practice prohibiting law student members of petitioner's counsel from applying for security clearance, thus barring essential members of petitioner's counsel from obtaining access to the core focal point of this habeas matter—classified information. Law student members of petitioner's counsel must be permitted to apply for security clearance to ensure that petitioner is effectively represented.

As set forth more fully in the attached Petitioner's Memorandum in Support of Motion to Compel Respondent's Lawyer, The Department of Justice, To Comply with This Court's Protective Order and End its Practice of Barring Members of Petitioner's Counsel from Applying for Security Clearance, respondents' lawyer's practice contravenes the clear language and purpose behind the Protective Order.  This practice, moreover, undermines petitioner's counsel's ability to effectively assist petitioner in challenging the legal and factual basis for his detention, which also violates the Protective Order.  Though respondents' lawyer has proffered numerous functional reasons for targeting law students, those justifications are patently baseless and wholly contrary to its practices in other contexts.  In addition, by barring all law students from even applying for security clearance, the Department of Justice has used its security clearance application gate-keeper role to inappropriately meddle in the composition of petitioner's counsel and undermine counsel's resources which is wholly inappropriate in this adversarial litigation.  Moreover, respondents' lawyer's reliance on *Department of Navy v. Egan,* 484 U.S. 518 (1988), which gives the executive broad discretion to determine *who is granted* security clearance after an application is received and processed, does not extend to providing the same discretion to determine *who may apply* for security clearance in these Guantánamo habeas matters.  By invoking *Egan*, DoJ seeks to miscast the issue at hand as one of national security, implying there are grave consequences at stake.  On the contrary, this motion does not seek to disturb DoJ's discretion to determine whether an individual applicant, after processing and due consideration, merits security clearance.  On the contrary, petitioner seeks modest relief: adherence to the Protective Order.

For all of these reasons, further elaborated upon in the attached Petitioner's Memorandum in Support of Motion to Compel Respondents' Lawyer, The Department of

3

Justice, To Comply with This Court's Protective Order and End its Practice of Barring Members of Petitioner's Counsel from Applying for Security Clearance, it is crucial that this court order the DoJ to comply with the Protective Order and discontinue its blanket practice of prohibiting any and all law student members of petitioner's counsel from applying for security clearance.

DATED: June 6, 2008

                                        Respectfully submitted,

                                             /s/
                                    Martha Rayner (NY-MR-1423)
                                    LINCOLN SQUARE LEGAL SERVICES
                                    Fordham University School of Law
                                    33 W. 60th Street, 3rd Floor
                                    New York, NY 10023
                                    Tel: (212) 636-6934
                                    Fax: (212) 636-6923
                                    mrayner@law.fordham.edu

                                    Laura Alvarez, Mary A. Cox, Elizabeth Hume and
                                    Andrew Kutas
                                    Law Interns
                                    On the Motion

                                    Counsel for Petitioner