Exhibit J



U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm: 7318
Washington, D.C. 20530

WK:LSYelin
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

Tel: (202) 514-3425
Fax: (202) 514-9405

March 3, 2008

Martha Grace Rayner
Fordham University School of Law
33 West 60th Street
Lincoln Square Legal Services, 3rd Floor
New York, NY 10023
(212) 636-6941

　　　　Re:　*Al Kazimi v. Gates*, No. 07-1526

Dear Ms. Rayner,

　　　　I have enclosed a copy of (1) the unclassified certified index of record for Mr. Al Kazimi's Combatant Status Review Tribunal (CSRT); (2) the unclassified record before Mr. Al Kazimi's CSRT; and (3) the unclassified recording of the CSRT hearing.

　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　Lewis S. Yelin
　　　　　　　　　　　　Attorney, Appellate Staff

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| SANAD ALI AL KAZIMI, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | No.07-1526 |
| ROBERT M. GATES, | ) | |
| Secretary of Defense, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

**CERTIFIED INDEX TO THE RECORD**

Pursuant to the provisions of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, § 1005(e)(2) (2005), and Rule 17 of the Federal Rules of Appellate Procedure, the Department of Defense hereby certifies that the materials listed and described below are the complete records upon which the final decisions of the Combatant Status Review Tribunals (CSRTs) were entered in this case.

A. <u>CSRT RECORD FOR SANAD ALI AL KAZIMI (ISN 1453)</u>

<u>Record
Item No.</u>          <u>Description</u>

1.          MEMORANDUM FROM DIRECTOR, COMBATANT STATUS
            REVIEW TRIBUNAL (CSRT), REGARDING REVIEW OF CSRT FOR
            ISN 1453
            Dated 23 January 2005
            1 page (000001)

2.          MEMORANDUM FROM ASSISTANT LEGAL ADVISOR, FIRST
            ENDORSEMENT, REGARDING LEGAL SUFFICIENCY REVIEW OF
            CSRT FOR ISN 1453
            Dated 18 January 2005
            2 pages (000002-000003)

3.          MEMORANDUM FROM DIRECTOR, CSRT, REGARDING
            CONVENING AUTHORITY APPOINTMENT OF CSRT # 19
            Dated 4 November 2004
            1 page (000004)

4.       MEMORANDUM FROM THE OFFICE OF THE ADMINISTRATIVE
         REVIEW OF THE DETENTION OF ENEMY COMBATANTS
         (OARDEC) FORWARD COMMANDER, REGARDING CSRT RECORD
         OF PROCEEDING FOR ISN 1453
         Dated 11 December 2005
         1 page (000005)

5.       COVER SHEET BY CSRT PRESIDENT, REGARDING THE
         TRIBUNAL'S DECISION FOR ISN 1453 (CLASSIFIED
         SECRET//NOFORN)
         Undated
         1 page (000006)

6.       UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL'S DECISION
         FOR ISN 1453, SIGNED BY CSRT PRESIDENT
         Undated
         3 pages (000007-000009)

7.       CLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION FOR
         ISN 1453, SIGNED BY CSRT PRESIDENT (CLASSIFIED
         SECRET//NOFORN)
         Undated
         2 pages (000010-000011)

8.       SUMMARIZED TRANSCRIPT OF ISN 1453'S STATEMENT TO THE
         CSRT, CERTIFIED BY CSRT PRESIDENT
         Undated
         3 pages (000012-000014)

9.       DETAINEE ELECTION FORM FOR ISN 1453, SIGNED BY
         PERSONAL REPRESENTATIVE
         Dated 17 November 2004
         1 page (000015)

10.      RECORDER EXHIBIT LIST FOR ISN 1453 (CLASSIFIED
         SECRET//NOFORN)
         Undated
         1 page (000016)

11.      EXHIBIT R1 – SUMMARY OF EVIDENCE FROM OFFICER-IN-
         CHARGE, CSRT (UNCLASSIFIED)
         Dated 10 November 2004
         2 pages (000017-000018)

12.    EXHIBIT R2 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 15 September 2003
       3 pages (000019-000021)

13.    EXHIBIT R3 – CITF FORM 40 (FOUO//LES)
       Dated 10 June 2004
       7 pages (000022-000028)

14.    EXHIBIT R4 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 7 October 2003
       3 pages (000029-000031)

15.    EXHIBIT R5 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 9 October 2003
       3 pages (000032-000034)

16.    EXHIBIT R6 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 12 September 2003
       4 pages (000035-000038)

17.    EXHIBIT R7 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 31 January 2003
       3 pages (000039-00041)

18.    EXHIBIT R8 – INFORMATION REPORT (CLASSIFIED
       SECRET//NOFORN)
       Dated 17 January 2003
       18 pages (000042-000059)

