[ORAL ARGUMENT NOT SCHEDULED]   **Exhibit A**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FEB - 8 2007

RECEIVED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MAHER EL FALESTENY,          )<br>            Petitioner-Appellant  )<br>v.                                              )<br>                                                )<br>GEORGE W. BUSH, et al.        )<br>            Respondents-Appellees )<br>                                                ) | No. 07-5039<br>(D.Ct. No. 05-2386) |

## SUPPLEMENT TO OPPOSITION TO EMERGENCY MOTION FOR IMMEDIATE INJUNCTION PENDING APPEAL AND MOTION FOR LEAVE TO FILE SUPPLEMENT

The government moves for leave to file this supplement to its opposition. At the end of January of this year, a decision resulting from the 2006 ARB process was made by the Department of Defense that this petitioner, ISN No. 519 (whose name is listed in Department records as Mahrar Rafat Al Quwari), is eligible for transfer out of United States custody. Further, until recently, certain results of Administrative Review Boards (ARBs) have not been treated as releasable to the public or to counsel for detainees. The government is hereby informing the Court and petitioner's counsel that the Department of Defense, through the ARB process, has determined that petitioner is eligible for transfer out of United States custody. The undersigned counsel was not previously aware that petitioner was determined to be eligible for transfer out of United States custody.

-2-

Because the Department of Defense has now determined that petitioner is eligible for transfer out of United States custody, there will not be an ARB conducted for petitioner this year. This is because the purpose of the ARB process is to determine whether a detainee is eligible for release or transfer and, once the determination has been made that a detainee is eligible for release or transfer, it need not be made again. *See* ARB Mem., enc. 1, § 1. (July 14, 2006).[1] Accordingly, the emergency identified in petitioner's papers as a supposed justification for immediate relief on his present motion does not exist.

Such a determination that petitioner is eligible for transfer out of United States custody, as we explained in our opposition (p. 9-10), is in no way inconsistent with the CSRT conclusion that the detainee is an enemy combatant. Instead, it means simply that the United States had determined within its discretion to no longer detain petitioner at Guantanamo and to pursue options for transfer out of United States custody.[2]

Respectfully submitted,

---

[1] http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf

[2] This is not to say that new information concerning petitioner cannot be considered by the Department. If a detainee was previously found to be eligible for release or transfer, the new material is considered by the DOD Office for Administrative Review of the Detention of Enemy Combatants. If the evidence warrants, there is a mechanism for the conduct of a new CSRT.

PETER D. KEISLER
*Assistant Attorney General*

DOUGLAS N. LETTER
*Terrorism Litigation Counsel*

_____
ROBERT M. LOEB
(202) 514-4332

_____
AUGUST E. FLENTJE
(202) 514-1278
Attorneys, Appellate Staff
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

FEBRUARY 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2007, I caused copies of the foregoing "SUPPLEMENT TO OPPOSITION TO EMERGENCY MOTION FOR IMMEDIATE INJUNCTION PENDING APPEAL" to be served upon counsel of record by causing copies to be hand delivered to:

Stephen M. Truitt
600 Fourteenth Street, NW, Suite 500
Washington, DC 20005-2004

Charles H. Carpenter
Pepper Hamilton, LLP
600 Fourteenth Street, NW, Suite 500
Washingotn, DC 20005

_____
August E. Flentje