# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMER MOHAMMON, *et al.*,    ) | |
| ) | |
| Petitioners / Plaintiffs,    ) | |
| ) | |
| v.    ) | Civil No. 05-2386 (RBW) |
| ) | |
| GEORGE W. BUSH, *et al.*,    ) | |
| ) | |
| Respondents / Defendants.    ) | |

## MOTION OF EL FALESTENY FOR
## IMMEDIATE STATUS CONFERENCE

As the Court is aware, the Supreme Court has reversed the Court of Appeals decision in *Boumediene v. Bush*, and directed the district courts to adjudicate promptly the pending habeas petitions of Guantanamo prisoners. Perhaps unlike some of the other petitioners in this case, petitioner Maher El Falesteny's case can be made ready for adjudication on a shorter track. There are no identity or next-friend issues, and the facts concerning his case are not complicated.

Falesteny requested a factual return in late 2006, which request the Court denied, along with a request for a thirty day notice, on jurisdictional grounds. Falesteny took an appeal, and has recently moved that the decision be summarily reversed. The government does not oppose the motion.

In Falesteny's view, the Court need not await action by the Court of Appeals before taking up the matter. Its jurisdiction is clear. What is also clear is that the government need not take much time to produce a return in this case. While this case was stayed, Falesteny filed an action for review under the Detainee Treatment Act. The Court of Appeals issued an order in September 2007 directing the government to produce what it had defined in *Bismullah v. Gates* as the 'government information.' Although the government never obtained relief from this order, it complied only partially: it produced the record before the Combat Status Review Tribunal in the spring of 2008. This record can easily be filed with the Court and while it doesn't satisfy the government's obligation under the order from the Court of Appeals, nor does it amount to a complete return, it would both inform the Court of the facts of the case, and should make filing the actual return fairly convenient. (The protective order entered in Falesteny's DTA action precludes Falesteny from filing these documents with this Court.)[1]

There was another development in Falesteny's case in the Court of Appeals. Soon after taking an appeal from this Court's order denying on jurisdiction grounds his request for a return, Falesteny renewed the motion in the

---

[1] For the Court's information, the government has moved to have the DTA action held in abeyance. Falesteny is willing to consent to abeyance once the government complies with the Court of Appeals' document production order. He is willing, also, to accept production of the same information in this case as a substitute for such compliance.

Court of Appeals. He sought expedited consideration, based on the deadline for making submissions for the annual review of his detention. The government opposed the motion, but then, on the eve of the requested date for a ruling, the government announced that it would hold no further annual reviews of Falesteny's case, because he has been cleared for transfer. In one sense this result is utterly unsurprising: Falesteny has never been a combatant against the United States or anyone else, nor a member of any group that is covered by the Authorization for the Use of Military Force, pursuant to which the government claims he may be detained. Although the government has taken any steps visible to Falesteny beyond the occasional representation -- don't worry we're working on it -- it is beyond dispute that the government no longer feels a compelling interest in detaining Falesteny. The government may well act to moot the need for a merits hearing in this case, once the Court has scheduled one. Counsel has applied for permission to visit petitioner in mid-August and anticipates securing a declaration negativing his participation in any act described in the Force Resolution.

      For this reason, Falesteny requests that a scheduling conference be set to deal solely with his case. The issues that will need to be addressed in this matter are sufficiently distinct from those of the other petitioners that the Court need not await the results of the current coordination process under consideration with

Judge Hogan, or the resolution of various identity disputes concerning other petitioners in this case.

                                                    Respectfully submitted,

                                                    /s/ Stephen M. Truitt

| | |
|---|---|
| Shayana Kadidal (DC # 454248) | Stephen M. Truitt (DC # 13235) |
| CENTER FOR CONSTITUTIONAL RIGHTS | 600 Fourteenth Street, NW |
| 666 Broadway, 7th Floor | Suite 500, Hamilton Square |
| New York, NY 10012 | Washington, DC  20005-2004 |
| Tel: (212) 614-6439 | Tel: (202) 220-1452 |
| Fax: (212) 614-6499 | Fax: (202) 220-1665 |
| | |
| Of Counsel for Petitioner | Charles H. Carpenter (DC # 432004) |
| | PEPPER HAMILTON LLP |
| | 600 Fourteenth Street, NW |
| | Suite 500, Hamilton Square |
| | Washington, DC  20005-2004 |
| | Tel: (202) 220-1507 |
| | Fax: (202) 220-1665 |
| Dated:  June 30, 2008 | Counsel for Petitioner |