Filed with the CSO on June 24, 2008
Cleared for Public Filing by DOJ on July 2, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMER MOHAMMON, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-2386 (RBW) |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM IN SUPPORT OF PETITIONER SULAEIMAN'S
## EMERGENCY MOTION FOR ORDER TO SHOW CAUSE

Petitioner Abdul-Rahman Sulaeiman ("Petitioner") has moved this Court to
order Respondents to provide in writing within seven days, or on a date certain
within a reasonable time after the order is entered, all of their reasons for
continuing to hold Petitioner at the Guantánamo Bay Naval Station, and all of the
information upon which they base those reasons, including any classified
information which shall be deposited in the secure facility.

## STATEMENT OF FACTS

Petitioner is a citizen of Yemen.  He is presently held at Guantánamo and
has been held virtually incommunicado in Respondents' custody and control for
approximately six years.

Filed with the CSO on June 24, 2008
Cleared for Public Filing by DOJ on July 2, 2008

On December 21, 2005, Petitioner, through counsel, filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court.  The Petition contests both the fact of Petitioner's incarceration as well as his treatment in violation of the Constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition.  On January 5, 2006, counsel for Respondents appeared in this case.  Further, Respondents have filed pleadings in this matter.

On information and belief, Respondents' agents have interrogated Petitioner on numerous occasions and should be fully aware of the reasons why Petitioner continues to be held in prison.  Respondents have acknowledged that the Department of Defense completed so-called CSRT hearings at which each prisoner's "enemy combatant" status and his imprisonment generally were reviewed.

## **ARGUMENT**

The United States Supreme Court in *Boumediene, et al., v. Bush, et al.,* No. 06-1195 (June 12, 2008), held that Petitioner is "entitled to a prompt *habeas corpus* hearing" to determine the legality of his imprisonment.  *Boumediene*, slip op. at 66.  Petitioner's "access to the writ [of *habeas corpus*] is a necessity to

Filed with the CSO on June 24, 2008
Cleared for Public Filing by DOJ on July 2, 2008

determine the lawfulness of [Petitioner's] status" and whether the Respondents may continue to hold him. *Id.* at 69. In an Emergency Motion filed with the court security officer on June 16, 2008, and publicly filed on June 18, 2008, Petitioner has requested a prompt hearing in this matter.

It is essential to the Petitioner's ability to prepare for the hearing, and to challenge the Respondents' assertion that Petitioner is an "enemy combatant," that Respondents provide all of the reasons they rely upon to justify continuing to hold Petitioner. Accordingly, Petitioner asks the Court to order Respondents to provide in writing all of the reasons why they are continuing to hold Petitioner at the Guantánamo Bay Naval Station, and the information that allegedly supports those reasons, including any classified information. At a minimum, this information includes, but is not limited to, the complete and unredacted so-called "factual return" related to the CSRT conducted with regard to Petitioner, including any classified material.

Counsel for Petitioner already has received security clearance and is able to review classified information related to the Petitioner in the secure facility that was established for counsel of prisoners at Guantánamo Bay. In addition, this Court has already entered, and counsel for Petitioner has already agreed to, the protective order related to classified information in this case. Accordingly, Respondents

Filed with the CSO on June 24, 2008
Cleared for Public Filing by DOJ on July 2, 2008

should be ordered to deposit promptly in the secure facility any classified information related to the reasons why Respondents are holding Petitioner.

Because the Respondents have had years to evaluate Petitioner's alleged "enemy combatant" status, and to review evidence relating to why Petitioner is still held, Respondents should not need more than seven days to provide the requested information.

Numerous courts in this District have granted relief of the kind sought in Petitioner's motion. *E.g.*, *Said, et al., v. Bush,* No. 05-CV-2384 (May 23, 2006); *Othman v. Bush*, No. 05-CV-2088 (D.D.C. Dec. 28, 2005); *Al-Bahooth, et al. v. Bush, et al.*, No. 05-1666 (D.D.C. Dec. 20, 2005); *Adem v. Bush*, No. 05-CV-723 (D.D.C. June 6, 2005).

Dated:  June 24, 2008                    Respectfully submitted,

                                         ___/s/ Thomas P. Sullivan_____
                                         One of the Attorneys for Petitioner
                                         Thomas P. Sullivan
                                         Douglas A. Sondgeroth
                                         JENNER & BLOCK LLP
                                         330 N. Wabash Avenue
                                         Chicago, IL  60611
                                         Tel: (312) 923-9350
                                         Fax: (312) 527-0484