IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GUANTANAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| AMER MOHAMMON, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | )) | |
| | ) | |
| *v.* | ) | Civil Action No. 05-2386 (RBW) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

### RESPONSE TO JULY 8, 2008 STATUS CONFERENCE

For the most part, petitioner Maher El Falesteny (ISN 519) joins in the points made by petitioners' counsel at the July 8, 2008 status conference. We write separately, though, to request that the forthcoming scheduling order consider particular points relevant to El Falesteny. (For the information of the Coordinating Judge, we note that the government has not filed a factual return, that Judge Walton denied a 30 day notice order[1], and that there are no docket 'clean-up' or identity issue presented in his case.) Mr. El Falesteny has been "cleared" for over 18 months, all of which time he has spent in solitary confinement in Camp V or Camp VI.

At the status conference, in its discussion of case "sequencing" in relation to the government's filing of returns where no prior return had been filed, the court

---

[1] Petitioner appealed from this denial and immediately after *Belbacha*, moved for summary reversal, which the circuit granted July 1, 2008, thus putting the motion again before the district court.

seemed to entertain the idea that returns for those "cleared for transfer or release" might be superfluous. This is not the case for two reasons.

First, El Falesteny has specifically instructed counsel to secure a judgment that he was never an enemy combatant, a terrorist, bore arms against the United States or its allies or materially aided those that did so. To that end counsel will visit with the prisoner in mid-August and secure a declaration from him negativing every element of the AUMF or Force Resolution. On this basis, petitioner will seek an order so declaring and directing that he be freed. Absent a return, we expect the Respondents to urge that such a ruling is not yet ripe, should be delayed, or to invent some temporizing measure. Accordingly, respondents should be directed to file the CSRT record, which has already been filed in petitioner's DTA proceeding, in this court as a return.[2] At the very least, any categorization or sequencing order entered by the court should make clear that El Falesteny may invoke summary procedures (summary judgment or judgment on the pleadings) even in the absence of a return. Respondents should not profit further from their campaign of delay.

Such a determination will aid in the resettlement of El Falesteny, who has diligently sought asylum but is dogged by the label "enemy combatant." Further, as one of three Palestinian prisoners at the camp, he is likely not to be first in line to benefit from the efforts of the State Department to find a receptive nation.

Secondly, there is presently pending El Falesteny's motion for a preliminary injunction to restrain violations of the Geneva Conventions, to wit his solitary confinement for the past 18 months. This was filed before *Boumediene* and the

---

[2] Owing to the onerous "protective order" the circuit imposed on counsel, these materials cannot be brought to the attention of this court.

government unilaterally refused to brief the Geneva Convention point until the court ordered it to do so, owing to *Boumediene* and despite the fact that everyone knew that the decision would be decided as it was. This crude self-help must be ended and respondents ordered to brief the merits of the motion. Again, this is not a matter that properly can be addressed if those "cleared for transfer" are relegated to a "slow" track owing to the government's having belatedly determined they pose no threat to the United States or its allies.

Respectfully submitted,

/s/ Stephen M. Truitt
Stephen M. Truitt (DC # 13235 )
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC  20005-2004
Tel: (202) 220-1452
Fax: 202 220 1665

Shayana Kadidal (DC #454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Of Counsel for Petitioners*

Charles H. Carpenter (DC #432004)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC  20005-2004
Tel: (202) 220-1507
Fax: (202) 220-1665

Dated:  July 9, 2008

*Counsel for Petitioners*