IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GUANTANAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| | ) | |
| AMER MOHAMMON , *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| *v.* | ) | Civil No. 05-2386 (RBW) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**PETITIONER EL FALESTENY'S MOTION TO
RECONSIDER AND MODIFY ORDER HOLDING IN
ABEYANCE HIS MOTION FOR A PRELIMINARY
INJUNCTION**

On June 5, 2008, petitioner El Falesteny moved for a preliminary injunction challenging his detention as contrary to a treaty, namely as violating the Third Geneva Convention.[1] The motion sought an order compelling respondents to cease such violations. Respondents opposed the motion solely on grounds that notwithstanding the Circuit decision in *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008), the court should deny the motion on the strength of *Boumediene v.*

---

[1] In *Hamdan v. Rumsfeld,* 126 S. Ct. 2749, 2795 (2006), the Supreme Court held that, at a minimum, Common Article 3 of the Conventions applied to those seized in the war in Afghanistan such as petitioner.

*Bush*, 476 F.3d. 981 (D.C. Cir. 2007), *cert granted* 127 S. Ct. 3078 (June 29, 2007, then pending.  Thereafter, on June 12, 2008 *Boumediene* was decided and this court thereafter assumed temporary control of this and other Guantanamo cases. As petitioner noted in his status report to this court, respondents have never otherwise opposed the motion for a preliminary injunction.

On July 29, 2008, this court entered a stay of this motion thereby effectively denying it.  Although required to do so in denying a preliminary injunction, the court made neither findings nor conclusions pursuant to Rule 52(a)(2).

The purpose of this motion is to lift the stay in respect of this motion and proceed to an orderly disposition of the issues it raises.  While this court's order of July 31, 2008 is appealable under 28 U.S.C 1292(a)(1), and reversible for failing to comply with Rule 52(a)(2), such a course will only lead to needless delay in the long run: a remand to this court to address the issues in the motion.  Petitioner believes a better course would be to order respondents to oppose the motion and then for the court to decide it.  Only thus will the circuit have the benefit of the court's analysis before taking up the matter.  Petitioner is mindful of the court's observation in open court that motion practice often delays rather than expedites, issue resolution.  In that spirit this motion to reconsider is offered as petitioner believes its grant will expedite, not delay the case.

## CONCLUSION

Accordingly, the court should grant the motion and direct respondents to oppose the motion. Each day of unlawful imprisonment is a separate injury.

                                                          Respectfully submitted,

                                                          /s/ Stephen M. Truitt

Shayana Kadidal (DC # 454248)     Stephen M. Truitt (DC # 13235)
CENTER FOR CONSTITUTIONAL    600 Fourteenth Street, N.W.
RIGHTS                                     Suite 500, Hamilton Square
666 Broadway, 7th Floor              Washington, DC  20005-2004
New York, New York 10012        Tel: (202) 220-1452
Tel: (212) 614-6439                   Fax: (202) 220-1665
Fax: (212) 614-6499

                                                   Charles H. Carpenter (DC # 432004)
Of Counsel for Petitioner           PEPPER HAMILTON LLP
                                                   600 Fourteenth Street, N.W.
                                                   Suite 500, Hamilton Square
                                                   Washington, DC  20005-2004
                                                   Tel: (202) 220-1507
                                                   Fax: (202) 220-1665

Dated:  August 7, 2008              Counsel for Petitioner