**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
FALEN GHEREBI,                      )
                                    )
            Petitioner,             )
                                    )
      v.                            )   Civil Action No. 04-1164  (RBW)
                                    )
GEORGE W. BUSH,                     )
President of the United States,     )
and ROBERT M. GATES,                )
Secretary of Defense,               )
                                    )
            Respondents.            )
_____ )
                                    )
KARIN BOSTAN,                       )
                                    )
            Petitioner,             )
                                    )
      v.                            )   Civil Action No. 05-883  (RBW)
                                    )
GEORGE W. BUSH,                     )
President of the United States, et al., )
                                    )
            Respondents.            )
_____ )

```
_____
                                        )
ALI MOHAMED OMAR                        )
AL SHOMRANY ex rel.                     )
OTHMAN ALI MOHAMMED                     )
AL SHAMRANY                             )
and ABDULGADER AHMED                    )
HASIN ABOBAKER ex rel.                  )
ABDUL AL QADER AHMED HUSSAIN,           )
                                        )
              Petitioners,              )
                                        )
       v.                               )    Civil Action No. 05-2104  (RBW)
                                        )
GEORGE W. BUSH,                         )
President of the United States, et al., )
                                        )
              Respondents.              )
_____)
                                        )
BILAL LNU, et al.,                      )
                                        )
              Petitioners,              )
                                        )
       v.                               )    Civil Action No. 05-2386  (RBW)
                                        )
GEORGE W. BUSH,                         )
President of the United States, et al., )
                                        )
              Respondents.              )
_____)
```

**ORDER**

The undersigned judge (the "Merits Judge") having carefully considered the case management order entered in the miscellaneous civil action captioned as In re Guantanamo Bay Litigation, Misc. No. 08-442 (TFH) (D.D.C.), as well as in these cases (the "Case Management Order"), and it appearing to the Merits Judge that the provisions set forth within that order should be modified only to the extent set forth below, it is

**ORDERED** that the Case Management Order is **AMENDED** as follows:

(1). Paragraph I.B of the Case Management Order is amended to state:[1]

> **B.   Legal Justification.**  The government shall file a succinct statement explaining its legal justification for detaining the petitioner.  If the government's justification for detention is the petitioner's status as an enemy combatant, the government shall provide the definition of enemy combatant on which it relies.  In cases in which the government has already filed a factual return, the legal justification is due <u>on or before November 13, 2008.  If the legal justification for detention is the petitioner's status as an enemy combatant and the petitioner wishes to contest the definition of enemy combatant used by the government, he shall file a notice to that effect along with an accompanying memorandum of law on or before December 1, 2008.  The government shall file any response to that notice on or before December 8, 2008.  The Merits Judge anticipates that oral argument regarding any disputes over the definition used by the government, if necessary, will be held sometime during the week of December 15, 2008.  The Merits Judge will make every effort to notify the parties of the date and time of oral argument, if any, on or before December 9, 2008.</u>

(2). Paragraph I.D.1 of the Case Management Order is amended to state:

> **1.**  The government shall disclose to the petitioner all reasonably available evidence in its possession <u>or that the government can obtain through reasonable diligence</u> that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  <u>See</u> <u>Boumediene</u>, 128 S. Ct. at 2270 (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding").  <u>Further, the government shall notify the petitioner of the existence of any evidence within its actual knowledge but not within its possession or capable of being obtained through reasonable diligence that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  Disclosure of such exculpatory evidence shall occur on or before November 20, 2008</u>.  By <u>that same date,</u> the government shall file a notice certifying either that it has disclosed any exculpatory evidence or that it does not possess or know about any exculpatory evidence.

---

[1] Amended language is underlined.

(3).   Paragraph II.B of the Case Management Order is amended to state:

**D.   Presumption in Favor of the Government's Evidence.** The Merits Judge may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented by the particular habeas corpus proceeding. See Hamdi, 542 U.S. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict. . . . [For example,] the Constitution would not be offended by a presumption in favor of the government's evidence, so long as that presumption remained a rebuttable one and a fair opportunity for rebuttal were provided."); Boumediene, 128 S. Ct. at 2276 ("Certain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ."). If the Merits Judge determines that a presumption is warranted, the petitioner will receive notice of the presumption and an opportunity to rebut it. <u>The government shall file a notice of any evidence for which it seeks a rebuttable presumption of accuracy and authenticity along with an explanation as to the basis and need for such a presumption on or before December 11, 2008. The petitioner shall file his objection to such a presumption on or before December 14, 2008.</u>

