UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
ABD AL RATHMAN ABDU ABU        )
GHAYTH SULAYMAN,                      )
                                                    )
             Petitioner,              )
                                                    )
      v.                                      )      Civil Action No. 05-2386 (RBW)
                                                    )
BARACK H. OBAMA,                         )
President of the United States, et al.,   )
                                                    )
             Respondents.         )
_____)

**MERITS HEARING PROCEDURES ORDER**

       To facilitate the expeditious resolution of this habeas corpus petition in a manner that is fair to the litigants and to achieve the objective of resolving this litigation at the least possible cost, it is

       **ORDERED** that counsel for the petitioner and the respondents are directed to comply with each of the following directives:[1]

1.    **COMMUNICATIONS WITH THE COURT:** Counsel should endeavor to keep communications with the Court to a minimum. Chambers staff <u>cannot</u> provide legal advice of any kind, and <u>ex parte</u> communications on matters other than scheduling matters are prohibited. Communications concerning scheduling matters should be directed to the Deputy Clerk of the Court, Ms. Mattie Powell-Taylor, at (202) 354-3184, or, if she is unavailable, to the member of the Clerk's Office staff designated as her substitute. If it becomes absolutely necessary for counsel to contact Chambers, it should be done jointly pursuant to a telephone conference.

2.    **MOTIONS FOR EXTENSIONS OF TIME:** Motions for extensions of time are strongly discouraged.[2] Parties should not expect the Court to grant extensions, absent a

---

[1] The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

[2] The court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

showing of good cause. Motions for extensions of time shall be filed at least four business days prior to the deadline that is subject to the motion. All motions for extensions of time must include the following:

(a) how many, if any, previous extensions of time the Court has granted to each party;

(b) the specific grounds for the motion;

(c) a statement of the effect that the Court's granting of the motion will have on any other previously scheduled deadlines; and

(d) a statement from the moving party explaining the position of opposing counsel.

3. **JOINT PRE-HEARING STATEMENT:** The parties shall prepare a joint pre-hearing statement rather than separate pre-hearing statements. The joint pre-hearing statement shall be prepared as follows:

(a) Counsel for the petitioner shall arrange a conference with opposing counsel. The objective of the conference shall be the preparation of the joint pre-hearing statement.

(b) Counsel for the petitioner shall file with the Court and serve the joint pre-hearing statement on opposing counsel no later than <u>eleven calendar days</u> before the date of the pre-hearing conference. The submissions of all counsel shall be included in the statement.

(c) The joint pre-hearing statement shall include:

   (1) A statement of the case;

   (2) Any stipulated facts (both already agreed-upon and proposed);

   (3) Stipulations concerning authenticity of documents and admissibility of exhibits (both already agreed-upon and proposed);

   (4) A list of witnesses (other than the petitioner) scheduled to be called by each party to testify at the hearing along with a brief description of each witness's anticipated testimony and an estimate of the duration of such testimony;[3]

---

[3] Opinion witnesses shall be designated by an asterisk. Witnesses called only for impeachment purposes need not be listed. No party may call at the hearing (except for impeachment purposes) any witness not listed in the pre-hearing statement. If there is an objection to a witness or the anticipated testimony of a witness, for whatever reason, objections and their grounds must be noted in the pre-hearing statement or they will be deemed waived.

2

      (5)    A list of motions, if any, to be decided before or at the commencement of the hearing;

      (6)    A joint list of contested issues the parties expect to present to the Court during the merits hearing; and

      (7)    An estimate of how long the hearing will last.

(d) Objections to any portion of the joint pre-hearing statement shall be briefed and lodged as an addendum that shall be filed simultaneously with the joint pre-hearing statement. The objecting party shall both summarize and fully brief the grounds for the objection and shall cite authority in support thereof. Responses shall be lodged in a like format. The parties shall confer to set a schedule that facilitates the full briefing of objections in advance of the due date for the joint pre-hearing statement. If the parties cannot agree on a schedule, they must exchange objections no later than <u>ten calendar days</u> before the due date for the joint pre-hearing statement and exchange responses no later than <u>five calendar days</u> before the joint pre-hearing statement is due. Replies, if any, are due no later than <u>two calendar days</u> before the joint pre-hearing statement is due.

**4. PETITIONER'S PARTICIPATION:** The petitioner's counsel shall notify the Court on or before February 26, 2010, as to whether the petitioner (1) desires to testify at the merits hearing, (2) desires to listen to unclassified opening statements at the merits hearing, or (3) does not want to participate at the merits hearing.

**5. MOTIONS <u>IN</u> <u>LIMINE</u>:** Motions <u>in limine</u> shall be filed with the Court and served on opposing counsel no later than <u>fifteen calendar days</u> before the date of the pre-hearing conference, which will be held at 10:00 a.m. on March 18, 2010. Oppositions are due no later than <u>ten calendar days</u> before the pre-hearing conference, and replies are due no later than <u>five calendar days</u> before the pre-hearing conference. Counsel shall have courtesy copies of these submissions delivered to Chambers.