19.    EXHIBIT R9 – CITF FORM 40 (FOUO//LES)
       Dated 1 October 2004
       4 pages (000060-000063)

20.    EXHIBIT R10 – SUMMARY INTERROGATION REPORT
       (CLASSIFIED SECRET//NOFORN)
       Dated 1 October 2004
       3 pages (000064-000066)

21.    EXHIBIT R11 – SUMMARY INTERROGATION REPORT
(CLASSIFIED SECRET//NOFORN)
Dated 8 October 2004
2 pages (000067-000068)

22.    EXHIBIT R12 – JTF-GTMO IDENTIFICATION AND ASSESSMENT
RECORD (CLASSIFIED SECRET//NOFORN)
Undated
2 pages (000069-000070)

23.    EXHIBIT R13 – SUMMARY INTERROGATION REPORT
(CLASSIFIED SECRET//NOFORN)
Dated 12 October 2004
2 pages (000071-000072)

24.    EXHIBIT R14 – SPECIAL ANALYTIC REPORT (CLASSIFIED
SECRET//NOFORN)
Undated
4 pages (000073-000076)

25.    EXHIBIT R15 – INFORMATION REPORT (CLASSIFIED
SECRET//NOFORN)
Dated 11 February 2003
6 pages (000077-000082)

26.    EXHIBIT R16 – INFORMATION REPORT (CLASSIFIED
SECRET//NOFORN)
Dated 22 February 2003
3 pages (000083-000085)

27.    EXHIBIT R17 – INFORMATION REPORT (CLASSIFIED
SECRET//NOFORN)
Dated 5 March 2004
3 pages (000086-000088)

28.    EXHIBIT R18 – INFORMATION REPORT (CLASSIFIED
SECRET//NOFORN)
Dated 15 May 2003
2 pages (000089-000090)

29.    PERSONAL REPRESENTATIVE REVIEW OF THE RECORD OF
PROCEEDINGS FOR ISN 1453
Dated 22 November 2004
1 page (00091)

30.    CD CONTAINING THE UNCLASSIFIED PORTION OF THE CSRT
FOR ISN 1453 (Note – produced by copying from a high-speed recorder
onto a CD with U.S. Government personnel names redacted)
1 CD

31.    CD CONTAINING THE CLASSIFIED PORTION OF THE CSRT FOR
ISN 1453 (Note – produced by copying from a high-speed recorder onto a
CD)
1 CD

BREE A. ERMENTROUT
CDR, JAGC, USN
Staff Judge Advocate
HQ OARDEC, Washington, D.C.



**Department of Defense**
**Director, Combatant Status Review Tribunals**

OARDEC/Ser: 7 5 5

FOR OFFICIAL USE ONLY

2 3 JAN 2005

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 1453**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #1453 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

000001

UNCLASSIFIED

18 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor ███

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
      FOR DETAINEE ISN #1453

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #19 of 4 Nov 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

> a. The detainee was properly notified of the Tribunal process and, although he initially elected to participate in the CSRT, he voluntarily elected not to participate in the CSRT on the day the Tribunal was held. The detainee also affirmatively declined to attend the CSRT. *See* Exhibit D-a. However, the detainee did request that his personal representative to make an unsworn statement on the detainee's behalf. *See* Enclosure (3) to Encl.(2). Although this statement is erroneously referred to as a "sworn" statement in the Summary Basis for the Tribunal's Decision; *see* Enclosure (1) to Encl. (2) at paragraph 5, a review of the transcript of the detainee's statement clearly demonstrates that the statement was not taken under oath, and is therefore unsworn. *See* Enclosure (3) to Encl. (2). Notwithstanding, this error had no affect on the legal sufficiency of the evidence, and no impact on the Tribunal's determination.

> b. The Tribunal was properly convened and constituted by enclosure (1).

> c. The Tribunal substantially complied with all provisions of references (a) and (b).

> d. The detainee did not request that any witnesses or evidence be produced.

> e. The Tribunal's decision that detainee #1453 is properly classified as an enemy combatant was unanimous.

> f. The detainee's Personal Representative was given the opportunity to review the record of proceedings, and declined to submit post-tribunal comments to the Tribunal.