(4).   Paragraph III.A of the Case Management Order is amended to state:

**A.   Judgment on the Record.**

**1.   Government's Motion for Judgment on the Record.** <u>On or before December 18, 2008, the government shall file a motion for judgment on the record along with a memorandum of law in support of that motion. The memorandum of law</u> shall address both the factual basis and the legal justification for detention, see Boumediene, 128 S. Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), <u>and shall not exceed 45 pages in length.</u> The motion shall also be accompanied by a separate statement of material facts as to which the <u>government</u> contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the <u>government's</u> contention that a fact is not in dispute and shall not contain argument.

**2.     Petitioner's Opposition/Cross-Motion for Judgment on the Record.**  On or before January 5, 2009, the petitioner shall file his opposition to the government's motion and, if appropriate, cross-motion for judgment on the record along with a consolidated memorandum of law in support of that opposition and cross-motion.  The memorandum of law shall address both the factual basis and the legal justification for detention, see Boumediene, 128 S. Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), and shall not exceed 60 pages in length.  The opposition shall be accompanied by a factual response statement that either admits or controverts each fact identified in the government's statement of material facts as one to which there is no genuine dispute.  The factual response shall cite to the specific portions of the record that support the petitioner's contention that a fact is disputed.  The Court may treat as conceded any legal argument presented in the government's memorandum of law in support of its motion for judgment on the record that is not addressed in the petitioner's memorandum of law in support of his opposition to that motion and may assume that facts identified in the government's statement of material facts are admitted unless controverted in the factual response.  If the petitioner files both an opposition and a cross-motion for judgment on the record, the cross-motion shall also be accompanied by a separate statement of material facts as to which the petitioner contends there is no genuine dispute.  The statement of material facts shall cite to the specific portions of the record that support the petitioner's contention that a fact is not in dispute and shall not contain argument.

**3.     Government's Reply/Cross-Opposition.**  On or before January 12, 2009, the government shall file its reply in support of its motion for judgment on the record and, if necessary, its cross-opposition to the petitioner's cross-motion for judgment on the record in one consolidated memorandum of law.  The memorandum of law shall not exceed 15 pages in length unless the petitioner has filed a cross-motion for judgment on the record, in which case it shall not exceed 35 pages in length.  If the petitioner files a cross-motion for judgment on the record, the government's consolidated memorandum of law shall be accompanied by a factual response statement that either admits or controverts each fact identified in the petitioner's statement of material facts as one to which there is no genuine dispute.  The factual response shall cite to the specific portions of the record that support the government's contention that a fact is disputed.  The Court may treat as conceded any legal argument presented in the petitioner's

5

memorandum of law in support of any cross-motion for judgment on the record that is not addressed in the government's memorandum of law in support of its cross-opposition to that motion and may assume that facts identified in the petitioner's statement of material facts are admitted unless controverted in the factual response.

**4. Petitioner's Cross-Reply.** If the petitioner files a cross-motion for judgment on the record and the government files a cross-opposition in response, the petitioner shall file his cross-reply on or before January 15, 2009. The cross-reply shall not exceed 20 pages in length. The Court may treat as waived any arguments in the cross-reply not made in the petitioner's initial memorandum of law and outside the scope of the government's cross-opposition.

**5. Hearing.** The Merits Judge may allow oral argument if deemed necessary. The Merits Judge anticipates that oral argument, if any, will take place sometime during the week of January 19, 2009. The Merits Judge will make every effort to notify the parties of the date and time of oral argument, if any, on or before January 16, 2009.

(5). Paragraph III.B.2 of the Case Management Order is amended to state:

**B. Evidentiary Hearing.**

. . .

**2. Prehearing Conference.** Counsel shall appear for a prehearing conference to discuss and narrow the issues to be resolved at the evidentiary hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing. The Merits Judge anticipates that any prehearing conferences will take place sometime during the week of January 19, 2009. The Merits Judge will make every effort to notify the parties of the date and time of any prehearing conferences on or before January 16, 2009.

**SO ORDERED** this 12th day of November, 2008.

                                              REGGIE B. WALTON
                                              United States District Judge