**6. MERITS HEARING PROCEDURES:** The merits hearing, scheduled for 9:30 a.m. on March 22, 2010, shall proceed as follows:

(a) <u>Opening Statements</u>: The parties shall prepare to give both unclassified and classified opening statements. The parties shall begin with unclassified opening statements, with the Government presenting its unclassified opening statement first. The petitioner shall take all reasonable measures, including conferring with the Government prior to the merits hearing, to ensure that his unclassified opening statement does not reveal any classified information. If the petitioner chooses to listen to the unclassified opening statements, the petitioner shall be responsible for translators and the Government shall be responsible for all other logistical arrangements. Following the unclassified opening statements, the courtroom shall be closed to the public and the parties shall present their classified opening statements, with the Government presenting its classified opening statement first.

(b) <u>Presentation of Evidence</u>: The Court shall require an issue-by-issue evidentiary presentation. Accordingly, the Government shall make a presentation on a contested issue relevant to the petitioner's detention. The petitioner shall then respond to the Government's presentation through a presentation of evidence and argument. Finally, the Government may respond to the petitioner's presentation in rebuttal. The parties shall repeat this sequence for each contested issue raised by the Government. The petitioner shall then be given the opportunity to present a contested issue relevant to his detention that was not argued by the parties in the foregoing sequence, followed by a response from the Government, and the petitioner's rebuttal. The parties shall repeat this sequence for each contested issue raised by the petitioner. The Court expects that both parties will use electronic presentation devices to present their documentary evidence to the Court, if possible. The parties should contact John Cramer, Office of Information Technology, at (202) 354-3019, to discuss the equipment available to the parties.

  i. <u>Hearsay Evidence</u>: This member of the Court issued an amended case management order on June 12, 2009, which set forth the framework for determining the "admissibility [of] the government's [hearsay] evidence . . . in the detainee cases pending before this member of the Court." <u>Bostan v. Obama</u>, Civil Action Nos. 05-883 and 05-2386, ___ F. Supp. 2d ___, ___, 2009 WL 2516296, at *1 (D.D.C. Aug. 19, 2009) (Walton, J.) ("<u>Bostan I</u>"). However, in <u>Al-Bihani v. Obama</u>, 590 F.3d 866, 879 (D.C. Cir. 2010) ("<u>Al-Bihani I</u>"), the District of Columbia Circuit concluded that hearsay evidence offered by the government in the Guantánamo Bay detainee merits hearings before the Court "is <u>always</u> admissible" (emphasis added). The circuit court having spoken on the issue of admissibility, the Court must now determine only "what probative weight to ascribe to whatever indicia of reliability [the hearsay evidence] exhibits." <u>Id.</u>

  In making this probative value determination, the Court will continue to rely upon the standards for assessing the reliability of the government's proffered hearsay evidence as set forth in <u>Bostan I</u>, <u>Al-Bihani v. Obama</u>, Civil Action No. 05-2386, ___ F. Supp. 2d ___, 2009 WL 3049054 (D.D.C. Sept. 8, 2009) (Walton, J.) ("<u>Al-Bihani II</u>"), and <u>Bostan v. Obama</u>, Civil Action No. 05-883, ___ F. Supp. 2d ___, 2009 WL 3785753 (D.D.C. Oct. 23, 2009) (Walton, J.) ("<u>Bostan II</u>"). Despite the Court's original intention to apply these standards to determine whether to admit the government's proffered hearsay evidence, the Court nonetheless finds these standards to be controlling in determining the probative weight of the government's proffered hearsay evidence. As the Court noted in <u>Bostan I</u>,

> [w]hether the assessment of a piece of hearsay's evidentiary worth is made at a preliminary hearing on the admissibility of proffered evidence or at the close of merits proceedings after being provisionally admitted into the record, the bottom line is that hearsay of no evidentiary worth will not be considered when the Court makes its factual findings.

Bostan I, ___ F. Supp. 2d at ___, 2009 WL 2516296, at *5.  Therefore, the standards set forth in Bostan I, Al-Bihani II, and Bostan II have continuing force, as far as this Court is concerned, in resolving the petitioner's habeas corpus petition.[4]

(c) Closing Statements: The parties shall present classified closing statements.  The Government shall present its closing argument first, followed by the petitioner.  The government shall be allowed to make a rebuttal closing argument.

It is further

**ORDERED** that a pre-hearing conference shall be held on March 18, 2010, at 10:00 a.m. in the Chambers of the Honorable Reggie B. Walton at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W. Washington, D.C. 20001.

**SO ORDERED** this 16th day of February, 2010.

REGGIE B. WALTON<br>
United States District Judge

---

[4] Likewise, the circuit court's decision in Al-Bihani I has no practical effect on the utility of this Court's decision in Al-Bihani II in resolving the petitioner's habeas corpus petition.  In Al-Bihani I, the circuit court concluded, without much elaboration, that a translation of non-hearsay evidence does not constitute a level of hearsay.  Al-Bihani I, 590 F.3d at 879 (citing United States v. Da Silva, 725 F.2d 828, 831-32 (2d Cir. 1983)).  Thus, Al-Bihani I rejects this Court's holding in Al-Bihani II, that "interpretations of those statements provided by interpreters at the Guantanamo Bay Naval Base" constitute a level of hearsay.  Al-Bihani II, ___ F. Supp. 2d at ___, 2009 WL 3049054, at *6.  But, as explained above, the Court must nonetheless evaluate the reliability of any interpreted statements proffered by the government, and the standards set forth in Al-Bihani II remain in force in that regard.