UNCLASSIFIED

**000002**

UNCLASSIFIED

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
FOR DETAINEE ISN # 1453

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

KAREN M. GIBBS
CDR, JAGC, USNR

000003



# Department of Defense
## Director, Combatant Status Review Tribunals

4 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #19

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

███████████████ Colonel, U.S. Army; President

███████████, Commander, U.S. Navy; Member

███████████ Major, JAGC, U.S. Army Reserve; Member
(JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

000004



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

11 December 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN 1453

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ████████.

CHARLES E. JAMISON
CAPT, USN

000005

SECRET//NOFORN//X1

## (U) <u>Combatant Status Review Tribunal Decision Report Cover Sheet</u>

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL:    #19

(U) ISN#:    1453

Ref:   (a) Convening Order for Tribunal #19 of 4 November 2004 (U)
      (b) CSRT Implementation Directive of 29 July 2004 (U)
      (c) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) Unclassified Summary of Basis for Tribunal Decision (U)
      (2) Classified Summary of Basis for Tribunal Decision (S//NF)
      (3) Summary of Detainee/Witness Testimony (U//FOUO)
      (4) Copies of Documentary Evidence Presented (S//NF)
      (5) Personal Representative's Record Review (U)

(U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

(U) The Tribunal has determined that Detainee #1463 is designated as an enemy combatant as defined in reference (c).

(U) In particular, the Tribunal finds that this detainee is a member of, affiliated with, al Qaida, as more fully discussed in the enclosures.

(U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, U.S. Army
Tribunal President

SECRET//NOFORN//X1

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

## (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#19___
ISN #: _____1453___

## 1. Introduction

As the Combatant Status Review Tribunal Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal. Any classified evidence considered by the Tribunal is discussed in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee is associated with al Qaida and the Taliban. The Detainee left Afghanistan on 18 May 2000, via the Karachi-Quetta-Qandahar route using a passport obtained from an al Qaida facilitator. The Detainee served as a driver for the al Qaida facilitator. The Detainee completed a 45-day military-basic-training course at a terrorist training camp. The Detainee swore bayat to Usama Bin Laden. The Detainee served as a bodyguard for Usama Bin Laden between August 2000 and February 2001. The Detainee stated that he was honored to be a bodyguard for Usama Bin Laden. The Detainee was a participant in several operational meetings with a senior al Qaida official in Dubai, United Arab Emirates, during March 2002. The Detainee received money to purchase a truck in order to transport explosives from Yemen to Saudi Arabia in the middle of July 2002. The Detainee received 100,000 Riyals (SAR) to cover upcoming expenditures of the Port Rashid operation (1 USD Equals 3.75 SAR). The Detainee accompanied an al Qaida operative to the Umm al Quyawin flying club, close to Dubai, United Arab Emirates (The Umm al Quyawin Flying Club is also referred to as the Dubai Flying Club). The Detainee, while flying with an al Qaida operative, took aerial photographs of the al Sharka Airport. The Detainee participated in military operations against the United States and its coalition partners. The Detainee left Kandahar, and after a 30-minute drive, returned to Kandahar to rejoin the fight. The Detainee and his family stayed at an al Qaida safe house during their egress from Afghanistan to Pakistan. The Detainee chose not to participate in the Tribunal process. The Detainee did not call any witnesses nor did he request any classified or unclassified documents be produced.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a, R-1 through R-18

    b. Testimony of the following persons: None

    c. Statement of the Detainee through his Personal Representative.

**4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The Detainee requested no witnesses and requested no additional evidence be produced; therefore, no rulings on these matters were required.

**5. Discussion of Unclassified Evidence**

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the Detainee's testimony as made through his Personal Representative. A summarized transcript of the Detainee's sworn testimony is attached as CSRT Decision Report Enclosure (3). In sum, the Detainee stated that stated that he did leave Afghanistan around the time frame of 18 May 2000, via Karachi-Quetta-Qandahar route using a passport obtained from an al Qaida facilitator. The Detainee stated that he served as a driver for the al Qaida facilitator. The Detainee stated that he completed a 45-day military-basic-training course at a terrorist training camp. The Detainee admitted he swore bayat to Usama Bin Laden (UBL), but states he later swore bayat against UBL. The Detainee stated that he did accompany an al Qaida operative to the Umm al Qayawin flying club close to Dubai, UAE, but did not take aerial photos of the al Sharka airport.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

**6. Consultations with the CSRT Legal Advisor**

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The Detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed appropriate.

    b. According to the Detainee's Personal representative, the Detainee understood the Tribunal proceedings and originally wanted to participate. The Detainee chose not to participate in the Tribunal process about an hour prior to the start of the tribunal, as indicated in Exhibit D-a. The Detainee however, did provide a statement to the Tribunal through his Personal Representative.

    c. The Detainee is properly classified as an enemy combatant and is a member of, or affiliated with al Qaida.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



Colonel, U.S. Army
Tribunal President

UNCLASSIFIED//FOUO

**Summarized Unsworn Detainee Statement**

*The Tribunal President noted that the Tribunal had been advised that the Detainee elected not to participate in the Tribunal process, after originally choosing to participate during prior interviews with his Personal Representative.*

Tribunal President (addressing the Personal Representative, to confirm the Detainee recently elected not to participate):  You have advised this Tribunal that the Detainee has elected not to participate.  Is this still the situation?

Personal Representative:  Yes, ma'am.

Tribunal President:  Did you meet with the Detainee, and inform him of his rights in regards to this proceeding?

Personal Representative:  Yes, ma'am.

Tribunal President:  Did he appear to understand the process?

Personal Representative:  Yes, ma'am.

Tribunal President:  Was the unclassified summary of evidence read to the Detainee?

Personal Representative:  Yes, ma'am.

Tribunal President:  Was a translator used, and did you confirm the translator spoke the same language as the Detainee?

Personal Representative:  Yes, ma'am.

*At this time, the Tribunal President requested the Detainee Election Form.  The Personal Representative presented the form to the Tribunal, along with a handwritten memo explaining the recent change.*

Tribunal President:  I note from the Detainee Election Form, that the Detainee originally elected to participate in the Tribunal.  On the note (memo) on the day of the Tribunal, dated 20 November 2004, the Detainee has elected not to participate.  The Personal Representative and translator went to the Detainee's cell today and verified he did not want to participate.  (addressing the Personal Representative) He indicated that choice to you orally?

Personal Representative:  Yes, ma'am.

Tribunal President:  Very well, this Tribunal will proceed in the Detainee's absence.

ISN # 1453
Enclosure (3)
Page 1 of 3

UNCLASSIFIED//FOUO

**000012**

UNCLASSIFIED//~~FOUO~~

*The unclassified summary of evidence was then read by the Recorder to the Tribunal. Upon completion of the reading of the unclassified summary, the Personal Representative presented interview notes previously approved by the Detainee to be read aloud to the Tribunal.*

Tribunal President: (to the Personal Representative) Did the Detainee wish for you to present evidence on his behalf?

Personal Representative: Consistent for the meetings I had with him, I would present the information, and he would add to it if he wished to do so.

Tribunal President: You may proceed.

Personal Representative (from interview notes): A couple of points to bring up. A number he admitted were true. These notes were taken from our initial interview on 17 November, and lasted approximately one hour. The Detainee said that on the first point he did travel, but not on the 18th; could've been the 14th, and what did it matter? He did admit to # 2 and # 3, that he did complete 45 days of training. He did swear bayat to Usama Bin Laden, but then later swore against him, and was wondering why that second sworn statement was not put into this evidence. On point # 6, he admits nothing about being honored to be a bodyguard for Usama Bin Laden. On 7, 8, 9 he admitted outright that these were not true. On 10, he stated it was true, and as far as the operative that took the photograph, he did not take the photograph, he was just on the aircraft. On the second page, 3.b-1 and 2, he sort of summed both of those up with a statement. He stated that he wasn't going to Kandahar; he was escaping and that he wasn't at a safe house. He actually went to a house with his wife and broke down a door. He said he was running away from Bin Laden. He said all of these things are jokes, and that the unclassified evidence wasn't hard evidence; people would laugh at it. His response to 3.b-1, about rejoining the fight, he said, "what fight?" There were bombs hitting the house, his wife was injured; he was worried about their safety; it was not a safe house. He left Kandahar about 6 December, and hid under a bridge until the following day. He was trying to get back to Yemen. He did again state that he did want to participate in the Tribunal. One other side note was that he said the Bush doctrine is fascist, but the truth is very important, which is why he wanted to go to the Tribunal. He also stated that when he gets out, he wants to stay in Cuba, and doesn't want to go back to Yemen. He wants to raise chickens, but the way the government is, he stated he's fearful the chickens would be considered enemy combatants as well. He told me he had always told the same consistent story, and that the evidence generated was not logical. He had no witnesses or documents to present, but he did have a special request for the Tribunal. His recommendation to consider was that Detainee's be given the opportunity to receive a nicer pair of shoes and nicer outfit out of respect for the Tribunal, and that all people going to the Tribunal should be allowed to have one of the nutritious energy drinks before. Actually he told me to make sure I recorded this: "Usama Bin Laden told him to go to Yemen to join with the people called the Abu Shadeed. This group is a terrorist organization known for attacking Western buildings and bases, etc. He stated that he

ISN # 1453
Enclosure (3)
Page 2 of 3

UNCLASSIFIED//~~FOUO~~

received a letter to join, but he refused to join, and did not go to join this organization. This is why, he stated, he swore against UBL, and all these allegations are not true. With that, our meeting of 17 November was included. I (the Personal Representative) have nothing further to add.

***The Tribunal President then confirmed there was no more evidence to be presented on behalf of the Detainee, and explained the remainder of the process to the Tribunal.***

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.



Colonel, United States Army
Tribunal President

ISN # 1453
Enclosure (3)
Page 3 of 3

UNCLASSIFIED//~~FOUO~~

## DETAINEE ELECTION FORM

**Date:** 17 November 2004

**Start Time:** 0745 hrs

**End Time:** 0845 hrs

**ISN#:** 1453

**Personal Representative:** ████████████  MAJOR, USAF
**(Name/Rank)**

**Translator Required?** YES          **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES

-----------------------------------------------------------

**Detainee Election:**

[X]   **Wants to Participate in Tribunal**

[ ]   **Affirmatively Declines to Participate in Tribunal**

[ ]   **Uncooperative or Unresponsive**

**Personal Representative Comments:**

Detainee desires to participate in the Tribunal.   There are neither witnesses nor documentary

evidence to submit.  Ready for Tribunal.  Will take the Muslim oath.

**Personal Representative:** ████████████████

MFR: ON DAY OF TRIBUNAL, 20 NOV 04, DETAINEE
1453 ELECTED NOT TO PARTICIPATE IN
HIS TRIBUNAL. PR AND TRANSLATOR WENT
TO DETAINEES CAMP 5 CELL TO VERIFY
THAT HE DID NOT WANT TO PARTICIPATE.

EXHIBIT D-A

UNCLASSIFIED//~~FOUO~~

000015

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (10 November 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL KAZIMI, Sanad Yislam

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is associated with al Qaida and the Taliban and also participated in military operations against United States and its coalition partners.

   a. The detainee is associated with an al Qaida and the Taliban:

     1. The detainee left Afghanistan on 18 May 2000, via the Karachi-Quetta-Qandahar route using a passport obtained from an al Qaida facilitator.

     2. The detainee served as a driver for the al Qaida facilitator.

     3. The detainee completed a 45-day military-basic-training course at a terrorist training camp.

     4. The detainee swore bayat to Usama Bin Laden.

     5. The detainee served as a bodyguard for Usama Bin Laden between August 2000 and February 2001.

     6. The detainee stated that he was honored to be a bodyguard for Usama Bin Laden.

     7. The detainee was a participant in several operational meetings with a senior al Qaida official in Dubai, United Arab Emirates, during March 2002.

     8. The detainee received money to purchase a truck in order to transport explosives from Yemen to Saudi Arabia in the middle of July 2002.

     9. The detainee received 100,000 Riyals (SAR) to cover upcoming expenditures of the Port Rashid operation (1 USD Equals 3.75 SAR).

    10. The detainee accompanied an al Qaida operative to the Umm al Qayawin flying club close to Dubai, United Arab Emirates (The Umm al Quyawin Flying Club is also referred to as the Dubai Flying Club).

UNCLASSIFIED

000017

1 of 2

R1

UNCLASSIFIED

    11. The detainee while flying with an al Qaida operative took aerial photographs of the al Sharka Airport.

  b. The detainee participated in military operations against the United States and its coalition partners.

    1. The detainee left Kandahar, and after a 30-minute drive returned to Kandahar to rejoin the fight.

    2. The detainee and his family stayed at an al Qaida safe house during their egress from Afghanistan to Pakistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

2 of 2

UNCLASSIFIED

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on _22_ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #1453.

◼ I have no comments.

___ My comments are attached.

_____ USAF _____     _22 nov 04_____
Name                                              Date

_____

Signature

ISN #1453
Enclosure (5)

000091